UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY                  :
(as successor in interest to Sparta Insurance
Holdings, Inc.),                          :

                Plaintiff,                :   Civil Action
                                              No. 21-11205
        v.                                :

PENNSYLVANIA GENERAL INSURANCE            :
COMPANY (now known as Pennsylvania
Insurance Company),                       :

                Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SPARTA Insurance Company (formerly known as Sparta Insurance Holdings, Inc.) ("SPARTA" or "Purchaser"), by and through its undersigned counsel, brings this declaratory judgment action against Pennsylvania General Insurance Company (now known as Pennsylvania Insurance Company) ("PGIC" or "Seller") and alleges upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 concerning the rights and obligations of the parties pursuant to a stock purchase agreement. On March 12, 2007, SPARTA and PGIC entered into a Stock Purchase Agreement (the "Agreement") pursuant to which SPARTA acquired from PGIC a Massachusetts insurance corporation named American Employers' Insurance Company ("AEIC" or the "Company"). The

transaction subsequently closed in 2007, after obtaining the necessary regulatory approvals, including from the Massachusetts Division of Insurance.

2. As set forth in further detail below, in the SPA, PGIC agreed to indemnify and hold harmless SPARTA for, among other things, all of the liabilities for insurance policies issued by AEIC and all of the business of AEIC prior to the acquisition. For more than a decade, PGIC and/or its affiliates handled claims that SPARTA tendered to PGIC. Recently, however, PGIC has failed to do so. SPARTA has tendered several claims to PGIC for indemnity, but PGIC has repeatedly failed to confirm that PGIC will honor its contractual obligations under the SPA to do so.

3. SPARTA requires declaratory relief to prevent the frustration of its rights pursuant to the Agreement. In this declaratory judgment action, SPARTA seeks a declaration that, based on the plain language of the SPA:

(a) PGIC is required to indemnify and hold SPARTA harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees, and out-of-pocket expenses, actually expended or incurred by SPARTA or AEIC, arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by PGIC to SPARTA) or nonfulfillment of any covenant or agreement on the part of PGIC under the SPA; (ii) the failure by PGIC to perform any of its obligations under the Reinsurance Agreement [as defined in the SPA]; (iii)

    any loss arising out of or resulting from the existence of AEIC prior to the August 7, 2007 closing or the conduct of the Business [as defined in the SPA] or other operations by or of AEIC prior to the August 7, 2007 closing; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing.

 (b) PGIC is required to pay all of SPARTA's costs, expenses and reasonable attorneys' fees incurred in obtaining PGIC's compliance with its obligations under the SPA and in connection with this action.

## THE PARTIES

4. Plaintiff SPARTA Insurance Company is a Connecticut corporation that has its headquarters and its principal place of business at 5 Batterson Park Road, Farmington, CT 06032.

5. Defendant Pennsylvania General Insurance Company is a Pennsylvania corporation that has its headquarters and its principal place of business at 10805 Old Mill Road, Omaha, NE 68154.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the parties are citizens of different States and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over PGIC pursuant to M.G.L c. 223A, § 3, because, among other things, PGIC transacted business in Massachusetts and contracted to insure a person, property or risk located within the Commonwealth of Massachusetts at the time of contracting.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to the claims occurred in Massachusetts. In addition, in the Agreement, PGIC agreed that the Agreement would be governed by Massachusetts law and that certain suits related to the Agreement could be brought in the courts of the Commonwealth of Massachusetts.

9. The requested relief is authorized pursuant to 28 U.S.C. §§ 2201-02 because there is a present and actual controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**THE TRANSACTION AND DISPUTED PROVISIONS OF THE AGREEMENT**

10. On March 12, 2007, SPARTA and PGIC entered into the Agreement pursuant to which SPARTA acquired AEIC, a Massachusetts insurance company.

11. The transaction was structured so that after the transaction closed in 2007, SPARTA would obtain AEIC as a "clean shell," meaning that there would be no liabilities remaining in AEIC after the transaction was consummated. AEIC, which held various licenses to write insurance business, would then be able to write new business going forward. To create the "clean shell" in AEIC, among other things, an Instrument of Transfer and Assumption was made on June 15, 2005 between PGIC and AEIC (the "Reinsurance Agreement"). In the Reinsurance Agreement, PGIC agreed to assume all of the liabilities of AEIC and, at its sole expense, perform any and all administrative functions for the prior AEIC business (including, for example, claims handling).

12. In Section 8.1 of the SPA, PGIC agreed, among other things, to fully indemnify SPARTA for all of the liabilities of AEIC and all of the costs and expenses associated therewith, including but not limited to attorneys' fees and expenses. That provision of the SPA states, in relevant part:

> Seller [PGIC] agrees to indemnify and hold Purchaser [SPARTA] harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by Purchaser [SPARTA] or the Company [AEIC] (collectively, "Losses"), arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by the Seller to Purchaser hereunder), or nonfulfillment of any covenant or agreement on the part of Seller under this Agreement; (ii) the failure by the Seller [PGIC] to perform any of its obligations under the Reinsurance Agreement; (iii) any Loss arising out of or resulting from the existence of Company [AEIC] prior to the Closing or the conduct of the Business or other operations by or of Company [AEIC] prior to the Closing; . . . and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing (any and all of which are hereafter referred to as a "Claim").

13. The transaction Closing occurred on August 7, 2007.

14. For more than a decade after SPARTA acquired AEIC, SPARTA and its affiliates tendered various claims to PGIC and/or its affiliates for indemnity pursuant to the SPA. PGIC and/or its affiliates handled and paid the claims.

15. That changed recently. In May, June and July 2021, SPARTA contacted PGIC concerning SPARTA's requests for indemnity to PGIC for claims arising out of policies issued by AEIC. SPARTA requested confirmation that PGIC would satisfy PGIC's contractual obligation under the SPA to, among other things, manage and pay all such claims arising out of policies issued by AEIC. To date, PGIC has not agreed to do so.

16. A dispute has arisen between SPARTA and PGIC concerning PGIC's contractual obligation under the SPA to, among other things, manage and pay all such claims arising out of policies issued by AEIC.

17. An actual controversy has arisen and now exists between plaintiff and defendant concerning the parties' rights and obligations under the SPA. This is a live dispute that remains unresolved and is ripe for adjudication as a matter of law.

## COUNT I
**(Declaratory Judgment Pursuant To 28 U.S.C. §§ 2201, 2202)**

18. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

19. An actual controversy has arisen and now exists between SPARTA and PGIC concerning the parties' rights and obligations under the SPA.

20. SPARTA requires a judicial determination of the respective rights of itself and PGIC under the SPA. Specifically, SPARTA seeks a declaration that, based on the plain language of the SPA:

   (a) PGIC is required to indemnify and hold SPARTA harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees, and out-of-pocket expenses, actually expended or incurred by SPARTA or AEIC, arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by PGIC to SPARTA) or nonfulfillment of any covenant or agreement on the part of PGIC under the SPA; (ii) the failure by PGIC to perform any of its obligations under the Reinsurance Agreement [as defined in the SPA]; (iii) any loss arising out of or resulting from the existence of AEIC prior to the August 7, 2007 closing or the conduct of the Business [as defined in the SPA] or other operations by or of AEIC prior to the August 7, 2007

closing; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing.

(b) PGIC is required to pay all of SPARTA's costs, expenses and reasonable attorneys' fees incurred in obtaining PGIC's compliance with its obligations under the SPA and in connection with this action.

21. Such a declaration is necessary and appropriate at this time in order that SPARTA may ascertain its rights under the Agreement and will serve a useful purpose in clarifying the parties' legal relations and terminate the uncertainty giving rise to this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPARTA respectfully requests that this Court:

1. Grant judgment to SPARTA on its claim;

2. Declare and decree that based on the plain language of the SPA:

    (a) PGIC is required to indemnify and hold SPARTA harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees, and out-of-pocket expenses, actually expended or incurred by SPARTA or AEIC, arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by PGIC to SPARTA) or nonfulfillment of any covenant or agreement on the part of PGIC under the SPA; (ii) the failure by PGIC to perform any of its obligations under the Reinsurance Agreement [as defined in the

SPA]; (iii) any loss arising out of or resulting from the existence of AEIC prior to the August 7, 2007 closing or the conduct of the Business [as defined in the SPA] or other operations by or of AEIC prior to the August 7, 2007 closing; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing.

(b) PGIC is required to pay all of SPARTA's costs, expenses and reasonable attorneys' fees incurred in obtaining PGIC's compliance with its obligations under the SPA and in connection with this action.

3. Award SPARTA its costs, expenses and attorneys' fees incurred in connection with enforcing its rights under the SPA and incurred in this action; and

4. Grant SPARTA such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: July 26, 2021<br>Boston, Massachusetts | Respectfully submitted,<br><br>/s/ James R. Carroll<br>James R. Carroll (BBO #554426)<br>Christopher G. Clark (BBO #663455)<br>Isaac N. Saidel-Goley (BBO #699659)<br>SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, Massachusetts 02116<br>(617) 573-4800<br>james.carroll@skadden.com<br>christopher.clark@skadden.com<br>isaac.saidel-goley@skadden.com<br><br>*Counsel for Plaintiff*<br>*SPARTA Insurance Company* |