# EXHIBIT A

*[Excerpted]*

## STOCK PURCHASE AGREEMENT

THIS STOCK PURCHASE AGREEMENT (together with the Schedules and Exhibits attached hereto and incorporated herein by reference, being hereinafter referred to as this "Agreement") is made and entered into as of the twelfth (12th) day of March, 2007, by and among Pennsylvania General Insurance Company, a Pennsylvania corporation (hereinafter referred to as the "Seller" unless otherwise stated expressly), OneBeacon Insurance Company, a Pennsylvania corporation (the "Guarantor"), and SPARTA Insurance Holdings, Inc., a Delaware corporation ("Purchaser").

## WITNESETH:

WHEREAS, Seller owns of record and beneficially 45,000 shares of the voting common stock, $100 par value per share, of American Employers' Insurance Company, a Massachusetts corporation ("Company"), representing 100% of the capital stock of the Company (such shares being hereinafter referred to as the "Shares"); and

WHEREAS, the Company was previously engaged in the business of insurance and all activities customarily engaged in by insurance companies, including but not limited to the conduct of investment and administrative activities (collectively, the "Business"); and

WHEREAS, Seller desires to sell to Purchaser, and Purchaser desires to purchase from Seller, all of the Shares, all on the terms and conditions hereinafter set forth;

NOW THEREFORE, in consideration of the premises set forth above, and subject to the terms and conditions stated herein, the parties hereto agree as follows:

1



# ARTICLE 8

## Indemnification

Section 8.1  **Indemnity by Seller**.  Seller agrees to indemnify and hold Purchaser harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by Purchaser or the Company (collectively, "Losses"), arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by the Seller to Purchaser hereunder), or nonfulfillment of any covenant or agreement on the part of Seller under this Agreement; (ii)

the failure by the Seller to perform any of its obligations under the Reinsurance Agreement; (iii) any Loss arising out of or resulting from the existence of Company prior to the Closing or the conduct of the Business or other operations by or of Company prior to the Closing; (iv) all filing fees and administrative assessments for insurance guaranty funds and/or insurance department expenses and all other assessments, levies or liabilities of any kind arising out of and/or associated with the conduct of the Business of the Company prior to the Closing; (v) any matter relating to any employee benefit plan or arrangement in effect prior to the Closing; and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing (any and all of which are hereafter referred to as a "Claim").

Purchaser shall give Seller written notice by certified or registered mail or overnight courier of any Claim with respect to which Purchaser seeks indemnification. Seller shall have ten business days from the date of receipt of such notice to notify Purchaser that Seller will assume the entire control of the defense, compromise or settlement (any and all of which are hereinafter referred to as "Defense") of such Claim through its own attorneys, which attorneys must be reasonably acceptable to Purchaser, and at its own expense. If Seller shall assume such Defense, it shall promptly advise Purchaser of its activities and efforts in connection therewith and of the ultimate resolution of such Claim. Seller shall have the right to settle, compromise or adjust any such Claim, provided that (x) Purchaser's rights in and to any of the assets of the Company or the Shares and Company's rights to its assets and ability to do Business are not infringed thereby, (y) such settlement includes an unconditional release of Purchaser and Company from all liability arising out of such action or Claim, except for settlements with respect to Claims arising in the ordinary course of Business pursuant to insurance policies issued

NY1 1074421v12

by Company prior to Closing, in which case any such settlement need only include the unconditional release of Company with respect to such Claim, and (z) such settlement does not include a statement as to, or an admission of fault, culpability or failure to act, by or on behalf of the Purchaser or Company. In connection with any Defense, Purchaser shall be entitled, at its own cost and expense, to have its counsel monitor the progress and status thereof and, in such event, Seller and its counsel agree to afford all reasonable cooperation to Purchaser and its counsel in order to permit counsel to Purchaser effectively to monitor the progress and status from time to time of any such Claim. If Seller fails to notify Purchaser that it has assumed the Defense or does not in fact assume the Defense, Purchaser may, but shall not be required to, pay, compromise or settle such Claim, or take such action to settle such Claim, provided that Purchaser shall notify Seller of such action. In such event, Purchaser shall be fully entitled to indemnification hereunder.

