# EXHIBIT B

*[Excerpted]*

# STOCK PURCHASE AGREEMENT

THIS STOCK PURCHASE AGREEMENT (together with the Schedules and Exhibits attached hereto and incorporated herein by reference, being hereinafter referred to as this "Agreement") is made and entered into as of the twelfth (12th) day of March, 2007, by and among Pennsylvania General Insurance Company, a Pennsylvania corporation (hereinafter referred to as the "Seller" unless otherwise stated expressly), OneBeacon Insurance Company, a Pennsylvania corporation (the "Guarantor"), and SPARTA Insurance Holdings, Inc., a Delaware corporation ("Purchaser").

## WITNESETH:

WHEREAS, Seller owns of record and beneficially 45,000 shares of the voting common stock, $100 par value per share, of American Employers' Insurance Company, a Massachusetts corporation ("Company"), representing 100% of the capital stock of the Company (such shares being hereinafter referred to as the "Shares"); and

WHEREAS, the Company was previously engaged in the business of insurance and all activities customarily engaged in by insurance companies, including but not limited to the conduct of investment and administrative activities (collectively, the "Business"); and

WHEREAS, Seller desires to sell to Purchaser, and Purchaser desires to purchase from Seller, all of the Shares, all on the terms and conditions hereinafter set forth;

NOW THEREFORE, in consideration of the premises set forth above, and subject to the terms and conditions stated herein, the parties hereto agree as follows:

[REDACTED]

Section 8.3  **Valuation of Claims**.  After the indemnified party has determined the dollar amount of any Claim, such indemnified party shall provide written notice to indemnifying party of the amount of such Claim, which notice shall include in reasonable detail information explaining calculation of the amount of such Claim.  Unless, within thirty (30) business days after the receipt of such notice by the indemnifying party, the indemnified party receives written notice that indemnifying party does not concur with the indemnified party's determination of the amount of the Claim, the amount of such Claim provided in such written notice shall conclusively be deemed to have been accepted by the indemnifying party and to be the agreed amount which the indemnified party and, in the event that Purchaser is the indemnified party, Company are entitled to receive by way of indemnification from the indemnifying party (the "Indemnification Loss").  If the indemnified party within such thirty (30) business day period receives written notice that the indemnifying party disagrees with the amount of the Claim, the parties shall endeavor forthwith, and within ten (10) business days after receipt of such notice of disagreement by the indemnified party, to negotiate in good faith to resolve the issue or issues which form the basis of their disagreement.  If no resolution with respect to such disagreement has been reached by the parties within such ten (10) business day period, either the indemnified party (on behalf of itself or, in the event Purchaser is the indemnified party, the Company) or the indemnifying party may commence litigation with respect to such disagreement in a court of competent jurisdiction in the Commonwealth of Massachusetts.  In any such action, suit or other proceeding, each of the parties hereto irrevocably and unconditionally waives and agrees not to

assert by way of motion, as a defense or otherwise any claims that it is not subject to the jurisdiction of the above court, that such action is brought in an inconvenient forum or that the venue of such action, suit or other proceeding is improper. Each of the parties hereto also agrees that any final and unappealable judgment against a party hereto in connection with any action, suit or other proceeding shall be conclusive and binding on such party and that such award or judgment may be enforced in any court of competent jurisdiction, either within or outside the United States. A certified or exemplified copy of such award or judgment shall be conclusive evidence of the fact and amount of such award or judgment. Without limiting the foregoing, each party agrees that service of process on such party as provided in Section 12.9 shall be deemed effective service of process on such party.

