# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SPARTA INSURANCE COMPANY
(as successor in interest to Sparta Insurance
Holdings, Inc.),

        Plaintiff,

  v.

PENNSYLVANIA GENERAL INSURANCE
COMPANY (now known as Pennsylvania
Insurance Company),

        Defendant.

---

Civil Action
No. 21-11205-FDS

**DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.     Count One Is Not Justiciable and Fails to State a Claim. ..................................... 2

          A.     Plaintiff Fails to Allege a Certainly Impending Injury and Fails to State a Claim Upon Which Relief Can Be Granted. ............................................... 2

          B.     The Relief Sought in Count One Would Not Redress Any Asserted Injury. ....................................................................................................... 5

    II.    Count Two Is Not Justiciable and Fails to State a Claim. ..................................... 6

    III.   Plaintiff Otherwise Fails to Establish a Ripe Dispute as To Either Claim, and Its Requested Declaratory Judgment Would Serve No Legitimate Purpose. .............. 7

    IV.   Plaintiff Misrepresents Defendant's Discussion of Case-Law and the Case's Procedural Background. ....................................................................................... 9

    V.    Leave to Amend Should Be Denied As Amendment Would Be Futile. ................ 11

CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Gardner*,
 387 U.S. 136 (1967) .................................................................................................. 10

*Aetna Life Ins. Co. of Hartford v. Haworth*,
 300 U.S. 227 (1937) .................................................................................................. 10

*Aponte-Torres v. Univ. Of Puerto Rico*,
 445 F.3d 50 (1st Cir. 2006) ................................................................................. 11, 12

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................... 5

*Buck v. Am. Airlines, Inc.*,
 476 F.3d 29 (1st Cir. 2007) ........................................................................................ 5

*Columbian Fin. Corp. v. BancInsure, Inc.*,
 650 F.3d 1372 (10th Cir. 2011) ............................................................................. 6, 8

*Ernst & Young v. Depositors Econ. Prot. Corp.*,
 45 F.3d 530 (1st Cir. 1995) ........................................................................................ 9

*Kuhns v. Scottrade, Inc.*,
 868 F.3d 711 (8th Cir. 2017) ................................................................................ 6, 10

*Lear Corp. v. Johnson Electric Holdings Ltd.*,
 353 F.3d 580 (7th Cir. 2003) ..................................................................................... 9

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
 312 U.S. 270 (1941) .................................................................................................... 5

*Nicolaci v. Anapol,*
 387 F.3d 21 (1st Cir.2004) ......................................................................................... 4

*Nikitine v. Wilmington Tr. Co.*,
 715 F.3d 388 (1st Cir. 2013) .................................................................................... 11

*Portfolioscope, Inc. v. I-Flex Sols. Ltd.*,
 473 F. Supp. 2d 252 (D. Mass. 2007) ................................................................. 5, 12

*Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*,
 152 F. Supp. 3d 15 (D. Mass. 2019) ....................................................................... 10

*State of R.I. v. Narragansett Indian Tribe*,
   19 F.3d 685 (1st Cir. 1994) .......................................................................................... 4

*Stichting Pensioenfonds OPG v. State St. Bank & Tr. Co.*,
   671 F. Supp. 2d 213 (D. Mass. 2009) ........................................................................... 4

*Tocci Bldg. Corp. of New Jersey v. Virginia Sur. Co.*,
   750 F. Supp. 2d 316 (D. Mass 2010) .................................................................. 4, 6, 8, 10

## **Rules**

Fed.R.Civ.P. 15(a) ................................................................................................................ 11

## INTRODUCTION

In its opposition to Defendant Pennsylvania General Insurance Company's ("Defendant" or "PIC") Motion to Dismiss (the "Motion"), Plaintiff Sparta Insurance Company ("Plaintiff" or "Sparta") fails to account for the basic defects of the First Amended Complaint ("FAC"): (i) its claim of a duty to administer and pay claims rests on a basic misquotation of the contractual provision on which it relies; (ii) it ignores the contractual procedures for seeking indemnification; (iii) it fails to allege facts establishing an injury or claim with respect to the indemnification provisions; and (iv) both its counts seek a general order that merely tracks the contractual language rather than applying the contract to a claim or set of claims in a concrete factual context.

Instead, Plaintiff's opposition to the Motion is notable less for what it says than for what it fails to say. Plaintiff does not even attempt to defend its misquotation of the Reinsurance Agreement provision that provides the asserted basis for Count Two. Instead, it offers only a vague and unexplained single-line denial in a footnote. Nor does Plaintiff account for the FAC's failure even to mention, much less allege compliance with, the procedures under the Stock Purchase Agreement ("SPA") for seeking indemnification (as set forth in section 8.3). It therefore fails to allege any instance where it tendered an amount for reimbursement and was rebuffed. Instead, Plaintiff responds that it will address section 8.3 in "subsequent briefing", ignoring its burden at the pleading stage to allege facts sufficient to state a claim and establish an actual or certainly impending injury based on a violation of the contractual provisions at issue.

Plaintiff also fails to identify a single case (in the insurance context or otherwise) that has granted relief comparable to what it seeks here—*i.e.*, a declaratory judgment that merely tracks contractual language without applying it to particular claims. Instead, several cases cited by Defendant and ignored by Plaintiff preclude it. Such a judgment would still require future

litigation to construe this language in the context of specific claims, individual defenses, and applicable facts. It thus would not resolve a single claim, much less achieve across-the-board resolution.

Plaintiff thus pivots to unfortunate misdirection, including (i) improperly conflating the duty to indemnify and the duty to administer and defend; (ii) treating the unprecedented form of relief it seeks here as equivalent to declaratory judgment actions applying insurance policies to specific claims; (iii) avoiding applicable case-law through obvious contrivances; and (iv) falsely claiming that Defendant misstated case-law.

Defendant's Motion should therefore be granted.

## ARGUMENT

### I. Count One Is Not Justiciable and Fails to State a Claim.

#### A. Plaintiff Fails to Allege a Certainly Impending Injury and Fails to State a Claim Upon Which Relief Can Be Granted.

Defendant established in its initial Motion that Count One of the FAC fails to identify any certainly impending injury. This Count rests on section 8.1 of the SPA, which is a standard indemnification provision providing for reimbursement for losses and expenses. The FAC likewise does not account for section 8.3, which provides a specific process for seeking reimbursement and resolving disputes if the amount requested is contested. The FAC fails to identify a single instance where Plaintiff has sought any amount of reimbursement for any claim and does not allege that Defendant refused to reimburse Plaintiff for any requested amount.

Plaintiff has no answer to these points. It knows that it has no basis for alleging a failure or impending failure to indemnify Plaintiff for losses or expenses incurred. Accordingly, rather than address the contractual provision on which Count One is based (section 8.1), Plaintiff conflates Counts One and Two and the distinct concepts of the duty to defend and the duty to

2

indemnify to obscure that it has not sought indemnification for any asserted amounts owed.[1]

Plaintiff claims that its injury is "already occurring" because it has purportedly "tendered" claims that "PGIC is not handling, much less *directly* paying". Pl. Opp'n to Def. Mot. to Dismiss, ECF 26 ("Opp'n") at 10 (emphasis added). It thus ignores that nothing in section 8.1 imposes a duty to defend, handle, or "directly" pay claims to claimants. Instead, it addresses reimbursement for losses incurred. *See* Ex. A of Def. Mem. ("Mem."), ECF 23-1 (requiring Seller to "indemnify and hold Purchaser harmless" from certain losses incurred); *see also* Opp'n at 15 (referring to communications "detailing the numerous historical AEIC claims for which PGIC is contractually responsible" without alleging that it made any requests for indemnification for any amount paid as to any claim).

Similarly, Plaintiff has no answer for section 8.3 of the SPA, which provides procedures for obtaining reimbursement. Mem. at 11–12. Instead, Plaintiff asserts albeit incorrectly that Defendant "misunderstands that it is arguing a motion to dismiss for failure to state a claim" and argues that the Court should address what Plaintiff characterizes as a dispute over contractual interpretation in "subsequent briefing". Opp'n at 15. This argument is unsound. It first ignores that section 8.3 is relevant not just to whether Plaintiff has failed to state a claim but also in assessing whether there is any impending and redressable injury as required by Article III.[2]

---

[1] As discussed in Defendant's Motion and in section II *infra*, Count Two alleges a duty to administer or defend claims, and Plaintiff misquotes the contractual language that it cites as the purported basis for that claim.

[2] Plaintiff asserts in a footnote that section 8.3 is inapposite because it addresses individual claims of indemnification whereas Plaintiff wants a declaratory judgment that Defendant is responsible for all American Employer's Insurance Company ("AEIC") claims, whatever the dollar amount. *See* Opp'n at 15 n.10. Plaintiff thus misses the point that section 8.3 demonstrates both its failure to allege a certainly impending injury or state a claim with respect to the duty to indemnify. It makes no sense to assert it is entitled to broader relief when it cannot demonstrate entitlement to declaratory relief as to any request for reimbursement for any claim.

Plaintiff cannot claim that there is an impending injury justifying a court order as to any and all American Employers Insurance Company ("AEIC") claims when it has failed to identify any amount for any claim for which it has sought reimbursement. Further, this argument makes no sense when Plaintiff has not offered any contrary interpretation of either section 8.1 or 8.3, much less a reasonable one. Instead, its opposition simply ignores the language of either provision. Whether addressing jurisdiction or the failure to state a claim, Plaintiff cannot survive a motion to dismiss with an unsupported assertion that the other party has misinterpreted the contract. *See Stichting Pensioenfonds OPG v. State St. Bank & Tr. Co.*, 671 F. Supp. 2d 213, 214 (D. Mass. 2009) (citing *Nicolaci v. Anapol,* 387 F.3d 21, 26–27 (1st Cir.2004)).

Plaintiff also fails to point to any authority supporting its claim of injury. Contrary to its suggestion, the defect in its claim and asserted injury is not the mere existence of "contingencies", but the failure to allege any specific claim for which indemnity is owed, much less disputed. Under these circumstances, Plaintiff provides no basis for claiming impending injury. By contrast, its primary authority addressed a general contractor's claim for relief against an excess insurer who disputed policy coverage for damages claims pending against the contractor. *See Tocci Bldg. Corp. of New Jersey v. Virginia Sur. Co.*, 750 F. Supp. 2d 316 (D. Mass 2010). The court examined the practical likelihood that the underlying damages award would exceed the primary policy limit and the dispute between the excess insurer and insured as to the policy's application to those particular claims. *Id.* at 321–25.[3] Here, Plaintiff has

---

[3] The same distinction applies to the other two cases on which Plaintiff primarily relies. In *State of R.I. v. Narragansett Indian Tribe*, 19 F.3d 685 (1st Cir. 1994), the State of Rhode Island sought a declaratory judgment that the Indian Claims Settlement Act gave the state jurisdiction over particular lands. The court recognized that, if the contrary were true, the state would have been obliged to enter into the compact negotiations the Narragansett tribe requested under another statute, and thus the court's resolution of the first-order statutory dispute was critical to determining the Narragansett tribe's claims that the state was required to enter into a compact

4

failed to identify any amount as to any claim for which there is a dispute as to the duty to indemnify.[4]

Finally, Plaintiff claims that factual details that Defendant identified as missing from the FAC, *see* Mem at 18–19, are not required at the pleading stage. Plaintiff thus ignores that, in light of the contractual provisions at issue, Plaintiff's factual allegations of an alleged "failure to confirm" would prove nothing more than a decision not to exercise its contractual right to defend as provided by section 8.1 and, as already discussed, the FAC nowhere alleges a request for reimbursement of any amount for any claim that was refused. Mem. at 19.

**B. The Relief Sought in Count One Would Not Redress Any Asserted Injury.**

As discussed in section I(A)(3) of Defendant's Motion, the relief that Plaintiff seeks in Count One would not redress any injury and otherwise confirms the absence of a ripe dispute because it merely tracks the language of section 8.1 of the SPA. It thus does not apply the SPA to any claim or set of claims for indemnification, or resolve any dispute over what it requires as to those claims. Instead, further litigation would be needed to address the meaning of the

---

with the tribe. *Id.* at 693–94. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), the *defendant* sought a declaratory judgment to determine if it had a duty to defend and pay a specific identified claim. Such a dispute is absent here.

[4] Plaintiff adds the assertion that it has "complied in all respects with the SPA, including section 8.3." Plaintiff does not explain what it means by this reference, and as already discussed, the FAC does not even address section 8.3. Further, Plaintiff may neither amend its pleading in its opposition, *see Portfolioscope, Inc. v. I-Flex Sols. Ltd.*, 473 F.Supp.2d 252, 256 (D. Mass. 2007), nor withstand a motion to dismiss under *Twombly* with a naked and unexplained legal conclusion devoid of factual support. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *see also Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007) (applying pleading standard to contract claims). As discussed, the FAC and Plaintiff's opposition fail to allege any facts to support a suggestion that Plaintiff has sought reimbursement for any amount as to any claim pursuant to the procedures set forth in section 8.3.

5

contractual language and apply it to any claims at issue. Likewise, the procedures in section 8.3 for resolving specific disputes as to particular claims would still apply.

Plaintiff nowhere addresses this issue. It asserts only that "federal courts routinely deny motions to dismiss declaratory judgment actions" when a party requests "a judicial determination of contractual rights and obligations." Opp'n at 5. This assertion is so general as to be meaningless, and sheds no light on this deficiency with Plaintiff's proposed declaratory judgment. Plaintiff has failed to identify any instance where a court awarded a declaratory judgment that simply tracked contractual language.[5] Instead, each of its primary cited cases made a specific determination as to the law or contract's applicability to a particular claim or set of claims and in a particular set of factual circumstances. *See Tocci*, 750 F. Supp. 2d at 321–25 (declaratory judgment that excess insurer was obligated to pay for amounts above primary insurance coverage in identified ongoing lawsuit); *Narragansett Indian Tribe*, 19 F.3d at 693–94 (declaratory judgment over the tribe and state's respective authority over particular land to determine state's obligation to negotiate a tribal-state gaming compact as to that land).

## II. Count Two Is Not Justiciable and Fails to State a Claim.

Defendant's Motion likewise established that Count Two of Plaintiff's FAC is not justiciable and fails to state a claim. As shown in Defendant's Motion, Plaintiff bases Count

---

[5] By contrast, Defendant's Memorandum cites cases specifically condemning declaratory judgments that merely order a party to obey its contract or that address insurance disputes outside the context of particular claims. *See* Mem. at 9-10 and 12 (citing *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1382–83 (10th Cir. 2011) and *Kuhns v. Scottrade, Inc.*, 868 F.3d 711 (8th Cir. 2017)). Plaintiff avoids addressing these cases by burying them in a footnote listing cases from other jurisdictions without addressing their persuasive value or providing a reason to take a contrary view. *See* Opp'n at 17 n.15. Further, and in the case of *Kuhns*, Plaintiff actively misrepresents Defendant's representations to the Court by omitting *Kuhns* from Defendant's discussion of cases precluding declaratory relief that merely orders a party to obey its contract. *Contrast* Opp'n at 18 (third bullet) *with* Mem. at 12. Defendant addresses these tactics in more detail in section IV.

Two on a blatant misquotation of paragraph 6 of the Reinsurance Agreement, and its requested declaratory relief tracks the same misquotation. Mem. at 14. In particular, and as shown previously, Plaintiff substituted the words "prior AEIC business" for the words "Retained Business" in the quoted provision. *Compare* FAC ¶ 15 *with* Ex. C to Mem., ECF 23-3; *see also* Mem. at 14. In this way, Plaintiff sought to portray the provision as applying to all AEIC business when it applies to a very narrow subset of claims that not even Plaintiff claims are at issue. In its opposition briefing, Plaintiff makes no attempt to reconcile the language in its FAC with the actual language of the contract. Instead, it offers only a single-line denial in a footnote. *See* Opp'n 14 n.9 ("SPARTA does not misquote the Reinsurance Agreement."). Defendant further notes that the initial complaint did not reference this provision, or contain Count Two; Plaintiff only added Count Two in the FAC as an ill-conceived afterthought. Count Two must therefore be dismissed.

Further, and as also discussed previously without response from Plaintiff, Plaintiff does not seek to apply contractual language to any particular claim or set of claims. Instead, Count Two tracks the (mis)quoted language from the Reinsurance Agreement. Thus, even if Plaintiff had quoted actual contractual language rather than its own rewritten version, Count Two would not redress any actual controversy and instead would amount to the type of generalized "obey your contract" relief that is unavailable in a declaratory judgment action. Mem. at 15–16.

### III. Plaintiff Otherwise Fails to Establish a Ripe Dispute as To Either Claim, and Its Requested Declaratory Judgment Would Serve No Legitimate Purpose.

For similar reasons, Plaintiff has failed to establish the existence of a ripe dispute. In insurance cases, a party seeks declaratory relief as to specific claims and then the court determines whether the dispute is of sufficient immediacy to warrant declaratory relief. The

FAC, however, does not identify specific claims, and thus does not even allow the Court to reach the threshold ripeness determination.

Plaintiff again has no answer. It cites no case authorizing declaratory relief as to the scope of an insurance policy without seeking to apply it to specific or potential claims. *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1382–83 (10th Cir. 2011) (observing that neither the parties nor the court had been able to identify any federal declaratory judgment action that sought such relief); Mem. at 9–10. This failure prevents the court from addressing such questions as the stage of the particular claim, the likelihood that it will ultimately result in any payment, the amount of such payment, whether a dispute exists as to the duty to indemnify for the claim or the amount of the claim, the basis for the dispute, and any defenses that might apply. For example, and as to the relevance of individualized defenses, Plaintiff ignores Defendant's discussion of the *Brilhart* doctrine. *See* Mem. at 17–18.

Plaintiff identifies no support for finding ripeness in such a case. Instead, it cites *Tocci* for the uncontroversial proposition that a declaratory judgment can be appropriate in determining a policy's application to a particular claim, even if every contingency with respect to that claim has not yet occurred. Opp'n at 9. *Tocci*, however, involved the application of a policy to specific claims brought in a specific lawsuit. The identification of specific claims allowed the court to determine that there was in fact a reasonable likelihood that the primary policy would be exhausted and that there was a clear dispute as to the scope of coverage for the particular claims at issue. *Tocci*, 750 F. Supp. at 322–24. Here, Plaintiff has not identified any claims at all. Instead, it improperly seeks declaratory relief as to any present or future AEIC claim no matter the circumstances under which such a claim might arise—*i.e.* a premature and ill-informed advisory opinion.

Plaintiff has also failed to establish hardship from simply following the procedures for obtaining reimbursement that are set forth in section 8.3. *See Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir. 1995) (asking whether the "challenged action 'creates a "direct and immediate" dilemma' for the parties" (citations omitted)). Instead, as discussed above, its claim of injury rests not on the alleged failure to indemnify, but on its allegation that Defendant has failed to administer, handle, and "directly" pay claims in the first instance. Opp'n at 10. Moreover, the relief that it seeks could not eliminate any such hardship even if it existed. Any attempt to recover sums under the provisions of section 8.1, repeated in Count One, would still need to follow the procedures under section 8.3.

Nor has Plaintiff shown how its proposed Order would settle any dispute over what the indemnity provisions require in a way that mitigates hardship now. See Opp'n at 11–12. Plaintiff attempts to distinguish *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580 (7th Cir. 2003), by arguing that the order it seeks "would be immediately relevant to the parties, as it would determine whether PGIC is responsible for handling and paying" claims. Opp'n at 12. Even apart from the issues addressed in sections I and II, the proposed Order would only reassert the general contractual obligation to indemnify losses. It would not "determine" whether Defendant must pay any particular claim in dispute now or at some future point. Should a dispute arise, the proposed Order would not obviate the need for the subsequent lawsuits, as the Court would have to adjudicate that future dispute in a concrete context, subject to available defenses.

**IV.     Plaintiff Misrepresents Defendant's Discussion of Case-Law and the Case's Procedural Background.**

To avoid addressing on-point cases and legal principles, Plaintiff purports in section II of its opposition to offer a "general overview" of cases, relying on footnotes with list of citations

9

characterized by generalized and specious distinctions. Plaintiff, for example, attempts to dismiss all out-of-circuit case-law by asserting that it is "not controlling" with no discussion of the substance of the cases and their persuasive value. It labels as inapposite all cases that do not involve declaratory judgments or motions to dismiss, ignoring the relevance of Article III and the cases that construe it as to such actions. And it dismisses as "distinguishable" cases that it asserts involve "unremarkable and undisputed principles of law", when Defendant never claimed otherwise, and Plaintiff does not account for those "unremarkable and undisputed" principles.

Then, in each of three bullet points on page 18 of its opposition, Plaintiff relies on ellipses and selective quotation to falsely portray Defendant's assertions about case-law as inaccurate. The first bullet uses ellipses to omit Defendant's citation of *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240 (1937) (cited to demonstrate that Article III principles apply in Declaratory Judgment Act cases). *See* Mem. at 6. The second uses ellipses to change Defendant's assertion while omitting Defendant's citation of *Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*, 152 F. Supp. 3d 15, 20 (D. Mass. 2019) (which addresses ripeness and the Declaratory Judgment Act). *See* Mem. at 8. The third omits *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 718 (8th Cir. 2017) (which states that the Declaratory Judgment Act provides no authority merely to order a party to obey its contract). *See* Mem. at 12. Plaintiff also inexplicably suggests that Defendant was wrong to cite *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), outside of the administrative law context. Opp'n at 19. Plaintiff ignores that courts rely on *Abbott Labs* outside of that context, including Plaintiff's own authority (*Tocci*, a contract case). Moreover, Plaintiff criticizes Defendant's citation of two First Circuit cases for the basic ripeness standard, ignoring that *Tocci* also cites to those cases. *Compare* Opp'n at 18 *with Tocci Bldg. Corp. of New Jersey*, 750 F. Supp. at 320–21.

Plaintiff's opposition also contains additional factual misstatements that merit correction, though not strictly relevant to resolving the Motion. *First*, Plaintiff claims it amended its complaint after discussions as to allegations in its complaint "[t]o avoid attempts by PGIC to further delay" resolution. Opp'n at 4–5. This is demonstrably untrue. Its FAC added a new count and new allegations. The only change that related to the parties' discussions corrected false statements Plaintiff had made in its initial complaint that Defendant brought to Plaintiff's attention. Rule 11 and the duty of candor required Plaintiff to correct them.

*Second*, as discussed in Plaintiff's Motion, the FAC obscured the identity of who has been paying the claims by shifting to the passive voice from its prior incorrect statement that PGIC had been doing so. Mem. at 3 n.2. Plaintiff now claims that Defendant "has questions about the precise legal entity" who paid and administered the claims historically. Opp. at 3 n.1. That too is inaccurate. Both parties are fully aware that Bedivere Insurance Company, formerly OneBeacon Insurance Company (the same company that guaranteed the SPA that sold AEIC to Plaintiff) was administering any and all AEIC claims for many years prior to entering liquidation, and that OneBeacon assumed PGIC's liabilities when it sold PGIC (now PIC) to its current owner. Because Plaintiff chose to withhold these facts from the FAC, its misstatements and obfuscation about the prior payor's identify merit correction.

## V. Leave to Amend Should Be Denied As Amendment Would Be Futile.

While a complaint may be amended a second time, *see* Fed.R.Civ.P. 15(a), leave should be denied where it "would be an exercise in futility, or otherwise would serve no useful purpose." *Aponte-Torres v. Univ. Of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006); *see also Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (recognizing court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence'") (citation omitted). Plaintiff has provided no reason to believe that

amendment would be anything but an exercise in futility. It has misstated the contract and instead of correcting its blatant misquotation, it denied having done so without providing a basis for any other conclusion. It also misstated the circumstances of the amendment, as discussed in section IV. And despite amending once and adding new allegations in its opposition briefing, Plaintiff still has not claimed that it made any demand for a reimbursement for any amounts paid. *See Portfolioscope, Inc. v. I-Flex Sols. Ltd.*, 473 F. Supp. 2d 252, 255 (D. Mass. 2007) (in dismissing with prejudice, noting that, "[d]espite Plaintiff's willingness to adduce new facts in its Opposition, it noticeably fails to argue" facts material to its claim).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's initial memorandum, this Court should grant Defendant's Motion with prejudice and deny Plaintiff leave to amend a second time.

DATED: November 11, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ John F. Dew*

　　　　　　　　　　　　　　　　　　　　　　　　John F. Dew (BBO #668467)
　　　　　　　　　　　　　　　　　　　　　　　　jdew@cohenkinne.com
　　　　　　　　　　　　　　　　　　　　　　　　COHEN, KINNE, VALICENTI & COOK
　　　　　　　　　　　　　　　　　　　　　　　　28 North Street, 3rd Floor
　　　　　　　　　　　　　　　　　　　　　　　　Pittsfield, MA 01201
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (413) 443-9399
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (413) 442-9399

　　　　　　　　　　　　　　　　　　　　　　　　Maxwell V. Pritt *(admitted pro hac vice)*
　　　　　　　　　　　　　　　　　　　　　　　　mpritt@bsfllp.com
　　　　　　　　　　　　　　　　　　　　　　　　Reed D. Forbush *(admitted pro hac vice)*
　　　　　　　　　　　　　　　　　　　　　　　　rforbush@bsfllp.com
　　　　　　　　　　　　　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　　　　　44 Montgomery Street, 41st Floor
　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94104
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (415) 293-6800
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 293-6899

Samuel C. Kaplan (*admitted pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Counsel for Defendant*