UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY       :
(as successor in interest to Sparta Insurance
Holdings, Inc.),       :

      Plaintiff,       :   Civil Action
                                      No. 21-11205-FDS
   v.       :

PENNSYLVANIA GENERAL INSURANCE  :
COMPANY (now known as Pennsylvania
Insurance Company),       :

      Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF SPARTA INSURANCE COMPANY'S
OPPOSITION TO DEFENDANT PENNSYLVANIA
<u>GENERAL INSURANCE COMPANY'S MOTION FOR RECONSIDERATION</u>**

                                  James R. Carroll
                                  Christopher G. Clark
                                  SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                  500 Boylston Street
                                  Boston, Massachusetts 02116
                                  (617) 573-4800
                                  james.carroll@skadden.com
                                  christopher.clark@skadden.com

                                  *Counsel for Plaintiff*
Dated: August 24, 2022                   *SPARTA Insurance Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................ 2

ARGUMENT ............................................................................................................................. 3

I.     PGIC'S MOTION SHOULD BE DENIED BECAUSE IT DOES NOT IDENTIFY ANY NEW EVIDENCE, ANY INTERVENING CHANGE IN THE LAW, OR ANY MANIFEST ERROR OF LAW, AND MERELY RESTATES ARGUMENTS FROM ITS PRIOR BRIEFING ....................................................................................... 4

    A.    PGIC's Motion For Reconsideration Of The Dismissal Of Count II Does Not Cite The Applicable Legal Standard Or Any Authority Warranting Reconsideration................................................................................................. 4

    B.    PGIC Fails To Provide Any Legal Grounds For Reconsideration Of The Court's Dismissal Of Count I ................................................................................ 6

CONCLUSION.......................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ........................................................................................................ 3

*Davis v. Lehane*,
    89 F. Supp. 2d 142 (D. Mass. 2000) ............................................................................ 4, 6

*Fernandez-Vargas v. Pfizer*,
    522 F.3d 55 (1st Cir. 2008) ............................................................................................. 6

*Heng Ren Invs. LP v. Sinovac Biotech Ltd.*,
    No. Civ. A. 19-11612-NMG, 2022 WL 2347109 (D. Mass. June 29, 2022) .................. 4

*Rosado v. Banco Popular de Puerto Rico*,
    561 B.R. 598 (1st Cir. BAP 2017) ................................................................................. 3

*Ruiz Rivera v. Pfizer Pharms., LLC*,
    521 F.3d 76 (1st Cir. 2008) ............................................................................................. 6

*United States v. Allen*,
    573 F.3d 42 (1st Cir. 2009) ......................................................................................... 3, 4

*United States ex rel. Banigan v. Organon USA Inc.*,
    No. Civ. A.. 07-12153-RWZ, 2012 WL 3929822 (D. Mass. Sept. 7, 2012) ................... 7

*United States ex rel. Williams v. City of Brockton*,
    No. Civ. A. 12-CV-12193-IT, 2016 WL 7428187 (D. Mass. Dec. 23, 2016) ................. 4

# PRELIMINARY STATEMENT

One day after this Court issued its thirteen-page Order denying Defendant Pennsylvania General Insurance Company's ("PGIC") motion to dismiss, PGIC filed a motion for reconsideration that does nothing more than rehash the same argument that PGIC previously made to the Court (and which the Court did not adopt). PGIC's motion for reconsideration is precisely the type of wasteful motion practice that this Court and the First Circuit have repeatedly and forcefully held to be an improper attempt to "rehash" previously made arguments.

Indeed, in its motion for reconsideration, PGIC does not even mention the high standard applicable to a motion for reconsideration. The First Circuit has made clear that to warrant the "extraordinary remedy" of reconsideration, a party must establish (1) newly discovered evidence, (2) an intervening change in the law, or (3) that the original decision was based on a manifest error of law or was clearly unjust. PGIC has not – and cannot – meet any of those stringent standards. PGIC provides no new evidence, PGIC fails to identify any intervening change in the law in the one day between the Court's issuance of its decision and PGIC's filing of the instant motion for reconsideration, and PGIC fails to identify any manifest error of law in the Court's decision. Instead, PGIC merely cites back to the briefing PGIC previously filed in support of its motion to dismiss and asks the Court to reach a different conclusion based on the same arguments. Such a motion for reconsideration needlessly wastes scarce judicial resources, attempts to further delay the proceedings, and forces Plaintiff SPARTA Insurance Company ("SPARTA") to incur the time and expense of responding to the same arguments again.

The Court should deny PGIC's motion to dismiss in its entirety and this case should move forward without further delay.

## FACTUAL AND PROCEDURAL BACKGROUND

In this declaratory judgment action, SPARTA seeks a judicial determination of the parties' rights and obligations pursuant to certain contracts executed more than 15 years ago. Among other things, SPARTA alleges that beginning in 2021, certain claims that were made pursuant to historical insurance policies that are the responsibility of PGIC were no longer being administered and paid as required by the parties' agreements. These claims made pursuant to historical insurance policies are not the responsibility of SPARTA.

On July 26, 2021, SPARTA commenced this action. After certain discussions with PGIC concerning the allegations in the complaint, and in the interest of avoiding further delay by PGIC, SPARTA filed an amended complaint on October 4, 2021 (the "First Amended Complaint" or "FAC"). (ECF 19.) The First Amended Complaint includes allegations regarding the Transfer and Assumption Agreement entered into by PGIC and AEIC in 2005 (the "Reinsurance Agreement") in which PGIC assumed all of AEIC's liabilities and agreed to handle all administrative functions for insurance policies issued by AEIC.

In October and November 2021, the parties submitted briefing in connection with PGIC's motion to dismiss the First Amended Complaint. (ECF 21, 26, 32.)

On August 9, 2022, this Court issued an Order denying PGIC's motion to dismiss in its entirety. (ECF 38 (the "Order").) In a thirteen page decision, the Court concluded that SPARTA's claims were justiciable and sufficiently plausible to survive the motion to dismiss. Among other things, the Court found that SPARTA had sufficiently alleged an injury in fact for both Counts by alleging that "claims are not being declined on an individualized basis, according to individualized coverage determinations, but that all claims are being declined, regardless of the underlying issues." (Order at 7–8.) The Court found that this was sufficient to allege the "certainly impending" injuries necessary for standing and to survive a motion to dismiss. (*Id.* at

2

8, 12.) The Court further noted that while "it is certainly possible that as information is revealed through discovery, defendant's characterization of the dispute proves to be correct," at this stage of the case "there is a sufficiently live case or controversy, and that there is no reason to postpone resolution of this dispute in the interest of judicial restraint." (*Id.* at 11.)

The following day, on August 10, 2022, PGIC filed the instant motion for reconsideration of the Order. (ECF 41, 42.)

## ARGUMENT

The First Circuit has made clear that "[m]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (affirming denial of motion for reconsideration). The Supreme Court has emphasized that "courts should be loathe to [reconsider orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted).

In sum, "a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." *Rosado v. Banco Popular de Puerto Rico*, 561 B.R. 598, 607-08 (1st Cir. BAP 2017) (affirming denial of motion for reconsideration); *see also Heng Ren Invs. LP v. Sinovac Biotech Ltd.*, No. CV 19-11612-NMG, 2022 WL 2347109, at *2 (D. Mass. June 29, 2022) (denying motion for reconsideration of prior order denying motion to dismiss and recognizing that "[m]ere disagreement with a judicial decision is not an adequate basis for reconsideration").

3

**I. PGIC'S MOTION SHOULD BE DENIED BECAUSE IT
DOES NOT IDENTIFY ANY NEW EVIDENCE, ANY INTERVENING
CHANGE IN THE LAW, OR ANY MANIFEST ERROR OF LAW,
AND MERELY RESTATES ARGUMENTS FROM ITS PRIOR BRIEFING**

**A. PGIC's Motion For Reconsideration
Of The Dismissal Of Count II Does Not Cite The Applicable
Legal Standard Or Any Authority Warranting Reconsideration**

PGIC omits the full legal standard applicable to motions for reconsideration, and for good reason: PGIC cannot – and does not try to – establish that any of the three required bases for a motion for reconsideration are satisfied here. PGIC is required to establish (1) newly discovered evidence, (2) an intervening change in the law, or (3) that the original decision was based on a manifest error of law or was clearly unjust. *United States v. Allen*, 573 F.3d at 53.

PGIC does none of those. In asking this Court to reconsider the denial of PGIC's motion to dismiss, PGIC presents no new evidence (assuming that any such evidence could even be considered at the pleadings stage), PGIC identifies no intervening change in the law in the one day between the Court's issuance of its decision on August 9, 2022 and PGIC's filing of the motion for reconsideration on August 10, 2022, and PGIC does not identify any clear error of law or manifest injustice in the Court's decision.

In *Davis v. Lehane*, cited by PGIC at ECF 42 at 2, Judge Young denied a similar motion for reconsideration of a denial of a motion to dismiss. In that case, the Court denied a motion for reconsideration where the moving party did "not even attempt[] to predicate its motion for reconsideration on a change in controlling law, the existence of newly available evidence, or clear error . . . [it merely] rehashe[d] the arguments set forth" in its original motion. 89 F. Supp. 2d at 14748. *See also United States ex rel. Williams v. City of Brockton*, No. 12-CV-12193-IT, 2016 WL 7428187, at *2 (D. Mass. Dec. 23, 2016) (denying a motion for reconsideration of an order declining to dismiss certain claims where the defendants only

4

"reiterate[d] their original argument" and essentially asserted "that the court relied on flawed reasoning, not an outright misapprehension of controlling jurisprudence").

In the current case, PGIC makes no attempt to hide that its motion for reconsideration is merely repeating arguments that PGIC raised in its motion to dismiss briefing that PGIC wishes the Court would have adopted – as PGIC's reconsideration argument consists entirely of citations to PGIC's prior briefing. (*See* ECF 42 at 3 (citing ECF 23-3 at 3–4, ECF 22 at 13–14 & ECF 32 at 7)).) Specifically, PGIC contends that this Court's Order does not specifically address the use of bracketed language in a quotation of the Reinsurance Agreement. (ECF 42 at 3–4.) This is an argument that PGIC raised no fewer than six times in PGIC's prior motion to dismiss briefing, including in one instance as a primary argument spanning the better part of two pages. PGIC made this argument many, many times before:

- "Plaintiff misquotes and omits key language from contractual indemnification provisions in a Stock Purchase Agreement that provide the basis for Plaintiff's claim. Those provisions (when fully and accurately quoted) contain procedures for identifying and resolving disputes that Plaintiff now seeks to circumvent with this lawsuit." (ECF 22 at 1.)
- "Plaintiff also misquotes a section of a Reinsurance Agreement between PIC and AEIC as purportedly mandating claims handling 'for the prior AEIC business.' The actual provision, however, does not refer to 'the prior AEIC business' but rather refers only to a narrow subset of that business, which the FAC does not allege is at issue here." (*Id.* at 2 (internal citations omitted).)
- Count II "blatantly misquotes a provision of the Reinsurance Agreement between PGIC and AEIC." (*Id.* at 13.)
- Argument section headed "The FAC Misrepresents Relevant Language in the Reinsurance Agreement and Otherwise Fails To Identify a Ripe Dispute." (*Id.* at 13–14.)
- "As discussed above, Plaintiff . . . blatantly misquotes the Reinsurance Agreement as to the type of claims that are subject to the claims handling provision Plaintiff invokes." (*Id.* at 18.)
- "As shown in Defendant's Motion, Plaintiff bases Count Two on a blatant misquotation of paragraph 6 of the Reinsurance Agreement, and its requested declaratory relief tracks the same misquotation. Mem. at 14. In particular, and as shown previously, Plaintiff substituted the words 'prior AEIC business' for the words 'Retained Business' in the quoted provision. *Compare* FAC ¶ 15 *with* Ex. C to Mem., ECF 23-3; *see also* Mem. at

> 14. In this way, Plaintiff sought to portray the provision as applying to all AEIC business when it applies to a very narrow subset of claims that not even Plaintiff claims are at issue. In its opposition briefing, Plaintiff makes no attempt to reconcile the language in its FAC with the actual language of the contract. Instead, it offers only a single-line denial in a footnote." (ECF 32 at 6–7.)

PGIC had ample opportunity to make this argument. The Court did not accept it. The Court's thirteen-page Order quoted – in full – the clauses that PGIC claimed SPARTA mischaracterized, and the Court did so without the brackets that PGIC complains about. (Order at 2.) PGIC's motion for reconsideration is nothing more than an impermissible attempt to "reargue an issue previously addressed," which this Court has held to be improper. *See Davis*, 89 F. Supp. 2d at 149 (recognizing that a motion for reconsideration is not "properly a forum for a party to vent his dissatisfaction with the Court's reasoning").[1]

Accordingly, PGIC's Motion should be denied as to its request for reconsideration of the Order with respect to Count II.

### B. PGIC Fails To Provide Any Legal Grounds For Reconsideration Of The Court's Dismissal Of Count I

PGIC's conditional request for reconsideration of the Court's order dismissing Count I is even more tenuous. PGIC does not even suggest that there is any basis for a motion for reconsideration with respect to this Count. Instead, PGIC seems to propose that if the Court decides to reconsider its analysis dismissing Count II, then the Court should reflexively revisit its

---

[1] The remaining two cases cited in PGIC's motion for reconsideration (making a total of three cases) do not justify reconsideration. PGIC only references *Fernandez-Vargas v. Pfizer*, 522 F.3d 55 (1st Cir. 2008), and *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76 (1st Cir. 2008), for the uncontroversial statements that the First Circuit encourages reconsidering interlocutory orders "where error is apparent," and that a court should grant a motion for reconsideration if it "has made an error not of reasoning but apprehension." 522 F.3d at 61 n.2 (quoted at ECF 42 at 2); 521 F.3d at 82 (citation omitted) (quoted at ECF 42 at 3). Neither statement has any bearing on the instant case. PGIC has identified no apparent error in the Court's Order, and the Court quoted the section of the Reinsurance Agreement at issue in full in its Order.

entire analysis denying PGIC's motion to dismiss—a premise entirely ungrounded in law, and for which PGIC unsurprisingly cites no precedent for support. (ECF 42 at 4–5.)

With respect to the "merits" of its request for reconsideration of the Court's order denying the motion to dismiss as to Count I, PGIC again simply reiterates arguments that it previously made to the Court and that the Court already has considered (and already has rejected). That is not a proper basis to justify reconsideration. *See United States ex rel. Banigan v. Organon USA Inc.*, No. Civ. A. 07-12153-RWZ, 2012 WL 3929822, at *2 (D. Mass. Sept. 7, 2012) (denying a motion for reconsideration because it was "effectively a request to relitigate an issue which [the defendant] already has had the opportunity to brief, and which this court rejected"). Accordingly, PGIC's Motion should be denied as to its request for reconsideration of the Order with respect to Count I.

## **CONCLUSION**

For the foregoing reasons, the Court should deny PGIC's motion in its entirety.

Dated: August 24, 2022
Boston, Massachusetts

Respectfully submitted,

 */s/ James R. Carroll*
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

7