UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
----------------------------------------------------  x
SPARTA INSURANCE COMPANY                              :
(as successor in interest to Sparta Insurance
Holdings, Inc.),                                      :

                           Plaintiff,                 :     Civil Action
                                                            No. 21-11205-FDS
             v.                                       :
                                                            Jury Trial Requested
PENNSYLVANIA GENERAL INSURANCE                        :
COMPANY (now known as Pennsylvania
Insurance Company),                                   :

                           Defendant.                 :
----------------------------------------------------  x
```

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Pennsylvania General Insurance Company, n/k/a Pennsylvania Insurance

Company ("Defendant" or "PGIC") by and through its counsel hereby responds to and

answers Plaintiff Sparta Insurance Company's ("Plaintiff" or "Sparta") First Amended

Complaint for Declaratory Judgment ("FAC") (Dkt. 19).  In responding to the allegations

below, Defendant (i) denies all allegations in the FAC unless specifically and expressly

admitted herein; and (ii) does not waive, but expressly reserves, all rights to seek relief by

appropriate motions directed to the allegations in the FAC.

## DEFENDANT'S RESPONSES TO SPECIFIC ALLEGATIONS

Defendant further responds to the numbered paragraphs of Plaintiff's FAC as follows:

1.      The first paragraph is a legal conclusion and characterization to which no

response is required.  To the extent a response is required, Defendant admits that Plaintiff

purports to invoke the Declaratory Judgment Act as to two agreements but otherwise denies that

Plaintiff has standing to bring the action, that the dispute is otherwise justiciable, or that Plaintiff has stated a claim or is entitled to the requested relief.

2.      With respect to the first sentence, Defendant admits that on March 12, 2007, Sparta Insurance Holdings and Pennsylvania General Insurance Company entered into a stock purchase agreement (the "SPA"), with OneBeacon Insurance Company ("OneBeacon") as the Guarantor of the transaction.  The second sentence in Paragraph 2 is a vague legal conclusion to which no response is required.  Further, it refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 2 for the complete and accurate contents of those documents.  To the extent a response to the second sentence in Paragraph 2 is required, Defendant denies the second sentence.  With respect to the third sentence, Defendant lacks knowledge or information sufficient to admit or deny this sentence and on that basis denies the second sentence of Paragraph 2 of the FAC.

3.      The first and second sentences of Paragraph 3 are legal conclusions and characterizations of documents to which no response is required.  Further, they refer to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 3 for the complete and accurate contents of those documents.  To the extent a response to the first and second sentence is required, Defendant denies the first and second sentences.  As to the first clause of the third sentence through the words "by AEIC," Defendant lacks sufficient information to admit or deny this clause except that Defendant denies the clause to the extent it is intended to suggest that the claims were tendered to PGIC.  The second clause is a legal conclusion to which no response is required.  Further, it refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 3 for the complete and

accurate contents of those documents.  To the extent a response is required, Defendant lacks sufficient information to admit or deny this clause.

4.      Defendant lacks sufficient information to admit or deny the first sentence of Paragraph 4.  The second sentence is a vague legal conclusion and characterization of documents to which no response is required.  To the extent a response is required, Defendant denies the allegations and specifically denies that Plaintiff tendered claims for indemnity, including in accordance with the indemnification procedures set forth in the SPA.

5.      Paragraph 5 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the first sentence of the paragraph and Defendant denies the second sentence of the paragraph, except that Defendant admits that Plaintiff has requested the relief listed in subsections (a)-(b).

6.      Paragraph 6 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the first and second sentences of the paragraph, except that Defendant admits that the second sentence purports to describe the relief Plaintiff is requesting.

7.      Paragraph 7 contains characterizations and a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertions in this paragraph.

8.      Paragraph 8 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that it is incorporated in Pennsylvania and admits that it does business at 10805 Old Mill Road, Omaha, NE 68154.

9.      Paragraph 9 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations

in this paragraph except to deny that Plaintiff has asserted justiciable or otherwise valid claims or properly placed any amount in controversy.

10.     Paragraph 10 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Paragraph 11 is a legal conclusion to which no response is required.  Further, it refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 11.  To the extent a response is required, Defendant lacks sufficient information to admit or deny Plaintiff's claim that substantial parts of the events giving rise to the claims occurred in Massachusetts.

12.     Paragraph 12 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.     Defendant admits the allegations in Paragraph 13, except the allegation that AEIC is a Massachusetts insurance company, which is a legal conclusion to which no response is required.

14.     Paragraph 14 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the first sentence and Defendant lacks knowledge or information sufficient to form a belief as to the second sentence.

15.     Paragraph 15 states a legal conclusion to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 15 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in the second sentence and states that the sentence materially misquotes the agreement.

16.     Paragraph 16 states a vague legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 16 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.      Paragraph 17 states a vague legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 17 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 17 except that Defendant admits that Plaintiff has quoted certain words that appear in Section 8.1 of the SPA while omitting additional relevant text from that section and other sections of the SPA.

18.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies the allegations in this paragraph.

19.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies the allegations in this paragraph except to the extent the paragraph is meant to suggest that Plaintiff tendered claims to PGIC in which case the allegation is denied.

20.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the allegations in this paragraph.

21.     Paragraph 21 contains vague characterization of documents to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 21 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 21, except that Defendant admits that Plaintiff sent communications to Defendant in May, June, July, August, and September 2021.

22.     Paragraph 22 is a legal conclusion and vague characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

23.     Paragraph 23 is a legal conclusion and vague characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

24.     To the extent Paragraph 24 requires a response, Defendant repeats and re-alleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

25.     Paragraph 25 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.     Paragraph 27 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     To the extent Paragraph 28 requires a response, Defendant repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

29.     Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     Paragraph 30 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.     To the extent a response is required to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief in this action, including but not limited to the relief set forth therein.

## AFFIRMATIVE DEFENSES

Defendant does not admit that it bears the burden of proving any of the defenses set forth below.  Defendant does not waive any affirmative defenses and reserves the right to later assert any and all affirmative defenses that may be available. No pleaded defense constitutes an admission of liability or indicates that Plaintiff is entitled to any relief.

Defendant hereby gives notice that it intends to rely upon such other and further defenses as they may become available or apparent at any time through discovery or otherwise and hereby reserves all rights to amend and/or supplement any and all defenses set forth herein.

### FIRST AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff lacks standing to maintain this action under Article III of the United States Constitution or applicable statutory or common law.

### SECOND AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff's claims and requested relief do not present a ripe or otherwise justiciable controversy under Article III of the United States Constitution or applicable statutory or common law.

## THIRD AFFIRMATIVE DEFENSE

This action is barred in whole or in part because discretionary factors weigh against this Court's assertion of jurisdiction over Plaintiff's claims or the discretionary power afforded to the Court under the Declaratory Judgment Act.

## FOURTH AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted, including but not limited to because the FAC fails to allege or plead with plausibility every element of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff has not suffered any injury or damage, or, in the alternative, any injury or damage that Plaintiff claims to have sustained was not caused by Defendant and cannot be redressed by the relief requested.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Defendant met, and has not breached, its contractual and legal duties.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the terms of the governing contracts.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by Plaintiff's failure to comply with the terms of the SPA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim as to Count II is barred because it rests on a misquotation of the Reinsurance Agreement which does not otherwise support its claim for relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred by applicable statutes of limitations and/or repose.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff is otherwise not entitled to relief under the Declaratory Judgment Act in light of various factors, including but not limited to the terms of the agreements relied on by Plaintiff, Plaintiff's knowledge of OneBeacon's role under those contracts, Plaintiff's knowledge that OneBeacon was the real party in interest to the 2007 SPA, the 2012 sale of PGIC as a clean shell to North American Casualty Co., Plaintiff's failure to seek to enforce the SPA against PGIC or communicate with Defendant concerning the SPA until 2021, Plaintiff's apparent submission of claims for reimbursement exclusively to OneBeacon or its successors during that entire period, Plaintiff's failure to identify or seek relief for specific claims and its failure to make specific claims for reimbursement, Plaintiff's failure to comply with the terms of the SPA, and the vague and non-specific nature of the declaratory relief sought, and the course of dealing established between Plaintiff and OneBeacon for adjusting claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested relief are barred in whole or in part because OneBeacon was assigned, assumed, and succeeded to any liability for which Plaintiff seeks declaratory relief in connection with OneBeacon's sale of PGIC as a clean shell to North American Casualty Co. in 2012.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by equitable estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred or limited by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff consented to and/or ratified the alleged conduct at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff and OneBeacon were the real parties in interest to the Stock Purchase Agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by the doctrine of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by general equitable principles that are incorporated in the contracts and that inform the authority to grant relief under the Declaratory Judgment Act.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because any injury or damage that Plaintiff claims to have sustained was self-inflicted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because any injury or damage that Plaintiff claims to have sustained was not caused by Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are otherwise barred in whole or in part by the transfer and assumption agreement between PGIC and OneBeacon and the stock purchase agreement between OneBeacon and North American Casualty Co., which complied with all applicable statutes and regulations and were approved by all relevant government authorities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant's actions or inactions with respect to Plaintiff's claims and allegations were reasonable and in good faith.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for declaratory relief under the SPA are barred in whole or in part because Plaintiff breached the covenant of good faith and fair dealing implied in every contract, and, therefore, excused Defendant from any obligations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This action is barred by principles of prudential standing due to Plaintiff's failure to identify any claims for which it is seeking relief in the FAC.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has asserted any claims in the FAC, those claims are barred or limited with respect to any policies that are void or voidable under applicable public policy or state law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has asserted any claims in the FAC, those claims are barred or limited to the extent Defendant is not the liable party for any underlying claim.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent (and without admitting) that there is or was any payment due to Plaintiff, such payment is subject to setoff.

## PRAYER FOR RELIEF

Defendant respectfully prays for relief as follows:

1.      That the Court dismiss the First Amended Complaint with prejudice;

2.      That the Court enter a final judgment in favor of Defendant and against Plaintiff on each Count of the First Amended Complaint;

3.      That Plaintiff recover nothing;

4.      That the Court award Defendant reasonable fees and costs incurred in defending this action, including reasonable attorneys' fees and costs; and

5.      That the Court grant Defendant such other and further relief as the Court deems just and proper.


Dated:  August 26, 2022                     Respectfully submitted,


                                            By: /s/ *Samuel C. Kaplan*
                                            Samuel C. Kaplan (admitted *pro hac vice*)
                                            skaplan@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            1401 New York Avenue, NW
                                            Washington, DC 20005
                                            Telephone: (202) 237-2727
                                            Facsimile: (202) 237-6131

                                            Maxwell V. Pritt (admitted *pro hac vice*)
                                            mpritt@bsfllp.com

Reed D. Forbush (admitted *pro hac vice*)
rforbush@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant Pennsylvania*
*General Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 26, 2022, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

<u>/s/ Samuel C. Kaplan</u>
Samuel C. Kaplan (admitted *pro hac vice*)
