```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


SPARTA INSURANCE COMPANY,        )
                                 )
                Plaintiff        ) Civil Action
                                 )
                                 ) No. 21-11205-FDS
vs.                              )
                                 )
PENNSYLVANIA GENERAL INSURANCE   )
COMPANY,                         )
                Defendant


BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV


                  TELEPHONIC STATUS CONFERENCE



        John Joseph Moakley United States Courthouse
                      Courtroom No. 10
                      1 Courthouse Way
                      Boston, MA 02210


                      August 30, 2022
                         3:20 p.m.





               Valerie A. O'Hara, FCRR, RPR
                   Official Court Reporter
        John Joseph Moakley United States Courthouse
                      1 Courthouse Way
                      Boston, MA 02210
                  E-mail: vaohara@gmail.com
```

```
 1   APPEARANCES VIA TELEPHONE:

 2   For The Plaintiff:

 3        Skadden, Arps, Slate, Meagher & Flom LLP,
     by JAMES R. CARROLL, ESQ., and CHRISTOPHER G. CLARK,
 4   ESQ., 500 Boylston Street, Boston, Massachusetts 02116;

 5   For the Defendant:

 6        Boies Schiller Flexner LLP, by SAMUEL CHARLES KAPLAN,
     ESQ., 1401 New York Avenue NW, Washington, DC 20005;
 7
          Boies Schiller Flexner LLP, by MAXWELL PRITT,
 8   ESQ., ERIKA NYBORG-BURCH, ATTORNEY, and
     MARIAH JOELLE NOAH, ATTORNEY, 44 Montgomery Street,
 9   41st Floor, San Francisco, California 94104.
```

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: Court is now in session in the matter of |
| 3 | Sparta Insurance Company vs. Pennsylvania General Insurance |
| 4 | Company, Civil Action Number 21-11205. |
| 5 | Participants are reminded that photographing, |
| 6 | recording or rebroadcasting of this hearing is prohibited and |
| 7 | may result in sanctions. |
| 8 | Would counsel please identify themselves for the |
| 9 | record, starting with the plaintiff. |
| 03:20PM 10 | MR. CARROLL: Good afternoon, your Honor, for Sparta |
| 11 | Insurance Company, James Carroll, and with me, |
| 12 | Christopher Clark. |
| 13 | THE COURT: All right. Good afternoon. |
| 14 | MR. KAPLAN: Good afternoon, your Honor, this is |
| 15 | Sam Kaplan for the defendant, and with me today on the call are |
| 16 | my colleagues, Maxwell Pritt, Erika Nyborg-Burch and |
| 17 | Mariah Noah. |
| 18 | THE COURT: Good afternoon. This is a telephone |
| 19 | conference in this case. As you know, I issued an order |
| 03:21PM 20 | denying the motion to dismiss. There has been a motion for |
| 21 | reconsideration filed. I have read that, read the opposition |
| 22 | and read the reply, and I'm going to cut to the chase. |
| 23 | I'm going to deny that motion, that is, Docket |
| 24 | Number 41, but having done that, and as I think you can perhaps |
| 25 | tell from my opinion, there are a lot of uncertainties here as |

4

1  to this case in its current posture, including I don't feel
2  it's completely resolved, even the basic issue of standing and
3  justiciability, and so I'm going to float an idea.  It's just
4  an idea but an idea of moving forward from here, which is what
5  if the defendant moved for summary judgment, plaintiff can
6  respond as they see fit?
7        Maybe there are disputed issues of material fact, it
8  may be that we get a Rule 56(d) response saying they can't
9  respond in full, but I feel that I would like to somehow frame
03:23PM 10  the issues on a little bit more complete record or factual
11  basis.  I can't really do that on a motion to dismiss.  I can
12  look at the contracts, but I can't look at what's underlying
13  them, and either that process resolves the litigation or it may
14  inform discovery or the path going forward, or it may inform
15  phasing of discovery or any number of issues.
16        I'm floating that as an idea.  That may not work for a
17  lot of reasons.  I'm not trying to dictate anyone's litigation
18  strategy, but the benefit of that is I get a much more complete
19  record, I have a better sense of what is going on, for better,
03:23PM 20  for worse, which I don't feel that I do right now, and it might
21  at the end of the day resolve these issues more quickly, or, if
22  nothing else, narrow them.
23        So let me toss that out.  In the alternative, of
24  course, well, it's not even an alternative really, I'll just
25  set this for a scheduling conference, set a timetable for

1       discovery and off we go, so let me stop talking.
2               Mr. Kaplan, I'm putting you on the spot a little bit,
3       but let me get a reaction from you as to all of that.
4               MR. KAPLAN:  We appreciate the suggestion, your Honor.
5       I think my only concern with the Court's proposal is that
6       obviously our motion to dismiss was confined to issues of
7       justiciability as well as maybe one or two issues on failure to
8       state a claim that were based purely on the basis of contract.
9               We certainly could file a motion for summary judgment
03:25PM 10  on those, on those issues, but my concern is normally when one
11      files a motion for summary judgment, courts frown upon seriatim
12      motions for summary judgment.
13              THE COURT:  I'm not certainly inviting it, let's put
14      it that way.  I just don't want to keep giving you endless
15      bites at the same apple certainly.
16              MR. KAPLAN:  Yes.
17              THE COURT:  I'm thinking out loud here.
18              MR. KAPLAN:  I guess.
19              THE COURT:  Justiciability, for example, might be one
03:25PM 20  way to handle that, is this actually ripe for resolution, and,
21      maybe, you know, assuming that it is, and we'll get to, you
22      know, whatever the underlying issues are and go down that
23      pathway.  I certainly don't want to just simply keep revisiting
24      the same issues over and over again on a slightly better
25      record.  I mean, that's not my hope at all.

                  1         As I'm sure you can imagine, I have a lot on my plate,
                  2    and I don't like to keep repeating the same work, but I also
                  3    think that your motion to dismiss and your motion for
                  4    reconsideration both suggest that there are threshold issues
                  5    here that either I'm not understanding that have been presented
                  6    by plaintiffs or whatever, and I express no opinion on that.
                  7    You may be completely wrong, but I'd like to frame that so I
                  8    could think about it more intelligently, which I'm not sure
                  9    that I'm able to do on this record.  That's my thinking.
        03:26PM  10         You don't need to commit to anything right now, but
                 11    you also don't need necessarily to wait until the end of
                 12    discovery, you know, six months or a year from now or whatever
                 13    that is to file a motion for summary judgment.
                 14         Let me hear Mr. Carroll's response here before we go
                 15    any further.
                 16         MR. CARROLL:  Thank you, your Honor.  I believe your
                 17    Honor's instincts for assessing out an early resolution of the
                 18    case are sensible.  The plaintiff would like to file an early
                 19    motion.  We had it viewed as a motion for judgment on the
        03:27PM  20    pleadings.
                 21         THE COURT:  Okay.
                 22         MR. CARROLL:  Because we believe these contracts are
                 23    susceptible of declaratory ruling now.  We don't believe
                 24    there's ambiguity or facts that will get in the way, and
                 25    whether that was -- we could do that either by motion for

 1     judgment on the pleadings, which we'd be prepared to do on the
 2     9th of September, or by cross-motions for summary judgment.
 3     Either way is fine by us.  Paramount to us is trying to see if
 4     we can get to an early resolution.
 5             THE COURT:  Okay.  Mr. Kaplan, do you want to respond
 6     to that?
 7             MR. KAPLAN:  Yes, your Honor.  The reason I was
 8     bringing up seriatim motions for summary judgment, and I
 9     believe this is clear to the Court based on what you said, but
03:28PM 10     I just wanted to make sure.  If the justiciability issues were
11     resolved against us, our view is that there are numerous
12     material facts that would require a lot of discovery, and I can
13     go into more detail on that, and so in terms of clarification,
14     I just would want to make sure that, as I said, your Honor's
15     inviting the motion for summary judgment on the justiciability
16     issues, but it would be understood that if that were adversely
17     resolved, we could still file a motion for summary judgment at
18     the end of discovery on any merits issues.
19             THE COURT:  I'm not sure "inviting" is the right word,
03:28PM 20     it's more I'm tossing the idea off the top of my head.  Here's
21     what I'm going to do.  Why don't you all give some further
22     thought to this, you know, consulting with your client and
23     thinking about what you think the best way forward is, and we
24     could have cross-motions for about judgments on the pleadings
25     or for summary judgment, justiciability, or whatever.

1         I'm going to set it for a scheduling conference, and
2 that will double as a status conference, which, of course, may
3 affect how discovery unfolds, obviously, but let's have that
4 conference, and why don't both of you be prepared to talk about
5 a possible way of going forward.
6         Again, you don't need to tip your hand on litigation
7 strategy, you don't need to commit to anything particularly,
8 but if you want to at least propose a pathway, I will listen to
9 it, you know, and, obviously, the idea here would be without
03:30PM 10 prejudice, for example, if there were motions for summary
11 judgment on justiciability, you lost, the case goes forward,
12 you can move for summary judgment, you know, based on the
13 evidentiary record as a whole at a later time.
14         Why don't we do that about three or four weeks out.
15 Let's set a date, we'll call it the scheduling conference.  I
16 do want you to meet and confer and talk about a discovery
17 schedule and ESI and all that kind of stuff so we're not going
18 to be delayed on that.
19         But you might propose even alternative discovery
03:31PM 20 schedules depending on how these issues are resolved, for
21 example, if there is a motion for judgment on the pleadings, it
22 might not make sense to go full force into discovery right now,
23 but it also might make sense.
24         Matt, why don't you give me a date, why don't we make
25 that around September 20th, 24th, somewhere in there.

|   |   |
|---|---|
| 1 | THE CLERK:  The 21st at three. |
| 2 | THE COURT:  September 21st at three by telephone, |
| 3 | scheduling conference? |
| 4 | MR. KAPLAN:  Your Honor, this is Sam Kaplan, I have a |
| 5 | pretrial conference some time that week that the court hasn't |
| 6 | scheduled, but even if -- I imagine that even if it happens to |
| 7 | be scheduled for the time that the court sets, one of my |
| 8 | colleagues can handle the call. |
| 9 | THE COURT:  You can call Mr. McKillop.  This is a |
| 03:32PM 10 | telephone conference.  This is not a jury trial.  We can find a |
| 11 | time and date that works for everybody.  Mr. Carroll, how about |
| 12 | you? |
| 13 | MR. CARROLL:  We'd find a way to make that work, your |
| 14 | Honor, but I do have a question, if I may. |
| 15 | THE COURT:  Go ahead. |
| 16 | MR. CARROLL:  We have spoken about -- at least we |
| 17 | certainly conferred with respect to the motion that it is our |
| 18 | desire to make it an immediate motion.  Do I understand your |
| 19 | Honor to be saying that we should not do that in the interim |
| 03:32PM 20 | until the 21st? |
| 21 | THE COURT:  No, if you want to file that by |
| 22 | September 9th, you can file it.  I may take into account all |
| 23 | the potential things that are going on in terms of, you know, |
| 24 | deciding when your opponent needs to respond to that.  You |
| 25 | know, I would say that timetable is also -- will be unresolved |

1 until I kind of know what's going on generally, but I'm not
2 going to prohibit you from filing such a motion.
3      MR. KAPLAN: Similarly, your Honor, this is -- oh, I
4 apologize, go ahead, Mr. Carroll.
5      MR. CARROLL: I was solely going to say thank you,
6 that was clear. Please proceed.
7      MR. KAPLAN: Thank you. I just wanted to make sure,
8 your Honor, in the same vein as my friend, we were planning on
9 proceeding to serve discovery requests today, and we had sent
10 out some public requests already to a couple of government
11 agencies that are relevant because we do want to, if discovery
12 is going to proceed, obviously, we want -- we have talked about
13 a discovery schedule with the plaintiff, and we obviously want
14 to proceed expeditiously to resolve it to the extent we can.
15 We both had different ideas in how long that should take, but,
16 in any event, the short question is is it the same answer
17 should we hesitate to serve discovery requests?
18      THE COURT: No, no, I assume you FOIA requests under
19 the --
20      MR. KAPLAN: Exactly, yes.
21      THE COURT: That's fine, too. I'm making no decision
22 of any kind here, I'm floating ideas for a way to have a
23 sensible resolution of what looked to me like some threshold
24 type issues, maybe dispositive altogether but certainly
25 threshold issues. I'll tell you my prejudices. Every time I

1 try to do something like phase discovery or do something
2 creative, it comes back to bite me, but having said that, I
3 would like to explore what those options are, and it seems to
4 me that the traditional model is once the motion to dismiss is
5 denied, you just go into full bore discovery and move for
6 summary judgment at the end of it maybe the way this gets
7 resolved, but I'd like to at least think about other options,
8 okay?
9     MR. KAPLAN: Yes, understood, your Honor.
03:35PM 10     THE COURT: I am ordering nothing and prohibiting you
11 from doing nothing.
12     MR. KAPLAN: Understood.
13     THE COURT: All right. We will reconvene in mid to
14 late September, see where we are, see what motions are pending
15 or threatened, as the case may be, listen to what your
16 proposals are going forward, and I will try to set a timetable
17 that I think makes sense under the circumstances, okay?
18     MR. CARROLL: Thank you very much, your Honor.
19     MR. KAPLAN: Thank you, your Honor.
03:35PM 20     THE COURT: Anything else? All right. Thanks,
21 everyone.
22     (Whereupon, the hearing was adjourned at 3:35 p.m.)

12

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

    I do hereby certify that the foregoing transcript, Pages 1 through 12 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 21-11205-FDS, SPARTA INSURANCE COMPANY vs. PENNSYLVANIA GENERAL INSURANCE COMPANY and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

    Dated September 2, 2022.

    s/s Valerie A. O'Hara

    _____

    VALERIE A. O'HARA
    OFFICIAL COURT REPORTER