# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

       Plaintiff, : Civil Action
                                                                       No. 21-11205-FDS
  v. :

PENNSYLVANIA GENERAL INSURANCE :
COMPANY (now known as Pennsylvania
Insurance Company), :

       Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[PROPOSED]
**ORDER ON PLAINTIFF SPARTA INSURANCE
COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Upon Plaintiff SPARTA Insurance Company's ("SPARTA's") Motion For Judgment On The Pleadings, and all other papers and proceedings herein, the Court orders as follows:

1. Judgment is entered in favor of Plaintiff SPARTA and against Defendant Pennsylvania General Insurance Company ("PGIC") on Plaintiff SPARTA's declaratory judgment claims.

2. Based on the plain language of the Stock Purchase Agreement ("SPA") entered into as of March 12, 2007 by SPARTA and PGIC:

    a. PGIC is required to indemnify and hold SPARTA harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees, and out-of-

pocket expenses, actually expended or incurred by SPARTA or AEIC, arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by PGIC to SPARTA) or nonfulfillment of any covenant or agreement on the part of PGIC under the SPA; (ii) the failure by PGIC to perform any of its obligations under the Reinsurance Agreement [as defined in the SPA]; (iii) any loss arising out of or resulting from the existence of AEIC prior to the August 7, 2007 closing or the conduct of the Business [as defined in the SPA] or other operations by or of AEIC prior to the August 7, 2007 closing; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing.

    b.    PGIC is required to pay all of SPARTA's costs, expenses and reasonable attorneys' fees incurred in obtaining PGIC's compliance with its obligations under the SPA and in connection with this action.

3. Based on the plain language of the transfer and assumption agreement ("Reinsurance Agreement") entered into as of June 15, 2005 by PGIC and American Employers' Insurance Company ("AEIC"):

    a.    PGIC is responsible for all of AEIC's liabilities and contractual commitments of every nature and description, whether absolute, accrued, contingent or otherwise, or whether due at the time of the Reinsurance Agreement or in the future, including, without limitation, any and all subsequent actions, proceedings or liabilities arising from any of the

liabilities or assets of AEIC.

        b.      PGIC shall, at its sole expense, perform any and all administrative functions for the prior AEIC business, including without limitation claims handling.

4.      SPARTA is awarded its costs, expenses, attorneys' fees and interest incurred in connection with enforcing its rights under the SPA and Reinsurance Agreement and incurred in this action. SPARTA shall submit an application for an award of fees and expenses within 30 days of the date of this order.

SO ORDERED.

Dated: _____                       _____
                                                                           F. Dennis Saylor
                                                                           United States District Judge