# EXHIBIT A

This INSTRUMENT OF TRANSFER AND ASSUMPTION (this "Instrument"), made this day of October 1, 2012, by and between OneBeacon Insurance Company, a stock insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania ("OBIC"), and Pennsylvania General Insurance Company, a stock insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania ("PGIC"), together with OBIC, the "Parties" and each, individually, a "Party").

WITNESSETH:

WHEREAS, OneBeacon Insurance Group, LLC is the record holder of 100% of the issued and outstanding stock of PGIC and OBIC;

WHEREAS, OneBeacon Insurance Group, LLC has decided to offer for sale (the "Sale") 100% of the issued and outstanding shares of PGIC to an unrelated party (the "Purchaser"); and

WHEREAS, to facilitate the Sale, it is deemed desirable to turn PGIC into a shell insurer with no outstanding liabilities on its books, (other than those related to the lawyers professional liability and managed care errors and omissions policies ("Runoff Policies") that are subject to a Reinsurance Agreement between PGIC and OBIC), by an assignment of any and all of its liabilities and assets to, and by assumption by, OBIC (the "Transfer and Assumption").

NOW, THEREFORE, in consideration of the premises and of the mutual agreements and covenants hereinafter set forth, the Parties hereby agree as follows:

1. Unless this Instrument is disapproved within the time period specified by applicable law by the Commonwealth of Pennsylvania, this Instrument shall become binding and non-cancelable as of the execution thereof; provided, that the Transfer and Assumption shall be effective October 1, 2012 at 12:00:01 A.M. Boston, Massachusetts Time (such latter date and time, the "Effective Date").

2. By this Instrument the Liabilities and assets of PGIC shall be transferred to OBIC and OBIC shall thereby succeed to the liabilities and assets of PGIC.

3. Except as otherwise provided in this Agreement, immediately as of the Effective Date, all the rights, franchises, and interest of PGIC in and to every species of property (whether real, personal, or mixed) and choses in action thereunto belonging, shall be deemed as transferred to and vested in OBIC and simultaneously therewith OBIC shall be deemed to have assumed any and all of the Liabilities and assets of PGIC; provided, that no more than ten

assumed any and all of the Liabilities and assets of PGIC; provided, that no more than ten million dollars (*$10,000,000*) in policyholders' surplus, which shall include or consist of any and all statutory deposits ("Policyholders' Surplus"), shall remain in PGIC leaving PGIC a "shell" insurer, together with the corporate charter, minute books and the licenses and regulatory records and filings concerning PGIC (together with the Policyholders' Surplus, the "Retained Assets").

4. With the exception of the Retained Assets and Runoff Policies retained by the Purchaser and the Reinsurance Agreement related to same, the assets of PGIC as of the Effective Date shall include any and all of PGIC' assets of every nature and description of whatever kind and wheresoever situated including, without limitation, the following:

   a. any and all business, including, without limitation, any and all underwriting contracts, including direct insurance policies and endorsements in respect thereto, reinsurance contracts, facultative contracts, retrocession agreements and any and all other underwriting contracts of every kind and description;

   b. any and all cash, securities, choses in action and other property of every nature and description, including real property, leaseholds and other interests therein;

   c. any and all securities or other property on deposit with supervisory insurance officials, other insurance officials and any and all other governmental officials;

   d. any and all monies owing by others to PGIC, including agents, brokers and other underwriting representatives and reinsurers;

   e. any and all loans; and

   f. any and all rights, title and interest in any and all contracts, lease and agreements, including employment obligations or contracts and agency contracts, whether or not in writing.

5. The liabilities of PGIC as of the Effective Date shall include any and all of PGIC's liabilities or contractual commitments of every nature and description recorded in PGIC's financial statements (excluding those arising under the Runoff Policies) whether absolute, accrued, contingent or otherwise or whether due now or in the future, including, without limitation, the following:

a. any and all unpaid losses and loss adjustment expenses and any and all liabilities existing or arising in the future under Section 4.a. or 4.b.;

b. any and all unpaid expenses, including contingent commissions, underwriting and investment expenses, taxes, (including, without limitation, United States Federal and State and foreign taxes, license fees and other fees and any and all other similar obligations);

c. any and all unearned premiums;

d. any and all monies withheld or retained for the account of others and any and all monies owing by PGIC to others, including agents, brokers and other underwriting representatives and reinsurers;

e. any and all monies or other obligations due under reinsurance contracts;

f. any and all liabilities under leaseholds and other contracts covering real estate or interests therein;

g. any and all liabilities under any and all contracts, leases and agreements, including employment obligations or contracts and agency contracts, whether or not in writing; and

h. any and all subsequent actions, proceedings or liabilities arising from any of the foregoing liabilities or the assets of PGIC.

7. No actions or proceedings pending on the Effective Date or any subsequent actions or proceedings arising from the liabilities and assets of PGIC prior to the Effective Date to which PGIC may be a party, shall be abated or discontinued by reason of the Transfer and Assumption, but the same may be prosecuted to final judgment in the same manner as if the Transfer and Assumption had not taken place, or OBIC may be substituted in place of PGIC by order of the court in which the action or proceeding may be pending. Including as provided in Section 6, all liabilities of every nature and description of PGIC at the time of the Transfer and Assumption shall attach to and be assumed by OBIC and may be enforced against OBIC to the same extent as if such liabilities had been originally incurred or contracted by OBIC.

8. OBIC agrees that the failure of PGIC to exercise any right hereunder shall not be deemed a waiver of any right inferred hereunder.

9. The Parties hereto covenant and agree to take such additional steps, to perform such additional acts, and to furnish such additional documents and other agreements and instruments, as may at any time be necessary or appropriate to carry out the transactions contemplated by this Instrument. To this end, PGIC does hereby irrevocably authorize and empower all of its duly authorized officers, or any one of them, to take such additional steps, to perform such additional acts and to execute such additional documents and other agreements and instruments on behalf of PGIC in furtherance hereof, and such acts when taken, such acts when performed and such documents and other agreements and instruments when executed shall have full effect and be as if taken, performed or executed by PGIC under its corporate seal.

10. The terms and conditions contained in this Instrument shall inure to the benefit of, and be binding upon, the Parties and their respective successors and permitted assigns.

11. This Instrument may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. Each counterpart may be delivered by facsimile transmission, which transmission shall be deemed delivery of an originally executed document.

IN WITNESS WHEREOF, OBIC and PGIC have caused this Instrument to be duly executed as of the date first written above.

ONEBEACON INSURANCE COMPANY

By: _____
Todd C. Mills, Treasurer

[SEAL]

PENNSYLVANIA GENERAL INSURANCE COMPANY

By: _____
Todd C. Mills, Treasurer

[SEAL]