# EXHIBIT D

# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6092
TEL 212 259-8000  FAX 212 259-6333

JAMES A. FITZPATRICK, JR.
TEL 212 259-6220
jfitzpatrick@deweyballantine.com

April 2, 2007

RECEIVED
APR - 3 2007
DIVISION OF INSURANCE
LEGAL DIVISION

RECEIVED
JUL - 9 2007
HEARINGS & APPEALS
MASS. DIVISION OF INSURANCE

Nonnie S. Burnes
Commissioner of Insurance
Commonwealth of Massachusetts
One South Station, 5th Floor
Boston, MA 02110-2208

Re:  Proposed Acquisition of American Employers' Insurance Company by SPARTA Insurance Holdings, Inc.

Dear Commissioner Burnes:

Pursuant to Section 206B of Chapter 175 of the General Laws of The Commonwealth of Massachusetts (the "MGL") and Chapter 211, Section 7.05 of the Code of Massachusetts Regulations promulgated thereunder, enclosed please find six (6) manually signed copies of the Form A application (the "Form A") regarding the proposed acquisition of American Employers' Insurance Company (the "Insurer") by SPARTA Insurance Holdings, Inc. (the "Applicant").

This Form A was discussed at a meeting held in your Division's officers on March 28, 2007 at which Robert G. Dynan, Elizabeth B. Brodeur, John C. Cockerham, Barbara Petersen Law and Robert R. DiBiasio of your Division; George L. Estes, III, Kevin G. Costello, Dawne E. Ware and Beth N. Terrell, officers of the Applicant; Fred Turcotte and Jennifer Lawrence of OneBeacon Insurance Company; and I were in attendance.

As discussed at the meeting and as subsequently discussed with Barbara Law, the Applicant is currently working with each of Corsair III Financial Services Capital Partners, L.P. ("Corsair"), York Capital Management ("York") and a third potential investor, to be identified in a supplement to this Form A, to prepare letters pursuant to Section 206B(e)(2) of Chapter 175 of the MGL in which each of Corsair, York and the potential third investor will disclaim control of the Applicant. Such letters will be provided to you under separate cover.

At the request of members of your staff, the Applicant has identified the following individuals whom you should feel free to contact with respect to the Applicant's officers, George L. Estes, III and Dawne E. Ware, who were the Chief

Executive Officer and Chief Financial Officer, respectively, of Discover Reinsurance Company, an Indiana domestic insurer:

> George Reider - Former Insurance Commissioner of Connecticut - 860-678-7401;
>
> Pamela Walters - Supervising P&C Analyst, Indiana Department of Insurance - 317-232-2385; and
>
> Randy Lamberjack - Consultant, Indiana Department of Insurance - 317-232-2385.

Please acknowledge the receipt of this filing by stamping the enclosed copy of this letter and returning it to my attention. A prepaid self-addressed envelope has been enclosed for your convenience.

The Applicant intends to supplement this Form A promptly upon receipt of the outstanding information. We appreciate that the Form A will not be submitted to the docket until it is deemed complete by your Division. In the meantime, if you or any members of your staff should have any questions or if you require any additional information, please do not hesitate to contact me at (212) 259-6220.

Sincerely yours,

James A. FitzPatrick, Jr.

Enclosure

cc: George L. Estes, III - SPARTA Insurance Holdings, Inc.
Beth Terrell - SPARTA Insurance Holdings, Inc.
Dennis R. Smith - OneBeacon Insurance Company

# FORM A

## STATEMENT REGARDING THE ACQUISITION OF CONTROL OR MERGER WITH A DOMESTIC INSURER

### AMERICAN EMPLOYERS' INSURANCE COMPANY

BY

### SPARTA INSURANCE HOLDINGS, INC.

Filed with the Division of Insurance of The Commonwealth of Massachusetts

Dated: April 2, 2007

**Name, Title, Address and Telephone Number of the Individual to Whom Notices and Correspondence Concerning this Statement Should Be Addressed:**

James A. FitzPatrick, Jr., Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, New York 10019
212-259-6220
Attorneys for the Applicant

## (1) ITEM 1. INSURER AND METHOD OF ACQUISITION.

The name of the insurer is American Employers' Insurance Company (the "Insurer") with an address of One Beacon Lane, Canton, Massachusetts 02021.

SPARTA Insurance Holdings, Inc., a Delaware corporation (the "Applicant"), seeks to acquire control of the Insurer via the Stock Purchase Agreement, dated as of March 12, 2007, by and among the Applicant, as Purchaser, Pennsylvania General Insurance Company ("Pennsylvania General"), a Pennsylvania insurance company, as Seller, and OneBeacon Insurance Company ("OneBeacon"), a Pennsylvania insurance company, as Guarantor, and as amended by Amendment No. 1 to the Stock Purchase Agreement, dated as of March 26, 2007, by and among the same parties, copies of which are attached hereto as Exhibit A and incorporated by reference herein (together, the "Stock Purchase Agreement").

Pursuant to the Stock Purchase Agreement, the Applicant would acquire all of the issued and outstanding capital stock of the Insurer. Attached to the Stock Purchase Agreement and referenced therein as Exhibit A is the Instrument of Transfer and Assumption dated June 15, 2005 by and between American Employers' Insurance Company ("AEIC") and Pennsylvania General pursuant to which all of the assets (with the exception of certain Retained Assets) and liabilities of AEIC have been transferred to and assumed by Pennsylvania General effective June 30, 2005. The Applicant understands that such Instrument of Transfer and Assumption has been approved by the Division of Insurance of The Commonwealth of Massachusetts (the "Division").

Pennsylvania General and OneBeacon have submitted a Form D filing with respect to the guaranty made by OneBeacon pursuant to the terms of the Stock Purchase Agreement to the Pennsylvania Insurance Department, a copy of which is attached hereto as Exhibit B and incorporated by reference herein.

## (2) ITEM 2. IDENTITY AND BACKGROUND OF THE APPLICANT.

(a) The name and address of the Applicant seeking to acquire control over the Insurer is: SPARTA Insurance Holdings, Inc., 47 Sunset Farm Road, West Hartford, Connecticut 06107.

(b) The Applicant is a Delaware general business corporation and was formerly known as SPARTA Insurance Holdings, LLC ("SPARTA LLC"). SPARTA LLC was formed under the laws of the State of Delaware as a limited liability company effective September 29, 2006. Pursuant to the Certificate of Conversion dated March 7, 2007 and filed with the Secretary of State of Delaware on that same date, SPARTA LLC converted from a limited liability company to a corporation, named SPARTA Insurance Holdings, Inc., incorporated pursuant to the General Corporation Law of the State of Delaware.

2

The Applicant was formed to acquire and maintain an insurance company subsidiary that will provide certain commercial lines insurance products. Such lines of business will include commercial automobile, general liability, property and workers compensation. Please see the response to Item 5, Future Plans of the Insurer, for additional details.

(c) At the time of the execution of this Form A application, the only affiliate of the Applicant is its sole shareholder, George L. Estes III.

Subject to the approval of this Form A application and the fulfillment of the remaining conditions to closing in the Stock Purchase Agreement, the Insurer will become a wholly owned subsidiary of the Applicant.

It is anticipated that the following entities will, prior to the closing of the acquisition of the Insurer, own 10% or more of the voting securities of the Applicant:

- Corsair III Financial Services Capital Partners, L.P., 717 Fifth Avenue, 24th Floor, New York, New York 10022 – Corsair III is a $1 billion private equity investment fund established in 2006 and is the successor fund to Corsair II and the original Corsair Partnership. Both funds were raised through the group's affiliation with JPMorgan. The fund invests exclusively in financial institutions worldwide, including banks, insurance companies, asset managers and specialty providers of consumer and commercial finance. Prior insurance investments include: Catlin Group Limited, FGIC, and AXIS Capital Holdings, Limited.
- York Capital Management[1], 767 Fifth Avenue, 17th Floor, New York, New York 10153 – York Capital is a $9 billion alternative investment manager founded in 1991. York has significant experience investing in both public and private equity and debt securities of insurance holding companies. York Capital will hold its interest in the Applicant through one or more of its investment funds for which it has total investment discretion, which will be determined prior to the funding of the investment.
- An additional institutional investor who will be named in an amendment to this Form A filing.

---

[1] JGD Management Corp. does business as York Capital Management for and on behalf of the accounts managed by it. Thus the name "York Capital Management" is used herein.

By supplement to this Form A application, the Applicant will provide a chart clearly presenting the percentage ownerships of each of the foregoing institutional investors in the voting stock of the Applicant.

(3) **ITEM 3. IDENTITY AND BACKGROUND OF INDIVIDUALS ASSOCIATED WITH THE APPLICANT.**

**(2)(a), (b), (c) and (d)** The Applicant is a Delaware corporation. The directors, executive officers and prospective owners of 10% or more of the voting securities of the Applicant are as follows:

Directors:
George L. Estes III
Nicholas B. Paumgarten*
Richard E. Thornburgh*
T. Kimball Brooker*
James E. Buckman*
William Vrattos*
William C. Mulligan*
Two additional directors whose names will be provided in an amendment to this Form A filing.*

*To be elected upon closing of the investment.

Executive Officers:
George L. Estes III, Chairperson and Chief Executive Officer
Kevin G. Costello, President and Chief Operating Officer
Dawne E. Ware, Executive Vice President, Chief Financial Officer, and Treasurer

Prospective Owners of 10% or more of the voting securities of the Applicant:
Corsair III Financial Services Capital Partners, L.P.
. York Capital Management
An additional institutional investor who will be named in an amendment to this Form A filing.

For each of the Directors and Executive Officers listed in (2) above, please see the Biographical Affidavits attached hereto as Exhibit C and incorporated by reference herein. Biographical Affidavits of the two additional directors will be provided in an amendment to this Form A filing.

(4) **ITEM 4. NATURE, SOURCE AND AMOUNT OF CONSIDERATION.**

(a) The amount of funds and other consideration to be used by SPARTA in effecting the acquisition of all of the issued and outstanding shares of common stock of the Insurer will consist of an aggregate amount of $12,000,000 (subject to an adjustment as provided in the Stock Purchase

4

Agreement), plus an amount equal to the Insurer's paid-in capital and surplus as of the business day prior to the Closing Date determined in accordance with Massachusetts statutory accounting practices ("MA SAP"), plus (or minus) the amount by which the fair market value of the securities held by AEIC as of the business day prior to the Closing Date exceeds (or is less than) the book value of such securities as of such date determined in accordance with MA SAP.

The source and nature of such funds or other considerations to be used in effecting the acquisition of control will be internally generated funds of the Applicant derived from the sale of the common stock of the Applicant to members of management and institutional investors, including those institutions named herein.

**(b)** The nature and amount of such consideration was determined by arms' length negotiation between the parties to the Stock Purchase Agreement, taking into account the fair market value of the assets of the Insurer, the value of the certificates of authority held by the Insurer, and the Instrument of Transfer and Assumption attached as Exhibit A to the Stock Purchase Agreement.

**(c)** Not applicable.

**(5) ITEM 5. FUTURE PLANS OF INSURER.**

The Applicant has no plan to declare an extraordinary dividend, liquidate the Insurer, sell its assets or merge it with any person.

For additional future plans, please see the Business Plan of the Applicant and Insurer, which is attached hereto as Exhibit D and incorporated by reference herein.

**(6) ITEM 6. VOTING SECURITIES TO BE ACQUIRED.**

The Applicant seeks to acquire control of the Insurer pursuant to the Stock Purchase Agreement (Exhibit A), under which the Applicant would acquire 100% of the issued and outstanding voting stock, 45,000 shares, $100 par value per share, of the Insurer.

As stated under Item 4 above, the nature and amount of such consideration was determined by arms' length negotiation between the parties to the Stock Purchase Agreement, taking into account the fair market value of the assets of the Insurer, the value of the certificates of authority held by the Insurer, and the Instrument of Transfer and Assumption attached as Exhibit A to the Stock Purchase Agreement.

**(7) ITEM 7. OWNERSHIP OF VOTING SECURITIES.**

The Applicant and its affiliates, including the prospective affiliates identified herein, do not beneficially own any voting securities of the Insurer. The Applicant seeks to acquire control of the Insurer pursuant to the Stock Purchase Agreement (Exhibit A).

**(8)      ITEM 8. CONTRACTS, ARRANGEMENTS, OR UNDERSTANDINGS WITH RESPECT TO VOTING SECURITIES OF THE INSURER.**

The proposed transaction will be effected pursuant to the terms of the Stock Purchase Agreement (Exhibit A). Except as discussed herein, and pursuant to the Stock Purchase Agreement, there are no contracts, arrangements or understandings directly or indirectly relating to any voting securities of the Insurer involving the Applicant or any of its affiliates or any person listed in Item 3 above, including but not limited to transfer of any of the securities, joint ventures, loan or option arrangements, puts or calls, guarantees of loans, guarantees against loss or guarantees of profits, division of losses or profits, or the giving or withholding of proxies.

**(9)      ITEM 9. RECENT PURCHASES OF VOTING SECURITIES.**

None.

**(10)     ITEM 10. RECENT RECOMMENDATIONS TO PURCHASE.**

None.

**(11)     ITEM 11. AGREEMENTS WITH BROKER-DEALERS.**

There are no agreements, contracts or understanding made with any broker-dealer and the Applicant as to solicitation of voting securities of the Insurer for tender or any fees, commissions or other compensation to be paid to broker-dealers with regard thereto by the Applicant. As represented to Applicant by Pennsylvania General in Section 2.23 of the Stock Purchase Agreement, Pennsylvania General shall pay all fees and expenses of Merger & Acquisition Services, Inc., which is acting solely on behalf of Pennsylvania General in this proposed transaction.

**(12)     ITEM 12. FINANCIAL STATEMENTS AND EXHIBITS.**

   (a)    The Applicant has conducted no business operations since its formation other than organizational and fund-raising activities and negotiation of the Stock Purchase Agreement. Please find the Balance Sheets of the Applicant as of December 31, 2006 and March 31, 2007 attached hereto as Exhibit E and incorporated by reference herein.

6

(b)  As the Applicant was incorporated pursuant to the General Corporation Law of the State of Delaware as of March 7, 2007, it does not have annual financial statements for the preceding five fiscal years including a certificate of an independent public accountant.

(c)  Except as discussed herein, and pursuant to the Stock Purchase Agreement (Exhibit A), there are no other tender offers for, requests or invitations for, tenders of, exchange offers for, or agreements to acquire or exchange any voting securities of the Insurer by the Applicant or soliciting material related thereto.

The Applicant proposes that an Investment Management Agreement will be entered into between the Insurer (proposed to be renamed SPARTA Insurance Company subsequent to the approval of the acquisition) and General Re –New England Asset Management Inc., substantially in the form attached hereto as Exhibit F and incorporated by reference herein.

The Applicant anticipates that one or more members of management will enter into employment agreements with the Applicant, and the Insurer will become a party to such agreements subsequent to the acquisition. No employment agreements have been negotiated at this time. The Applicant will supplement this Form A application with copies of such employment agreements once such agreements have been completed.

There are no annual reports to the stockholders of the Applicant for the last two fiscal years.

## (13) ITEM 13. SIGNATURE AND CERTIFICATION.

### SIGNATURE

Pursuant to the requirements of M.G.L.c.175, s 206B and 211 CMR 7.05(1) SPARTA Insurance Holdings, Inc., has caused this application to be duly signed on its behalf in the City of West Hartford and the State of Connecticut on the 2nd day of April, 2007.

SPARTA Insurance Holdings, Inc.

BY: *[signature]*
George L. Estes III
Chief Executive Officer

Attest:

*[signature]*
Dawne E. Ware
Executive Vice President, Chief Financial Officer, and Treasurer

### CERTIFICATION

The undersigned deposes and says that he has duly executed the attached application dated April 2, 2007, for and on behalf of SPARTA Insurance Holdings, Inc.; that he is the Chief Executive Officer of such company and that he is authorized to execute and file such instrument. Deponent further says that he is familiar with such instrument and the contents thereof, and that the facts therein set forth are true to the best of his knowledge, information and belief.

*[signature]*
George L. Estes III

# FORM D

## PRIOR NOTICE OF A TRANSACTION

Filed with the Insurance Department
of the Commonwealth of Pennsylvania

By

## ONEBEACON INSURANCE COMPANY

### ON BEHALF OF ITSELF AND

## PENNSYLVANIA GENERAL INSURANCE COMPANY

One Beacon Street
Boston, Massachusetts 02108

March 13, 2007

Notices and correspondence concerning this
Statement should be addressed to:

Dennis R. Smith
Secretary and Associate General Counsel
OneBeacon Insurance Companies
One Beacon Street
Boston, Massachusetts 02108

Telephone: (617) 725-7430
Fax: (617) 725-7177
E-Mail: drsmith@onebeacon.com

## ITEM 1. IDENTITY OF PARTIES TO TRANSACTION.

(a),(b),(c),(d),(e) The name, home office address, principal executive office address, organizational structure and nature of business operations of each of the parties to the transaction are as follows:

ONEBEACON INSURANCE COMPANY ("OneBeacon"), with home office at 1500 Spring Garden Street, Suite 500, Philadelphia, Pennsylvania 19130, and principal executive office at One Beacon Lane, Canton, Massachusetts 02021, is a Pennsylvania corporation engaged in the property and casualty insurance business.

PENNSYLVANIA GENERAL INSURANCE COMPANY ("PGIC"), with home office at 1500 Spring Garden Street, Suite 500, Philadelphia, Pennsylvania 19130, and principal executive office at One Beacon Lane, Canton, Massachusetts 02021, is a Pennsylvania corporation engaged in the property and casualty insurance business.

AMERICAN EMPLOYERS' INSURANCE COMPANY ("AEIC"), with home office and principal executive office at One Beacon Lane, Canton, Massachusetts 02021, is a Massachusetts corporation engaged in the property and casualty insurance business.

(f) Each party is an affiliate of the other party; both OneBeacon and PGIC are wholly owned subsidiaries of OneBeacon Insurance Group LLC, and AEIC is a wholly owned subsidiary of PGIC.

(g) SPARTA Insurance Holdings, Inc. ("SPARTA"), a non-affiliate, is also a party to the transaction.

## ITEM 2. DESCRIPTION OF THE TRANSACTION.

(a) Notice is being given under Section 1405(a)(2)(i) of the Act.

(b) The transaction consists of a guarantee (the "Guarantee") by OneBeacon to SPARTA of all of the obligations of PGIC in connection with the proposed sale by PGIC to SPARTA of all of the stock of PGIC's wholly owned subsidiary, AEIC, as described in Item 3 below. A copy of the Stock Purchase Agreement (the "Stock Purchase Agreement") relating to said sale, which includes the Guarantee, is enclosed herewith.

(c) The proposed effective date of the transaction is the fifth business day after all of the closing conditions set forth in the Stock Purchase Agreement have been satisfied, including the receipt of all necessary regulatory approvals.

## ITEM 3. SALES, PURCHASES, EXCHANGES, LOANS, EXTENSIONS OF CREDIT, GUARANTEES OR INVESTMENTS.

In connection with the proposed sale of AEIC by PGIC to SPARTA, SPARTA has requested that OneBeacon, being the primary insurance company in the OneBeacon Insurance Group, guarantee all of PGIC's obligations to SPARTA as additional credit support in the transaction, and OneBeacon is willing to provide the Guarantee. The Guarantee is set forth in Article 11 of the enclosed Stock Purchase Agreement and contains standard provisions for a guarantee by a company of the obligations of an affiliate in such a situation. The Guarantee will continue indefinitely.

As a practical matter, the Guarantee will not result in any increase in OneBeacon's liabilities, since all of PGIC's insurance obligations are already ceded to OneBeacon under the Reinsurance (Pooling) Agreement dated as of January 1, 2001, as amended, which previously been filed with and non-disapproved by the Pennsylvania Insurance Department.

In addition to this Form D filing, SPARTA will be making a Form A filing with the Massachusetts Insurance Division for approval of its acquisition of AEIC.

## ITEM 4. LOANS OR EXTENSIONS OF CREDIT TO A NON-AFFILIATE.

Not applicable.

## ITEM 5. REINSURANCE.

Not applicable.

# ITEM 6.   SIGNATURE AND CERTIFICATION.

## SIGNATURE

Pursuant to the requirements of Section 1405 of the Act, OneBeacon Insurance Company has caused this notice to be duly signed on its behalf and on behalf of its affiliated insurer referred to above in the City of Boston and Commonwealth of Massachusetts on the 13th day of March, 2007.

ONEBEACON INSURANCE COMPANY

(Seal)

By _____
Thomas L. Forsyth
Senior Vice President

ATTEST:

_____
Dennis R. Smith
Secretary

## CERTIFICATION

The undersigned deposes and says that he has duly executed the attached notice dated March 13, 2007 for and on behalf of OneBeacon Insurance Company and its affiliated insurer therein referred to; that he is a Senior Vice President of such company, and that he is authorized to execute and file such instrument. Deponent further says that he is familiar with such instrument and the contents thereof, and that the facts therein set forth are true to the best of his knowledge, information and belief.

_____
Thomas L. Forsyth
Senior Vice President