UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------- x

SPARTA INSURANCE COMPANY :
(as successor in interest to SPARTA Insurance
Holdings, Inc.), :

                     Plaintiff, :   Civil Action
                               No. 21-11205-FDS
                              :

   v. :

PENNSYLVANIA GENERAL INSURANCE :
COMPANY (now known as Pennsylvania
Insurance Company), :

              Defendant. :

-------------------------------------------------------- x

**DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S
CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I**

**TABLE OF CONTENTS**

I.     FACTUAL BACKGROUND .............................................................................................. 1

II.    LEGAL STANDARD ...................................................................................................... 4

III.   ARGUMENT ................................................................................................................... 5

IV.   CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Life Ins. Co. v. Haworth,*
300 U.S. 227 (1937) ............................................................................................. 7

*Ernst & Young v. Depositors Econ. Prot. Corp.,*
45 F.3d 530 (1st Cir. 1995) ................................................................................. 5

*Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,*
389 U.S. 64 (1967) ............................................................................................... 7

*Kando v. Rhode Island State Bd. of Elections,*
880 F.3d 53 (1st Cir. 2018) ................................................................................. 4

*Kuhns v. Scottrade, Inc.,*
868 F.3d 711 (8th Cir. 2017) .............................................................................. 7

*MedImmune, Inc. v. Genentech, Inc.,*
549 U.S. 118 (2007) ......................................................................................... 5, 7

*Perez-Acevedo v. Rivero-Cubano,*
520 F.3d 26 (1st Cir. 2008) ................................................................................. 4

*Public Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.,*
913 F.2d 64 (3d Cir. 1990) .................................................................................. 7

*R.G. Fin. Corp. v. Vergara-Nunez,*
446 F.3d 178 (1st Cir. 2006) ............................................................................... 3

*Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.,*
152 F. Supp. 3d 15 (D. Mass. 2015) ................................................................... 8

*Susan B. Anthony List v. Driehaus,*
573 U.S. 149 (2014) ............................................................................................. 5

*Tavares de Almeida v. Children's Museum,*
28 F. Supp. 2d 682 (D. Mass. 1998) ................................................................... 4

*Trustgard Ins. Co. v. Collins,*
942 F.3d 195 (4th Cir. 2019) .............................................................................. 7

*Urological Surgery Pro. Ass'n v. Fecteau Benefits Grp., Inc.,*
359 F. Supp. 2d 24 (D.N.H. 2005) ..................................................................... 8

**Statutes**

28 U.S.C. §§ 2201-02 .............................................................................................. 7

U.S. Const. art. III .................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(c) ........................................................................................... 1, 4

Rule 12(b)(6) ............................................................................................................ 4

**Other Authorities**

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d § 1367 .......... 4

Defendant Pennsylvania Insurance Company, f/k/a Pennsylvania General Insurance Company ("PGIC" or "Defendant"), respectfully moves this Court for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and an Order dismissing Count I of Plaintiff SPARTA Insurance Company's Amended Complaint for lack of subject matter jurisdiction.

The exhibits that Plaintiff filed in seeking its own judgment on the pleadings shed some light on the "somewhat cryptic" parts of Plaintiff's Amended Complaint.  Dkt. 38 at 8 (Aug. 9, 2022 Order).  As a result, the record before this Court now establishes that there is no ripe dispute over the indemnification procedures under the 2007 Stock Purchase Agreement ("2007 SPA") on which Plaintiff relies:  The communications Plaintiff reference in its Amended Complaint do not contain any requests to pay a specific loss, a condition precedent of indemnification under the 2007 SPA.  In the absence of a ripe dispute, the Court lacks subject matter jurisdiction to issue the requested advisory order for Defendant to obey the contract in the future.

## I.    FACTUAL BACKGROUND

In its original Complaint, Plaintiff alleged that, "[f]or more than a decade, PGIC and/or its affiliates handled claims ***that SPARTA tendered to PGIC***," but that recently "PGIC has failed to do so."  Dkt. 1, ¶ 2 (emphasis added).  Plaintiff also alleged that "PGIC has repeatedly ***failed to confirm*** that PGIC will honor its contractual obligations," *id.* (emphasis added), and sought a declaration "based on the plain language of the [2007] SPA" that Defendant must honor these contractual obligations.  *Id.*, ¶ 3.

After Defendant informed Plaintiff that Defendant had not administered or paid claims from AEIC policyholders since at least 2012—when it was sold to North American Casualty Group ("NAC") as a clean shell—Plaintiff amended its complaint.  *See* Dkt. 19.  In its Amended

-1-

Complaint, Plaintiff now alleges in the passive voice that claims were "administered and paid in accordance with the [2007] SPA and [2005] Reinsurance Agreement." *Id.*, ¶ 3.  Plaintiff did not change its request for a declaratory judgment as to the indemnification provisions of the SPA: As in its original Complaint, Plaintiff still seeks a declaration that Defendant was required to indemnify and hold Plaintiff harmless from any losses incurred in relation to the categories of claims covered by the 2007 SPA's indemnification provisions.  *Id.*, ¶ 26 (Count I).

Plaintiff's Amended Complaint did not quote or otherwise address the subsequent provisions of the 2007 SPA that set forth the procedures once the indemnified party has determined the dollar amount of a covered claim.  Dkt. 23-1 at 3-5 (excerpted 2007 SPA); Dkt. 22 at 10-12 (Def.'s Mem. ISO Mot. to Dismiss); *see also* Dkt. 61-1 (full 2007 SPA).  Under these provisions, the "indemnified party shall provide written notice to indemnifying party of the amount of such Claim, which notice shall include in reasonable detail information explaining calculation of the amount of such Claim." Dkt. 61-1 at 49, § 8.3 (introduced by Plaintiff in its motion for judgment on the pleadings).  Upon receipt of this notice, the indemnifying party has 30 business days to challenge the asserted dollar amount, and if it does not do so, it is deemed to have accepted that amount.  *Id.*

Despite these clear requirements, the Amended Complaint does not identify *any* dollar amounts provided to Defendant, and the exhibits to Plaintiffs' motion for judgment on the pleadings that Plaintiff asks the Court to incorporate make clear that Plaintiff did *not* request indemnification for sums certain pursuant to the 2007 SPA.  *See* Dkt. 60 at 8 n. 3 (asserting Exhibits 1-6 "are referred to in the Amended Complaint" and are "properly before the Court on this motion").  Plaintiff's correspondences instead identify various civil proceedings that have been or will be initiated regarding claims arising under AEIC policies.  *See* Dkt. 61-3 (Ex. 3)

(identifying ongoing litigation in which Plaintiff has been named as a party); Dkt. 61-4 (Ex. 4) (referring to various tenders for defense and ongoing lawsuits related to AEIC claims, including where SPARTA has been named as a party); Dkt. 61-5 (Ex. 5) (describing a notice of hearing in a state workers' compensation case and subpoenas in civil cases); Dkt. 61-6 (Ex. 6) (referring to new communications regarding policies and new complaints filed).  None of these documents include the requisite dollar amount, let alone information about how Plaintiff determined that Defendant had an obligation to indemnify it for that specific amount.  *See id.*

Plaintiff's exhibits also add key details about historical claims handling that Plaintiff omitted from the Amended Complaint.  These exhibits show that, in May and June of 2021, Plaintiff represented to Defendant that OneBeacon Insurance Company ("OneBeacon"), n/k/a Bedivere, had been managing and paying claims from AEIC policyholders, including under a 2012 Transfer and Assumption agreement between OneBeacon and PGIC.  *See* Dkt. 61-4 at 7. In its correspondences, Plaintiff provided Defendant with a copy of that 2012 Transfer Assumption Agreement, as well as a copy of the 2007 SPA between PGIC, Plaintiff, and OneBeacon, and a copy of the 2005 agreement between PGIC and AEIC.  *Id.*

That 2012 Transfer and Assumption Agreement by its own terms was drafted "to turn PGIC into a shell insurer with no outstanding liabilities on its books" in order to facilitate its sale by parent OneBeacon Insurance Group to a third party.  *See* 2012 Transfer and Assumption at 1.[1] In that third-party sale, Defendant was sold by OneBeacon and PGIC's parent, OneBeacon Insurance Group, as a clean shell to North American Casualty Co. ("NAC").  *See* 2012 SPA at

---

[1] The 2012 Transfer and Assumption agreement is incorporated by reference in Defendant's Answer and, thus, may be properly considered by this Court.  *See R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).  Plaintiff's exhibits also refer to this document. This document has also been filed on the docket as an exhibit to Defendant's Opposition to Plaintiff's Motion for Judgment on the Pleadings.  *See* Exhibit A

1.[2]

From at least the time it was purchased as a clean shell from OneBeacon Insurance Group in 2012 until May of 2021, Defendant did not receive any communications—none—from Plaintiff or AEIC policyholders related to AEIC policies. *See* Dkt. 61-4 at 4-6. Defendant first received communications from Plaintiff regarding claims from AEIC policyholders in May 2021, only after OneBeacon, n/k/a Bedivere, entered liquidation. *See* Dkt. 61-4. In those exchanges, Plaintiff acknowledged it was no longer able to turn to Bedivere upon receiving claims from AEIC policyholders. *Id.* at 8. Defendant still has not even received the underlying AEIC policies.

## II.   LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion "is 'a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings.'" *Tavares de Almeida v. Children's Museum*, 28 F. Supp. 2d 682, 685 (D. Mass. 1998) (citing Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d § 1367)). Courts must accept as true well-pleaded facts in the pleadings, but they need not credit conclusory legal allegations in pleadings. *Kando v. Rhode Island State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018); *see also Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (citing standards set forth under Rule 12(b)(6) as applying by extension to Rule 12(c) motions).

---

[2]   The 2012 Stock Purchase Agreement is incorporated by reference in Defendant's Answer and, thus, may be properly considered by the Court on this Motion. See n. 1, supra. This document has also been filed on the docket as an exhibit to Defendant's Opposition to Plaintiff's Motion for Judgment on the Pleadings.  See Exhibit B

A court lacks jurisdiction over a claim unless it is justiciable.  U.S. Const. art. III § 2.  In a declaratory judgment action, justiciability requires an actual (not hypothetical) controversy as to the parties' respective rights that is ripe.  *E.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535-37 (1st Cir. 1995); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 n.5 (2014) ("doctrines of standing and ripeness 'originate' from the same Article III limitation" and may "boil down to the same question")  (internal citations omitted).

## III.    ARGUMENT

The exhibits that Plaintiff asked this Court to incorporate by reference in ruling on Plaintiff's motion for judgment on the pleadings crystalize the absence of a justiciable dispute on Plaintiff's Count I.  On the record now before the Court, there can be no dispute that Plaintiff's request for a declaratory order that Defendant obey a contract's indemnification provisions is not ripe.

In Count I, Plaintiff requests a declaratory order parroting verbatim the indemnification provisions in the first part of § 8.1 of the 2007 SPA.  Specifically, Plaintiff asked this Court to order that:

> PGIC is required to indemnify and hold SPARTA harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees, and out-of-pocket expenses, actually expended or incurred by SPARTA or AEIC, arising out of or resulting from [certain contractual obligations].

Dkt. 19, ¶ 26(a).  Section 8.1 defines these items collectively as "Losses" and goes on to provide a procedure for notice to the purchaser of a claim covered under the indemnification provisions. Dkt. 61-1 at 46-48, § 8.1.  Section 8.3 then sets out the process once the dollar amount of any "Indemnification Loss" has been determined, under which the Purchaser (Plaintiff) provides

written notice of that amount and a period to contest that amount. *Id.* at 49-50, § 8.3. Section 8.4 addresses processes for payment of Indemnification Losses. *Id.* at 50, § 8.4. Under these plain terms, the Seller's obligation to pay an Indemnification Loss is triggered once it receives notice of that loss and does not contest Purchaser's valuation of the monetary sum over the course of 30 business days. *Id.*

The Amended Complaint and the exhibits that Plaintiff asserts are incorporated by reference therein do not contain any evidence that Plaintiff has tendered to Defendant *any* Indemnification Losses arising from claims covered under § 8.1, with details of how the loss amount was determined as enumerated in §§ 8.3 and 8.4. Indeed, none of the correspondences involves a monetary sum. Instead, as discussed above, Plaintiff's letters alert Defendant for the first time of the 2005 and 2007 agreements between PGIC, AEIC, Sparta, and OneBeacon Insurance Company, and inform Defendant that certain claims have been tendered to it that may result in an ultimate judgment or other payment obligation. *See* Factual Background, *supra*.

Plaintiff now buries the lead, telling this Court in its motion for judgment on the pleadings that "PGIC has refused to administer and pay for such claims." Dkt. 60 (Pl.'s Mem.) at 13. But that is not what Plaintiff alleges in its Amended Complaint—nor what the documents it asserts that complaint incorporated bear out. Instead, Plaintiff alleges that it "***requested confirmation*** that PGIC would satisfy PGIC's contractual obligation under the SPA and Reinsurance Agreement to, among other things, administer and pay all such claims arising out of policies issued by AEIC. To date, PGIC has not agreed to do so." Dkt. 19, ¶ 21. Its requested remedy for Defendant's alleged absence of confirmation is simply an order that Defendant must obey an excerpted contractual provision, quoted verbatim in the requested relief.

Such an advisory order exceeds the constitutional bounds of the Declaratory Judgment

Act (the "Act").  28 U.S.C. §§ 2201-02. A declaratory judgment must "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *MedImmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41 (1937)).  The Act thus provides no authority to "order a party to 'obey your contract.'"  *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 718 (8th Cir. 2017); *see also Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 74 (1967) (abstract conclusions of law are not "operative command[s] capable of 'enforcement.'"); *Public Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.,* 913 F.2d 64, 83 (3d Cir. 1990) ("Overbroad language in an injunction that essentially orders a party to obey the law in the future may be struck from the order.").  Here, where Plaintiff does not allege that Defendant is refusing to abide by the indemnification provisions of the 2007 SPA, and where the record now before the Court through Plaintiff's own exhibits confirm that Plaintiff has not yet sought to enforce those provisions as to any Indemnified Losses, Plaintiff's requested declaratory order would be an impermissible advisory order to obey the contract.  *See*, *e.g.*, *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 200 (4th Cir. 2019) (concluding that plaintiff insurer's alleged injury, "that it might have to guarantee a future judgment against" defendant, was of a "hypothetical and contingent nature," rendering any decision by the court "an advisory opinion.").

Issuing such an order to obey the contract in the abstract also would not conclusively resolve any dispute that could become ripe in the future.  Were the parties to dispute the extent of liability or applicability of the 2007 SPA to particular claims, the declaratory order would not get them any closer to resolution than they were before this litigation began.  Regardless of whether there is a declaratory order or just the 2007 SPA, the parties would apply the same contractual

language (quoted in the requested declaratory order) to any claims at issue.  Because such future disputes over the application of the provision to a particular claim for indemnity are not before this Court, Plaintiff's declaratory judgment claim is not ripe.  *See*, *e.g.*, *Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*, 152 F. Supp. 3d 15, 20 (D. Mass. 2015) ("a declaratory judgment is not yet ripe for consideration regarding the duty to indemnify where, as here, the underlying action has not determined liability or adjudicated factual disputes" ); *see also Urological Surgery Pro. Ass'n v. Fecteau Benefits Grp., Inc*., 359 F. Supp. 2d 24, 26 (D.N.H. 2005) ( *"*Generally, a cause of action for contribution or indemnity is not ripe until the plaintiff's obligation to pay in the underlying dispute has been established.").   Accordingly, Plaintiff has failed to establish a justiciable, ripe controversy over indemnification obligations that would confer jurisdiction over Count I.

## IV.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant this Cross-Motion for Judgment on the Pleadings on Count I and dismiss Count I for lack of subject matter jurisdiction.

DATED: October 19, 2022                    Respectfully submitted,

/s/ Samuel C. Kaplan
Samuel C. Kaplan (*admitted pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Maxwell V. Pritt *(admitted pro hac vice)*
mpritt@bsfllp.com
Erika Nyborg-Burch (*admitted pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (*admitted pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant*,
Pennsylvania Insurance Company

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 19, 2022, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Samuel C. Kaplan*
Samuel C. Kaplan