UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------- x
SPARTA INSURANCE COMPANY                                :
(as successor in interest to Sparta Insurance
Holdings, Inc.),                                        :
                                                        :
                Plaintiff,                              :   Civil Action
                                                        :   No. 21-11205-FDS
        v.                                              :
                                                        :
PENNSYLVANIA GENERAL INSURANCE                          :
COMPANY (now known as Pennsylvania
Insurance Company),                                     :
                                                        :
                Defendant.                              :
------------------------------------------------------- x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S MOTION FOR AN ORDER CONTINUING THE COURT'S NOVEMBER 2 HEARING AND FOR LEAVE TO FILE SURREPLY**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Rules 7.1 and 40.3, Defendant Pennsylvania Insurance Company, formerly known as Pennsylvania General Insurance Company ("Defendant"), hereby moves this Court to continue the hearing presently scheduled on November 2, 2022. The Court scheduled that hearing on September 23, 2022, to address the motion for judgment on the pleadings filed by Plaintiff SPARTA Insurance Company ("Plaintiff"). *See* Dkt. 62. While Plaintiff filed its reply on October 27, the parties have not yet completed briefing on Defendant's cross-motion for partial judgment on the pleadings, Dkt. 64, filed the same day as Defendant's opposition to Plaintiff's motion, Dkt. 63. Defendant seeks a short continuance of the hearing set for November 2, 2022, and leave to file a surreply to address several arguments improperly raised for the first time in Plaintiff's reply brief, filed yesterday. *See* Dkt. 66.

-1-

There is good cause for this time-limited continuance and request for surreply. Local Rule 40.3(a) permits this Court to grant a continuance of a trial, evidentiary hearing, or any other proceeding for good cause. L.R. 40.3(a). This Court "is accorded broad discretion to grant or deny continuances, and only an 'unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay' will abuse it." *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 151 (1st Cir. 1991) (quoting *United States v. Torres*, 793 F.2d 436, 440 (1st Cir. 1986)); *see also Northeast Drilling v. Inner Space Servs.*, 243 F.3d 25, 36 (1st Cir. 2001). Relevant considerations include "prior delays and their reasons, the hardship to the nonmovant, and the good faith of the movant." *Amarin Plastics*, 946 F.2d at 151; *United States v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978). All of these factors favor granting this Motion.

The first reason for this Motion is that counsel for Defendant is in an ongoing jury trial, which began on October 17, 2022, and was expected to end by October 28, 2022. *See In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigation*, Misc. Action No. 13-1288-RCL (D.D.C.). The trial will now extend until the following week, with a final witness for counsel to put up on October 31, 2022. Defendant raised the jury trial at the initial case management conference. It was Defendant's hope that this Motion would not be necessary, but the extension of the trial has required it.

Until the afternoon of October 27, 2022, Defendant anticipated counsel's trial conflict would be the only reason for this Motion. Then, it received Plaintiff's reply brief, which regrettably is an exercise in gamesmanship that adds several new substantive arguments that should have been (but were not) raised in its initial motion. Specifically, Plaintiff's initial motion (though ostensibly a motion for judgment on the *pleadings*) did not address the substance

of a single affirmative defense raised by Defendant in its Answer. Instead, it contained only generic authority stating affirmative defenses do not by themselves warrant the denied of a Rule 12(c) motion. Plaintiff's motion was therefore facially meritless. Plaintiff waited until its reply to advance arguments for the first time that purport to address specific defenses (to a greater or lesser degree).

Under this Court's rules, such gamesmanship typically would warrant the denial of Plaintiff's motion because those arguments are treated as waived at this stage. *See Murray v. Uber Techs.*, 486 F. Supp. 3d 468, 473 (D. Mass. 2020) ("Arguments raised for the first time in a rely brief are generally deemed waived."). If, however, the Court nonetheless wishes to consider the merits, Defendant requests leave to file a five page surreply, to be filed no later than Friday November 4, 2022. The hearing should follow the filing of that surreply at the Court's earliest convenience.

While not a basis for this Motion, the proposed continuance also would allow the Court to have the benefit of full briefing on Defendant's cross-motion for partial judgment on the pleadings, and thus allow the Court to address all issues at a single consolidated hearing. Dkt. 64.

Accordingly, to address both parties' interest in resolving any threshold issues as fairly and efficiently as possible, Defendant requests a continuance of the November 2, 2022 hearing to the earliest date the Court can be available after completion of briefing on Defendant's cross-motion for judgment on the pleadings and, if needed, a surreply on Plaintiff's motion. Because Defendant seeks only a short continuance, including one that will accommodate full briefing of the issues the Court will consider at the hearing, granting this Motion will not cause prejudice to Plaintiff. That this is Defendant's first opposed request for an extension in this matter, and

Defendant's first request for a continuance of a scheduled hearing, further weighs in favor of granting the Motion.

Defendant sought to meet and confer with Plaintiff on this request for continuance, but regrettably Plaintiff was unwilling to accommodate the request. In response to the initial request, counsel for Plaintiff responded: "we cannot stipulate to move the hearing date and would oppose any motion seeking to do so." Kaplan Decl., Ex. 1. Then, in response to Defendant's request for clarification, Plaintiff asserted Defendant has "consistently sought to delay this action." That charge is utter nonsense. Defendant has litigated this case in good faith from the start and will continue to do so.

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order continuing the hearing currently scheduled for November 2, 2022, to the earliest available date on this Court's calendar after November 9, 2022. Additionally, should the Court decide to consider the new arguments in Plaintiff's reply, Defendant also respectfully requests leave for a surreply.

DATED: October 28, 2022          Respectfully submitted,

/s/ *Samuel C. Kaplan*
Samuel C. Kaplan (admitted *pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Maxwell V. Pritt (admitted *pro hac vice*)
mpritt@bsfllp.com
Reed D. Forbush (admitted *pro hac vice*)
rforbush@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com

Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant, Pennsylvania Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 28, 2022, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                                    */s/ Samuel C. Kaplan*
                                                    Samuel C. Kaplan