UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

              Plaintiff, : Civil Action
                                                             No. 21-11205-FDS
    v. :

PENNSYLVANIA GENERAL INSURANCE :
COMPANY (now known as Pennsylvania
Insurance Company), :

              Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF SPARTA INSURANCE COMPANY'S RESPONSE TO
DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S
<u>MOTION TO RESCHEDULE THE WEDNESDAY, NOVEMBER 2 HEARING</u>**

Plaintiff SPARTA Insurance Company ("SPARTA") respectfully submits this response to Defendant Pennsylvania General Insurance Company's ("PGIC") motion to reschedule the hearing scheduled for this Wednesday, November 2, 2022 (and the separate request therein for leave to file another brief and further extend the briefing schedule). On its face, the motion appears to request roughly a one-week continuance. If that is the case, and the Court can accommodate the hearing the week of November 10th, SPARTA does not oppose PGIC's motion. However, if rescheduling the hearing would require deferring the hearing past next week, SPARTA opposes and respectfully submits that the Court should move forward with the scheduled November 2, 2022 hearing for the following reasons:[1]

---

[1] PGIC also includes in its motion a request for a sur-reply. SPARTA takes no position on that request and defers to the Court's discretion whether it believes a further record is necessary regarding PGIC's affirmative defenses. However, SPARTA notes the following: (1) PGIC failed to comply with Local Rule 7.1(a)(2); although the parties conferred regarding PGIC's request for

1. Although undersigned counsel customarily seeks to accommodate reasonable scheduling requests when possible, any significant delay in the hearing on SPARTA's motion will delay the resolution of this declaratory judgment action – an action that remains at the Rule 12 dispositive motion stage even though this lawsuit has been pending for more than 15 months. SPARTA will be prejudiced by further delay. SPARTA already has paid millions of dollars in claims that are the responsibility of PGIC, and with each passing day new claims continue to accrue – all the while PGIC sits on the sidelines and pays nothing.

2. At a hearing approximately 6 weeks ago on September 21, 2022, this Court entered a briefing schedule and calendared a hearing on SPARTA's motion for judgment on the pleadings. (9/21/22 Tr. 10:16-23.) PGIC's counsel stated during that court appearance that he had a trial that would last until "the end of October." (9/21/22 Tr. 9:19-22.) The Court scheduled the hearing for November 2, 2022, and PGIC's counsel did not object.

3. PGIC has already been granted an extension in connection with this motion. After SPARTA timely filed its motion for judgment on the pleadings (ECF 60, 61), this Court granted PGIC an additional two and a half weeks to respond to SPARTA's motion (for a total of 30 days). (*Id.* at 10:13-14.) SPARTA filed its reply brief 8 days after PGIC's opposition. (ECF 66.) SPARTA's motion is fully briefed and ripe for resolution.

4. SPARTA will suffer prejudice if resolution of its motion is significantly delayed. When PGIC contacted the undersigned counsel regarding their request for a

---

a continuance, PGIC did not raise with SPARTA's counsel its separate request to file a sur-reply; (2) PGIC's contention that SPARTA should have somehow anticipated and responded to all of PGIC's opposition arguments concerning its affirmative defenses is simply wrong; a moving party may "use a reply brief to clarify arguments previously made or to respond to an argument an opposing party raises in an opposition," *Echavarria v. Roach*, 565 F. Supp. 3d 51, 82 (D. Mass. 2021); and (3) PGIC's counsel will also have an opportunity to address SPARTA's reply brief arguments at the Court hearing.

continuance, we informed PGIC that regrettably SPARTA could not agree. PGIC selectively submitted the parties' pre-motion correspondence and failed to submit the full email (despite quoting part of this email in its brief). In the omitted portion, SPARTA's counsel stated that:

> the reasons include, among others, that my client is currently paying out monies that are the responsibility of your client and your client has consistently sought to delay this action such that such payments have continued to the great and continuing detriment of my client. Further, the court set this time after agreeing to it with all parties and I would expect that finding an alternative date convenient for the court and for all parties will be difficult and cause still further delay (particularly given some international travel that I have for later in November).

We attach the full correspondence as Exhibit A, with the sections PGIC omitted identified in red.

5. As to PGIC's suggestion that SPARTA's motion should not be heard until PGIC's later-filed motion is fully briefed, the Court already has considered and rejected that argument as unnecessary. The Court said in September: "And if there's a cross-motion, if it's ripe by then, I will hear it; and *if it's not ripe, we will take it up in due course.*" (9/21/22 Tr. 10:18-20 (emphasis added).) PGIC waited until just two weeks ago, on October 19, to file its motion for partial judgment on the pleadings. PGIC's motion is based solely on the pleadings (which have been on file for months) and again advances the same recycled ripeness arguments as in PGIC's motion to dismiss the amended complaint and PGIC's motion for reconsideration (both of which the Court denied). (*Compare* ECF 68 *with* ECF 22 at 5-6 & ECF 42; *see also* ECF 38 (denying motion to dismiss); 8/31/22 Tr. 3:19-23 (denying motion for reconsideration), ECF 56.) Of course, PGIC could have filed its motion earlier and decided not to do so.

6. Scheduling matters are within the sound discretion of the Court. This Court's decision to schedule a hearing on SPARTA's motion, rather than defer the hearing until PGIC's motion is briefed, is well within the Court's "inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion." *United States v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978). Similarly, "[t]he power to grant or deny a continuance is a

3

basic tool committed to the discretion of the trial court to effectuate this purpose." *Id.* Indeed, in all of the authority cited by PGIC, the First Circuit affirmed the trial court's refusal to grant the requested continuance. *See Amarin Plastics, Inc. v. Md. Cup Corp.*, 946 F.2d 147, 152 (1st Cir. 1991) (finding trial court had not abused its discretion by declining requests to continue trial until two fact witnesses were able to attend); *Ne. Drilling, Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 36 (1st Cir. 2001) (finding trial court had not abused its discretion by declining request to continue trial pending resolution of related matter); *Waldman*, 579 F.2d at 653 (finding trial court had not abused its discretion by declining request to continue trial to allow party's new counsel additional time to interview additional witnesses).

7. PGIC will not be prejudiced by being required to attend the previously set hearing date. While one of PGIC's counsel may have a potential conflict with a pending trial, PGIC has three other counsel of record in this matter (none of whom have appeared as counsel of record in that other case) and there are eight other lawyers who have appeared in the trial matter for Mr. Kaplan's client. In any event, the Court has scheduled the Wednesday hearing to be held over Zoom and so counsel will not be required to travel to Boston.

## **CONCLUSION**

For the foregoing reasons, SPARTA respectfully submits that, if the November 2, 2022 hearing cannot be rescheduled during the week of November 10, 2022, the Court should deny PGIC's motion and the parties should proceed with the previously-scheduled hearing date.

Dated: October 31, 2022
      Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*