UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY                         :
(as successor in interest to Sparta Insurance
Holdings, Inc.),                                 :

               Plaintiff,              :   Civil Action
                                                No. 21-11205-FDS
   v.                                              :

PENNSYLVANIA GENERAL INSURANCE  :
COMPANY (now known as Pennsylvania
Insurance Company),                              :

               Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PLAINTIFF SPARTA INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I

James R. Carroll
Christopher G. Clark
Catherine A. Fisher
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

Dated: November 2, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ......................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

ARGUMENT ................................................................................................................. 4

I.    PGIC'S CROSS-MOTION FAILS TO PRESENT
FACTS OR LAW THAT WARRANT UPROOTING THIS
COURT'S MULTIPLE, RECENT DETERMINATIONS THAT ALREADY
DENIED PGIC'S ARGUMENT AND HELD THAT THIS CASE IS JUSTICIABLE ..... 4

    A.    SPARTA Already Has Paid Millions Of Dollars
For Claims That Are The Responsibility Of PGIC .................................... 4

    B.    PGIC Again Incorrectly Attempts To Frame
This Case -- Which Is About PGIC's Categorical
Refusal To Honor Its Contractual Obligations For A Whole
Block Of Business -- As A Dispute About Specific Individual Claims .................. 5

    C.    The Record Shows That SPARTA Already Has Submitted
Numerous Indemnification Claims To PGIC That PGIC Has Not Paid .................. 6

    D.    PGIC's Cross-Motion Relies On Inapposite Authority That
Does Not Warrant Revisiting This Court's Earlier Decisions ............................... 7

CONCLUSION ............................................................................................................... 7

## TABLE OF AUTHORITIES

**CASES**                                                                                                 **PAGE(S)**

*Aetna Life Insurance Co. v. Haworth*,
    300 U.S. 227 (1937)...................................................................................................7

*Ernst & Young v. Depositors Econ. Prot. Corp.*,
    45 F.3d 530 (1st. Cir. 1995).......................................................................................7

*International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n.*,
    389 U.S. 64 (1967).....................................................................................................7

*Kando v. Rhode Island State Board Of Elections*,
    880 F.3d 53 (1st Cir. 2018).........................................................................................7

*Kuhns v. Scottrade, Inc.*,
    868 F.3d 711 (8th Cir. 2017) ......................................................................................7

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)...................................................................................................7

*Perez-Acevedo v. Rivero-Cubano*,
    520 F.3d 26 (1st Cir. 2008).........................................................................................7

*Public Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.*,
    913 F.2d 64 (3d Cir. 1990)..........................................................................................7

*R.G. Financial Corp. v. Vergara-Nunez*,
    446 F.3d 178 (1st Cir. 2006)......................................................................................7

*Scottsdale Insurance Co. v. United Rentals (North America), Inc.*,
    152 F. Supp. 3d 15 (D. Mass. 2015) ..........................................................................7

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014)...................................................................................................7

*Tavares de Almeida v. Children's Museum*,
    28 F. Supp. 2d 682 (D. Mass. 1998) ..........................................................................7

*Trustgard Insurance Co. v. Collins*,
    942 F.3d 195 (4th Cir. 2019) .....................................................................................7

*Urological Surgery Professional Ass'n v. Fecteau Benefits Group, Inc.*,
    359 F. Supp. 2d 24 (D.N.H. 2005)..............................................................................7

\*      Cited in PGIC's brief supporting its Cross-Motion. (ECF No. 65).

# PRELIMINARY STATEMENT

PGIC's Cross-Motion represents PGIC's latest attempt to avoid its contractual obligations to SPARTA -- this time by re-raising justiciability arguments this Court already rejected twice within the last three months. To justify the renewal of its recently twice-failed argument, PGIC now claims there is new factual support in the record that "crystalize[s] the absence of a judicial dispute," because certain documents incorporated into the Amended Complaint purportedly do not "evidence that Plaintiff has tendered to Defendant *any* Indemnification Losses arising from claims" covered under the SPA. (ECF No. 65 at 5-6.)

PGIC is wrong on the facts and the law.

*First*, this cases involves immediate, ongoing harm that SPARTA has suffered and will continue to suffer. SPARTA already has paid millions of dollars for claims that are the responsibility of PGIC. That is not hypothetical. Those are real dollars out the door.

*Second*, as this Court already held, this case is not about specific indemnification claims, but rather, presents a justiciable controversy over SPARTA's "contractual rights in light of a particular set of existing facts -- specifically, that no claims are being administered or paid, in violation of defendant's contractual obligations." (August 9, 2022 Order, ECF No. 38 at 9.) This case concerns a categorical refusal by PGIC to honor its obligations to pay any claims, in any amount, arising out of the historical AEIC business. PGIC's individual claim-specific arguments thus miss the mark (again).

*Third*, even if PGIC's framing of the case was correct (and it is not) the record makes clear that PGIC is simply wrong in its assertion that SPARTA has not tendered any specific claims to PGIC. The documents cited in PGIC's Cross-Motion show that SPARTA tendered numerous individual claims to PGIC, with reference to specific dollar amounts that SPARTA paid. PGIC is obligated to pay those claims but thus far has refused to do so.

*Fourth*, the legal authority cited in PGIC's Cross-Motion -- the overwhelming majority of which was cited in PGIC's motion to dismiss and which this Court found was "largely inapposite" -- does not warrant uprooting this Court's earlier determinations. (*Id.* at 8.) As this Court held less than three months ago, this case presents a justiciable controversy over a live dispute. PGIC fails to show otherwise here (again).

This Court should accordingly deny PGIC's Cross-Motion.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This Court has received multiple recent briefs recounting the factual and procedural history of this matter. In the interest of economy, this brief recites only those facts most relevant to PGIC's Cross-Motion. SPARTA respectfully refers the Court to SPARTA's Memorandum In Support Of Its Motion For Judgment On The Pleadings for a more fulsome account of the factual and procedural background of this matter. (ECF No. 60 at 6-12.) Capitalized terms in this brief are used as defined in that memorandum.

\* \* \*

Through the SPA, PGIC agreed to indemnify and hold SPARTA harmless for all liabilities for historical insurance policies issued by AEIC, and for all of AEIC's business prior to the acquisition. (SPA § 8.1, ECF No. 61-1 at 47-48.) For more than a decade thereafter, this obligation was satisfied. (Am. Compl. ¶¶ 2, 14.) Claims related to historical AEIC policies were paid and administered in accordance with the terms of the SPA. (*Id.*)

In 2021, SPARTA learned that had changed and that claims were no longer being paid and administered as required. In May 2021, and for many months following, SPARTA directly asked PGIC to confirm that PGIC would continue to honor its contractual obligations under the SPA. (Compl. ¶ 15*; see* ECF No. 61-3; PGIC's Answer ¶ 21.) SPARTA did not receive the requested confirmation, so it repeatedly reached out to PGIC, in May, June, July,

August and September 2021, reiterating both (a) SPARTA's overarching request that PGIC confirm it would categorically fulfill its contractual obligations, and (b) tendering indemnification requests for numerous specific claims tendered to PGIC. (Compl. ¶ 15; *see also* ECF No. 61-3 (May 28, 2021 email requesting confirmation that PGIC will "continue to honor its obligations and assume, handle and pay all claims"); ECF No. 61-7 (August 16, 2022 letter attaching spreadsheet of claims, with reference to actual dollar amounts paid by SPARTA in connection with such claims, which PGIC is required to repay SPARTA).) PGIC refused to confirm to SPARTA that PGIC would fulfill its contractual obligations. PGIC has continued to refuse up to this date. (Compl. ¶ 15.) PGIC is not administering or paying claims related to the historical AEIC business.

On July 26, 2021, faced with PGIC's continued failure to honor its obligations, SPARTA filed this action to vindicate its contractual rights. (ECF No. 19.)

On October 18, 2021, PGIC moved to dismiss, arguing among other things that "Count I is not justiciable" because SPARTA purportedly "failed to allege claims for which it is both likely to incur substantial loss and not likely to be reimbursed." (ECF No. 22 at 7.)

That did not work. On August 9, 2022, this Court rejected PGIC's arguments and denied PGIC's motion to dismiss in full. (ECF No. 38.) In so doing, this Court held that SPARTA sufficiently pled a justiciable legal claim and that there is an actual controversy between the parties. Moreover, this Court rejected PGIC's incorrect framing of this case as a dispute about specific individual indemnification claims and observed that this dispute is about SPARTA seeking "an interpretation and declaration of its contractual rights in light of a particular set of existing facts -- specifically, that no claims are being administered or paid, in violation of defendant's contractual obligations." (*Id.* at 9. *See also id.* at 8 (finding that duty-

to-indemnify cases cited by PGIC are "largely inapposite" because this case is a "contractual dispute between businesses, not a coverage dispute arising out of particular policy language").)

On August 10, 2022 -- the next day -- PGIC moved for reconsideration. (ECF No. 41.) That also did not work. During an August 30, 2022 conference, this Court denied PGIC's motion for reconsideration as well, but noted that PGIC could consider re-raising justiciability arguments on summary judgment with the benefit of a "more complete factual record." (ECF No. 56 at 4.)

Just weeks later, on October 19, 2022, PGIC brought the present Rule 12 Cross-Motion (not a Rule 56 summary judgment motion) re-raising its twice-failed justiciability argument based on substantially identical legal authority and documents incorporated in the Amended Complaint (*i.e.*, based on the same factual record that was available to PGIC when it filed its motion to dismiss). (ECF No. 65 at 5.)

This latest motion also does not work, as set forth below.

## ARGUMENT

I. **PGIC'S CROSS-MOTION FAILS TO PRESENT FACTS OR LAW THAT WARRANT UPROOTING THIS COURT'S MULTIPLE, RECENT DETERMINATIONS THAT ALREADY DENIED PGIC'S ARGUMENT AND HELD THAT THIS CASE IS JUSTICIABLE**

   A. **SPARTA Already Has Paid Millions Of Dollars For Claims That Are The Responsibility Of PGIC**

SPARTA has paid more than $7 million for claims that are PGIC's responsibility. PGIC is aware of these payments, because SPARTA has been providing PGIC with updates on the AEIC claims that SPARTA has been administering and paying. (*See* ECF No. 61-7.) As just some examples, some of the payments that SPARTA has made include:

| Claim Number | Amount |
|---|---|
| Claim No. 0AA88979 | $1,599.04 |
| Claim No. 0BB008794 | $826.08 |

4

| Claim Number | Amount |
|---|---|
| Claim No. 0BC000947 | $3,315.14 |
| Claim No. 0CC00236Y | $5,695.00 |

Those are not hypothetical claim numbers and those are not hypothetical dollars. Those are real dollars that SPARTA has sent out the door for claims that are the responsibility of PGIC. The resolution of this justiciable controversy will determine who will be obligated to pay those claims and many others like them.

### B. PGIC Again Incorrectly Attempts To Frame This Case -- Which Is About PGIC's Categorical Refusal To Honor Its Contractual Obligations For A Whole Block Of Business -- As A Dispute About Specific Individual Claims

Like in its motion to dismiss, PGIC's Cross-Motion attempts to improperly frame this case as a dispute about specific indemnification claims instead of a dispute about PGIC's wholesale refusal to honor the provisions of the SPA.

Here, PGIC premises its justiciability argument on the assertion that certain documents incorporated into the Amended Complaint purportedly "do not contain evidence that Plaintiff has tendered to Defendant *any* Indemnification Losses arising from claims" covered under the SPA, because (according to PGIC) the tenders referenced therein appear to be improperly submitted for various technical reasons.[1] (ECF No. 65 at 3, 6.)

This argument misses the mark because, as this Court already held, this case is not about specific indemnification claims. This action presents a justiciable controversy regarding SPARTA's categorical "*contractual rights* in light of a particular set of existing facts -- specifically, that *no claims* are being administered or paid, in violation of defendant's contractual

---

[1] PGIC puzzlingly asserts that certain 2021 documents incorporated into the Amended Complaint show that SPARTA "alert[ed]" PGIC of the SPA "for the first time" in 2021. (ECF No. 65 at 6.) PGIC is a party to the 2007 SPA and signed it; PGIC knew about the existence of the SPA well before 2021.

5

obligations." (ECF No. 38 at 9 (emphasis added).) The controversy arises from the facts that: (i) PGIC agreed to indemnify SPARTA under the SPA, (ii) SPARTA asked PGIC to honor its indemnification obligation, (iii) PGIC has not done so, and has argued that it is not required to do so on a categorical basis, all while (iv) SPARTA has paid millions of dollars that are the obligation of PGIC. (*See id.*; ECF No. 60.)

It is immaterial to the question of justiciability whether the specific indemnification claims referenced in PGIC's Cross-Motion were properly submitted or not (though as discussed in Section I.B, below, they were). There is a justiciable dispute as to whether PGIC is required to indemnify SPARTA for *all* claims made pursuant to historical AEIC policies, and this Court's resolution of that dispute will have an immediate impact on the relationship between the parties.

### C. The Record Shows That SPARTA Already Has Submitted Numerous Indemnification Claims To PGIC That PGIC Has Not Paid

Even if PGIC's framing of the case were correct (and as discussed above, it is not), the record contradicts PGIC's assertion that SPARTA has not tendered any specific individual claims to PGIC. The documents referenced in PGIC's Cross-Motion show that SPARTA has identified to PGIC numerous specific claims for which SPARTA sought indemnification, including with references to specific dollar amounts that SPARTA paid, and that PGIC is obligated to repay.

For example, those documents include a June 23, 2021 email from SPARTA to PGIC that attaches 14 specific tenders for defense and indemnification to PGIC (ECF No. 61-4), as well as an August 16, 2022 letter from SPARTA to PGIC that notifies PGIC of specific payments -- including amounts and check numbers -- made by SPARTA on numerous AEIC claims subject to the SPA's indemnification provisions. (ECF No. 61-7.)

6

### D. PGIC's Cross-Motion Relies On Inapposite Authority That Does Not Warrant Revisiting This Court's Earlier Decisions

PGIC's 8-page Cross-Motion cites 14 cases, all of which were already submitted in connection with PGIC's motion to dismiss, or which merely stand for basic and uncontroversial principles of law. Indeed:

- Ten of PGIC's cases were cited in PGIC's failed motion to dismiss, which this Court found relied on "largely inapposite" authority (ECF No. 38 at 8);[2]

- PGIC's four new cases (which include a § 1983 action brought by poultry farmers and a Title VII sexual harassment suit) are cited only for generic propositions of law concerning procedural matters, or in articulating the standard of review on a Rule 12(c) motion.[3]

Those legal authorities do not warrant granting PGIC's requested relief, or uprooting this Court's multiple, recent, well-founded determinations that this case is justiciable.

### CONCLUSION

For the foregoing reasons, the Court should deny PGIC's Cross-Motion in its entirety.

---

[2] Those cases are: *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530 (1st. Cir. 1995); *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64 (1967); *Kuhns v. Scottrade, Inc.*, 868 F.3d 711 (8th Cir. 2017); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); *Public Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64 (3d Cir. 1990); *Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*, 152 F. Supp. 3d 15 (D. Mass. 2015); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014); *Trustgard Ins. Co. v. Collins*, 942 F.3d 195 (4th Cir. 2019); and *Urological Surgery Pro. Ass'n v. Fecteau Benefits Grp., Inc.*, 359 F. Supp. 2d 24 (D.N.H. 2005).

[3] Those cases are: *Kando v. Rhode Island State Bd. Of Elections*, 880 F.3d 53 (1st Cir. 2018); *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178 (1st Cir. 2006); *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26 (1st Cir. 2008); and *Tavares de Almeida v. Children's Museum*, 28 F. Supp. 2d 682 (D. Mass. 1998).

Dated: November 2, 2022
       Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*