# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

               Plaintiff, :    Civil Action
                                          No. 21-11205-FDS
  v. :

PENNSYLVANIA GENERAL INSURANCE :
COMPANY (now known as Pennsylvania
Insurance Company), :

               Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF SPARTA INSURANCE COMPANY'S
FIRST SET OF REQUESTS FOR ADMISSION TO
<u>DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY</u>**

       PLEASE TAKE NOTICE that, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Rules 26.1, 26.3 and 36.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiff SPARTA Insurance Company ("SPARTA") hereby requests and demands that Defendant Pennsylvania Insurance Company ("PGIC") respond fully, in writing and under oath, within thirty (30) days after service hereof, in accordance with the Definitions and Instructions set forth below, to the following requests for admission:

**REQUESTS FOR ADMISSION**

       1.     Admit that PGIC and AEIC entered into the Reinsurance Agreement on June 15, 2005, a true and correct copy of which is attached as <u>Exhibit A.</u>

       2.     Admit that PGIC signed the Reinsurance Agreement, a true and correct copy of which is attached as <u>Exhibit A</u>.

       3.     Admit that PGIC and AEIC, with OneBeacon as the Guarantor, entered into the SPA on March 12, 2007, a true and correct copy of which is attached as <u>Exhibit B</u>.

       4.     Admit that PGIC signed the SPA, a true and correct copy of which is attached as <u>Exhibit B</u>.

5. Admit that SPARTA did not provide written consent to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

6. Admit that SPARTA did not provide oral consent to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

7. Admit that SPARTA was not a party to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

8. Admit that SPARTA did not provide written consent to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

9. Admit that SPARTA did not provide oral consent to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

10. Admit that SPARTA was not a party to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

11. Admit that the claims listed in the document attached as Exhibit C were made against policies included in the Retained Business as defined in the Reinsurance Agreement.

12. Admit that at least one of the claims listed in the documents attached as Exhibit C, was made against a policy included in the Retained Business as defined in the Reinsurance Agreement.

13. Admit that as of the date of your response, you have no facts or evidence to dispute that the claims listed in the documents attached as Exhibit C, were made against policies included in the Retained Business as defined in the Reinsurance Agreement.

14. Admit that the claims listed in the documents attached as Exhibit C were made against policies included in the assets of AEIC as of the Effective Date and Time as defined by Section 4 of the Reinsurance Agreement.

15. Admit that at least one of the claims listed in the documents attached as Exhibit C, were made against policies included in the assets of AEIC as of the Effective Date and Time as defined by Section 4 of the Reinsurance Agreement.

16. Admit that as of the date of your response, you have no facts or evidence to dispute that the claims listed in the documents attached as Exhibit C, were made against policies included in the assets of AEIC as of the Effective Date and Time as defined by Section 4 of the Reinsurance Agreement.

17. Admit that the claim payments paid by SPARTA listed on pages 2 through 211 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

18.   Admit that as of the date of your response, you have no facts or evidence to dispute that the claim payments paid by SPARTA listed on pages 2 through 211 of the document attached as <u>Exhibit D</u> are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

19.   Admit that the legal fees and expenses paid by SPARTA listed on pages 212 through 214 of the document attached as <u>Exhibit D</u> are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

20.   Admit that as of the date of your response, you have no facts or evidence to dispute that the legal fees and expenses paid by SPARTA listed on pages 212 through 214 of the document attached as <u>Exhibit D</u> are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

21.   Admit that the payments to TPAs listed on page 215 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

22.   Admit that as of the date of your response, you have no facts or evidence to dispute that the payments to TPAs listed on page 215 of the document attached as <u>Exhibit D</u> are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

## DEFINITIONS AND INSTRUCTIONS

SPARTA incorporates by reference the definitions and instructions of the Uniform Definitions In Discovery Requests as set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, and the Definitions And Instructions set forth in Plaintiff SPARTA Insurance Company's First Request For The Production Of Documents To Defendant Pennsylvania General Insurance Company, dated September 21, 2022. Additionally, the following shall apply:

A.   "2012 Stock Purchase Agreement" refers to the stock purchase agreement entered into by OneBeacon Insurance Group LLC and North American Casualty Co. on or around June 8, 2012.

B.   "2012 Transfer and Assumption Agreement" refers to the instrument of transfer and assumption entered into by OneBeacon and PGIC on or around October 1, 2012.

C.   "TPA" refers to third party administrator.

Dated: October 28, 2022  
Boston, Massachusetts

Respectfully submitted,

*(signature)*

_____
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

# EXHIBIT C

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Claimant | TPA Claim Number | Insurer Claim Number | Catalina Ref Id | Catalina Manager | Mgr License | Direct/ Assume | TPA Adjuster | Upcoming Diary | Claim Notes | Open Diary | Next Diary | In Lit | Attorney | Law Firm | DOL | Date 1st Reported | State Acc | State Juris |
| 2 | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | | |
| 4 | | | 00003343 | 26 | | | Direct | | | Yes | Yes | 2/2/2024 | Yes | | | 7/1/2000 | 10/29/2019 | NJ | NJ |
| 5 | | | 0A102949J | 29 | | | Direct | | | Yes | Yes | 2/2/2024 | | | | 8/7/1970 | 6/30/1988 | AZ | AZ |
| 6 | | | 0AA00005501 | 35 | | | Direct | | | Yes | Yes | 2/22/2023 | | | | 12/22/2004 | 1/3/2005 | NH | Mas |
| 7 | | | 0AA00458696 | 37 | | | Direct | | | Yes | Yes | 11/30/2022 | Yes | | | 6/29/1973 | 4/17/2003 | IL | IL |
| 8 | | | 0AA088979 | 43 | | | Direct | | | Yes | Yes | 2/2/2024 | | | | 11/1/2001 | 7/18/2005 | NY | NY |
| 9 | | | 0AA48404401 | 75 | | | Direct | | | No | | 1/1/1900 | | | | 11/27/1989 | 11/27/1989 | NY | NY |
| 10 | | | 0AA63400896 | 100 | | | Direct | | | Yes | Yes | 1/27/2023 | Yes | | | 12/31/1959 | 1/1/2002 | LA | LA |
| 11 | | | 0AA63401796 | 101 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1961 | 1/1/2002 | LA | LA |
| 12 | | | 0AA63402296 | 102 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1962 | 1/1/2002 | LA | LA |
| 13 | | | 0AA63402796 | 3373 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1963 | 1/1/2002 | LA | LA |
| 14 | | | 0AA63403296 | 3374 | | | Direct | | | No | | 1/1/1900 | | | | 6/30/1967 | 1/1/2002 | LA | LA |
| 15 | | | 0AA63403796 | 103 | | | Direct | | | No | | 1/1/1900 | | | | 6/30/1968 | 1/1/2002 | LA | LA |
| 16 | | | 0AA936581 | 230 | | | Direct | | | Yes | Yes | 2/2/2024 | Yes | | | 6/3/1995 | 6/11/2012 | CT | CT |
| 17 | | | 0AA93937596 | 269 | | | Direct | | | No | | 1/1/1900 | | | | 9/29/1984 | 1/6/2011 | OR | OR |
| 18 | | | 0AA93938596 | 271 | | | Direct | | | Yes | Yes | 11/14/2022 | Yes | | | 6/30/1984 | 1/1/2002 | CA | CA |
| 19 | | | 0AA93940396 | 272 | | | Direct | | | No | | 1/1/1900 | | | | 1/31/1971 | 1/1/2002 | TX | TX |
| 20 | | | 0AA93940596 | 273 | | | Direct | | | No | | 1/1/1900 | | | | 1/31/1972 | 1/1/2002 | TX | TX |
| 21 | | | 0AA93940896 | 274 | | | Direct | | | No | | 1/1/1900 | | | | 1/31/1970 | 1/1/2002 | TX | TX |
| 22 | | | 0AA94047296 | 302 | | | Direct | | | No | | 1/1/1900 | | | | 10/15/1991 | 1/1/2002 | MD | MD |
| 23 | | | 0AA94048096 | 303 | | | Direct | | | No | | 1/1/1900 | | | | 10/15/1990 | 1/1/2002 | MD | MD |
| 24 | | | 0AA94051296 | 304 | | | Direct | | | No | | 1/1/1900 | | | | 10/15/1992 | 1/1/2002 | MD | MD |
| 25 | | | 0AA94052496 | 306 | | | Direct | | | No | | 1/1/1900 | | | | 10/15/1994 | 1/1/2002 | MD | MD |
| 26 | | | 0AA94052796 | 307 | | | Direct | | | No | | 1/1/1900 | | | | 10/15/1995 | 1/1/2002 | MD | MD |
| 27 | | | 0AA94060396 | 308 | | | Direct | | | Yes | Yes | 10/31/2022 | No | | | 12/31/1964 | 3/28/2005 | PA | PA |
| 28 | | | 0AA94063596 | 309 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1965 | 3/28/2005 | PA | PA |
| 29 | | | 0AA94063796 | 310 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1966 | 3/28/2005 | PA | PA |
| 30 | | | 0AA94063896 | 311 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1967 | 3/28/2005 | PA | PA |
| 31 | | | 0AA94064196 | 312 | | | Direct | | | No | | 1/1/1900 | | | | 7/31/1969 | 3/28/2005 | MD | MD |
| 32 | | | 0AA94066196 | 313 | | | Direct | | | No | | 1/1/1900 | | | | 7/31/1970 | 3/28/2005 | PA | PA |
| 33 | | | 0AA94066296 | 314 | | | Assume | | | No | | 1/1/1900 | | | | 12/31/1970 | 3/28/2005 | PA | PA |
| 34 | | | 0AA94067196 | 315 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1971 | 3/28/2005 | PA | PA |
| 35 | | | 0AA94067296 | 316 | | | Direct | | | No | | 1/1/1900 | | | | 12/31/1976 | 1/1/2002 | CA | CA |
| 36 | | | 0AA94069196 | 317 | | | Direct | JENNIFER | | No | | 1/1/1900 | | | | 12/31/1971 | 3/28/2005 | PA | PA |

AEIC Open Claims 10 24.22
CONFIDENTIAL

| | A | T | U | V | W | X | Y | Z | AA | AB | AC | AD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Claimant | Insured | Policy Number | Policy Effective | Status | Main Coverage | Minor Coverage | Incurred Loss | Incurred ALAE | Incurred Total | Paid Loss | Paid ALAE |
| 2 | | | | | | | | | | | | |
| 3 | | | | | | | | 117,745,843 | 80,836,678 | 198,582,521 | 95,428,624 | 75,987,366 |
| 4 | | | | 7/1/2000 | O | Workers Compensation | 160 | 25,000 | 8,000 | 33,000 | | 5,116 |
| 5 | | | | 8/1/1970 | O | Workers Compensation | 173 | 136,178 | 1,628 | 137,806 | 114,757 | 1,628 |
| 6 | | | | 1/1/2004 | R | Excess Auto Physical Damage - Commercial | 212 | 1,905 | -12,601 | -10,697 | 1,905 | -12,601 |
| 7 | | | | 6/30/1970 | O | General Liability | 180 | | 92,662 | 92,662 | | 92,662 |
| 8 | | | | 7/1/2001 | O | Workers Compensation | 160 | -314,795 | 873,977 | 559,182 | -314,942 | 468,397 |
| 9 | | | | 1/1/1989 | R | Auto Liability - Commercial | 193 | 7,088 | 1,000 | 8,088 | 3,511 | |
| 10 | | | | 1/1/1959 | O | General Liability | 180 | 199,302 | 877,865 | 1,077,167 | 197,969 | 868,841 |
| 11 | | | | 1/1/1961 | O | General Liability | 180 | 347,939 | 803,057 | 1,150,995 | 339,701 | 794,315 |
| 12 | | | | 1/1/1962 | O | General Liability | 180 | 155,383 | 868,356 | 1,023,739 | 154,145 | 859,295 |
| 13 | | | | 1/1/1963 | O | General Liability | 180 | 461,508 | 882,428 | 1,343,936 | 410,269 | 873,727 |
| 14 | | | | 7/1/1966 | O | General Liability | 180 | 536,424 | 869,897 | 1,406,321 | 530,040 | 860,836 |
| 15 | | | | 7/1/1967 | O | General Liability | 180 | 520,175 | 876,676 | 1,396,852 | 513,791 | 867,615 |
| 16 | | | | 6/3/1995 | R | Workers Compensation | 160 | 2,510 | 12,543 | 15,053 | | 8,299 |
| 17 | | | | 9/30/1983 | R | Products Liability | 181 | 800 | 1,515 | 2,315 | 800 | 346 |
| 18 | | | | 7/1/1983 | O | General Liability | 170 | 27,250 | 95,294 | 122,544 | 27,250 | 82,847 |
| 19 | | | | 1/31/1971 | O | General Liability | 180 | | | | | |
| 20 | | | | 1/31/1972 | O | General Liability | 180 | | | | | |
| 21 | | | | 1/31/1970 | O | General Liability | 180 | | | | | |
| 22 | | | | 10/16/1990 | O | Products Liability | 052 | | 163 | 163 | | 163 |
| 23 | | | | 10/16/1989 | R | Products Liability | 052 | | 163 | 163 | | 163 |
| 24 | | | | 10/16/1991 | O | Products Liability | 052 | | 163 | 163 | | 163 |
| 25 | | | | 10/16/1993 | O | Products Liability | 052 | | 3 | 3 | | 3 |
| 26 | | | | 10/16/1994 | O | Products Liability | 052 | | 3 | 3 | | 3 |
| 27 | | | | 1/1/1964 | O | General Liability | 180 | | | | | |
| 28 | | | | 1/1/1964 | O | General Liability | 180 | | | | | |
| 29 | | | | 1/1/1964 | O | General Liability | 180 | | | | | |
| 30 | | | | 1/1/1967 | O | General Liability | 180 | | | | | |
| 31 | | | | 8/1/1968 | O | General Liability | 180 | | | | | |
| 32 | | | | 8/1/1968 | O | General Liability | 180 | | | | | |
| 33 | | | | 8/1/1968 | O | General Liability | 180 | | | | | |
| 34 | | | | 1/1/1971 | O | General Liability | 180 | | | | | |
| 35 | | | | 1/1/1976 | O | General Liability | 180 | | 266 | 266 | | 266 |
| 36 | | | | 1/1/1971 | O | General Liability | 180 | | | | | |

AEIC Open Claims 10 24.22
CONFIDENTIAL

| Claimant | Paid Total | Reserve Loss | Reserve ALAE | Reserve Total | TPA | Data As of Date | Description of Loss |
|---|---|---|---|---|---|---|---|
| | 171,415,990 | 22,317,220 | 4,849,312 | 27,166,532 | | | |
| | 5,116 | 25,000 | 2,884 | 27,884 | | 30 | |
| | 116,385 | 21,421 | 0 | 21,421 | | 30 | ND BY |
| | -10,697 | 0 | 0 | 0 | | 30 | |
| | 92,662 | 0 | 0 | 0 | | 30 | |
| | 153,456 | 146 | 405,580 | 405,726 | | 30 | |
| | 3,511 | 3,577 | 1,000 | 4,577 | | 30 | |
| | 1,066,810 | 1,333 | 9,024 | 10,357 | | 30 | |
| | 1,134,015 | 8,238 | 8,742 | 16,980 | | 30 | |
| | 1,013,440 | 1,238 | 9,061 | 10,299 | | 30 | |
| | 1,283,996 | 51,238 | 8,701 | 59,939 | | 30 | |
| | 1,390,876 | 6,384 | 9,061 | 15,445 | | 30 | |
| | 1,381,406 | 6,384 | 9,061 | 15,445 | | 30 | |
| | 8,299 | 2,510 | 4,244 | 6,754 | | 30 | |
| | 1,146 | 0 | 1,169 | 1,169 | | 30 | |
| | 110,097 | 0 | 12,447 | 12,447 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | 163 | 0 | 0 | 0 | | 30 | |
| | 163 | 0 | 0 | 0 | | 30 | |
| | 163 | 0 | 0 | 0 | | 30 | |
| | 3 | 0 | 0 | 0 | | 30 | |
| | 3 | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |
| | 266 | 0 | 0 | 0 | | 30 | |
| | | 0 | 0 | 0 | | 30 | |

AEIC Open Claims 10 24.22
CONF DENTIAL

Rows 37-4173 Omitted