UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SPARTA INSURANCE COMPANY
(as successor in interest to Sparta Insurance Holdings, Inc.),

        Plaintiff,

v.

PENNSYLVANIA GENERAL INSURANCE COMPANY (now known as Pennsylvania Insurance Company),

        Defendant.

---

Civil Action No. 21-11205-FDS

**DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

III. CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Carando Gourmet Frozen Foods Corp. v. Axis Automation, LLC*,
    458 F. Supp. 3d 60, 75 (D. Mass. 2020) ................................................................................ 4

**RULES**

Fed. R. Civ. 57 ............................................................................................................................ 4

## I. INTRODUCTION

In attempting to establish why Defendant Pennsylvania Insurance Company, f/k/a Pennsylvania General Insurance Company ("Defendant")'s partial motion for judgment on the pleadings should be denied, Plaintiff SPARTA Insurance Company ("Plaintiff") succeeds only in confirming why it must be granted. From the outset, Defendant has asserted that the claim as to Count I is unripe because Plaintiff has failed to comply with the contractual provisions for seeking indemnification and because Plaintiff's pleadings fail to identify specific claims for which it is seeking relief. In response, Plaintiff ignores these basic points and seeks to use its motion papers to amend the pleadings with specific details about specific claims that are found nowhere in its First Amended Complaint. It claims that it is seeking indemnification for "real dollars out the door," Dkt. 71 (Opp.) at 1, but none of those demands were made prior to the filing of the First Amended Complaint, and Plaintiff still has not complied with the contractual requirements even as to its post hoc attempt to supply the actual allegations that are missing from that pleading.

Plaintiff also asserts that Defendant is simply repeating prior arguments, but that is incorrect. Whereas Defendant was constrained by Plaintiff's cryptic pleading in its ability to refer to the contents of documents described vaguely in the First Amended Complaint, Plaintiff has now given Defendant license to do so by relying on those documents in its motion for judgment on the pleadings. Those documents confirm what Defendant has said from the start—that prior to filing, Plaintiff never complied with the contractual provisions for seeking indemnification as to a single claim. *See* Dkts. 61-3-6. Plaintiff has apparently belatedly realized that is the case and used post-litigation correspondence and now its motion papers to amend its pleadings sub silentio with new post-filing demands that differ from pre-filing correspondence (and that also do not comply with the contractual indemnification provisions). *See* Dkt. 61-7.

Further, Plaintiff's claim to be seeking simple declaratory relief is belied by its subsequent

actions, including recent discovery requests. At the same time, these subsequent actions have confirmed Defendant's prior contentions that the relief Plaintiff seeks would not redress any injury, and that any lawsuit should be brought in the context of concrete claims.

## II. ARGUMENT

Plaintiff's opposition attempts to argue that Defendant's motion simply repeats its motion to dismiss, but Plaintiff's opposition demonstrates that is not true. Plaintiff's motion for judgment on the pleadings relies on documents that it claims were incorporated in the pleadings. Dkt. 60 (Pl.'s Mem.) at 8 n.3. These documents make clear that Plaintiff's pre-litigation communications did not request indemnification under the 2007 Stock Purchase Agreement ("SPA"), but only sought confirmation that Defendant would provide indemnification when a payment was due. *See* Dkt. 65 (Mem.) at 2. Those communications *do not* include "references to specific dollar amounts that SPARTA paid, and that PGIC is obligated to pay," contrary to Plaintiff's representations in opposition. *Compare* Opp. at 6 *with* Dkt. 61-4.

Plaintiff now attempts to present communications from August 2022 as just another iteration of the communications referenced in its First Amended Complaint. Opp. at 3, 6. But the only communications that reference specific dollar amounts came months after Plaintiff filed the First Amended Complaint, not before. *See* Pl.'s Mem. at 6 n.2; Mem. at 2-3. Likewise, Plaintiff's opposition refers to specific claims and dollar amounts that it says are "not hypothetical." Opp. at 1, 5. But this again misses the point that Plaintiff never made a proper demand as to these claims prior to filing the First Amended Complaint, and the relevant factual allegations do not appear anywhere in that complaint. They therefore do nothing to justify Plaintiff's opposition to the motion for partial judgment on the pleadings.

It bears further note that the post-litigation correspondence also does not satisfy the requirements of the contract as to a single claim. Section 8.3 of the SPA requires, among other

things, that a demand "include in reasonable detail information explaining calculation of the amount of such claim." Dkt. 61-1 at 49. The post-filing spreadsheets sent by Plaintiff do nothing of the sort, nor did they otherwise follow the procedures set forth in the contract. *See* Dkt. 61-7. They therefore amount to nothing more than an attempt to make a record to remedy the defects in Plaintiff's cryptic pleading.

Plaintiff now asserts that this dispute is not about specific claims but about a "wholesale refusal to honor the provisions of the SPA." Opp. at 5. Plaintiff thus misses the point that it cannot allege a ripe dispute when it has never been able to allege compliance with the SPA's indemnification provisions as to a single claim.

Further, Plaintiff's contention that it is only seeking simple "wholesale" declaratory relief as to "*all* claims" (Opp. at 5-6) also is belied by its discovery requests which seek admissions as to over 5,000 claims from spreadsheets sent following litigation, after the filing of the First Amended Complaint, and as to which no proper request for indemnification was ever made either prior to the filing of the First Amended Complaint or after. Dkt. 72-1 at 2-3, and Pl.'s Exs. C and D. Plaintiff's actual request in Count I (quoting verbatim Section 8.1 of the SPA) merely asked the court to confirm that the indemnification provision applies to:

> (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by PGIC to SPARTA) or nonfulfillment of any covenant or agreement on the part of PGIC under the SPA; (ii) the failure by PGIC to perform any of its obligations under the Reinsurance Agreement [as defined in the SPA]; (iii) any loss arising out of or resulting from the existence of AEIC prior to the August 7, 2007 closing or the conduct of the Business [as defined in the SPA] or other operations by or of AEIC prior to the August 7, 2007 closing; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing. process for seeking indemnification.

Dkt. 19 (FAC) ¶ 26 (Count I). The remainder of the provision in the SPA (Section 8) goes on to lay out a process for seeking indemnification for a claim, as discussed above. *See* Dkt. 61-1 at 47-50. Thus, even measured with reference to particular claims, to resolve an actual controversy,

there must be a specific dispute as to whether a claim falls within any of these categories, and whether the amount sought is reasonable. Plaintiff's requested order does not account for this fact.

Plaintiff's discovery requests thus confirm Defendant's contentions as to the relief sought by Plaintiff in two respects. First, it shows that the requested relief in the First Amended Complaint amounts to a pointless obey-your-contract request that merely parrots the contractual language verbatim without resolving the parties' dispute. Plaintiff's attempt to amend that requested relief through its motion papers also further confirms the merits of Defendant's motion for judgment as to Count I of the complaint that Plaintiff actually filed.

Second, its reference to particular claims that are not in the First Amended Complaint implicitly recognizes the ultimate need to adjudicate any dispute over the indemnification provisions within the context of a concrete set of claims. Answering the question of whether indemnification is due would require referencing each individual policy as to thousands of claims, and then determining in each instance the extent of contract coverage, whether Plaintiff complied with the provisions for indemnification under the SPA, and whether the amount tendered was reasonable. At a minimum, the assertion of individual claims of contractual breach weighs against issuing a declaratory judgment as a matter of discretion. *See Carando Gourmet Frozen Foods Corp. v. Axis Automation, LLC*, 458 F. Supp. 3d 60, 75 (D. Mass. 2020) (interpreting Fed. R. Civ. 57 to conclude that "[c]ourts may therefore 'exercise[] their discretion to refuse to entertain a declaratory judgment claim where its only purpose is to resolve an already-existing breach of contract claim.'") (quotation omitted). At the same time, Plaintiff has not shown that an order that Section 8.1 of the SPA applies as between the parties would resolve respective obligations for each of the partially-identified claims. Nor has Plaintiff

explained how such an order would determine obligations for similar claims arising under American Employers' Insurance Company ("AEIC") policies in the future.

## III. CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's initial Memorandum in Support of Defendant's Partial Cross-Motion for Judgment on the Pleadings, this Court should grant Defendant's motion and dismiss Count I.

DATED: November 9, 2022

Respectfully submitted,

/s/ *Samuel C. Kaplan*
Samuel C. Kaplan (admitted *pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Maxwell V. Pritt (admitted *pro hac vice*)
mpritt@bsfllp.com
Reed D. Forbush (admitted *pro hac vice*)
rforbush@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant, Pennsylvania Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 9, 2022, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Samuel C. Kaplan*
Samuel C. Kaplan
