UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

               Plaintiff, : Civil Action
                                    No. 21-11205-FDS
  v. :
                                         **\*\*\*Leave To File Granted**
PENNSYLVANIA GENERAL INSURANCE : **11/2/2022 (ECF 73)\*\*\***
COMPANY (now known as Pennsylvania
Insurance Company), :

             Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF SPARTA INSURANCE COMPANY'S
SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S
<u>CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I</u>**

      This Sur-Reply responds to PGIC's Reply Memorandum in Support of its Motion for Partial Judgment on the Pleadings (ECF 76, the "Reply"). The four-and-a-half page Reply merely repeats the same justiciability arguments PGIC made in its opening brief and at the November 2, 2022 hearing. These arguments, in turn, rehashed the same arguments that were made previously on PGIC's unsuccessful Motion To Dismiss and PGIC's unsuccessful Motion For Reconsideration. The Reply cites only one case, which is distinguished below.

      SPARTA has addressed PGIC's contentions previously in SPARTA's Opposition to Defendant's Cross-Motion for Judgment on the Pleadings on Count I (ECF 71) and at the November 2, 2022 hearing. In the interest of economy, SPARTA submits this sur-reply only to (1) briefly reiterate the fundamental flaw with PGIC's argument and (2) address PGIC's one new case citation.

# ARGUMENT

1. **PGIC Continues To Mischaracterize What This Case Is About**

As this Court stated in its Order denying PGIC's Motion To Dismiss, this case is about a justiciable dispute regarding SPARTA's "contractual rights in light of a particular set of existing facts -- specifically, that no claims are being administered or paid, in violation of defendant's contractual obligations." (August 9, 2022 Order, ECF 38, at 9.) PGIC seems to realize as much, making reference to "the parties' interpretative dispute" over contractual language in PGIC's prior filings. (ECF 75.) But PGIC's Reply once again attempts to mischaracterize the present dispute as a dispute over individual claims. (*E.g.*, ECF 76 at 4 (referencing "each of the partially-identified claims").)

Again, this case is about PGIC's categorical refusal to pay anything -- not about particular claims. This case is about PGIC's global refusal to accept *any* present or future responsibility for *any* AEIC claims. Resolution of that ripe contractual dispute between the parties is proper and appropriate. This dispute is not about specific claims, no matter how many times PGIC suggests that it is.[1]

2. **PGIC's One New Case Citation Does Not Support PGIC's Requested Relief**

For the first time in its Reply, PGIC cites *Carando Gourmet Frozen Foods Corp. v. Axis Automation, LLC*, 458 F. Supp. 3d 60 (D. Mass. 2020), in support of PGIC's argument

---

[1] PGIC's Reply grasps at straws and misconstrues the function of discovery in arguing that certain of SPARTA's claim-specific discovery requests mean that this case is about specific claims. (ECF 76, at 4.) The purpose of discovery is to obtain information that may be relevant to a party's claims and defenses or that of the opposing party. PGIC has made clear (including through its Cross-Motion) that if this case is not decided at the pleadings stage, PGIC plans to raise arguments about specific claims. For that reason, among others, SPARTA is pursuing claim-specific discovery, which it is doing in part in response to PGIC's framing of PGIC's potential defenses should this case move forward. That certainly does not suggest that SPARTA believes the crux of this action is about specific claims -- it is not.

that "the assertion of individual claims of contractual breach weighs against issuing a declaratory judgment as a matter of discretion." (ECF 76 at 4.) PGIC's reliance on *Carando* does not support its latest request to dismiss SPARTA's declaratory judgment claim for the following reasons:

*First*, the *Carando* case addressed a lawsuit asserting both a declaratory judgment claim and an "already-existing breach of contract claim" -- a situation where a breach of contract claim *wholly overlapped* with a declaratory judgment claim. *Carando*, 458 F. Supp. 3d at 75. Presented with that situation, the *Carando* court exercised its discretion to dismiss the duplicative declaratory judgment claim and permitted the breach of contract claim to go forward. *Id.* (noting that courts may "refuse to entertain a declaratory judgment claim where its *only purpose* is to resolve an *already-existing* breach of contract claim," and granting summary judgment to dismiss a declaratory judgment claim that "will be adequately resolved through the surviving breach of contract claims" (emphasis added)). That is not the situation here. SPARTA's declaratory judgment claims are the only claims in the complaint. But even if there were breach of contract claims that sought to redress specific indemnification claims -- which there are not -- those claims could not overlap entirely with SPARTA's declaratory judgment claims, which seek to address a contractual dispute that impacts both present and future AEIC claims.

*Second*, even if SPARTA's declaratory judgment claims could be replaced in full with breach of contract claims, PGIC cannot show why that would warrant dismissal of this case. As a practical matter, if a plaintiff's declaratory judgment claims were to fully morph into breach of contract claims, the logical course -- which courts often take -- would be for the plaintiff to amend its complaint to add in breach of contract claims, instead of scrapping the action

altogether, along with all the associated court and party discovery activity. *E.g., Highland Holdings, Inc. v. Mid-Continent Casualty Co.*, No. 8:14-cv-01334-SDM-TBM (M.D. Fla.) (Dkt. 25) (amending declaratory judgment complaint to add breach of contract claim); *Trico Prods. Corp. v. England Logistics, Inc.*, No. 2:12-cv-14066-DPH-DRG (E.D. Mich.) (Dkt. 26) (same). PGIC's one new case citation thus does not support PGIC's request for relief.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in SPARTA's Opposition to Defendant's Cross-Motion for Judgment on the Pleadings on Count I (ECF 71) and those argued at the November 2, 2022 hearing, the Court should deny PGIC's Cross-Motion in its entirety.

Dated: November 16, 2022
       Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*