```
                              UNITED STATES DISTRICT COURT
                                DISTRICT OF MASSACHUSETTS


    * * * * * * * * * * * * *
   SPARTA INSURANCE COMPANY,      *
   (as successor in interest      *
   to Sparta Insurance Holdings,
   Inc.,),                        *
            Plaintiff              *
                                  *         CIVIL ACTION
                  vs.             *         No. 21-11205-FDS
                                  *
   PENNSYLVANIA GENERAL           *
   INSURANCE COMPANY,             *
   (now known as Pennsylvania     *
   Insurance Holdings, Inc.),     *
            Defendant              *
    * * * * * * * * * * * * *




              BEFORE THE HONORABLE F. DENNIS SAYLOR, IV
                      UNITED STATES DISTRICT JUDGE
                       TELEPHONE STATUS CONFERENCE
                          September 23, 2022




                                        Courtroom No. 10
                                        (Via Teleconference)
                                        1 Courthouse Way
                                        Boston, Massachusetts 02210


                         JAMES P. GIBBONS, RPR/RMR
                           Official Court Reporter
                        1 Courthouse Way, Suite 7205
                         Boston, Massachusetts  02210
                            jamesgibbonsrpr@gmail.com
```

```
 1
 2    APPEARANCES:
 3
           SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP (By James
 4    R. Carroll, Esq., and Catherine A. Fisher, Esq.), 500
      Boylston Street, Boston, Massachusetts, 02116, on behalf
 5    of Plaintiff

 6           BOIES SCHILLER FLEXNER, LLP, (By Samuel Charles
      Kaplan, Esq.) 1401 New York Avenue, NW, Washington, D.C.
 7    20005, on behalf of Defendant

 8           BOIES SCHILLER FLEXNER, LLP, (By Erika
      Nybors-Burch, Esq.) 44 Montgomery Street, 41st Floor,
 9    San Francisco, California, 94104, on behalf of Defendant

10           COHEN KINNE VALICENTI & COOK, LLP, (By John F.
      Drew, Esq.), 28 North Street, 3rd Floor, Pittsfield,
11    Massachusetts 01201, on behalf of Defendant

12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S
 2                       (VIA TELECONFERENCE)
 3          THE CLERK:  Court is now in session in the matter
 4   of Sparta Insurance Company versus Pennsylvania General
 5   Insurance Company, Civil Action No. 21-11205.
 6          Participants are reminded that recording and the
 7   rebroadcasting of this hearing is prohibited and may result
 8   in sanctions.
 9          Would counsel please identify themselves for the
10   record, starting with the plaintiff.
11            MR. CARROLL:  Good afternoon, your Honor.  For
12   Sparta Insurance Company, James Carroll and Catherine
13   Fisher.
14            THE COURT:  All right.  Good afternoon.
15            MR. KAPLAN:  Good afternoon, your Honor.  This is
16   Sam Kaplan for defendant, Pennsylvania General Insurance
17   Company, and with me on the call today are my colleagues
18   Jack Dew and Erika Nybors-Burch.
19            THE COURT:  All right.  Good afternoon.
20          This is a status conference in this case.
21          I have pending a motion for judgment on the pleadings,
22   which is only a couple of days old and not ripe.  Where are
23   we otherwise?
24          I will start with plaintiff, Mr. Carroll.
25            MR. CARROLL:  Thank you, your Honor.
```

1    I think where we are is trying to get a schedule in
2    place to have that pending motion briefed and decided at the
3    Court's convenience.  I understand there is a potential for
4    a cross-motion, and the parties have not been able to agree
5    upon the scheduling to get that done and, unfortunately
6    need, your Honor's assistance.
7         THE COURT:  All right.  Who is going to take the
8    lead for the defendant?
9         MR. KAPLAN:  That will be me, Sam Kaplan, your
10   Honor.
11    I agree with counsel's summary of where we're at, with
12   the addition that we also have before the Court competing
13   proposed scheduling orders with competing discovery
14   schedules, proposed discovery schedules, for the case as a
15   whole.
16        THE COURT:  All right.  And should I address the
17   motion for judgment on the pleadings before taking up the
18   schedule?
19        MR. KAPLAN:  In our view, your Honor -- this is Sam
20   Kaplan again -- I would say no.
21    I would -- because the -- I believe your Honor
22   indicated a preference at the prior hearing -- and
23   regardless, I would agree and advocate for it, that
24   discovery proceed apace alongside the consideration of the
25   motion.

1    As we are a going to show, the motion for judgment on
2    the pleadings was not a proper motion for judgment on the
3    pleadings because it, among other reasons, apart from the
4    interpretative issues that it tries to address and the
5    justiciability issues that have been previously briefed,
6    there's about 20 affirmative defenses that are not
7    encompassed, that have all sorts of fact issues, that
8    postdate the contract, and it cannot possibly be resolved by
9    the contract.
10        So the motion for judgment on the pleadings is not
11   going to resolve this case.
12        Conceivable that it and the cross-motion that we're
13   considering could resolve a few issues, but it's not going
14   to resolve the case.  And so, therefore, I think it makes
15   sense to go with an expeditious resolution of the case,
16   which I think both sides have said that is the goal, to get
17   a discovery schedule in place.
18            THE COURT:  Okay.  And what is the issue in terms
19   of the cross-motion that requires resolution?
20            MR. KAPLAN:  I will say on this, your Honor, that
21   we had not -- your Honor at the last conference had posed at
22   least the possibility of a limited summary judgment motion
23   that would address just justiciability and not the core
24   merits issue.
25        We had actually -- we were originally intending to tell

1  the Court in this call that we did not think further motion
2  practice at this point made sense.  And we were re-enforced
3  in that view when it did not appear -- when the plaintiff
4  did not file their motion for judgment on the pleadings on
5  the date that they said they were going to.  So we thought
6  that we were in silent agreement with counsel that it made
7  sense just to proceed to discovery.
8       They then filed their motion for judgment on the
9  pleadings a week later than they had said they were going
10 to.  And we in reviewing it thought -- think that there may
11 be at lease a couple of narrow issues that, since they have
12 posed -- since they have put this forward, would make sense
13 for us to tee up as well related to justiciability and
14 related to one interpretative issue with respect to Count
15 Two of their complaint.
16      But I don't anticipate that our cross-motion would
17 resolve everything, hence what's I said before about
18 discovery.
19           THE COURT:  Okay.
20      All right.  Here's what I am going to do.  I'm going to
21 set a timetable for discovery, or at least a basic
22 timetable.  And the proposals suggested that the parties,
23 which I think was at the end of August, called for initial
24 disclosures and service of initial written discovery by
25 dates that have already passed.  So it looks like I need to

```
 1    add some dates on to that.
 2         Hold on a second.
 3         (Pause in proceedings.)
 4         THE COURT:  Have initial disclosures been completed
 5    or is that process still underway?
 6         MR. CARROLL:  The --
 7         MR. KAPLAN:  We had served initial -- oh, I'm
 8    sorry.  Go ahead, Mr. Carroll.
 9         MR. CARROLL:  I was simply going to suggest initial
10    disclosure deadline could be October 14, if that made sense,
11    your Honor.
12         THE COURT:  I'm inferring from that that they have
13    not been completed?
14         MR. CARROLL:  Correct.
15         THE COURT:  All right.  October 14 it is for
16    initial disclosures.
17      I am also going to set a deadline of October 28 for
18    service of written discovery requests.
19         MR. KAPLAN:  We have --
20         THE COURT:  I'm sorry.  Go ahead.
21         MR. KAPLAN:  I'm sorry, your Honor.
22      We, defendants, have served written discovery requests
23    already.
24         THE COURT:  Okay.
25      This is an initial deadline, meaning obviously things
```

1  may come up, people make statements in depositions and so
2  forth that may require another round.  But at least until I
3  order otherwise, that will be the written discovery
4  deadline.
5      I'm going to set a deadline for fact discovery of March
6  31, 2023.
7      It's not clear to me exactly how this is going to play
8  out with experts or summary judgments or whether we have
9  different rounds of summary judgment and all of that.
10     I'm going to set a -- I'm going to assume for the time
11 being, and it's simply an assumption that may well fall by
12 the wayside, that we won't have a need for expert discovery.
13 If we do, we'll open a window and get that done.
14     But I will set a deadline for dispositive motion of May
15 5, 2023.
16     In the meantime, I'm going to let the motion briefing,
17 whether on the pending motion or anything else, just sort of
18 take its due course.
19     Oppositions will be due within 14 days, or 21 days if
20 it's a motion for summary judgment, unless I extend the
21 date.
22     And I'm going to set it for a status conference, which
23 will also be an argument date on the motions on the
24 pleadings, let's see -- that is the pending motion.
25     Ballpark October 23, Matt, in the afternoon.

1  MR. KAPLAN: Your Honor, may I heard as to the
2  motion on judgment on the pleadings?
3  THE COURT: Yes.
4  MR. KAPLAN: And actually a comment on expert
5  discovery as well.
6  First, on the motion for judgment on the pleadings, we,
7  as Mr. Carroll alluded, we have attempted to confer on a
8  briefing schedule and haven't come to an agreement.
9  The defendant is requesting that we have 30 days to
10  respond to the motion and file any cross-motion. The reason
11  for the additional extra time, I think that maybe asking for
12  an additional couple of weeks under the court's rules --
13  THE COURT: Okay.
14  MR. KAPLAN: -- I could go into it. It's --
15  THE COURT: It's fine. If Mr. Carroll agrees,
16  that's fine.
17  MR. KAPLAN: Well, he hasn't agreed yet. That's
18  the only reason I'm going into it.
19  My reason is an extremely busy schedule, primarily for
20  myself but also for my team, but primarily for myself, that
21  includes, among other things, a jury trial in October that
22  won't end until the end of October.
23  Also a Supreme Court argument that, I hasten to add for
24  accuracy, I am not the one arguing but I am counsel of
25  record, and there will be heavy preparation work involved in

```
 1   that, as well as lot of other commitments during this
 2   period.
 3          So we would request 30 days, which will be just before
 4   the jury trial starts.
 5          And then we would, of course, accede to whatever
 6   plaintiff thinks they would need for their reply.
 7          And then, assuming we file a cross-motion, we would
 8   just take the same amount of time that they ask for, whether
 9   it's two weeks, three weeks.  And that's what we would
10   propose for a reply, and then obviously a hearing at the
11   Court's convenience after that.
12              THE COURT:  All right.
13          Let's do this.  I'm going to direct that -- the motion
14   was filed September 19 -- oppositions due by October 19, any
15   reply by October 27.
16          And let's try November 2 in the afternoon, Matt, for a
17   status conference/motion hearing.
18          And if there's a cross-motion, if it's ripe by then, I
19   will hear it; and if it's not ripe, we will take it up in
20   due course.
21              THE CLERK:  November 2 at two o'clock.
22              THE COURT:  November 2 at two o'clock.
23          It will be a combination status conference motion
24   hearing.
25          And at the price of doing that, I should make you
```

1  acknowledge on the record that Supreme Court oral argument
2  is really a matter of theater and that it makes no
3  difference in 99 percent of the cases.
4       (Laughter.)
5            MR. KAPLAN:  Yes.
6            THE COURT:  It might have made a difference in
7  1870, but surely Justices and their clerks are reading the
8  briefs now.  But anyway...
9            MR. KAPLAN:  This one is not a hot-button one, your
10 Honor.  You won't be reading about this one on the front
11 page of the paper.
12      I don't know which way that cuts in terms of your
13 Honor's observation, but fair enough.
14      And that's why I mentioned the jury trial first.
15           THE COURT:  Okay.
16      But that will be the schedule, okay.
17      In terms of expert discovery, one of the issues, you
18 know, from my perspective of the case, is I don't have a
19 handle on what this case is really going to look like.  And
20 that includes a little bit of everything.  But that includes
21 zero experts, one expert, 23 experts on each side.  And it's
22 a placeholder, and a "placeholder" is no expert discovery.
23 I'm going to set periodic status conferences, and let's
24 continue to talk about that topic as it unfolds, okay?
25           MR. KAPLAN:  Understood.

```
 1          To the extent it's interpretation of a contract, it's
 2     rare that we need an expert.  But it could be, I don't know,
 3     insurance practices or -- I don't know, okay.
 4          I'm just going to leave it like that for now.
 5               MR. KAPLAN:  Understood.  Yes.  Thank you, your
 6     Honor.
 7               THE COURT:  It may be a different animal
 8     altogether.
 9          All right, Mr. Carroll, anything you want to add to
10     that?
11               MR. CARROLL:  No, your Honor.  Thank you very much.
12               THE COURT:  Okay.  Thank you, and barring further
13     developments, we will regroup.  Let's make that a Zoom
14     hearing at the beginning of November.
15          Okay?
16               MR. CARROLL:  Thank you very much.
17               THE COURT:  Thank you, all.
18               MR. KAPLAN:  Thank you, your Honor.
19               THE COURT:  We are adjourned.
20          (Proceedings adjourned.)
21
22
23
24
25
```

# **C E R T I F I C A T E**

I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

    /s/James P. Gibbons        October 26, 2022
       James P. Gibbons


JAMES P. GIBBONS, CSR, RPR, RMR
Official Court Reporter
1 Courthouse Way, Suite 7205
Boston, Massachusetts 02210
jamesgibbonsrpr@gmail.com