# EXHIBIT C



July 26, 2021

**VIA OVERNIGHT FEDEX AND EMAIL**

Jeffrey Silver  
General Counsel  
Pennsylvania Insurance Company  
10805 Old Mill Road  
Omaha, NE 68154

One Beacon Insurance Company  
One Beacon Lane  
Canton, Massachusetts 02021  
Attention: General Counsel

One Beacon Insurance Company  
One Beacon Lane  
Canton, Massachusetts 02021  
Attention: Treasurer

Dear Mr. Silver, Treasurer, and General Counsel:

I write on behalf of Sparta Insurance Company ("SIC") to provide notice of indemnification pursuant to Sections 2.19, 8, and 12.9 of the August 9, 2007 Stock Purchase Agreement ("SPA") between Pennsylvania General Insurance Company ("PGIC"), later re-named Pennsylvania Insurance Company ("PIC"), and Sparta Insurance Holdings, Inc. ("SIH"). This notice relates to prior notices SIC has made to PIC concerning claims, tenders, and other legal process that SIC has received, which all relate to policies issued by American Employers' Insurance Company ("AEIC").

As you know, Section 2.19(b) of the SPA states:

All liabilities of [AEIC] that have arisen or could arise, under any insurance contract or any reinsurance treaty or otherwise, have been and will be assumed by Seller [PIC f/k/a PGIC] . . . . The Company [AEIC] has, and will at Closing have, no liabilities of any nature, whether absolute, accrued, contingent or otherwise or whether due or to become due, other than those assumed by Seller pursuant to the Reinsurance Agreement.[1]

Accordingly, in 2007, SIH acquired AEIC as an empty shell, free from any of AEIC's then-existing or future liabilities. Notwithstanding that fact, as SIC has previously informed you, SIC has been receiving and continues to receive claims allegedly arising from policies issued by AEIC prior to SIH's 2007 acquisition of AEIC. Specifically, we have previously notified you of the following claims, all of which are based allegedly on AEIC policies:

1. Two direct third-party actions against SIC in *Bedivere Ins. Co. v. Triangle Enterprises, Inc.*, No 17-CI-00522, McCracken, KY Circuit Court.

---

[1] *See also* June 15, 2005 Instrument of Transfer and Assumption between Pennsylvania General Insurance Company and American Employers' Insurance Company.

2. Two bankruptcy adversary proceedings: (1) *Roman Catholic Diocese of Syracuse v. Arrowpoint Cap. et al.*, No 20-30663-5, Adv. Pro. 21-50002-5 (N.D.N.Y. Bankr.); and (2) *In re Diocese of Buffalo*, No. 20-10322, Adv. Pro. 21-01001 (W.D.N.Y. Bankr.).

3. A Missouri Department of Labor and Industrial Relations Division of Workers' Compensation claim, injury number 18-111944.

4. Fourteen tenders for defense and indemnity that SIC received from Triangle Enterprises, Inc.

We previously requested that PIC confirm that it will handle, manage, and pay these claims as well as other AEIC claims that Armour Risk Management was managing and paying. We also informed you that, to the extent PIC would not handle, manage, and pay those claims, SIC would protect its interests as necessary with respect to each of them and look to PIC for reimbursement for the cost of that necessary action.

In addition to the foregoing notices, SIC has now also received a California Division of Workers' Compensation Notice of Hearing, which relates to an AEIC policy, as well as three subpoenas from parties in the *Campbell, et al. v. Armstrong International, Inc., et al.* No. 2021-CP-40-02286 (S.C. Richland Cnty. Ct. Com. Pleas), *Murphy Dudley, et al. v. Covil Corporation, et al.*, No. 2021-CP-40-01364 (S.C. Richland Cnty. Ct. Com. Pleas), and the *Carpenter, et al. v. Covil Corporation, et al.*, No. 2021-CP-40-04475 (S.C. Richland Cnty. Ct. Com. Pleas) matters, which seek information related to purported AEIC insurance policies. We now ask that PIC confirm that it will handle, manage, and pay these claims or proceedings as well.

Section 8.1 of the SPA states:

Seller [PIC f/k/a PGIC] agrees to indemnify and hold Purchaser [SIH, now SIC] harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by Purchaser or the Company (collectively, "Losses"), arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by the Seller to Purchaser hereunder), or nonfulfillment of any covenant or agreement on the part of Seller under this Agreement; (ii) the failure by Seller to perform any of its obligations under the Reinsurance Agreement; (iii) any Loss arising out of or resulting from the existence of Company prior to the Closing or the conduct of the Business or other operations by or of Company prior to the Closing; (iv) all filing fees and administrative assessments for insurance guaranty funds and/or insurance department expenses and all other assessments, levies or liabilities of any kind arising out of and/or associated with the conduct of the Business of the Company prior to the Closing; (v) any matter relating to any employee benefit plan or arrangement in effect prior to the Closing; and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing (any and all of which are hereafter referred to as a "Claim").

In addition to the above and previous requests that SIC has made to PIC concerning claims allegedly arising from AEIC policies that SIC has received, SIC provides this notice of PIC's obligation to indemnify and hold harmless SIC from all "loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by" SIC in connection with any of the foregoing matters pursuant to SPA Section 8.1. Further, SIC provides the same notice of PIC's obligation to indemnify and hold harmless SIC from the same in connection with

any other matters purportedly arising, now or in the future, from AEIC policies in which SIC is improperly identified as the party responsible for any obligation or liability arising from AEIC policies.

Pursuant to SPA Section 8.1, SIC requests that PIC notify SIC within ten business days of receipt of this letter as to whether PIC will assume control and defense of the foregoing claims and any future related claims at PIC's expense. Because the above-identified matters remain ongoing and SIC has incurred, and is incurring, ongoing expense with respect to each of them (which ultimately is the responsibility of PIC), the dollar amount of the foregoing claims for indemnification cannot be determined at this time. Pursuant to SPA Section 8.3, SIC will provide written notice to PIC of the dollar amount of each of the foregoing claims after SIC has determined such dollar amount(s).

SIC reserves all rights and waives none.

Sincerely,

*Joshua Weiner*

Joshua Weiner
Vice President, Claims Counsel
Catalina U.S. Insurance Services LLC
Direct: (860)773-3417
JoshWeiner@Catalinare.com