UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------  x
SPARTA INSURANCE COMPANY                      :
(as successor in interest to Sparta Insurance
Holdings, Inc.),                              :

              Plaintiff,                      :      Civil Action
       v.                                            No. 21-11205-FDS
                                              :
PENNSYLVANIA GENERAL INSURANCE                       Jury Trial Requested
COMPANY (now known as Pennsylvania            :
Insurance Company),
                                              :
              Defendant.
                                              :
-------------------------------------------------------  x
```

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Pennsylvania General Insurance Company, n/k/a Pennsylvania Insurance Company ("Defendant" or "PGIC") by and through its counsel hereby responds to and answers Plaintiff SPARTA Insurance Company's ("Plaintiff" or "SPARTA") Second Amended Complaint for Declaratory Judgment ("SAC") (Dkt. 90). In responding to the allegations below, Defendant (i) denies all allegations in the SAC unless specifically and expressly admitted herein; and (ii) does not waive, but expressly reserves, all rights to seek relief by appropriate motions directed to the allegations in the SAC.

## DEFENDANT'S RESPONSES TO SPECIFIC ALLEGATIONS

Defendant further responds to the numbered paragraphs of Plaintiff's SAC as follows:

1.      The first paragraph is a legal conclusion and characterization to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to invoke the Declaratory Judgment Act as to two agreements and asserts a breach of those two agreements but otherwise denies that Plaintiff has standing to bring the action, that the

dispute is otherwise justiciable, that Plaintiff has stated a claim, that Defendant is in breach of its contractual obligations, or that Plaintiff is entitled to the requested relief or to any other relief.

2. With respect to the first sentence of Paragraph 2, Defendant admits that on March 12, 2007, Sparta Insurance Holdings and Pennsylvania General Insurance Company entered into a stock purchase agreement (the "SPA"), with OneBeacon Insurance Company ("OneBeacon") as the Guarantor of the transaction. The second sentence in Paragraph 2 is a vague legal conclusion to which no response is required. Further, it refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 2 for the complete and accurate contents of those documents. To the extent a response to the second sentence in Paragraph 2 is required, Defendant denies the second sentence. With respect to the third sentence, Defendant lacks knowledge or information sufficient to admit or deny this sentence and on that basis denies the second sentence of Paragraph 2 of the SAC.

3. The first and second sentences of Paragraph 3 are legal conclusions and characterizations of documents to which no response is required. Further, they refer to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 3 for the complete and accurate contents of those documents. To the extent a response to the first and second sentence is required, Defendant denies the first and second sentences, except that Defendant admits that Plaintiff retained obligations to AEIC policyholders following the transaction and that policyholders retained the right to seek payment from Plaintiff. As to the first clause of the third sentence through the words "by AEIC," Defendant lacks sufficient information to admit or deny this clause except that Defendant denies the clause to the extent it is intended to suggest that the claims were

tendered to PGIC.  The second clause is a legal conclusion to which no response is required.

Further, it refers to documents that are the best evidence of their contents.  Defendant

respectfully refers the Court to the documents referenced in Paragraph 3 for the complete and

accurate contents of those documents.  To the extent a response is required, Defendant lacks

sufficient information to admit or deny this clause, and therefore denies this clause.

4.      Defendant lacks sufficient information to admit or deny the first sentence of

Paragraph 4.  The second sentence is a vague legal conclusion and characterization of documents

to which no response is required.  To the extent a response is required, Defendant denies the

second sentence.  The third sentence is a legal conclusion to which no response is required.  To

the extent a response is required, Defendant denies the third sentence.

5.      Paragraph 5 is a legal conclusion to which no response is required.  To the extent

a response is required, Defendant denies the first sentence of the paragraph and Defendant

denies the second sentence of the paragraph, except that Defendant admits that Plaintiff has

requested the relief listed in subsections (a)-(b) while otherwise denying that Plaintiff is entitled

to such relief or any relief.

6.      Paragraph 6 is a legal conclusion to which no response is required.  To the extent

a response is required, Defendant denies the first and second sentences of the paragraph, except

that Defendant admits that the second sentence purports to describe the relief Plaintiff is

requesting while otherwise denying that Plaintiff is entitled to such relief or any relief.

7.      Paragraph 7 is a legal conclusion to which no response is required.  To the extent

a response is required, Defendant denies the paragraph, except that Defendant admits that the

paragraph purports to describe the relief Plaintiff is requesting while otherwise denying that

Plaintiff is entitled to such relief or any relief.

8.     Paragraph 8 contains characterizations and a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertions in this paragraph, and therefore denies this paragraph.

9.     Paragraph 9 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that it is incorporated in New Mexico and admits that it does business at 10805 Old Mill Road, Omaha, NE 68154.

10.     Paragraph 10 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph except to deny that Plaintiff has asserted justiciable or otherwise valid claims or properly placed any amount in controversy.

11.     Paragraph 11 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.     Paragraph 12 is a legal conclusion to which no response is required.  Further, it refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 12.  To the extent a response is required, Defendant lacks sufficient information to admit or deny Plaintiff's claim that substantial parts of the events giving rise to the claims occurred in Massachusetts, and therefore denies this clause.

13.     Paragraph 13 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14 to the extent they suggest that SPARTA and PGIC were the only parties to the Agreement on March 12, 2007.  Defendant

otherwise admits the allegations in Paragraph 14, except the allegation that AEIC is a Massachusetts insurance company, which is a legal conclusion to which no response is required.

15.     Paragraph 15 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the first sentence and Defendant lacks knowledge or information sufficient to form a belief as to the second sentence, and therefore denies the second sentence.

16.     The first and second sentences of Paragraph 16 state a vague legal conclusion to which no response is required.  Further, the first and second sentence refer to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 16 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 16 except that Defendant admits that PGIC and AEIC entered into an agreement on or about June 15, 2005.  Defendant denies the second sentence of Paragraph 16 except that Defendant admits that the sentence accurately quotes certain words from the June 15, 2005 Reinsurance Agreement while omitting others.

17.     Paragraph 17 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 17 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.     Paragraph 18 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to documents that are

the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 18 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in the first and second sentences of Paragraph 16 except that Defendant admits that first and second sentences accurately quote certain words from the June 15, 2005 Reinsurance Agreement while omitting others.

19. Paragraph 19 states Plaintiff's legal conclusion and characterization of a document to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 19 for the complete and accurate contents of those documents. To the extent a response is required, Defendant admits that the paragraph accurately quotes certain words from the June 15, 2005 Reinsurance Agreement while omitting others.

20. Paragraph 20 states an ungrammatical and vague legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 20 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in Paragraph 20 except that Defendant admits that the paragraph accurately quotes certain words from a document appended as "Exhibit A" to the June 15, 2005 Reinsurance Agreement while omitting others.

21. Paragraph 21 states a vague legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the document referenced in Paragraph 21 for the complete and accurate contents of that document. To the extent a response is required, Defendant admits that the paragraph accurately quotes certain words from the June 15, 2005

Reinsurance Agreement while omitting additional text from the Agreement and other relevant agreements.

22.     Paragraph 22 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 22 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations Paragraph 22.

23.     Paragraph 23 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 23 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 22 except that Defendant admits that the paragraph accurately quotes certain words from Section 8.1 of the SPA while omitting additional text from the SPA.

24.     Paragraph 24 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to a document that is the best evidence of its contents.  Defendant respectfully refers the Court to the document referenced in Paragraph 24 for its complete and accurate content.  To the extent a response is required, Defendant denies the allegations in Paragraph 24 except that Defendant admits that the paragraph accurately quotes certain words from Section 8.1 of the SPA while omitting additional text from the SPA.

25.     Paragraph 25 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to a document that is

the best evidence of its content. Defendant respectfully refers the Court to the document referenced in Paragraph 25 for the complete and accurate contents of the documents. To the extent a response is required, Defendant denies the allegations in Paragraph 25 except that Defendant admits that the paragraph accurately quotes certain words from Section 8.3 of the SPA while omitting additional text from the SPA.

26.     Paragraph 26 states Plaintiff's legal conclusion and characterization of a document to which no response is required. Further, the paragraph refers to a document that is the best evidence of its content. Defendant respectfully refers the Court to the document referenced in Paragraph 26 for the complete and accurate contents of the document. To the extent a response is required, Defendant denies the allegations in Paragraph 26 except that Defendant admits that the paragraph accurately quotes certain words from Section 8.4 of the SPA while omitting additional text from the SPA.

27.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies the allegations in this paragraph.

28.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies the allegations in this paragraph.

29.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies the allegations in this paragraph except to the extent the paragraph is meant to suggest that Plaintiff tendered claims to Defendant in which case the allegation is denied.

30.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies the allegations in this paragraph.

31.     Paragraph 31 states a vague legal conclusion and characterization of documents to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 31 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 31 except that Defendant admits that Plaintiff sent communications to Defendant in May, June, July, August, and September of 2021, and that Plaintiff has quoted certain words from some of those communications in Paragraph 31(a) while omitting other relevant text.

32.     Paragraph 32 states a vague legal conclusion and characterization of documents to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents referenced in Paragraph 32 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 32 except that Defendant admits that it received a copy of the document attached as Exhibit E to Plaintiff's SAC on or around January 17, 2023 and has received other similarly formatted documents.

33.     Paragraph 33 states a vague legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 33 for the complete and accurate contents of those documents.  To the extent a response is required, Defendant denies the allegations in Paragraph 33 except that Defendant admits that it received

a copy of the document attached as Exhibit F to Plaintiff's SAC and lacks knowledge sufficient to form a belief as to the accuracy of SPARTA's claims as to what it has expended, and therefore denies such claims.

34. Defendant admits that it received the document attached as Exhibit F to Plaintiff's SAC on November 8, 2022. Defendant otherwise refers this Court to its response to Paragraph 33 as to the significance of that document.

35. Paragraph 35 is a characterization of communications between the parties during the relevant time frame to which no response is required. Defendant otherwise refers this Court to its response to Paragraph 33 as to the significance of the document referred to in this paragraph.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37, except that Defendant admits it did not send Plaintiff $11,849,047 to Plaintiff by December 15, 2022.

38. Paragraph 38 states a legal conclusion and characterization of communications to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 38 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in the first sentence of the paragraph except that Defendant admits that it had not paid Plaintiff $11,849,047 as of February 3, 2023. Defendant denies the allegations in the second sentence of the paragraph except that Defendant admits Plaintiff sent a letter to Defendant in which Plaintiff claimed that Defendant was

obligated to pay Plaintiff $11,849,047. Defendant denies the allegations in the third sentence of the paragraph except that Defendant admits it received a copy of the document attached as Exhibit G to Plaintiff's SAC but denies that the letter was dated February 3, 2022.

39. Paragraph 39 states a vague legal conclusion and characterization of communications to which no response is required. To the extent a response is required, Defendant admits that Defendant has not paid Plaintiff the $11,849,047 Plaintiff is claiming Defendant was obligated to remit in Exhibit G to Plaintiff's SAC but otherwise denies the allegations in this paragraph.

40. Paragraph 40 is a legal conclusion and vague characterization to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies Paragraph 40 of the SAC.

41. Paragraph 41 is a legal conclusion and vague characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph except that Defendant admits it has not paid SPARTA the costs that SPARTA alleges it incurred.

42. Paragraph 42 is a legal conclusion and vague characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

43. Paragraph 43 is a legal conclusion and vague characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

44.     To the extent Paragraph 44 requires a response, Defendant repeats and re-alleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

45.     Paragraph 45 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.     Paragraph 47 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48.     To the extent Paragraph 48 requires a response, Defendant repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

49.     Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Paragraph 50 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     To the extent Paragraph 51 requires a response, Defendant repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.  To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     Paragraph 53 states Plaintiff's legal conclusion and characterization of a document to which no response is required.  Further, the paragraph refers to documents that are the best evidence of their contents.  Defendant respectfully refers the Court to the documents

referenced in Paragraph 53 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54.     Paragraph 54 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55.     Paragraph 55 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56.     Paragraph 56 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of alleged expenses Plaintiff has claimed it incurred and their alleged source and otherwise denies the allegations in Paragraph 56, and therefore denies this paragraph.

57.     Paragraph 57 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of alleged expenses Plaintiff has claimed it incurred and their alleged source and otherwise denies the allegations in Paragraph 57, and therefore denies this paragraph.

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59.     Paragraph 59 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60.     Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61.     Paragraph 61 states a vague legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

62.     To the extent Paragraph 62 requires a response, Defendant repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein, and therefore denies Paragraph 62.

63.     Paragraph 63 states a legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 63 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies Paragraph 63.

64.     Paragraph 64 states Plaintiff's legal conclusion and characterization of a document to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 64 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in this paragraph.

65.     Paragraph 65 states Plaintiff's legal conclusion and characterization of a document to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 65 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in this paragraph.

66.     Paragraph 66 states Plaintiff's legal conclusion and characterization of a document to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents

referenced in Paragraph 66 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in the paragraph except that it admits that the paragraph accurately quotes certain words from the June 15, 2005 Reinsurance Agreement while omitting others.

67. Paragraph 67 states a legal conclusion and characterization of a document to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. Defendant respectfully refers the Court to the documents referenced in Paragraph 67 for the complete and accurate contents of those documents. To the extent a response is required, Defendant denies the allegations in this paragraph except that Defendant admits that the paragraph accurately quotes certain words from the June 15, 2005 Reinsurance Agreement while omitting others.

68. Paragraph 68 contains Plaintiff's characterizations of Defendant's position and actions and a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph except that Defendant admits that Defendant's position is that it has no liability or obligation to Plaintiff, including with respect to the administration and payment of claims under AEIC policies.

69. Paragraph 69 states a legal conclusion to which no response is required. Further, the paragraph refers to documents that are the best evidence of their contents. To the extent a response is required, Defendant denies the allegations in this paragraph.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72. To the extent a response is required to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief in this action, including but not limited to the relief set forth therein.

## AFFIRMATIVE DEFENSES

Defendant does not admit that it bears the burden of proving any of the defenses set forth below. Defendant does not waive any affirmative defenses and reserves the right to later assert any and all affirmative defenses that may be available. No pleaded defense constitutes an admission of liability or indicates that Plaintiff is entitled to any relief.

Defendant hereby gives notice that it intends to rely upon such other and further defenses as they may become available or apparent at any time through discovery or otherwise and hereby reserves all rights to amend and/or supplement any and all defenses set forth herein.

## FIRST AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff lacks standing to maintain this action under Article III of the United States Constitution or applicable statutory or common law.

## SECOND AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff's claims and requested relief do not present a ripe or otherwise justiciable controversy under Article III of the United States Constitution or applicable statutory or common law.

## THIRD AFFIRMATIVE DEFENSE

This action is barred in whole or in part because discretionary factors weigh against this Court's assertion of jurisdiction over Plaintiff's claims or the discretionary power afforded to the Court under the Declaratory Judgment Act.

## FOURTH AFFIRMATIVE DEFENSE

The SAC fails to state a claim upon which relief can be granted, including but not limited to because the SAC fails to allege or plead with plausibility every element of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because any injury or damage that Plaintiff claims to have sustained was not caused by Defendant and cannot be redressed by the relief requested.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Defendant met, and has not breached, its contractual and legal duties.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff lacks standing to enforce the SPA and/or Reinsurance Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the terms of the governing contracts.

## NINTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by Plaintiff's failure to comply with the terms of the SPA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff is otherwise not entitled to relief under the Declaratory Judgment Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by general equitable principles that are incorporated in the contracts and that inform the authority to grant relief under the Declaratory Judgment Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part in light of various factors, including but not limited to the terms of the agreements relied on by Plaintiff,  OneBeacon Insurance Company and One Beacon Insurance Group's role under those contracts, the 2012 sale of PGIC as a clean shell to North American Casualty Co., Plaintiff's failure to seek to enforce the SPA against PGIC or communicate with Defendant concerning the SPA until 2021, Plaintiff's apparent submission of claims for reimbursement exclusively to OneBeacon Insurance Company or its successors during that entire period, the course of dealing established between Plaintiff and OneBeacon Insurance Company or its successor for adjusting claims, Plaintiff's failure to identify specific claims arising under specific AEIC policies and its failure to make specific claims for reimbursement in accordance with the terms of the SPA, and Plaintiff's knowledge of any or all of the foregoing.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested relief are barred by the doctrine of implied novation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested relief are barred in whole or in part because OneBeacon was assigned, assumed, and succeeded to any liability for which Plaintiff seeks declaratory or other relief in connection with OneBeacon's sale of PGIC as a clean shell to North American Casualty Co. in 2012.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested relief are barred because the real party in interest to the SPA was OneBeacon Insurance Company and/or OneBeacon Insurance Group.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by equitable estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred or limited by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred by applicable statutes of limitations and/or repose.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff consented to and/or ratified the alleged conduct at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by the doctrine of waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because Plaintiff breached the covenant of good faith and fair dealing implied in every contract, excusing Defendant from any obligations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because any injury or damage that Plaintiff claims to have sustained was self-inflicted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred in whole or in part because any injury or damage that Plaintiff claims to have sustained was not caused by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are otherwise barred in whole or in part by the transfer and assumption agreement between PGIC and OneBeacon and the stock purchase agreement between OneBeacon and North American Casualty Co., which complied with all applicable statutes and regulations and were approved by all relevant government authorities.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant's actions or inactions with respect to Plaintiff's claims and allegations were reasonable and in good faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for declaratory relief under the SPA are barred in whole or in part because Plaintiff breached the covenant of good faith and fair dealing implied in every contract, and, therefore, excused Defendant from any obligations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This action is barred by principles of prudential standing due to Plaintiff's failure to identify any claims for which it is seeking relief in the SAC.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has asserted any claims in the SAC, those claims are barred or limited because Defendant is not the liable party for any underlying claim.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has asserted any claims in the SAC, those claims are barred or limited with respect to any policies that are void or voidable under applicable public policy or state law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent (and without admitting) that there is or was any payment due to Plaintiff, such payment is subject to setoff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This action is barred in whole or in party by Plaintiff's failure to comply with one or more conditions precedent in the contracts relied on by Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred by the doctrine of rescission.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requested declaratory relief are barred because the operative agreements were modified after execution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged Section 8 notice of indemnification failed to comply with the requirements of Section 8 of the SPA.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff improperly provided its alleged Section 8 notice of indemnification to Defendant rather than Defendant's counsel, despite Plaintiff's knowledge that Defendant was a represented party and despite the prior request of Defendant's counsel that all communications related to the subject matter of the litigation be sent to Defendant's counsel rather than Defendant.

## PRAYER FOR RELIEF

Defendant respectfully prays for relief as follows:

1. That the Court dismiss the SAC with prejudice;

2. That the Court enter a final judgment in favor of Defendant and against Plaintiff on each Count of the SAC;

3. That Plaintiff recover nothing;

4. That the Court award Defendant reasonable fees and costs incurred in defending this action, including reasonable attorneys' fees and costs; and

5. That the Court grant Defendant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial on all issues to the extent permitted by law.

Dated:  March 14, 2023                          Respectfully submitted,

<div style="margin-left:40%">

By: _/s/ Samuel C. Kaplan_
Samuel C. Kaplan (admitted *pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727

</div>

Facsimile: (202) 237-6131

Maxwell V. Pritt (admitted *pro hac vice*)
mpritt@bsfllp.com
Reed D. Forbush (admitted *pro hac vice*)
rforbush@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant Pennsylvania*
*General Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 14, 2023, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

_____*/s/ Samuel C. Kaplan*_____
Samuel C. Kaplan (admitted *pro hac vice*)