# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ----------------------------------------------------------- x | | |
| SPARTA INSURANCE COMPANY (as successor in interest to Sparta Insurance Holdings, Inc.), | : : : | |
| Plaintiff, | : | Civil Action No. 1:21-cv-11205-FDS |
| v. | : | |
| PENNSYLVANIA GENERAL INSURANCE COMPANY (now known as Pennsylvania Insurance Company), | : : | |
| Defendant. | : | |
| ----------------------------------------------------------- x | | |

**DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S
INITIAL DISCLOSURES**

Pursuant to Federal Rules of Civil Procedure 26(a), Defendant Pennsylvania General Insurance Company, n/k/a Pennsylvania Insurance Company ("PGIC") hereby serves these Initial Disclosures to Plaintiff Sparta Insurance Company ("Sparta"). In providing these initial disclosures, Defendant does not waive any objections, defenses, or applicable privileges. Defendant reserves the right to amend or supplement these initial disclosures as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Section A identifies those individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings. Section B describes the documents, data compilations, and tangible things held by Defendant that may be relevant to disputed facts alleged with particularity in the pleadings.

These disclosures do not include the names of any potential experts retained or consulted by Defendant. Defendant will produce information relating to experts as may be appropriate under Federal Rule of Civil Procedure 26(a)(2) at the times provided by that Rule or any supervening order of the Court. In addition, the disclosures do not include names of all current

or former officers, directors, or employees of Defendant, nor do they include documents produced by Defendant.

By making these disclosures, Defendant does not waive its right to object to discovery of any information described herein on the basis of attorney-client privilege, work product protection, or any other applicable privilege, law, or rule. Nor does Defendant waive its right to assert any other objection authorized by the Federal Rules of Civil Procedure or any other applicable law or rule to any other discovery requests involving or relating to the subject matter of these disclosures.

These initial disclosures are made without waiving any right to amend or supplement, present any evidence or witness at trial, object to any witness or the admissibility of any evidence, or take discovery in accordance with the Orders of this Court, the Local Rules of this Court, and the Federal Rules of Civil Procedure.

### A. Rule 26(a)(1)(A)(i) Disclosures — Individuals

Below is a list of individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings.

| Name | Organization/Title | Contact Information | Subject Matter |
|---|---|---|---|
| Jeffrey Silver | CEO and General Counsel of Pennsylvania Insurance Company | Pennsylvania Insurance Company<br>10805 Old Mill Rd.<br>Omaha, NE 68154 | Process of finalizing 2012 Stock Purchase Agreement between NAC and OBIG and subsequent business of Pennsylvania Insurance Company. |
| Steven M. Menzies | President, North American Casualty Co. ("NAC") | North American Casualty Co.<br>One Applied Parkway<br>Omaha, NE 68144 | Process of finalizing 2012 Stock Purchase Agreement between NAC and OBIG and subsequent business of Pennsylvania Insurance Company. |
| Todd C. Mills | Former Treasurer, OneBeacon Insurance Group ("OBIG"), Pennsylvania General Insurance Company ("PGIC"), and OneBeacon Insurance Company ("OBIC") (2012) | OneBeacon Insurance Group<br>605 Highway 169 North<br>Suite 800<br>Plymouth, MN 55441 | Process of finalizing 2012 Stock Purchase Agreement between NAC and OBIG and 2012 Transfer and Assumption between PGIC and OBIC and business of OBIC and its subsidiaries between 2005 and the present. |
| Timothy M. Miller | Former President and CEO, OBIG (2005-2018) | OneBeacon Insurance Group<br>605 Highway 169 North<br>Suite 800<br>Plymouth, MN 55441 | Process of finalizing 2012 Stock Purchase Agreement between NAC and OBIG, 2012 Transfer and Assumption |

| | | | |
|---|---|---|---|
| | | | between PGIC and OBIC, 2007 Stock Purchase Agreement between Sparta, PGIC, and OBIG, and 2005 Reinsurance Agreement between PGIC and American Employers Insurance Company ("AEIC") and business of OBIC and its subsidiaries between 2005 and 2018. |
| Roger M. Singer | Former Senior Vice President, General Counsel, and Secretary of OBIG (1998-2005); member, Board of Directors of OBIG (through 2006). | OneBeacon Insurance Group 605 Highway 169 North Suite 800 Plymouth, MN 55441 | Process of finalizing Reinsurance Agreement between PGIC and AEIC, and business of OBIC and its subsidiaries during tenure. |
| Thomas L. Forsyth | Former General Counsel, OBIG (2005-2007) | OneBeacon Insurance Group 605 Highway 169 North Suite 800 Plymouth, MN 55441 | Process of finalizing 2007 Stock Purchase Agreement between Sparta, PGIC, and OBIG, and 2005 Reinsurance Agreement between PGIC and AEIC, and business of OBIC and its subsidiaries between 2005 and 2007. |

-5-

| Bradford W. Rich | Former General Counsel, OBIG | OneBeacon Insurance Group 605 Highway 169 North Suite 800 Plymouth, MN 55441 | Process of finalizing 2012 Stock Purchase Agreement between NAC and OBIG, 2012 Transfer and Assumption between PGIC and OBIC, 2007 Stock Purchase Agreement between Sparta, PGIC, and OBIG, and 2005 Reinsurance Agreement between PGIC and AEIC. |
|---|---|---|---|
| Jane E. Freedman | Former Secretary and Associate General Counsel, OBIG | OneBeacon Insurance Group 605 Highway 169 North Suite 800 Plymouth, MN 55441 | Process of finalizing 2012 Stock Purchase Agreement between NAC and OBIG, 2012 Transfer and Assumption between PGIC and OBIC, 2007 Stock Purchase Agreement between Sparta, PGIC, and OBIG, and 2005 Reinsurance Agreement between PGIC and AEIC. |

**B. Rule 26(a)(1)(A)(ii) Disclosures — Documents That May Contain Discoverable Information**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and based on the limited information currently known to PGIC about Plaintiff's claims and other allegations in this action,

PGIC identifies the following categories of documents that are in PGIC's custody, or control and that PGIC at this time reasonably believes it may use to support its defenses:

1. 2012 Stock Purchase Agreement and Closing Book between NAC and OBIG;
2. 2012 Transfer & Assumption Agreement between OBIC and PGIC;
3. 2007 Stock Purchase Agreement between Sparta and PGIC;
4. 2005 Reinsurance Agreement between PGIC and AEIC;
5. State and/or federal regulatory documents related to the transactions and/or entities identified in Numbers 1-4 above; and
6. Correspondence from Sparta related to AEIC policies beginning in 2021.

### C. Rule 26(a)(1)(A)(iii) Disclosures — Computation Of Damages

Not applicable. Plaintiff seeks a declaratory judgment; Defendant contests that Plaintiff is entitled to costs or fees in pursuing this action.

Defendant reserves the right to assert any claims against Plaintiff and further reserves the right to seek costs incurred in defending this matter as permitted by law and will provide information about such costs at the appropriate time.

### D. Rule 26(a)(1)(A)(iv) Disclosures — Insurance

At this time, Defendant is not aware of any insurance agreement under which any insurance business may be liable to satisfy all or part of possible judgment in the action. Defendant will supplement this response if necessary.

Dated: October 14, 2022                                    Respectfully submitted,

*/s/ Samuel C. Kaplan*
Samuel C. Kaplan (*admitted pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727

-7-

        Maxwell V. Pritt (admitted *pro hac vice*)
        mpritt@bsfllp.com
        Erika Nyborg-Burch (admitted *pro hac vice*)
        enyborg-burch@bsfllp.com
        Mariah J. Noah (admitted *pro hac vice*)
        mnoah@bsfllp.com
        BOIES SCHILLER FLEXNER LLP
        44 Montgomery Street, 41st Floor
        San Francisco, CA 94104
        Telephone: (415) 293-6800

        John F. Dew (BBO #668467)
        jdew@cohenkinne.com
        COHEN, KINNE, VALICENTI & COOK
        28 North Street, 3rd Floor
        Pittsfield, MA 01201
        Telephone: (413) 443-9399

## CERTIFICATE OF SERVICE

I, Lorraine France-Gorn, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery Street, 41st Floor, San Francisco, CA 94104.

On October 14, 2022, I served the following document(s) described as:

**DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S INITIAL DISCLOSURES**

**BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from lfrance-gorn@bsfllp.com, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

> James R. Carroll
> Christopher G. Clark
> SKADDEN, ARPS, SLATE,
> MEAGHER & FLOM LLP
> 500 Boylston Street
> Boston, Massachusetts 02116
> (617) 573-4800
> james.carroll@skadden.com
> christopher.clark@skadden.com
>
> Counsel for Plaintiff
> SPARTA Insurance Company

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2022, at San Francisco, California.

>  */s/ Lorraine France-Gorn*
> Lorraine France-Gorn