# EXHIBIT 9

| | |
|---|---|
| **From:** | Samuel Kaplan |
| **To:** | Fisher, Catherine (BOS); Clark, Christopher G (BOS) |
| **Subject:** | RE: [Ext] Pending issues in SPARTA Ins. Co. v. Pennsylvania Ins. Co., No. 21-11205 |
| **Date:** | 9/11/2023 10:58:00 PM |
| **CC:** | Maxwell Pritt; Sean Rodriguez; Mariah Noah; Victoria Scordato; Jack F. Dew; Carroll, James R (BOS) |
| **BCC:** | |

**Message:**
Catherine,

Thanks for your email.  We had hoped to hold the meet and confer on the issues we have identified last Thursday or Friday.  We are available tomorrow although not until 5:30 et.  Let us know if that works or whether we need to find a time later in the week.  In the interim and as discussed with Chris last week, it would be good to get the 30(b)(6) depositions on the calendar.  As stated in a separate email, we are unavailable during the proposed Sept 25-27 dates for the PGIC 30(b)(6) and Silver individual depositions, but would be available the next week (October 2-6).  We have noticed October 11-13 for the SPARTA 30(b)(6) deposition.

Does SPARTA intend to provide its current positions on the open issues with SPARTA's responses (summarized in my August 23 email below and the correspondence it incorporates by reference) prior to the meet and confer?  This would expedite the process given that we have raised a number of issues, most of which date back many months.

As for issues discussed in your Friday email, please see initial responses below.  Best,

Sam


**Samuel C. Kaplan**
Partner
─────────────────────
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)   +1 202 274-1163
skaplan@bsfllp.com

**From:** Fisher, Catherine <Catherine.Fisher@skadden.com>
**Sent:** Friday, September 8, 2023 3:35 PM
**To:** Samuel Kaplan <skaplan@bsfllp.com>; Christopher Clark <Christopher.Clark@skadden.com>
**Cc:** Maxwell Pritt <mpritt@BSFLLP.com>; Sean Rodriguez <srodriguez@BSFLLP.com>; Mariah Noah <mnoah@bsfllp.com>; Victoria Scordato <vscordato@BSFLLP.com>; Jack F. Dew <jdew@cohenkinne.com>; Carroll, James R <James.Carroll@skadden.com>
**Subject:** RE: [Ext] Pending issues in SPARTA Ins. Co. v. Pennsylvania Ins. Co., No. 21-11205

Sam,

Below are the additional open issues that we wish to address during our meet and confer.  We are available to discuss the issues raised in your August 23 email, as well as the items listed below, Monday between 10am and 1pm or after 4pm, or Tuesday after 12pm.

1. **AU/PGIC Depositions:**  We intend to discuss your refusal to present Steven Menzies and Alan Quasha for their noticed depositions.  Seeing as you are seeking to depose three former senior executives of SPARTA, including two of its former CEOs, it should hardly be surprising that senior executives of PGIC and its affiliated companies likewise have relevant information that we are entitled to ask them about.  For example, Mr. Menzies, who you claim has no unique knowledge, was identified as an individual with information relevant to the case on PGIC's own initial disclosures, was a signatory of the 2012 stock purchase agreement that is the basis for many of PGIC's affirmative defenses, and appears on numerous documents in PGIC's production and on PGIC's privilege log.

    SPARTA continues to fail to provide any justification for noticing those depositions prior to conducting the Silver 30(b)(6) and individual depositions, and it makes no sense to do so.  We had agreed on this previously before the pause in proceedings and are unclear as to why SPARTA has renoticed those depositions when there is so clearly no basis for doing so.  As an initial matter, it is not accurate to say that we are, at this point, "seeking to depose" Mr. Estes, Ms. Ware, and Ms. Terrell.  Rather, we have long sought to clarify whether Skadden represents them or whether we may contact them directly or through other counsel.  Further, we have made clear our position (see No. 3 of our August 23 email) that SPARTA is obliged to consult those individuals and other reasonably available former employees in connection with its preparation for its own 30(b)(6) deposition on topics where those individuals and other reasonably available former employees have unique knowledge.  Only after SPARTA clarifies the representational issues and meets its 30(b)(6) deposition obligations will we be in a position to determine whether it will be necessary to interview and/or conduct third-party depositions of these individuals.

    Further, and whether we seek to depose them or not, these witnesses are not similarly situated to Messrs. Menzies and Quasha and do not in any way support noticing their depositions.  As discussed previously but without any response from SPARTA, Messrs Menzie and Quasha are current heads of their respective companies.  As apex depositions, it is incumbent upon SPARTA to identify unique knowledge those individuals have before noticing their deposition.  It has failed to do so, and there would be no basis for such a claim.  Rather Mr. Quasha has no knowledge of relevant topics, and neither has any knowledge that Mr. Silver lacks.  Without making a showing that they have unique knowledge there is no basis for noticing those depositions, particularly prior to conducting Mr. Silver's deposition and the PGIC 30(b)(6) deposition.

    By contrast, the three individuals are former executives who are not heads of their current companies.  Further, they demonstrably do have unique knowledge that no current SPARTA employee has.  For example, Mr. Estes was involved in the negotiation of the original 2007 SPA, something that does not appear to be true of any current SPARTA or Catalina employee.  Further, Ms. Ware and Ms. Terrell served in important capacities during the relevant period and (along with Mr. Estes) drafted and/or received important correspondence, including, e.g., SPARTA 67468.  That document shows that these individuals received notice of the sale of PGIC and 2012 Transfer and Assumption agreement almost ten years before SPARTA claimed to

have received such notice in sworn interrogatories.  SPARTA later had to correct those interrogatories when these emails came to light.

Accordingly and while we are happy to discuss the issue further, SPARTA has articulated no basis for noticing Messrs. Menzies and Quasha's depositions, particularly prior to conducting Mr. Silver's individual and 30(b)(6) depositions.

Redacted

3