UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | |
|---|---|
| SPARTA INSURANCE COMPANY (as successor in interest to Sparta Insurance Holdings, Inc.), : : : | |
| Plaintiff, : | Civil Action No. 21-11205-FDS |
| v. : | |
| PENNSYLVANIA GENERAL INSURANCE COMPANY (now known as Pennsylvania Insurance Company), : : : | **LEAVE TO FILE GRANTED ON JANUARY 24, 2024** |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF SPARTA INSURANCE COMPANY'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S OFFICER AND DIRECTOR STEVEN M. MENZIES

James R. Carroll
Christopher G. Clark
Catherine A. Fisher
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

Dated: January 24, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

I.      THIS COURT SHOULD COMPEL MENZIES TO APPEAR FOR DEPOSITION .........2

        A.      PGIC's Opposition Does Not Distinguish SPARTA's Legal
Authorities Demonstrating That Menzies Should Appear for Deposition
And PGIC Does Not Cite Any Analogous Authorities To The Contrary ................2

            1.      Menzies's Inclusion On PGIC's
Initial Disclosures Makes Him Subject To Deposition ...............................2

            2.      PGIC's Opposition Fails To Address This Court's Holding That A
Complete Prohibition On A Deposition Is Unusual And Unfavored ...........3

            3.      PGIC's Opposition Does Not Address
SPARTA's Authority Demonstrating That
This Court Routinely Orders Executive Depositions .................................3

            4.      PGIC's Opposition Does Not Cite Any Case Where A Court Prohibited
The Deposition Of An Apex Witness Who Signed A Key Contract ...........3

        B.      PGIC's Opposition Unsuccessfully Seeks To Minimize Menzies's Knowledge .....5

            1.      Menzies's Self-Serving "Know Nothing" Declaration
Does Not Justify A Complete Prohibition On His Deposition ....................5

            2.      PGIC's Opposition Confirms That Menzies Has Unique Knowledge .........5

            3.      PGIC's Opposition Fails To Explain Why Menzies Is An Apex
Deponent As An Officer Of PGIC (As Opposed To Other Companies) .....6

            4.      A Witness's Claim That He Is Busy And "Fully Booked"
Is Not Enough To Completely Prohibit A Deposition ...............................7

            5.      PGIC's 25 Attached Exhibits Are Largely Irrelevant ................................7

CONCLUSION..................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                                                         **PAGE(S)**

*Abiomed Inc. v. Maquet Cardiovascular LLC*,
　　No. 16-10914, 2019 WL 13089053 (D. Mass. Nov. 22, 2019) ............................................4

*ACI Worldwide Corp. v. KeyBank National Ass'n*,
　　No. 17-cv-10662, 2018 WL 11148534 (D. Mass. July 18, 2018) ......................................5

*Affinity Labs of Texas v. Apple, Inc.*,
　　No. C 09–4436, 2011 WL 1753982 (N.D. Cal. May 9, 2011) ......................................4, 7

*B. Fernandez & Hnos., Inc. v. International Brotherhood of Teamsters*,
　　285 F.R.D. 185 (D.P.R. 2012) ............................................................................................6

*Bogan v. City of Boston*,
　　489 F.3d 417 (1st Cir. 2007)...............................................................................................4

*Confederate Motors, Inc. v. Terny*,
　　No. 11-10213, 2012 WL 612506 (D. Mass. Feb. 24, 2012) ................................................2

*In re CP Dreamworks Pizza, LLC*,
　　No. 03-22-00693-CV, 2023 WL 403098 (Tex. App. Jan. 26, 2023) ..................................4

*Douglas v. EF Education First International, Ltd.*,
　　344 F.R.D. 135 (D. Mass. 2023) ........................................................................................6

*Fugett v. Security Transport Services, Inc.*,
　　No. 14-2291, 2015 WL 419716 (D. Kan. Feb. 2, 2015) .....................................................2

*Fusion Elite All Stars v. Varsity Brands, LLC*,
　　Nos. 20-cv-02600, 02892, 2022 WL 945605 (W.D. Tenn. Mar. 29, 2022) ........................4

*Gonzalez Berrios v. Mennonite General Hospital, Inc.*,
　　No. 18-1146, 2019 WL 4785701 (D.P.R. Sept. 30, 2019) ..................................................4

*Hayes Healthcare Services, LLC v. Meacham*,
　　No. 19-60113-CIV, 2019 WL 7708240 (S.D. Fla. July 1, 2019) .......................................4

*Koninklijke Philips Electronics N.V. v. ZOLL Medical Corp.*,
　　No. 10–11041, 2013 WL 1833010 (D. Mass. Apr. 30, 2013) ........................................3, 7

*Lynx Sys. Devs., Inc. v. Zebra Enterprise Solutions Corp.*,
　　No. 15-12297, 2018 WL 3580294 (D. Mass. July 25, 2018) ............................................. 3

*Moog, Inc. v. ClearMotion, Inc.*,
　　No. 19-CV-12066, 2022 WL 16636250 (D. Mass. June 8, 2022) ..................................... 3

---

[*] An asterisk denotes a legal authority that was cited in previous briefing by the parties.

*Northwestern University v. City of Evanston*,
    No. 00 C 7309, 2001 WL 743756 (N.D. Ill. June 29, 2001) ................................................ 2

*Oakley, Inc. v. Neff, LLC*,
    No. 15cv148, 2015 WL 4479424 (S.D. Cal. July 21, 2015) ................................................ 3

*PA Advisors, LLC v. Google, Inc.*,
    No. 2:07-CV-480, 2009 WL 10741630 (E.D. Tex. Aug. 28, 2009) .................................... 6

*Ranburn Corp. v. Argonaut Great Central Insurance Co.*,
    No. 4:16-CV-88-RL-PRC, 2018 WL 4042852 (N.D. Ind. Aug. 24, 2018) ......................... 2

*Satanic Temple, Inc. v. City of Boston*,
    No. 21-CV-10102, 2022 WL 1028925 (D. Mass. Apr. 6, 2022) ........................................ 4

*SEC v. Lemelson*,
    334 F.R.D. 359 (D. Mass. 2020) ............................................................................... 1, 3

*Shiber v. Centerview Partners LLC*,
    No. 21-cv-3649, 2023 WL 3071554 (S.D.N.Y. Apr. 25, 2023) ......................................... 4

*Solamere Capital v. DiManno*,
    621 F. Supp. 3d 152 (D. Mass. 2022) .. .............................................................................. 6

*Thomas v. International Business Machines*,
    48 F.3d 478 (10th Cir. 1995) ............................................................................................... 6

*Travelers Rental Co. v. Ford Motor Co.*,
    116 F.R.D. 140 (D. Mass. 1987) ..................................................................................... 3, 5

*Trustlabs, Inc. v. Jaiyong*,
    No. 21-cv-02606, 2023 WL 8230559 (N.D. Cal. June 26, 2023), ..................................... 2

*Viscito v. National Planning Corp.*,
    No. 20-cv-10857, 2020 WL 4274721 (D. Mass. July 24, 2020) ........................................ 4

# PRELIMINARY STATEMENT

Plaintiff SPARTA Insurance Company seeks to take a limited, four-hour deposition at a mutually agreed date, time and location of Steven Menzies, an officer and director of Defendant Pennsylvania General Insurance Company who has unique, personal, relevant knowledge. PGIC has refused and asks the Court to order an outright prohibition on that deposition -- an outcome that this Court has expressly stated is "unusual" and "unfavored." *SEC v. Lemelson*, 334 F.R.D. 359, 361 (D. Mass. 2020) (Cabell, M.J.).

PGIC's Opposition falls far short of explaining why Menzies should be treated any differently than the numerous other executives that this Court has directed to testify. *First*, PGIC's opposition cites nearly 30 legal authorities, but not a single one in support of PGIC's argument that Menzies's inclusion on PGIC's initial disclosures is not enough to warrant Menzies's deposition. In an attempt to gloss over that void, PGIC cites a handful of cases in which courts prohibited the deposition of individuals based on factors not present here. None of PGIC's cases involved an executive like Menzies who signed a key contract in the case and is concededly involved in a party's day-to-day business operations. PGIC also ignores many of the legal authorities SPARTA cited that confirm this Court's routine practice of requiring executives with relevant knowledge to appear for deposition.

*Second*, PGIC's opposition submits more than 275 pages of exhibits and a "know nothing" declaration from Menzies that simply do not move the needle. The majority of these documents are irrelevant and some even demonstrate that Menzies should be deposed. Missing from PGIC's Opposition is any actual response to the specific facts SPARTA identifies that demonstrate Menzies's first-hand and unique knowledge of PGIC's daily operations and issues relevant to the parties' claims and defenses. SPARTA respectfully requests that this Court order Menzies to appear for deposition.

I.   **THIS COURT SHOULD COMPEL MENZIES TO APPEAR FOR DEPOSITION**

   A.   **PGIC's Opposition Does Not Distinguish SPARTA's Legal Authorities Demonstrating That Menzies Should Appear for Deposition And PGIC Does Not Cite Any Analogous Authorities To The Contrary**

      1.   **Menzies's Inclusion On PGIC's Initial Disclosures Makes Him Subject To Deposition**

PGIC's Opposition does not dispute that PGIC listed Menzies on PGIC's initial disclosures as someone who PGIC may call to testify at trial and who may have discoverable information. (Opening Br. at 9.) PGIC does not state that PGIC will not call Menzies at trial.

PGIC's Opposition also does not cite a single legal authority to supports its position that a witness identified on a party's initial disclosures should be immune from deposition. That is because PGIC's position is simply unsupportable. Indeed, PGIC's Opposition barely addresses SPARTA's irrefutable legal authority holding that courts routinely compel individuals identified on initial disclosures to testify at deposition. (Opening Br. at 9-10.) PGIC cannot distinguish the outcomes in those cases, so instead PGIC simply asserts that those cases involve "executives" that "actually had unique knowledge." (Opp. at 12 & n.8.) Three of the cases did not involve executives at all, so PGIC is just wrong on those.[1] The remaining cases did not find that the individual listed on the initial disclosures had unique knowledge. PGIC's Opposition adds nothing to the analysis, and Menzies should appear at deposition just like the executives in *Trustlabs*, *Ranburn* and *Oakley*.[2]

---

1   *Fugett v. Sec. Transp. Servs., Inc.*, No. 14-2291, 2015 WL 419716, at *2 (D. Kan. Feb. 2, 2015) (witness was an attorney); *Confederate Motors, Inc. v. Terny*, No. 11–10213, 2012 WL 612506 (D. Mass. Feb. 24, 2012) (witness was an attorney); *Nw. Univ. v. City of Evanston*, No. 00 C 7309, 2001 WL 743756 (N.D. Ill. June 29, 2001) (witnesses were city employees).

2   *Trustlabs, Inc. v. Jaiyong*, 2023 WL 8230559 (N.D. Cal. June 26, 2023); *Ranburn Corp. v. Argonaut Great Cent. Ins. Co.*, 2018 WL 4042852 (N.D. Ind. Aug. 24, 2018); *Oakley, Inc. v. Neff, LLC*, 2015 WL 4479424 (S.D. Cal. July 21, 2015).

### 2. PGIC's Opposition Fails To Address This Court's Holding That A Complete Prohibition On A Deposition Is Unusual And Unfavored

PGIC's Opposition does not address this Court's repeated admonition that a deposition is rarely prohibited in its entirety. For example, in *SEC v. Lemelson*, 334 F.R.D. 359 (D. Mass. 2020) (Cabell, M.J.), this Court ordered a deposition to proceed and explained that the Court is "extremely hesitant to prohibit the taking of a discovery deposition" and that orders vacating a deposition notice are "generally regarded by the courts as both unusual and unfavored." *Id.* at 361. SPARTA cited multiple cases standing for this basic proposition that PGIC did not address, much less meaningfully distinguish. (Opening Br. at 8, 11, 12.)

### 3. PGIC's Opposition Does Not Address SPARTA's Authority Demonstrating That This Court Routinely Orders Executive Depositions

Absent from the nearly 30 cases PGIC cites in its Opposition are four cases SPARTA cited in which this Court required executives with relevant knowledge to testify: *Moog*, *Lynx*, *Philips*, and *Travelers*. (Opening Br. at 13.)[3] PGIC's silence speaks volumes.

### 4. PGIC's Opposition Does Not Cite Any Case Where A Court Prohibited The Deposition Of An Apex Witness Who Signed A Key Contract

PGIC's Opposition also fails to identify a single case where a court prohibited the deposition of an executive who signed one of the key contracts -- under the guise of the apex doctrine or for any other reason. One of the cases PGIC cites does not even apply the apex doctrine because the federal appellate court in that circuit "has explicitly rejected" it. *Fusion*

---

[3] *See Moog, Inc. v. ClearMotion, Inc.*, No. 19-CV-12066, 2022 WL 16636250 (D. Mass. June 8, 2022); *Lynx Sys. Devs., Inc. v. Zebra Enter. Sols. Corp.*, No. 15-12297, 2018 WL 3580294 (D. Mass. July 25, 2018); *Koninklijke Philips Elecs. N.V. v. ZOLL Med. Corp.*, No. 10-11041, 2013 WL 1833010 (D. Mass. Apr. 30, 2013); *Travelers Rental Co. v. Ford Motor Co.*, 116 F.R.D. 140 (D. Mass. 1987). In those cases, the party had sought a court order blocking the executive's deposition. PGIC has not done so. If PGIC believed it could satisfy the Rule 26 good cause standard to prohibit Menzies's deposition, presumably PGIC would have made such a motion.

*Elite All Stars v. Varsity Brands, LLC*, Nos. 20-cv-02600, 02892, 2022 WL 945605, at *3 & n.3 (W.D. Tenn. Mar. 29, 2022). The remaining cases in PGIC's Opposition are inapposite because they involve situations where (1) the deposing party "admitted" the deposition was a "publicity stunt,"[4] (2) the deposing party did not exhaust discovery avenues,[5] or (3) there was no suggestion that the executive had relevant or unique information.[6] PGIC's apex argument principally relies on soundbites from three cases, but actually reading those cases demonstrates their dissimilarity:

- In *Gonzalez Berrios v. Mennonite General Hospital, Inc.*, 2019 WL 4785701, at *4-5 (D.P.R. Sept. 30, 2019), the deposition of a CEO did not proceed where he was "not directly involved in [the hospital's] day-to-day operations" and had no "personal knowledge of the facts" and the deposing party did not even "allude to" any "discovery suggesting that [the CEO] indeed possesses first-hand, relevant information."

- In *Viscito v. National Planning Corp.*, 2020 WL 4274721, at *3-5 (D. Mass. July 24, 2020), the depositions of non-party executives did not proceed where the CEO had already been deposed and there was no evidence that the non-parties had unique or relevant knowledge.

- In *ACI Worldwide Corp. v. KeyBank National Ass'n*, 2018 WL 11148534, at *2 & n.3 (D. Mass. July 18, 2018), the deposition of a CEO did not proceed where she had "no first-hand knowledge" of the contracts and would <u>not</u> be called as a witness at trial.

---

[4] *Satanic Temple, Inc v. City of Boston*, No. 21-CV-10102, 2022 WL 1028925, at *4, *6 (D. Mass. Apr. 6, 2022) (deposing party "admitted" that its "intent to depose [the mayor was] solely for political and publicity-related reasons").

[5] *Bogan v. City of Boston*, 489 F.3d 417, 424 (1st Cir. 2007) (deposing party "did not pursue other sources to obtain relevant information before turning to the Mayor"); *Hayes Healthcare Servs., LLC v. Meacham*, No. 19-60113-CIV, 2019 WL 7708240, at *2 (S.D. Fla. July 1, 2019) (deposing party "implicitly acknowledge[d]" readily available discovery alternatives).

[6] *Shiber v. Centerview Partners LLC*, No. 21-cv-3649, 2023 WL 3071554, at *3 (S.D.N.Y. Apr. 25, 2023) (deposing party already deposed the people responsible for implementing plaintiff's accommodation and terminating her); *In re CP Dreamworks Pizza, LLC*, No. 03-22-00693-CV, 2023 WL 403098, at *3 (Tex. App. Jan. 26, 2023) (deposing party "attached no evidence to their motion to compel"); *Abiomed Inc. v. Maquet Cardiovascular LLC*, No. 16-10914, 2019 WL 13089053, at *2 (D. Mass. Nov. 22, 2019) (deposing party failed to show relevance of CEO's testimony because the topic was "highly technical" and required "expert testimony"); *Affinity Labs of Tex. v. Apple, Inc.*, No. C 09–4436 CW, 2011 WL 1753982, at *16 (N.D. Cal. May 9, 2011) (deposing party did "not even try to contend that [Steve] Jobs ha[d] any knowledge of" the patents at issue and had already deposed other employees about Jobs's public statements).

That is far from the circumstances here, where the record demonstrates Menzies's involvement in PGIC's day-to-day operations and his personal and unique knowledge of facts relevant to the parties' claims and defenses. (Opening Br. at 3-5, 10, 12.)

### B. PGIC's Opposition Unsuccessfully Seeks To Minimize Menzies's Knowledge

#### 1. Menzies's Self-Serving "Know Nothing" Declaration Does Not Justify A Complete Prohibition On His Deposition

PGIC submits a declaration from Menzies (probably drafted by lawyers) conclusorily stating that Menzies has "no recollection" of matters relevant to the dispute. (Menzies Decl. ¶ 6.) But that declaration is "plainly insufficient" to altogether prevent Menzies's deposition as this Court explained in *Travelers Rental Co. v. Ford Motor Co.*, 116 F.R.D. 140, 143-44 (D. Mass. 1987) (cited in Opening Br. at 13) when ordering the depositions of executives who submitted similar "remember nothing affidavits":

> Considering that [the deposing party] has demonstrated that these [executives] were personally involved in matters relevant to this case, it would be extremely rare that an asserted failure of recollection would be sufficient to entitle the deponent to an order quashing the deposition. The only possible instance I can think of would be the situation in which the failure of recollection was due to disease or an organic deficiency of some sort, neither of which is claimed in the instant case.

Menzies's declaration does not identify any such disease or organic deficiency afflicting his memory. Menzies was "personally involved in matters relevant to this case" and this Court should compel Menzies to appear for deposition. *See id.* at 143.[7]

#### 2. PGIC's Opposition Confirms That Menzies Has Unique Knowledge

PGIC's Opposition does not dispute Menzies signed the 2012 SPA, does not even

---

7   PGIC's Opposition appears to argue that the involvement of its general counsel, Jeffrey Silver, makes Menzies's knowledge "likely privileged." (Opp. at 15.) PGIC cannot possibly claim that everything is privileged because Menzies's Declaration states that he had conversations with Silver acting "in his business capacity." (Menzies Decl. ¶ 6.)

5

attempt to argue that Menzies lacks unique, personal, and relevant knowledge of PGIC's post-2012 business, nor does PGIC address the PGIC corporate representative testimony that Menzies is involved in PGIC's daily activities, including "the AM Best rating situation." (Opening Br. at 5.)[8] And according to Menzies's declaration, he is too busy to be deposed because he must review and sign insurance companies' annual statements. (Menzies Decl. ¶ 10.) As but two examples, Menzies's unique insight into AM Best's statements and PGIC's financial statements is directly relevant to two facts PGIC's Opposition lists to support PGIC's defense: (1) in an article on PGIC's rating, AM Best described the 2012 transactions as purportedly "novating PGIC's prior liabilities" and (2) PGIC's "publicly available financial statements nowhere accounted for" historical AEIC liabilities. (Opp. at 5.) These are PGIC's defenses and Menzies has knowledge.[9]

### 3. PGIC's Opposition Fails To Explain Why Menzies Is An Apex Deponent As An Officer Of PGIC (As Opposed To Other Companies)

In a sleight of hand, PGIC's Opposition argues that Menzies is an apex deponent not because of his role at PGIC -- but because he works with other companies and is the sole

---

[8] The cases PGIC's Opposition cites in which courts prevented the depositions of executives who declared that they lacked personal knowledge are inapposite. *See Thomas v. Int'l Bus., Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (executive affidavit affirming "that he lacked personal knowledge of" the deposing party); *B. Fernandez & Hnos., Inc. v. Int'l Bhd. of Teamsters*, 285 F.R.D. 185, 186 (D.P.R. 2012) (union president affidavit "attesting to his lack of knowledge"); *PA Advisors, LLC v. Google, Inc.*, No. 2:07-CV-480, 2009 WL 10741630, at *2-3 (E.D. Tex. Aug. 28, 2009) (president declared that he had "no personal knowledge" of deposing party and "no memory" of receiving email sent to "thousands" of investors).

[9] The two cases PGIC's Opposition cites to support PGIC's position that Menzies lacks knowledge of "any relevant material issue" bear no similarity to this dispute. In *Solamere Capital v. DiManno*, 621 F. Supp. 3d 152 (D. Mass. 2022) (Cabell, M.J.), this Court quashed a subpoena to a non-party in Massachusetts related to a California litigation because the discovery was "not directly relevant" to issues in dispute and there was "ample opportunity to obtain the discovery from other sources." *Id.* at 153-54 (internal quotation marks omitted). In *Douglas v. EF Education First International, Ltd.*, 344 F.R.D. 135 (D. Mass. 2023) (Cabell, M.J.), this Court denied the production of documents -- not a deposition -- from non-party banks because the documents were factually irrelevant to the disputed issue of standing. *Id.* at 140. Those are hardly analogous.

shareholder of another company (Opp. at 9.) But SPARTA seeks to depose Menzies in his capacity as an officer and director of Defendant PGIC. PGIC's Opposition cites no case in which the apex doctrine precluded the deposition of a party's corporate executive based on the executive's position in some <u>other</u> company. This Court should not do so here.

### 4. A Witness's Claim That He Is Busy And "Fully Booked" Is Not Enough To Completely Prohibit A Deposition

Menzies proclaims that he is busy and has a "fully booked" schedule. (Menzies Decl. ¶ 10.) If a busy schedule was a valid reason to altogether avoid a deposition, almost no deposition would ever occur. As one of PGIC's own cited authorities states, "the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *Affinity Labs*, 2011 WL 1753982, at *15 (cited in Opp. at 11). This is an unsurprising legal principle and is consistent with legal authority SPARTA cited in its opening brief (which PGIC ignores) confirming that an executive's "extremely busy schedule" was not "good cause" for preventing her deposition. *Philips*, 2013 WL 1833010, at *1-2 (ordering deposition). SPARTA has offered more than reasonable accommodation to take Menzies's deposition at a mutually agreed date, time and location, and to limit the deposition to four hours on the record. Menzies should testify.

### 5. PGIC's 25 Attached Exhibits Are Largely Irrelevant

PGIC's Opposition floods the Court with more than 275 pages of exhibits, the overwhelming majority of which have no bearing on whether this Court should compel Menzies to testify. Nothing makes the exhibits' irrelevance clearer than PGIC's Opposition itself. In the section of PGIC's Opposition actually focused on Menzies's deposition (as opposed to the background portion devoted to PGIC's merits argument), PGIC discusses only 6 of the 25

attached exhibits. That argument section relies almost exclusively on Menzies's declaration, citing it nearly 20 times -- more than PGIC's citations to all of PGIC's other exhibits combined.[10]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in SPARTA's opening brief, SPARTA respectfully requests that this Court grant SPARTA's motion in its entirety.

Dated: January 24, 2024  
       Boston, Massachusetts

Respectfully submitted,

/s/ Christopher G. Clark
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

---

[10] PGIC's suggestion that deposing Menzies "would impose significant delays on the litigation" and require delaying certain deadlines is now moot. (Opp. at 20.) The day after PGIC filed its Opposition, Judge Saylor extended all case deadlines by 28 days. (ECF No. 121.)