# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

        Plaintiff, : Civil Action
                                   No. 21-11205-FDS
  v. :

PENNSYLVANIA GENERAL INSURANCE :
COMPANY (now known as Pennsylvania
Insurance Company), :

        Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER GRANTING PLAINTIFF
SPARTA INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Upon Plaintiff SPARTA Insurance Company's ("SPARTA") Motion For Summary Judgment, and all other papers and proceedings herein, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. SPARTA's Motion for Summary Judgment as to the first count of its Second Amended Complaint (ECF No. 90) (the "Complaint") is GRANTED. The Court declares that pursuant to the Stock Purchase Agreement by and among defendant Pennsylvania General Insurance Company ("PGIC"), SPARTA, and OneBeacon Insurance Company dated March 12, 2007 (the "2007 SPA"), PGIC is required to indemnify and hold SPARTA harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees, and out-of-pocket expenses, actually expended or incurred by SPARTA or American Employers Insurance Company ("AEIC") (collectively, "Losses"), arising out of or

resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by PGIC to SPARTA) or nonfulfillment of any covenant or agreement on the part of PGIC under the 2007 SPA; (ii) the failure by PGIC to perform any of its obligations under the Transfer and Assumption Agreement by and between PGIC and AEIC dated June 15, 2005 (the "2005 T&A"); (iii) any loss arising out of or resulting from the existence of AEIC prior to the August 7, 2007 closing or the conduct of the Business (as that term is defined in the 2007 SPA) or other operations by or of AEIC prior to the August 7, 2007 closing; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing. PGIC is further required to pay all of SPARTA's costs, expenses, and reasonable attorneys' fees incurred in obtaining PGIC's compliance with its obligations under the 2007 SPA and 2005 T&A.

2. SPARTA's Motion for Summary Judgment as to the second count of SPARTA's Complaint is GRANTED. The Court declares that pursuant to the 2005 T&A, PGIC is responsible for all of AEIC's liabilities and contractual commitments of every nature and description, whether absolute, accrued, contingent or otherwise, or whether due at the time of the 2005 T&A or in the future, including, without limitation, any and all subsequent actions, proceedings or liabilities arising from any of the liabilities or assets of AEIC. PGIC is required, at its sole expense, to perform any and all administrative functions for the pre-June 30, 2005 AEIC business, including claims handling.

3. SPARTA's Motion for Summary Judgment as to the third count of SPARTA's Complaint is GRANTED.

(a) The 2007 SPA is a valid and binding contract enforceable against PGIC. PGIC breached the 2007 SPA by failing to indemnify SPARTA for the properly noticed $75,735,002.60 in Losses that SPARTA actually expended or incurred as a result of claims made against AEIC policies issued before August 7, 2007.

(b) PGIC's breach of the 2007 SPA caused SPARTA $75,735,002.60 in damages as of November 30, 2024.

4. SPARTA's Motion for Summary Judgment as to the fourth count of SPARTA's Complaint is GRANTED.

(a) The 2005 T&A is a valid and binding contract enforceable against PGIC. PGIC breached the 2005 T&A because PGIC failed to assume the liabilities for claims made against pre-June 30, 2005 AEIC business and failed to perform any and all administrative functions for the pre-June 30, 2005 AEIC business, including claims handling.

(b) PGIC's breach of the 2005 T&A caused SPARTA $75,735,002.60 in damages.

IT IS FURTHER HEREBY ORDERED THAT:

5. SPARTA is awarded damages that SPARTA sustained as a result of PGIC's breaches of the 2005 T&A and the 2007 SPA in the amount of $75,735,002.60 as of November 30, 2024;

6. SPARTA is awarded pre-judgment interest through January 6, 2025, as set forth in Exhibit 136 to the Declaration Of Christopher G. Clark In Support Of Plaintiff SPARTA Insurance Company's Motion For Summary Judgment, filed January 6, 2025;

7. SPARTA is awarded post-judgment interest at the rate of twelve percent per annum in accordance with the information set forth in Exhibit 136 to the Declaration Of Christopher G. Clark In Support Of Plaintiff SPARTA Insurance Company's Motion For Summary Judgment, filed January 6, 2025, from the date of entry of judgment until judgment is satisfied;

8. SPARTA is awarded its costs, expenses, and reasonable attorneys' fees incurred in obtaining PGIC's compliance with its obligations under the 2007 SPA and 2005 T&A in an amount to be determined; and

9. The Court shall grant other and further relief as the Court believes just and proper.

SO ORDERED:

Dated: _____   _____
F. Dennis Saylor, IV
Chief Judge, United States District Court