*Exhibit 1*

*2005 Transfer and Assumption
Agreement Between PGIC and AEIC*

This INSTRUMENT OF TRANSFER AND ASSUMPTION (this "Instrument"), made this 15th day of June, 2005, is by and between Pennsylvania General Insurance Company, a stock insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania ("Pennsylvania General"), and American Employers' Insurance Company, a stock insurance company duly organized and existing under the laws of the Commonwealth of Massachusetts ("American", and, together with Pennsylvania General, the "Parties" and each, individually, a "Party").

WITNESSETH:

WHEREAS, Pennsylvania General is the record holder of 100% of the issued and outstanding stock of American;

WHEREAS, Pennsylvania General has decided to offer for sale (the "Sale") 100% of the issued and outstanding shares of American to an unrelated party; and

WHEREAS, to facilitate the Sale, it is deemed desirable to transfer any and all of American's liabilities to, and have them assumed by, Pennsylvania General (the "Transfer and Assumption").

NOW, THEREFORE, in consideration of the premises and of the mutual agreements and covenants hereinafter set forth, the Parties hereby agree as follows:

1. This Instrument shall become binding and non-cancelable upon the approval hereof by the Massachusetts Division of Insurance and the Pennsylvania Insurance Department; provided, that the Transfer and Assumption shall be effective June 30, 2005 at 11:59:59 P.M. Boston, Massachusetts Time (such date and time, the "Effective Date and Time").

2. By this Instrument, the liabilities and assets of American shall be transferred to Pennsylvania General and Pennsylvania General shall thereby succeed to the liabilities and assets of American.

3. Immediately as of the Effective Date and Time, all the rights, franchises, and interests of American in and to every species of property (whether real, personal, or mixed) and choses in action thereunto belonging, shall be deemed as transferred to and vested in Pennsylvania General and simultaneously therewith Pennsylvania General shall be deemed to have assumed any and all of the liabilities and assets of American; provided, that not less than eleven million dollars ($11,000,000.00) in assets, which shall include or consist of any and all statutory deposits ("Policyholders' Surplus"), shall remain in American, together with the



SPARTA-00000001

corporate charter, minute books and the licenses of, and regulatory records and filings concerning, American (together with the Policyholders' Surplus, the "<u>Retained Assets</u>").

4. With the exception of the Retained Assets, the assets of American as of the Effective Date and Time shall include any and all of American's assets of every nature and description of whatever kind and wheresoever situated including, without limitation, the following:

    a. any and all business, including, without limitation, any and all underwriting contracts, including direct insurance policies and endorsements in respect thereto, reinsurance contracts, facultative contracts, retrocession agreements and any and all other underwriting contracts of every kind and description;

    b. any and all cash, securities, choses in action and other property of every nature and description, including real property, leaseholds and other interests therein;

    c. any and all securities or other property on deposit with supervisory insurance officials, other insurance officials and any and all other governmental officials;

    d. any and all monies owing by others to American, including agents, brokers and other underwriting representatives and reinsurers;

    e. any and all loans; and

    f. any and all rights, title and interest in any and all contracts, leases and agreements, including employment obligations or contracts and agency contracts, whether or not in writing.

5. With the exception of the Retained Assets, the liabilities of American as of the Effective Date and Time shall include any and all of American's liabilities or contractual commitments of every nature and description, whether absolute, accrued, contingent or otherwise or whether due now or in the future, including, without limitation, the following:

    a. any and all unpaid losses and loss adjustment expenses and any and all liabilities existing or arising in the future under Section 4.a. or 4.b.;

SPARTA-00000002

b. any and all unpaid expenses, including contingent commissions, underwriting and investment expenses, taxes, (including, without limitation, United States Federal and State and foreign taxes, license fees and other fees and any and all other similar obligations);

c. any and all unearned premiums;

d. any and all monies withheld or retained for the account of others and any and all monies owing by American to others, including agents, brokers and other underwriting representatives and reinsurers;

e. any and all monies or other obligations due under reinsurance contracts;

f. any and all liabilities under leaseholds and other contracts covering real estate or interests therein;

g. any and all liabilities under any and all contracts, leases and agreements, including employment obligations or contracts and agency contracts, whether or not in writing; and

h. any and all subsequent actions, proceedings or liabilities arising from any of the foregoing liabilities or the assets of American.

6. Pennsylvania General shall assume as 100% reinsurance, as opposed to a complete Transfer and Assumption, the following insurance business which is in force as of the Effective Date and Time: (a) the historical bond insurance business of American (the "Retained Bonding Business") and (b) the historical insurance business of American in those states in which such business has unearned premium or unpaid loss and in which Pennsylvania General does not have an insurance license (the "Retained Non-Bonding Business", and together with the Retained Bonding Business, the "Retained Business"); provided, that such reinsurance for the Retained Non-Bonding Business shall continue only until such time as Pennsylvania General receives the insurance license(s), if necessary, to permit a complete Transfer and Assumption of the Retained Non-Bonding Business into Pennsylvania General or one of its affiliates or there ceases to be unearned premium or unpaid loss on such business. Pennsylvania General shall, at its sole expense, perform any and all administrative functions for such Retained Business, including without limitation claims handling, underwriting and regulatory functions, and shall

SPARTA-00000003

reimburse American for any and all out of pocket expenses related thereto. Pennsylvania General shall 100% reinsure American with respect to, and American shall cede to Pennsylvania General, all premiums, losses and expenses relating to such Retained Business as of the Effective Date and Time and as renewed by American thereafter pending regulatory approvals. Pennsylvania General shall diligently seek to obtain regulatory approval to undertake a complete Transfer and Assumption of the Retained Non-Bonding Business within one year following the Effective Date and Time. Pennsylvania General shall provide all accounting data related to the Retained Business within twenty (20) business days of the end of each quarter as may be necessary for American to account in its Statutory Statements for the Retained Business so reinsured. The Retained Business shall include only the Retained Business in force as of the Effective Date and Time. In the event of the insolvency of American, the reinsurance provided by Pennsylvania General with respect to the Retained Business pursuant to this Section 6 shall be payable directly to American or to American's liquidator, receiver, conservator, or statutory successor on the basis of the liability of American without diminution because of the insolvency of American or because the liquidator, receiver, conservator or statutory successor of American has failed to pay all or a portion of any applicable claim.

      7. American shall provide notice, substantially in the form of <u>Exhibit A</u>, attached hereto and made part hereof, to all policyholders of in-force premium other than Retained Business policyholders.

      8. No actions or proceedings pending on the Effective Date and Time, or any subsequent actions or proceedings arising from the liabilities and assets of American prior to the Effective Date and Time, to which American may be a party shall be abated or discontinued by reason of the Transfer and Assumption, but the same may be prosecuted to final judgment in the same manner as if the Transfer and Assumption had not taken place, or Pennsylvania General may be substituted in place of American by order of the court in which the action or proceeding may be pending. Including as provided in Section 6, all liabilities of every nature and description of American at the time of the Transfer and Assumption shall attach to and be assumed by Pennsylvania General and may be enforced against Pennsylvania General to the same extent as if such liabilities had been originally incurred or contracted by Pennsylvania General.

      9. Pennsylvania General agrees that the failure of American to exercise any right hereunder shall not be deemed a waiver of any right inferred hereunder.

      10. The Parties hereto covenant and agree to take such additional steps, to perform such additional acts, and to furnish such additional documents and other agreements and instruments, as may at any time be necessary or appropriate to carry out the transactions

SPARTA-00000004

contemplated by this Instrument. To this end, American does hereby irrevocably authorize and empower all of its duly authorized officers, or any one of them, to take such additional steps, to perform such additional acts and to execute such additional documents and other agreements and instruments on behalf of American in furtherance hereof, and such acts when taken, such acts when performed and such documents and other agreements and instruments when executed shall have full effect and be as if taken, performed or executed by American under its corporate seal.

11. The terms and conditions contained in this Instrument shall inure to the benefit of, and be binding upon, the Parties and their respective successors and permitted assigns.

12. This Instrument constitutes the entire agreement between the Parties relating to the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, whether oral or written, of the Parties, and there are no general or specific warranties, representations or other agreements by or between the Parties in connection with the entering into of this Agreement or the subject matter hereof except as specifically set forth herein.

13. This Instrument may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. Each counterpart may be delivered by facsimile transmission, which transmission shall be deemed delivery of an originally executed document.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK, SIGNATURE PAGE FOLLOWS]

SPARTA-00000005

IN WITNESS WHEREOF, Pennsylvania General and American have caused this Instrument to be duly executed as of the date first written above.

| PENNSYLVANIA GENERAL INSURANCE COMPANY | AMERICAN EMPLOYERS' INSURANCE COMPANY |
|---|---|
| By: *[signature]* <br> Name: Roger M. Singer <br> Title: Senior Vice President | By: *[signature]* <br> Name: Roger M. Singer <br> Title: Senior Vice President |
| [SEAL] | [SEAL] |

SPARTA-00000006

## Exhibit A to Instrument of Transfer and Assumption

NOTICE AND CERTIFICATION OF ASSUMPTION
BY
PENNSYLVANIA GENERAL INSURANCE COMPANY

Pursuant to the terms of an Instrument of Transfer and Assumption, all liabilities and obligations of American Employers' Insurance Company, a stock insurance company duly organized and existing under the laws of the Commonwealth of Massachusetts ("American") under all policies of insurance and any amendment or modifications thereto (each a "Policy", and collectively, the "Policies") heretofore written by American will be assumed by Pennsylvania General Insurance Company, a stock insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania and the parent company of American ("Pennsylvania General").

This change is effective as of [Date].

All terms and conditions of your policy with us, referenced in the attached policy declarations page, remain unchanged, except that Pennsylvania General shall be substituted as your insurer. All payments, notices, claims and suits or actions on your Policy shall hereafter be made to Pennsylvania General as though it were your original insurer.

UNLESS YOU OBJECT IN WRITING WITHIN THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU WILL BE PRESUMED TO HAVE CONSENTED TO A CHANGE IN YOUR INSURER UNDER THE POLICY REFERENCED IN THE ATTACHED POLICY DECLARATIONS PAGE BY THE SUBSTITUTION OF PENNSYLVANIA GENERAL FOR AMERICAN. OBJECTIONS MUST BE MAILED TO:

> American Employers' Insurance Company
> One Beacon Street
> Boston, Massachusetts 02108-3100
> Attn.: **[Name]**
> Telephone: [          ]
> Telecopier: [          ]

IN WITNESS WHEREOF, American has caused its corporate seal to be affixed hereto and this Notice and Certification of Assumption to be executed by its duly authorized officers.

AMERICAN EMPLOYERS' INSURANCE COMPANY

By:_____
    [     ], Senior Vice President
By:_____          [SEAL]
    [     ], Secretary

SPARTA-00000007