*Exhibit 6*

*August 9, 2007 Letter Agreement
to the 2007 Stock Purchase Agreement*




August 9, 2007

Mr. Frederick J. Turcotte
Director of Tax and Treasurer
OneBeacon Insurance Company
One Beacon Lane
Canton, MA 02021-1030

Dear Fred:

      We refer to the Stock Purchase Agreement dated as of March 12, 2007, as amended (the "Agreement"), among Pennsylvania General Insurance Company (the "Seller"), OneBeacon Insurance Company and SPARTA Insurance Holdings, Inc. (the "Purchaser"). Defined terms used herein shall have the meanings provided in the Agreement.

      The Purchaser has advised the Seller that the status of the Licenses of American Employers Insurance Company (the "Company") in North Carolina and Texas, respectively, is such that one or both of those licenses may be considered a Rescinded Insurance License so as to require an adjustment of the Purchase Price under Section 1.3(b)(i) of the Agreement. Purchaser has further advised Seller that it is prepared to pay at the Closing the full Purchase Price, without such an adjustment, provided that Purchaser shall not thereby be deemed to have waived its right to claim, on or before the Adjustment Date, that either such License is now or shall have become a Rescinded Insurance License for which a Purchase Price adjustment should be made as of the Adjustment Date.

      Seller has agreed that no such waiver shall be deemed to have occurred as a result of Purchaser's payment of the Purchase Price; provided, however, that Seller retains the right to contest whether or not either such License is now or shall have become a Restricted Insurance License.

      The parties also have agreed that prior to the Adjustment Date, they will confer and cooperate in good faith to cause the respective Insurance Departments of Texas and North Carolina to eliminate any restriction or impairment of the Licenses that may cause either or both of them to be Rescinded Insurance Licenses and that the

Specialty Program
And Risk Transfer
Alternatives        CityPlace II, 185 Asylum Street, Hartford, CT 06103   T 860.275.6500   F 860.275.6501   info@spartainsurance.com

CONFIDENTIAL                                                                                      Intact-SPARTA-PIC-00952

Mr. Frederick J. Turcotte
August 9, 2007
Page 2

expense reimbursement provisions of Section 1.3(c) of the Agreement shall apply to such efforts.

Seller and Purchaser also agree that to the extent the Company should, after the Closing, receive funds representing guaranty funds receivable or on deposit at the time of the Closing, as reflected in the financial statements of the Company as of July 31, 2007 delivered to Purchaser by Seller, or receive tax credits with respect to such amounts, Purchaser shall pay, or cause Company to pay, such amounts to Seller within 10 days of receipt thereof. Purchaser further agrees to permit Seller to review Company's premium tax returns in the states of Kansas, Louisiana, Missouri and Texas for the purpose of confirming that Company and Purchaser have complied with this obligation to pay Seller.

Please confirm the terms of our agreement as stated above by signing this letter agreement in the space provided below.

Sincerely yours,

SPARTA INSURANCE HOLDINGS, INC.

By: _____

Acknowledged and Agreed:

Pennsylvania General Insurance Company

By: _____
Date: 8/9/07

OneBeacon Insurance Company

By: _____
Date: 8/9/07

CONFIDENTIAL                                                                                       Intact-SPARTA-PIC-00953