*Exhibit 11*

*2011 Letter Of Intent And NDA*



**North American Casualty Co.**
P.O. BOX 3646
OMAHA, NE 68103-0646

*Writer's Direct Line 402-342-4900 ext. 4141; Facsimile 402-393-8558*

October 4, 2011

**Via E-Mail**

David B. Dembo
Director, Business Development
OneBeacon Insurance Company
601 Carlson Parkway
Suite 600
Minnetonka, Minnesota 55305

RE: Acquisition of Pennsylvania General Insurance Company

Dear Mr. Dembo:

I am pleased to submit this letter of intent ("LOI") to OneBeacon Insurance Company ("OneBeacon") for North American Casualty Co. or its assignee ("North American") to purchase all of the issued and outstanding stock of Pennsylvania General Insurance Company ("PGIC"), a Pennsylvania domiciled property and casualty insurance corporation.

This letter sets forth the principal terms and conditions pursuant to which North American proposes to acquire PGIC. This letter is an expression of interest only; no party or any affiliate of a party is or is intended to be bound in any manner by reason of this letter, unless and until a definitive agreement (the "Purchase Agreement") is executed in form and substance satisfactory to all parties thereto. This letter provides a general framework for the proposed transaction; it does not constitute, nor should it be construed as, an offer or a proposal subject to acceptance or an agreement, expressed or implied, to bargain in good faith or to enter into any agreement.

OneBeacon and North American understand that the following constitute some of the principal terms and conditions which may become part of the Purchase Agreement, subject to satisfactory due diligence on the part of North American:

1. The purchase price will be One Hundred Thousand Dollars ($100,000.00) for each state in which PGIC holds a current and valid Certificate of Authority plus an additional amount equal to the market value of assets (capital and surplus) valued as of the date of closing of a transaction in accordance with generally accepted accounting principles, but not to exceed Ten Million Dollars ($10,000,000.00).

2. PGIC will distribute by way of dividend or otherwise any capital and surplus in excess of Ten Million Dollars ($10,000,000.00) prior to the closing of a transaction subject to the receipt of all required regulatory approvals.

CONFIDENTIAL

Intact-SPARTA-PIC-0003605

3. The Purchase Agreement shall contain customary indemnification provisions, including the survival thereof, with respect to the indemnification of North American by OneBeacon for undisclosed liabilities of PGIC incurred prior to the closing of the transaction.

4. Closing will take place as soon as practicable following the receipt of all required regulatory approvals and satisfaction of other customary closing conditions, including the absence of any material adverse change (as that term will be defined in the Purchase Agreement) in the assets, liabilities, business, prospects or results of operations of PGIC, but in any event not later than December 31, 2011.

During the 30 day period following the execution of this letter, North American and OneBeacon intend to negotiate the terms of the Purchase Agreement. The Purchase Agreement would be in a form customary for transactions of this type and would include, in addition to those matters specifically set forth in this letter, customary representations and warranties, covenants and conditions to the parties' obligations including but not limited to representations and warranties regarding: (i) the accuracy and completeness of the unaudited statutory financial statements of PGIC; (ii) the absence of any undisclosed liabilities; (iii) the absence of any material adverse change in the condition (financial or otherwise), results of operations, business, properties or prospects of PGIC; (iv) compliance with the law; and (v) the existence of certificates of authority in all states in which PGIC is authorized to do business or is doing business.

The parties will bear their own legal and other expenses to the transaction, whether or not a Purchase Agreement is ultimately executed, including but not limited to fees of attorneys and financial advisors, and any brokers or finders which may have been retained in connection with this transaction.

All non-public information, including this letter of intent, will be held in confidence pursuant to a Confidentiality Agreement dated as of the date hereof between OneBeacon and North American. OneBeacon shall make available during normal business hours for due diligence and inspection by North American and its advisors the books, records, and contracts of PGIC as reasonably requested by North American.

In consideration of the substantial expenditure of time, effort and expense being undertaken by the parties in connection with this transaction, the parties agree that, for a period beginning with the date hereof through October 31, 2011, OneBeacon and its representatives will not enter into any agreement, discussion, or negotiation, or provide information to, or solicit, encourage, entertain or consider any inquiries or proposal from any other person with respect to PGIC on a standalone basis.

This letter will be governed by and construed in accordance with New York law, without reference to its choice of law provisions.

CONFIDENTIAL

Intact-SPARTA-PIC-0003606

David B. Dembo
October 4, 2011
Page 3

All notices and other communications hereunder shall be in writing and shall be furnished by hand delivery or registered or certified mail to the parties at the addresses set forth below. Any such notice shall be duly given upon the date it is delivered to the addresses shown below, addressed as follows:

| *If to OneBeacon:* | *If to North American:* |
|---|---|
| Paul H. McDonough | Jeffrey A. Silver |
| OneBeacon Insurance Company | North American Casualty Co. |
| 600 Carlson Parkway | 10805 Old Mill Road |
| Minnetonka, MN 55305 | Omaha, NE 68154 |

If any of the terms of this letter with respect to exclusivity, confidentiality, fees and expenses, governing law, and this paragraph, which are intended to be binding and enforceable, is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the terms, provisions, covenants and restrictions contained in this letter shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

This letter may be signed in counterparts, including via facsimile or electronic transmission, each of which shall be deemed to be an original, and all of which taken together shall constitute one and the same agreement, it being agreed that the parties need not sign the same counterpart.

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Intact-SPARTA-PIC-0003607

Very truly yours,

NORTH AMERICAN CASUALTY CO.
("North American")

BY _____
JEFFREY A. SILVER, Executive Vice President
and General Counsel

Accepted by:

OneBeacon Insurance Company

_____

Printed Name: Paul H. McDonough

Title: Senior Vice President and Chief Financial Officer

Date: October 12, 2011



October 4, 2011

North American Casualty Co.
10805 Old Mill Road
Omaha, NE 68154
Attn: Jeffrey A. Silver, Executive Vice President and General Counsel

Ladies and Gentlemen:

    In connection with your consideration of a possible acquisition of Pennsylvania General Insurance Company ("PGIC"), OneBeacon Insurance Group LLC (collectively with its affiliates, the "Company"), is prepared to make available to you certain information concerning the business, financial condition, operations, prospects, assets, liabilities and other confidential and proprietary information of the PGIC. In consideration for and as a condition to such information being furnished to you, you agree to treat any information concerning PGIC (whether prepared by PGIC, the Company, its advisors or otherwise and irrespective of the form of communication) which has been or will be furnished to you by or on behalf of PGIC pursuant hereto (collectively referred to as the "Confidential Information") in accordance with the provisions of this letter agreement (this "Agreement"), and to take or abstain from taking certain other actions hereinafter set forth.

    The term "Confidential Information" shall be deemed to include all notes, analyses, compilations, studies, interpretations or other documents or materials prepared by you or your Representatives (as defined below) which contain, reflect or are based upon, in whole or in part, such information furnished to you or your Representatives pursuant hereto. The term "Confidential Information" does not include information which you can demonstrate (i) is or becomes generally available to the public other than as a result of a disclosure by you or your Representatives in breach hereof, (ii) was within your or your Representatives' possession prior to its being furnished to you by or on behalf of the PGIC pursuant hereto, provided that the source of such information was not known by you, after reasonable investigation, to be bound by a contractual, legal or fiduciary obligation of confidentiality to the Company or any other party with respect to such information, (iii) becomes available to you or your Representatives on a non-confidential basis from a source other than the Company or any of its Representatives, provided that such source is not known by you, after reasonable investigation, to be bound by a contractual, legal or fiduciary obligation of confidentiality to the Company or any other party with respect to such information, or (iv) has been or is subsequently independently conceived or developed by you or your Representatives without use of or reference to the Confidential Information. For purposes hereof, "Representatives" shall mean a party's affiliates, directors, officers, employees, agents and advisors, and only upon prior written approval of the Company, any of your financing sources in connection with the possible transaction involving PGIC. The term "person" as used in this Agreement shall be broadly interpreted to include the media and any corporation, partnership, group, individual or other entity.

    You hereby agree that you and your Representatives shall use the Confidential Information solely for the purpose of evaluating a possible transaction between the Company and you and for no other purpose, that the Confidential Information will be kept confidential by you and your Representatives and that you and your Representatives will not disclose any of the Confidential Information to any third parties other than to the Company and its Representatives; provided that (i) you may make any disclosure of such information to which the Company gives its prior written consent and (ii) any of such information may be disclosed to your Representatives who have a need to know in respect of such information for the sole purpose of evaluating a possible transaction with the Company and who are provided with a copy of

ONEBEACON INSURANCE GROUP LLC  601 CARLSON PARKWAY, MINNETONKA, MN 55305
WWW.ONEBEACON.COM

this Agreement and agree in writing to be bound by the terms hereof applicable to a Representative of yours to the same extent as if they were parties hereto. In any event, you shall be responsible for any breach of this Agreement by any of your Representatives and you agree, at your sole expense, to take all reasonable measures (including but not limited to court proceedings) to restrain your Representatives from prohibited or unauthorized disclosure or use of the Confidential Information.

In addition, you agree that, without the prior written consent of the Company, you and your Representatives will not disclose to any other person the fact that you are considering a possible transaction with the Company, that this Agreement exists, that the Confidential Information has been made available to you, that discussions or negotiations are taking place concerning a possible transaction involving PGIC or any of the terms, conditions or other facts with respect thereto (including the status thereof), except in accordance with the procedures set forth in the immediately succeeding paragraph. Without limiting the generality of the foregoing, you further agree that you will not, directly or indirectly, share the Confidential Information with or enter into any agreement, arrangement or understanding, or any discussions which might lead to such agreement, arrangement or understanding, with any other person (other than your Representatives as permitted above), including other potential bidders and equity financing sources, regarding a possible transaction involving PGIC without the prior written consent of the Company and only upon such person executing a confidentiality agreement in favor of the Company with terms and conditions consistent with this Agreement. Furthermore, you shall not enter into any agreement, arrangement or understanding, or any discussions which might lead to such agreement, arrangement or understanding, with any debt financing source which may reasonably be expected to limit, restrict, restrain or otherwise impair in any manner, directly or indirectly, the ability of such debt financing source to provide financing or other assistance to any other party considering a potential transaction with the Company.

You further agree that, unless otherwise instructed by the Company, all communications regarding the proposed transaction, requests for additional information, requests for facility tours or management meetings, and discussions or questions regarding procedures, will be submitted or directed only to David Dembo, Director of Business Development, and not to the Company nor any other Representative of the Company.

In the event that you or any of your Representatives are requested or required (by deposition, interrogatories, requests for information or documents in legal or administrative proceedings, subpoena, civil investigative demand or other similar process) to disclose any of the Confidential Information (including any matters referred to in the immediately preceding paragraph), you shall provide the Company with prompt written notice to the extent not legally prohibited of any such request or requirement so that the Company may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Company, you or any of your Representatives are nonetheless, upon advice of your counsel, legally compelled to disclose Confidential Information or else stand liable for contempt or suffer other censure or penalty, you or your Representatives may, without liability hereunder, disclose only that portion of the Confidential Information which such counsel advises you is legally required to be disclosed, provided that you exercise your best efforts at the Company's expense to preserve the confidentiality of the Confidential Information, including, without limitation, by cooperating with the Company to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information.

If you decide that you do not wish to proceed with the possible transaction with the Company, you will promptly inform the Company of that decision. In that case, or at any time upon the request of the Company for any reason or for no reason, you will promptly destroy all Confidential Information (and all copies thereof) furnished to you or your Representatives by or on behalf of PGIC pursuant hereto and

CONFIDENTIAL

any materials prepared by you or your Representatives containing, based upon or reflecting Confidential Information, and you shall certify in writing that such destruction has occurred, provided that you and your Representatives may retain Confidential Information for your files if and to the extent and only for the period required to comply with legal and/or regulatory requirements. Notwithstanding the destruction or retention of the Confidential Information, you and your Representatives will continue to be bound by your obligations of confidentiality and other obligations hereunder.

You understand and acknowledge that neither the Company nor any of its Representatives make any representation or warranty, express or implied, as to the accuracy or completeness of the Confidential Information. You agree that neither the Company nor any of its Representatives shall have any liability to you or to any of your Representatives relating to or resulting from the use of the Confidential Information. Only those representations or warranties which are made in a final definitive agreement regarding the transactions contemplated hereby, when, as and if executed, and subject to such limitations and restrictions as may be specified therein, will have any legal effect. Furthermore, nothing contained in this Agreement nor the furnishing of Confidential Information shall be construed as granting or conferring any rights by license or otherwise in any intellectual property of the Company, except for a limited right of use as specifically set forth herein. All right, title and interest in the Confidential Information shall remain with the Company.

In consideration of and as a condition to the Confidential Information being furnished to you, you hereby agree that, for a period of two years from the date hereof, neither you nor any of your affiliates or Representatives will, directly or indirectly, solicit, interfere with or endeavor to entice away, offer to employ or employ any of the current officers or employees of the Company so long as they are employed by the Company or for twelve (12) months thereafter without obtaining the prior written consent of the Company.

In consideration of and as a condition to the Confidential Information being furnished to you, you hereby agree that, for a period of two years from the date hereof, neither you nor any of your Representatives on your behalf shall divert or attempt to divert any business or customer of the Company; provided, this shall not limit any contacts made by you or your Representative in respect of such applicable persons in your ordinary course of business consistent with past practice.

You acknowledge and agree that you are aware (and that your Representatives are aware or, upon providing any Confidential Information to such Representatives, will be advised by you) that Confidential Information being furnished to you contains material, non-public information regarding the Company and that the United States securities laws prohibit any persons who have such material, non-public information from purchasing or selling securities of the Company on the basis of such information or from communicating such information to any person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities on the basis of such information.

You agree that unless and until a final definitive agreement regarding a transaction between the Company and you has been executed and delivered, neither the Company nor you will be under any legal obligation of any kind whatsoever with respect to such a transaction by virtue of this Agreement except for the rights and obligations specifically agreed to herein. You further acknowledge and agree that the Company and its Representatives shall be free to conduct the process regarding a possible transaction as the Company, in its sole discretion, shall determine including, without limitation, (i) negotiating with any other party and entering into a definitive transaction agreement with any other party without prior notice to you or any other person, (ii) changing any procedures relating to the process at any time without prior notice to you or any other person, and (iii) rejecting any and all proposals made by you or any of your Representatives with regard to a transaction between the Company and you, and terminating discussions and negotiations with you at any time.

CONFIDENTIAL Intact-SPARTA-PIC-0003611

The Company reserves the right to assign all of its rights, powers and privileges under this Agreement (including, without limitation, the right to enforce all of the terms of this Agreement) to any person who enters into the transactions contemplated by this Agreement.

It is understood and agreed that no failure or delay by the Company in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

It is further understood and agreed that any breach of this Agreement by you or any of your Representatives would result in irreparable harm to the Company, that money damages would not be a sufficient remedy for any such breach of this Agreement and that the Company shall be entitled to equitable relief, including injunction and specific performance, as a remedy for any such breach and that neither you nor your Representatives shall oppose the granting of such relief. You further agree to waive, and to use your best efforts to cause your Representatives to waive, any requirement for the securing or posting of any bond in connection with any such remedy. Such remedies shall not be deemed to be the exclusive remedies for a breach by you of this Agreement but shall be in addition to all other remedies available at law or equity to the Company. In the event of a breach of any obligations under this Agreement by you or your Representatives, you shall, immediately following the discovery of such breach, give notice to the Company of the nature of such breach and, upon consultation with the Company, take all necessary steps to limit the extent of such breach. You hereby agree to indemnify, defend and hold harmless the Company, its shareholders and its Representatives (the "Indemnified Parties") from and against any damages, losses, costs, liabilities and expenses (including without limitation, attorney's fees and costs of enforcing this indemnity) incurred by the Indemnified Parties arising out of or resulting from a breach of this Agreement by you or your Representatives.

This Agreement shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Massachusetts. You hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the courts of the Commonwealth of Massachusetts and of the United States District Courts located in the Commonwealth of Massachusetts for any lawsuits, actions or other proceedings arising out of or relating to this Agreement and agree not to commence any such lawsuit, action or other proceeding except in such courts. You further agree that service of any process, summons, notice or document by mail to your address set forth above shall be effective service of process for any lawsuit, action or other proceeding brought against you in any such court. You hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, action or other proceeding arising out of or relating to this Agreement in the courts of the Commonwealth of Massachusetts or the United States District Courts located in the Commonwealth of Massachusetts, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such lawsuit, action or other proceeding brought in any such court has been brought in an inconvenient forum. Any right to trial by jury with respect to any lawsuit, claim or other proceeding arising out of or relating to this Agreement is expressly and irrevocably waived.

This Agreement constitutes the entire agreement between the parties hereto regarding the subject matter hereof, supersedes all negotiations and agreements, oral or written, made prior to the execution hereof, and may not be amended or terminated except pursuant to a written agreement and duly executed by the parties hereto. No waiver of any provision of this Agreement shall be effective unless in writing and any such waiver shall affect only the matter specifically identified therein and shall not extend to any other matter. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect. This Agreement may be executed in counterparts, each such counterpart shall be deemed an original and all such counterparts shall together constitute one instrument. This Agreement shall expire

CONFIDENTIAL Intact-SPARTA-PIC-0003612

two years from the date first written above except with respect to the obligation to preserve Confidential Information to comply with legal and/or regulatory requirements, in which instance this Agreement shall terminate upon the destruction of such Confidential Information.

[The rest of this page has been intentionally left blank.]

CONFIDENTIAL

Intact-SPARTA-PIC-0003613

Please confirm your agreement with the foregoing by signing and returning one copy of this letter to the undersigned, whereupon this Agreement shall become a binding agreement between you and the Company.

Very truly yours,

OneBeacon Insurance Group LLC
By: *David B. Dembo* (signature)
Name: David B. Dembo
Title: Director of Business Development

Accepted and agreed as of
the date first written above:

North American Casualty Co.

By: (signature)
Name: Jeffrey Silver
Title: Vice President and Secretary

6

CONFIDENTIAL

Intact-SPARTA-PIC-0003614