*Exhibit 13*

*April 9, 2012 Email Chain
Regarding PGIC's Liabilities*

**Produced in Native Format**


BEDIVERE_002408
SPARTA Summary Judgment -- Clark Declaration Ex. 13 Page 1

-----Original Message-----
From: Andrews, Ann Marie
Sent: Monday, April 09, 2012 5:14 PM
To: Dembo, David B.; Mills, Todd
Cc: Roche, William J.
Subject: RE: Consents of Directors: PGIC & OBIG LLC

Here's an attempt to try to address the question below - a Transfer & Assumption does not represent a legal extinguishment of PGIC's obligation.

For Statutory purposes, balances are presented on the face of the financial statements net of the effects of reinsurance, so there is no issue with effecting a T&A from a page 2, 3 or 4 perspective (balance sheet and income statement). For OBIC, there is also no issue from a Schedule P perspective as "Direct & Assumed" are presented in the same column. The question/issue that could be raised is from a Schedule F perspective. OneBeacon has historically not presented the effects of a T&A in Schedule F to show "assumed" business. OneBeacon has not been challenged on this in the past in its financial examinations –perhaps due to the fact as the lead company of the Pool, OBIC would assume and bear its proportionate share whether was the direct writer or not.

The question remains whether we should request novation accounting from the PA DOI. (That is the path that was followed for the PGIC/ACIC T&A prior to starting to write the Hagerty business.) It would seem like that would be the best approach for both OBIC and the buyer. Not sure if there was already a conclusion as to whether or not we are going to request a permitted practice from the PA DOI to follow novation accounting.

For GAAP purposes, because a T&A does not represent a legal extinguishment of PGIC's obligations, there should be a gross up of the amounts being reinsured in PGIC's financial statements. That gross up does not affect OBIC as it already reports the business. A buyer would/could require information necessary to meet its reporting deliverables. (That was the fact set with the sale of PICIL to SUA.) A buyer could also require assets to be maintained in trust to support the directly written obligations. (That was the fact set with the legacy companies sold to Esurance upon the sale of Esurance to Allstate. Esurance had done some research a couple of years ago and had concluded in hindsight they should have been grossing up their GAAP financial statements.)

Hope that helps. Please let me know if you would like to discuss further.

Thanks,
Ann Marie

**Ann Marie (Sweeney) Andrews**
**OneBeacon Insurance Group**
t (781) 332-7247  f (866) 748-3949

**From:** Dembo, David B.
**Sent:** Monday, April 09, 2012 1:44 PM
**To:** Mills, Todd; Andrews, Ann Marie
**Subject:** RE: Consents of Directors: PGIC & OBIG LLC

Joan told me that the attorneys that were used to confirm that a T&A does not require parent/sub relationship, had erred apparently on another matter and ultimately OB legal was concerned there may be an 'unwritten' PA DOI rule to disallow the novation accounting even if a T&A were considered acceptable between non parent/sub. The agreement does not require a T&A, just that there be zero net insurance policy liabilities on the books. I guess the question still remains for Ann Marie, if ultimately PA DOI doens't allow novation accounting for an OBIG LLC/PGIC 'T&A', is that a 'deal breaker' requiring us to do an OBIC/PGIC transaction? I thought not, because we wouldn't know for sure unless we get the question answered in advance of signing an SPA. So I edited Joan's draft to proceed with the transfer of liablilities to OBIC but have OBIG LLC be the seller of PGIC.

**From:** Mills, Todd
**Sent:** Monday, April 09, 2012 1:27 PM
**To:** McCarthy, Virginia A.; Freedman, Jane E.; Geddes, Joan K.
**Cc:** Dembo, David B.
**Subject:** RE: Consents of Directors: PGIC & OBIG LLC

The PGIC SPA does not reflect the step needing to happen.

-----Original Message-----
**From:** McCarthy, Virginia A.
**Sent:** Monday, April 09, 2012 1:26 PM
**To:** Mills, Todd; Freedman, Jane E.; Geddes, Joan K.
**Cc:** Dembo, David B.
**Subject:** RE: Consents of Directors: PGIC & OBIG LLC

Todd – we have been given inconsistent opinions from the PA DOI and hope to clarify with them later today. If we don't need the 2nd consent, I will tear it up and advise the Board of Managers accordingly.

**Virginia A. McCarthy** Associate General Counsel & Secretary
**OneBeacon Insurance Group**
150 Royall Street | Canton, MA 02021
tel: 781.332.7191 | fax: 866.267.2240 | onebeacon.com

**From:** Mills, Todd
**Sent:** Monday, April 09, 2012 12:52 PM
**To:** McCarthy, Virginia A.; Freedman, Jane E.; Geddes, Joan K.
**Cc:** Dembo, David B.
**Subject:** RE: Consents of Directors: PGIC & OBIG LLC

Why are we doing the second step here? The latest is that we do not need to contribute PGIC to OBIC

-----Original Message-----
**From:** McCarthy, Virginia A.
**Sent:** Monday, April 09, 2012 12:31 PM
**To:** Duffy, Sean W.; Freedman, Jane E.; Geddes, Joan K.; Hendershott, Dana P.; Kiel, Josette D.; McDonough, Paul H.; Miller, Michael; Poole, Brian D.; Rich, Bradford W; Schmitt, Thomas N.
**Cc:** Bostaph, Theresa M.; Frost, Marilyn A.; Groh, Marcy K.; Noe, Barbara A.; Trout, Alison D.; Wing, Linda; Mills,
**Subject:** Consents of Directors: PGIC & OBIG LLC

In anticipation of the sale of PGIC, I am attaching the following unanimous consents of the Directors of Pennsylvania General Insurance Company and the Managers of OneBeacon Insurance Group LLC:

Consent declaring a dividend in the amount of $34 million payable by PGIC to OneBeacon Insurance Group LLC and consisting of all of the shares of Essentia Insurance Company.
Consent to a capital contribution by OneBeacon Insurance Group LLC to OBIC of all of the capital stock of PGIC. (This one only needs to be signed by Mike, Dana, Paul & Brian.)

I would appreciate it if each of you would sign these consents as soon as possible on the signature lines above your name and send me (i) a faxed copy by inter-office mail so I can move forward with the requisite extraordinary dividend filing with the PA Dept of Insurance; and (ii) the original directly to me by inter-office or U.S. mail. If anyone has any questions, please let me know.

Thank you.

Ginny

Virginia A. McCarthy  Associate General Counsel & Secretary
OneBeacon Insurance Group
150 Royall Street | Canton, MA 02021
tel: 781.332.7191 | fax: 866.267.2240 | onebeacon.com