*Exhibit 18*

*SPARTA's 2007 Name Change Application*

# EDWARDS ANGELL PALMER & DODGE LLP

90 State House Square  Hartford, CT 06103  860.525.5065  *fax* 860.527.4198  eapdlaw.com

John N. Emmanuel
(860) 541-7222
jemmanuel@eapdlaw.com

October 25, 2007

**VIA FEDEX**

Ms. Pamela Stefani
State of California
Department of Insurance
Legal, Division
45 Fremont Street, 24st Floor
San Francisco, California 94105

     RE:    **SPARTA Insurance Company (f/k/a American Employers' Insurance Company)
                 Name Change Application**

Dear Ms. Stefani:

In response to your correspondence dated October 17, 2007 and on behalf SPARTA Insurance Company (f/k/a American Employers' Insurance Company) (the "Company"), a Massachusetts domiciled insurance company and a licensed insurer in the State of California, we hereby provide the Application for Amended Certificate of Authority.  Also enclosed are two checks in the amount of $117.00 and $61.00 in payment of the required fees.

The Company's mailing and street addresses are as follows:

| Administrative Office and Location of Books and Records: | Home Office in State of Domicile: |
| --- | --- |
| CityPlace II, 185 Asylum Avenue Hartford, Connecticut 06103 | 155 Federal Street, Suite 700 Boston, MA 02110 |

These addresses are different from the addresses listed in the annual statement due to the acquisition of American Employers' Insurance Company by SPARTA Insurance Holdings, Inc. effective August 9, 2007.

The Company's NAIC Company number is 20613 and the Tax ID is 04-1027270.  The Company is no longer part of a group and as such no group code number is provided herein.  The Company's state of domicile is Massachusetts.

HFD 183076.1

CONFIDENTIAL
SPARTA-00080354

# EDWARDS ANGELL PALMER & DODGE LLP

The 700(c) application was forwarded to the California Insurance Department on October 8, 2007 and will be supplemented with additional information on October 26, 2007.

This firm acts as counsel to SPARTA Insurance Company. All correspondence concerning the enclosed application should be directed to the undersigned. If you should have any questions please do not hesitate to contact me at the above referenced telephone number.

Sincerely,

John N. Emmanuel

Enclosures

cc:     Carol Frair, California Insurance Department
        Beth N. Terrell, Esq.

HFD 183076.1

REPRODUCTIONS OF ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**EDWARDS ANGELL PALMER & DODGE** LLP

90 State House Square  Hartford, CT 06103

Bank of America.  52-153/112

No. **912517**

|  | CHECK DATE | CHECK NO. |
|---|---|---|
|  | October 23, 2007 | 912517 |

CHECK AMOUNT

\*\*\*ONE HUNDRED SEVENTEEN AND 00/100 DOLLARS\*\*\*

$\*\*\*117.00

PAY TO
ORDER
OF

California  Dept. of Insurance

Hartford Main Account
Two Signatures Required For Amounts Exceeding $2000.00
VOID 90 DAYS OR OLDER

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

⑆912517⑈ ⑆011201539⑆ 000080243298⑈

---

**EDWARDS ANGELL PALMER & DODGE** LLP  Hartford Main Account

**912517**
912517

10645  California  Dept. of Insurance

| Invoice No. | Invoice Date | Description | Invoice | Discount | Payment |
|---|---|---|---|---|---|
| 302668.0001C | 10/23/2007 | for application fee paid to California Department of Insurance/ T. Feliciano | $117.00 | $0.00 | $117.00 |

**912517**

REORDER FROM YOUR LOCAL SAFEGUARD DISTRIBUTOR, CALL: (401) 738-0806

SAFEGUARD LITHO USA  SFB.1601  OKR6991116

I/07  LOASFD16221M

CONFIDENTIAL

SPARTA-00080356

EDWARDS ANGELL PALMER & DODGE LLP
90 State House Square   Hartford, CT 06103

Bank of America. 52-153/112

No. 912518

|  | CHECK DATE | CHECK NO. |
|---|---|---|
|  | October 23, 2007 | 912518 |

CHECK AMOUNT

$***61.00

***SIXTY-ONE AND 00/100 DOLLARS***

California  Dept. of Insurance

Hartford Main Account
Two Signatures Required For Amounts Exceeding $2000.00
VOID IF 180 DAYS OR OLDER

PAY TO
ORDER
OF

⑈912518⑈  ⑆011201539⑆000080243298⑈

EDWARDS ANGELL PALMER & DODGE LLP   Hartford Main Account

10645      California  Dept. of Insurance

912518
912518

| Invoice No. | Invoice Date | Description | Invoice | Discount | Payment |
|---|---|---|---|---|---|
| 302668.0001D | 10/23/2007 | for filing articles of Inc. fee paid to California Department of Insurance/ T. Feliciano | $61.00 | $0.00 | $61.00 |

912518

SAFEGUARD      REORDER FROM YOUR LOCAL SAFEGUARD DISTRIBUTOR, CALL: (401) 739-9999      1/07  L935F016221M

SPARTA INSURANCE COMPANY

(F/K/A AMERICAN EMPLOYERS' INSURANCE COMPANY)

<u>CALIFORNIA NAME CHANGE APPLICATION</u>

1.   Application for Amended Certificate of Authority

2.   Certification from the California Secretary of State reflecting new name

3.   California Insurance Department name change approval

4.   Articles of Incorporation

5.   By-Laws

6.   Affidavit of Lost Certificate of Authority

7.   Board Resolution

8.   Massachusetts Certificate of Compliance

HFD 183151.1

CONFIDENTIAL

Tab 1

CONFIDENTIAL

# APPLICATION FOR CERTIFICATE OF AUTHORITY

## AMENDED

### *To The Insurance Commissioner of the State of California*:

The undersigned Insurer hereby surrenders its current Certificate of Authority for endorsement that it has been superseded by Amended Certificate of Authority, and for return so endorsed upon issuance of it of an Amended Certificate of Authority, and hereby applies to amend its current Certificate of Authority to effect the change hereinafter indicated and explained below, to wit:

*(Check item or items describing amendment desired)*

| | | |
|---|---|---|
| [ ] | 1. | Add thereto the classes of insurance hereinafter named; |
| [ ] | 2. | Delete therefrom the classes of insurance hereinafter named; |
| [X] | 3. | Name change from current name on California Certificate of Authority to new approved name; |
| [ ] | 4. | Other--as hereinafter explained. |

Name change from American Employers' Insurance Company to SPARTA Insurance Company.

*(if to add or delete classes of insurance, designate classes by name as defined in the sections of the Insurance Code printed on the back hereof)*

and certifies that it does not transact in any jurisdiction, if not an alien Insurer, or in the United States if an alien insurer, any class of insurance other than the class or classes which were reported in its Annual Statement last filed with said Insurance Commissioner and those for which application is made herein, except as follows:
None.

*(Name classes of insurance as defined in the sections of the Insurance Code printed on the back hereof--if none, write "none")*

and further certifies that it has corporate powers to transact all the classes of insurance which it will be authorized to transact should the Amended Certificate of Authority hereby applied for be issued; that it has complied and will comply with all of the present and future laws of such State regarding the governmental control of it by said State, is not in arrears to said State or to any county or city therein for fees, licenses, taxes, assessments, fines or penalties accrued on business transacted in said State, and has fully complied with all the requirements and done all the matters and things necessary to entitle it to receive such Amended Certificate of Authority.

Dated October 23, 2007

American Employers' Insurance Company

*(Give full and exact name of insurer)*

[Seal]

By ~~Brian P. Mulroy~~

Title Executive Vice President

State of Connecticut

County of Hartford  } ss.

Brian P. Mulroy ,*being duly sworn, deposes and says;*

That he is the Executive Vice President of the Insurer making the foregoing application for Amended Certificate of Authority and that all the statements contained in said application are true.

Subscribed and sworn to before me this 23 day

*(Signature of Insurer's Officer who signed foregoing application)*

of October , 20 07

Debra F. Tomasino
Notary Public

FEE: $117.00

**DEBRA F. TOMASINO**
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES**
**JANUARY 31, 2009**

CB-8 Rev 11/02

CONFIDENTIAL

Tab 2

CONFIDENTIAL

# State of California
## Secretary of State

## NAME CHANGE
## CERTIFICATE OF QUALIFICATION

### C0114789

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify that on the **23rd day of October, 2007**, there was filed in this office an Amended Statement and Designation by Foreign Corporation whereby the corporate name of **AMERICAN EMPLOYERS' INSURANCE COMPANY**, a corporation organized and existing under the laws of **Massachusetts**, was changed to **SPARTA INSURANCE COMPANY**. This corporation complied with the requirements of California law in effect on that date for the purpose of qualifying to transact intrastate business in the State of California and as of said date has been and is qualified and authorized to transact intrastate business in the State of California, subject however, to any licensing requirements otherwise imposed by the laws of this State.

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of October 24, 2007.



**DEBRA BOWEN**
Secretary of State

sms

NP-25 (REV 1/2007)

OSP 06 99731

CONFIDENTIAL

SPARTA-00080362



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _3_ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

OCT 2 4 2007

_Jessa Bowen_

DEBRA BOWEN
Secretary of State

Sec/State Form CE-107 (REV 1/2007)          OSP 06 89734

CONFIDENTIAL                                                    SPARTA-00080363

A0668136

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

OCT 2 3 2007

# AMENDED STATEMENT BY
# FOREIGN CORPORATION

SPARTA Insurance Company
_____
(Name of Corporation)

_____, a corporation organized

and existing under the laws of _____Massachusetts_____, and which is presently
(State or Place of Incorporation)

qualified for the transaction of intrastate business in the State of California, makes the

following statement:

That the name of the corporation has been changed to that hereinabove set forth and

that the name relinquished at the time of such change was _____

American Employers' Insurance Company _____

The corporation is subject to the Insurance Code as an insurer. _____.



SPARTA Insurance Company
_____
(Name of Corporation)

_____
(Signature of Corporate Officer)

Kevin G. Costello President
_____
(Typed Name and Title of Officer Signing)


*Secretary of State Form*
*ASDC (REV 03/2005)*



**William Francis Galvin**
Secretary of the
Commonwealth

*The Commonwealth of Massachusetts*
*Secretary of the Commonwealth*
*State House, Boston, Massachusetts 02133*

October 15, 2007

TO WHOM IT MAY CONCERN:

I hereby certify that

**AMERICAN EMPLOYERS' INSURANCE COMPANY**

appears by the records of this office to have been incorporated under the General Laws of this Commonwealth on **February 10, 1923.**

I also certify that by Articles of Amendment filed here **August 31, 2007,** the name of said corporation was changed to

**SPARTA INSURANCE COMPANY**

I also certify that so far as appears of record here, said corporation still has legal existence.



In testimony of which,

I have hereunto affixed the

Great Seal of the Commonwealth

on the date first above written.

*William Francis Galvin*

Secretary of the Commonwealth

Processed By TAA

CONFIDENTIAL

SPARTA-00080365

# STATE OF CALIFORNIA
# DEPARTMENT OF INSURANCE

## San Francisco

I, STEVE POIZNER, Insurance Commissioner of the State of California, do hereby certify that on the date specified herein, the name **SPARTA Insurance Company**, a Massachusetts corporation, has been approved and the name reserved in California as a name change for American Employers' Insurance Company for a period of 90 days from the date herein.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year specified below.

STEVE POIZNER
Insurance Commissioner

By 
Pamela D. Stefani
Senior Legal Analyst
On Behalf of
Jim Richardson
Chief Deputy Commissioner
October 17, 2007

A foreign or alien corporation must attach this Certificate to its statement and designation to obtain a Certificate of Qualification from the California Secretary of State.

Note: This certificate does not authorize the subject entity to transact business in California unless and until a Certificate of Authority or license has been issued.

CONFIDENTIAL

Tab 3

CONFIDENTIAL

# STATE OF CALIFORNIA
# DEPARTMENT OF INSURANCE

## San Francisco

I, STEVE POIZNER, Insurance Commissioner of the State of California, do hereby certify that on the date specified herein, the name **SPARTA Insurance Company**, a Massachusetts corporation, has been approved and the name reserved in California as a name change for American Employers' Insurance Company for a period of 90 days from the date herein.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year specified below.

STEVE POIZNER
Insurance Commissioner

By *Pamela D. Stefani*
Pamela D. Stefani
Senior Legal Analyst
On Behalf of
Jim Richardson
Chief Deputy Commissioner
October 17, 2007

A foreign or alien corporation must attach this Certificate to its statement and designation to obtain a Certificate of Qualification from the California Secretary of State.

Note:    This certificate does not authorize the subject entity to transact business in California unless and until a Certificate of Authority or license has been issued.

CONFIDENTIAL

tab 4

CONFIDENTIAL

FEDERAL IDENTIFICATION
NO. 04-1027270

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## ARTICLES OF AMENDMENT
### (General Laws, Chapter 156B, Section 72)

We, Christopher J. Nenninger , Executive Vice President,

and James A. FitzPatrick, Jr. , Secretary

of American Employers' Insurance Company

*(Exact name of corporation)*

located at One Beacon Lane, Canton, Massachusetts 02021

*(Street address of corporation in Massachusetts)*

certify that these Articles of Amendment affecting articles numbered:

Article 1 (Name)

*(Number those articles 1, 2, 3, 4, 5 and/or 6 being amended)*

of the Articles of Organization were duly adopted at a meeting held on August 9 , 20 07 , by vote of:

45,000 shares of Common Stock of 45,000 shares outstanding,

*(type, class & series, if any)*

_____ shares of _____ of _____ shares outstanding, and

*(type, class & series, if any)*

_____ shares of _____ of _____ shares outstanding,

*(type, class & series, if any)*

1**being at least a majority of each type, class or series outstanding and entitled to vote thereon:/ or 1**being at least two-thirds of each type, class or series outstanding and entitled to vote thereon and of each type, class or series of stock whose rights are adversely affected thereby:

1. The name by which the corporation shall be known is: SPARTA Insurance Company

*Delete the inapplicable words.     **Delete the inapplicable clause.
1 For amendments adopted pursuant to Chapter 156B, Section 70.
2 For amendments adopted pursuant to Chapter 156B, Section 71.
Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on one side only of separate 8 1/2 x 11 sheets of paper with a left margin of at least 1 inch. Additions to more than one article may be made on a single sheet so long as each article requiring each addition is clearly indicated.*

P.C.

2/10/1923



Examiner

Name
Approved

Approved
Date: August 30, 2007
Nonnie S. Burnes, Commissioner of Insurance

C. ☐
P ☐
M ☐
R.A. ☐

CONFIDENTIAL                                                    SPARTA-00080370

To *change* the number of shares and the par value (if any) of any type, class or series of stock which the corporation is authorized to issue, fill in the following:

The total *presently* authorized is:

| WITHOUT PAR VALUE STOCKS | | WITH PAR VALUE STOCKS | | |
|---|---|---|---|---|
| TYPE | NUMBER OF SHARES | TYPE | NUMBER OF SHARES | PAR VALUE |
| Common: | | Common: | | |
| | | | | |
| Preferred: | | Preferred: | | |
| | | | | |

*Change* the total authorized to:

| WITHOUT PAR VALUE STOCKS | | WITH PAR VALUE STOCKS | | |
|---|---|---|---|---|
| TYPE | NUMBER OF SHARES | TYPE | NUMBER OF SHARES | PAR VALUE |
| Common: | | Common: | | |
| | | | | |
| Preferred: | | Preferred: | | |
| | | | | |

CONFIDENTIAL

The foregoing amendment(s) will become effective when these Articles of Amendment are filed in accordance with General Laws, Chapter 156B, Section 6 unless these articles specify, in accordance with the vote adopting the amendment, a *later* effective date not more than *thirty days* after such filing, in which event the amendment will become effective on such later date.

Later effective date: _____ .

SIGNED UNDER THE PENALTIES OF PERJURY, this 30 day of August , 20 07 .

_____ , Executive Vice President,

_____ , Secretary.

*Delete the inapplicable words.

CONFIDENTIAL

SPARTA-00080372

The foregoing amendment(s) will become effective when these Articles of Amendment are filed in accordance with General Laws, Chapter 156B, Section 6 unless these articles specify, in accordance with the vote adopting the amendment, a *later* effective date not more than *thirty days* after such filing, in which event the amendment will become effective on such later date.

Later effective date: _____

SIGNED UNDER THE PENALTIES OF PERJURY, this __30__ day of __August_____, 20 _07_ .

_____ , Executive Vice President,

_____ , Secretary.

*Delete the inapplicable words.

FORM CD-74-10M-10-79-168328



# The Commonwealth of Massachusetts

### MICHAEL JOSEPH CONNOLLY
Secretary of State
ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION
NO. 04-1027270

## RESTATED ARTICLES OF ORGANIZATION

**General Laws, Chapter 156B, Section 74**
**and Chapter 1.5, Section 50B**

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of stockholders adopting the restated articles of organization. The fee for filing this certificate is prescribed by General Laws, Chapter 156B, Section 114. Make check payable to the Commonwealth of Massachusetts.

We,         Robert C. Gowdy     , President/~~Vice President~~ and
            Dennis R. Smith, Secretary    ~~Clerk/Assistant Clerk~~ of
and a Majority of the Directors of

### AMERICAN EMPLOYERS' INSURANCE COMPANY
*(Name of Corporation)*

located at   **One Beacon Street, Boston, Massachusetts 02108**

do hereby certify that the following restatement of the articles of organization of the corporation was duly adopted at a meeting held on   **February 11**   , 19 **93**  , by vote of  **all**

**30,000**     shares of     **Common**     out of     **30,000**     shares outstanding,
               *(Class of Stock)*

          shares of              out of           shares outstanding, and
               *(Class of Stock)*

          shares of              out of           shares outstanding,
               *(Class of Stock)*

being at least two-thirds of each class of stock outstanding and entitled to vote and of each class or series of stock adversely affected thereby. -

1.   The name by which the corporation shall be known is: -

   **AMERICAN EMPLOYERS' INSURANCE COMPANY**

2.   The purposes for which the corporation is formed are as follows: -

   **See continuation sheet 2A attached.**

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring such addition is clearly indicated.

*(left margin, vertical text)*
Date June 24, 1993
Counties of Number of Signature
Approved
C P M RA □ □ □ □

CONFIDENTIAL                           SPARTA-00080374

AMERICAN EMPLOYERS' INSURANCE COMPANY

Continuation Sheet 2A

The Corporation is constituted for the purposes of transacting on the stock plan, when qualified and licensed by law to do so, the business of making contracts of insurance and indemnity and reinsuring and accepting reinsurance of any portion thereof and transacting the business of insurance and indemnity for the kinds of insurance and indemnity now or hereafter described in or permitted by Sections 47, 54B, 54C, 54D, 54E and 54F of Chapter 175 of the General Laws of the Commonwealth of Massachusetts, and any acts in amendment thereof or in addition thereto, and any and all other business of insurance permitted now or hereafter to be transacted by insurance corporations organized or authorized to transact any of the kinds of insurance now or hereafter described in or permitted by said Sections 47, 54B, 54C, 54D, 54E and 54F and, including any form of insurance which may be permitted by paragraph (g) of Section 51 of said Chapter 175, and any acts in amendment thereof or in addition thereto under the laws of the Commonwealth of Massachusetts.

The board of directors may permit the issuance of participating policies, and may permit the policyholders of the Corporation from time to time to participate in the profits of its operations through the payment of dividends. The board of directors shall have the power to make reasonable classification or classifications of policies and to take such other action, in accordance with law, as may be necessary or desirable to carry into effect any participation by policyholders in the profits of the operations of the Corporation. No policyholder shall have any right to participate in the profits of the operations of the Corporation unless and until the directors of the Corporation, in the exercise of their discretion, affirmatively authorize such participation, and then only to the extent so authorized.

The Corporation may be a limited partner in any business enterprise which the Corporation would have the power to conduct by itself under Sections 47 and 47A of Chapter 175 of the General Laws or Amendments thereof.

CONFIDENTIAL                                                    SPARTA-00080375

3. The total number of shares and the par value, if any, of each class of stock which the corporation is authorized to issue is as follows:

| CLASS OF STOCK | WITHOUT PAR VALUE | WITH PAR VALUE | |
| | NUMBER OF SHARES | NUMBER OF SHARES | PAR VALUE |
| --- | --- | --- | --- |
| Preferred | None | None | |
| Common | None | 60,000 | $100.00 |

4. If more than one class is authorized, a description of each of the different classes of stock with, if any, the preferences, voting powers, qualifications, special or relative rights or privileges as to each class thereof and any series now established:

None

5. The restrictions, if any, imposed by the articles of organization upon the transfer of shares of stock of any class are as follows:

None

6. Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders:

None

*If there are no such provisions, state "None".

CONFIDENTIAL

*We further certify that the foregoing restated articles of organization effect no amendments to the articles of organization of the corporation as heretofore amended, except amendments to the following articles ...........................
2 (Purposes) and 3 (Authorized Number of shares)

(*If there are no such amendments, state "None".)

Briefly describe amendments in space below:

Article 2: Purposes restated in conformity with current provisions of Massachusetts General Laws, Chapter 175.

Article 3: Authorized number of shares of common stock increased from 30,000 to 60,000 shares, par value $100.00 per share.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names this

16th day of February in the year 1933

Majority of the Directors:

_R C Howdy_ _President and Director_

_DBMR Strom_ SECRETARY

_Meredith J. Clan_        _Charles R. Kirkpatrick_        _Robert C. Roddy, Jr_        _Roger M. Singer_

CONFIDENTIAL
SPARTA-00080377

FEDERAL IDENTIFICATION
NO. 04-1027270

A TRUE COPY ATTEST

*William Francis Galvin*

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH

DATE 9/6/11 CLERK ___

051

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## CERTIFICATE OF CHANGE OF PRINCIPAL OFFICE
### (General Laws, Chapter 156B, Section 14)

I, ___James A. FitzPatrick, Jr._____, Secretary,

of ___SPARTA Insurance Company_____
*(Exact name of corporation)*

having a principal office at ___One Beacon Lane, Canton, Massachusetts 02021_____
*(Street address of corporation in Massachusetts)*

certify that pursuant to General Laws, Chapter 156B, Section 14, the directors of said corporation have changed the location
of the principal office of the corporation to:

___155 Federal Street, Suite 700, Boston, Massachusetts 02110_____
*(New street address of corporation in Massachusetts including number, street, city or town and zip code.)*

Approved
Date: August 30, 2007

*Nonnie S. Burnes*
Nonnie S. Burnes
Commissioner of Insurance

SIGNED UNDER THE PENALTIES OF PERJURY, this ___30___ day of ___August_____, 20 ___07___.

_____, Secretary.

*Delete the inapplicable words.*

2/6/1922

156000000 4/5/00

CONFIDENTIAL

SPARTA-00080378

Tab 5

CONFIDENTIAL

SECRETARY'S CERTIFICATE

SPARTA Insurance Company

The undersigned hereby certifies that he/she is the duly elected Secretary of SPARTA INSURANCE COMPANY (formerly known as American Employers' Insurance Company), a company duly incorporated and existing under the laws of the State of Massachusetts, and that the attached is a true and correct copy of the Amended and Restated By-Laws of the Company effective August 31, 2007, which By-Laws have not been modified or rescinded and remain in full force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned has hereunto signed his name and affixed the seal of the Company on this _5th_ day of _September_, 2007.

_____
James A. FitzPatrick, Jr., Secretary

[SEAL]

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK)

On this _5th_ day of _September_, 2007, before me personally came James A. FitzPatrick Jr., to me known to the individual described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

_____
Notary Public

ELIZABETH M. CURLEY
NOTARY PUBLIC, State of New York
No. 01CU4644175
Qualified in New York County
Commission Expires December 31 20 09

CONFIDENTIAL

BY-LAWS

of

SPARTA Insurance Company

ARTICLE I

Offices; Purposes

Section 1.01   Purposes; Powers.   The name and purposes of the corporation shall be as set forth in the Articles of Organization and these by-laws; the powers of the corporation, its directors and stockholders, and all matters concerning the conduct and regulation of the business of the corporation, shall be subject to such provisions in regard thereto, if any, as are set forth in the Articles of Organization; and the Articles of Organization are hereby made a part of these by-laws. All references in these by-laws to the Articles of Organization shall be construed to mean the Agreement of Association and Articles of Organization of the corporation as from time to time amended.

ARTICLE II

Stockholders

Section 2.01   Annual Meeting.   The annual meeting of stockholders shall be held at 10:00 a.m. on the fourth Thursday in March in each year (or if that be a legal holiday in the place where the meeting is to be held, on the next succeeding full business day) at the principal office of the corporation, unless a different hour, date or place is fixed by the board of directors or the president. If no annual meeting has been held on the date referred to above, a special meeting in lieu thereof may be held with all the force and effect of an annual meeting.

Section 2.02   Special Meetings.   Special meeting of stockholders may be called by the president or by the board of directors. Special meetings shall be called by the secretary, or in the case of the death, absence, incapacity, or refusal of the secretary, by any other officer, upon written application of one or more stockholders who hold at least one-tenth part in interest of the capital stock entitled to vote at such meeting.

Section 2.03   Notice of Meetings.   A written notice of the place, date and hour of all meetings of stockholders stating the purposes of the meeting shall be given by the secretary, an assistant secretary, the president or the board of directors (or other person authorized by these by-laws or by law) at least seven days before the meeting to each stockholder entitled to vote thereat and to each stockholder who, under the Articles of Organization or under these by-laws, is entitled to such notice, by leaving such notice with him or her or at his or her residence or usual place of business, or by mailing it, postage prepaid, and addressed to such stockholder at his or her address as it appears in the records of the corporation. Notice need not be given to a stockholder if a written waiver of notice, executed before or after the meeting by such stockholder or his or her attorney thereunto authorized, is filed with the records of the meeting.

NY1 1115856v3

CONFIDENTIAL

Section 2.04   Quorum.  The holders of a majority in interest of all stock issued, outstanding and entitled to vote at a meeting shall constitute a quorum.

Section 2.05   Adjournments.  Any meeting of the stockholders may be adjourned to any other time and to any other place at which a meeting of stockholders may be held under these by-laws by the stockholders present or represented at the meeting, although less than a quorum, or by any officer entitled to preside or to act as clerk of such meeting if no stockholder is present.  It shall not be necessary to notify any stockholder of any adjournment.  Any business which could have been transacted at any meeting of the stockholders as originally called may be transacted at any adjournment thereof.

Section 2.06   Voting and Proxies.  Stockholders shall have one vote for each share of stock entitled to vote held by them of record according to the records of the corporation and a proportionate vote for any fractional share so held by them. Stockholders may vote either in person or by written proxy dated not more than six months before the meeting named therein.  Proxies shall be filed with the clerk of the meeting, or of any adjournment thereof, before being voted.  Except as otherwise limited therein, proxies shall entitle the persons authorized thereby to vote at any adjournment of such meeting but shall not be valid after final adjournment of such meeting.  A proxy with respect to stock held in the name of two or more persons shall be valid if executed by one of them unless at or prior to exercise of the proxy the corporation receives a specific written notice to the contrary from any one of them.  A proxy purporting to be executed by or on behalf of a stockholder shall be deemed valid unless challenged at or prior to its exercise and the burden of proving invalidity shall rest on the challenger.

Section 2.07   Action at Meeting.  When a quorum is present, any matter before the meeting shall be decided by vote of the holders of a majority of the shares of stock present or represented and voting on such matter, except where a larger vote is required by law, by the Articles of Organization or by these by-laws.  Any election by stockholders shall be determined by a plurality of the votes cast, except where a larger vote is required by law, by the Articles of Organization or by these by-laws.  No ballot shall be required for any election unless requested by a stockholder present or represented at the meeting and entitled to vote in the election.  The corporation shall not directly or indirectly vote any share of its own stock.

Section 2.08   Action Without Meeting.  Any action to be taken by stockholders may be taken without a meeting if all stockholders entitled to vote on the matter consent to the action by a writing filed with the records of the meeting of stockholders.  Such consent shall be treated for all purposes as a vote at a meeting.

ARTICLE III

Directors

Section 3.01   Powers.  The business of the corporation shall be managed by a board of directors who may exercise all the powers of the corporation except as otherwise provided by law, by the Articles of Organization or by these by-laws.  In the event of a

NY1 1115856v3

SPARTA-00080382

vacancy in the board of directors, the remaining directors, except as otherwise provided by law, may exercise the powers of the full Board until the vacancy is filled.

Section 3.02  Election and Qualification.  A board of directors of such number, not fewer than seven nor more than fifteen, as shall be fixed by the stockholders, shall be elected by the stockholders at the annual meeting.  A director need not be a stockholder.

Section 3.03  Vacancies.  Any vacancy in the board of directors may be filled by the stockholders or, in the absence of stockholder action, by the board of directors.

Section 3.04  Enlargement of the Board.  The number of members of the board of directors may be increased or decreased and additional directors elected at any meeting of the stockholders or by vote of a majority of the directors then in office.

Section 3.05  Tenure and Resignation.  Except as otherwise provided by law, by the Articles of Organization or by these by-laws, directors shall hold office until the next annual meeting of stockholders and until their successors are chosen and qualified.  Any director may resign by delivering his or her written resignation to the corporation at its principal office or to the president, secretary or an assistant secretary.  Such resignation shall be effective upon receipt unless it is specified to be effective at some other time or upon the happening of some other event.

Section 3.06  Removal.  A director may be removed from office (a) with or without cause by vote of the holders of a majority of the shares of stock entitled to vote in the election of directors, or (b) for cause by vote of a majority of the directors then in office.  A director may be removed for cause only after reasonable notice and opportunity to be heard before the body proposing to remove such director.

Section 3.07  Regular Meetings.  Regular meetings of the board of directors may be held without notice at such time, date and place as the board of directors may from time to time determine.

Section 3.08  Special Meetings.  Special meetings of the board of directors may be called, orally or in writing, by the president, treasurer or two or more directors, designating the time, date and place thereof.  Notice of the time, date and place of all special meetings of the board of directors shall be given to each director by the secretary or an assistant secretary, or in the case of the death, absence, incapacity or refusal of such person, by the officer or one of the directors calling the meeting. Notice shall be given to each director in person or by telephone or by telegram sent to his or her business or home address at least twenty-four hours in advance of the meeting, or by written notice mailed to his or her business or home address at least seventy-two hours in advance of the meeting.  Notice need not be given to any director if a written waiver of notice, executed by him or her before or after the meeting, is filed with the records of the meeting, or to any director who attends the meeting without protesting prior thereto or at its commencement the lack of notice to such director.  A notice or waiver of notice of a meeting of the board of directors need not specify the purposes of the meeting.

NY1 1115856v3

CONFIDENTIAL

Section 3.09    Quorum.  At any meeting of the board of directors, a majority of the directors then in office, but in no event fewer than four directors, shall constitute a quorum.  Less than a quorum may adjourn any meeting from time to time, and the meeting may be held as adjourned without further notice, provided, however, that absent directors are given reasonable notification, either orally or in writing, of the time, date and place to which said adjournment is made.

Section 3.10    Action at Meeting.  At any meeting of the board of directors at which a quorum is present, a majority of the directors present may take any action on behalf of the board of directors, unless a larger number is required by law, by the Articles of Organization or by these by-laws.

Section 3.11    Action by Consent.  Any action by the board of directors may be taken without a meeting if a written consent thereto is signed by all of the directors and filed with the records of the meetings of the board of directors.  Such consent shall be treated for all purposes as a vote of the board of directors at a meeting.

Section 3.12    Committees.  The board of directors, by a vote of a majority of the directors than in office, may elect from its number an executive committee or other committees and may delegate thereto some or all of its powers except those which by law, by the Articles of Organization, or by these by-laws may not be delegated.  Except as the board of directors may otherwise determine, any such committee may make rules for the conduct of its business, but unless otherwise provided by the board of directors or in such rules, its business shall be conducted so far as possible in the same manner as is provided by these by-laws for the board of directors.  All members of such committees shall hold such offices at the pleasure of the board of directors.  The board of directors may abolish any such committee at any time.  Any committee to which the board of directors delegates any of its powers or duties shall keep records of its meetings and shall report its action to the board of directors.  The board of directors shall have power to rescind any action of any committee, but no such rescission shall have retroactive effect.

ARTICLE IV

Officers

Section 4.01    Officers.  The corporation may have a chairman of the board, and shall have a president, a secretary and a treasurer, who shall be chosen by the directors at their first meeting following the annual meeting of the stockholders; and it may have such other officers, including one or more senior vice presidents, vice presidents, assistant vice presidents, assistant secretaries and assistant treasurers, and such other agents and factors as may be necessary, who shall be chosen in such manner and hold their offices upon such terms and have such authority and duties as may be determined by the board of directors.  The officers of the corporation shall hold office until their successors are chosen and qualified in their stead.  If the office of any officer becomes vacant for any reason, the vacancy shall be filled by the board of directors.  In addition to any bonds required by law, the board of directors may secure the fidelity of any or all of such officers by bond or otherwise.  The chairman of the board, if any, and the president shall

NY1 1115856v3

CONFIDENTIAL

be chosen from among the directors. Two or more offices may be held by the same person, except that where the offices of president and secretary are held by the same person, such person shall not hold any other office. Each officer shall, subject to these by-laws, have in addition to the duties and powers herein set forth, such duties and powers as are commonly incident to his or her office and such duties and powers as the board of directors shall from time to time designate. In all cases where the duties of any officer, agent, or employee are not specifically prescribed by the by-laws or by the board of directors, such officer, agent or employee shall obey the orders and instructions of the president.

Section 4.02   President. The president shall, subject to the direction and under the supervision of the board of directors, be the chief executive officer of the corporation and shall have general and active control of its affairs and business and general supervision over its officers, agents and employees. Unless a chairman of the board is elected and present, the president shall preside at all meetings of the stockholders and of the board of directors. The president shall be ex-officio a member of all committees. The president shall perform all duties incident to the office of the chief executive of the corporation. He or she shall have power, directly or by designation, and subject to the revision of the board of directors in any case, to fix rates, to determine forms, to enter into all forms of insurance permitted the corporation by law, and, in general, to perform all other duties incident to the position of chief executive for the corporation; to conduct the regular business of the corporation; to direct the payment by the treasurer of all losses and claims under such limitations as the board of directors may impose; to employ, define the duties of, and to discharge employees, agents, and all other assistants necessary for the general conduct of the business and the investigation of claims; and to fix the salaries and compensation of all persons necessary for the conduct of the business of the corporation, other than those whose salaries and compensation are fixed by the directors.

Section 4.03   Chairman of the Board. If a chairman of the board is elected, he or she shall preside at all meetings of the stockholders and of the board of directors at which he or she is present.

Section 4.04   Vice Presidents. The vice presidents shall at all times assist the president in the general supervision of the corporation's affairs and shall have immediate charge of such departments of the corporation's affairs as may be designated by the president or by the board of directors. In case of the death, absence, resignation or inability to act of the president, the vice president senior in rank or in point of service if of equal rank shall have all the powers, authorities and duties of the president unless and until another vice president is so designated by the board of directors.

Section 4.05   Secretary and Assistant Secretaries. The secretary shall record all proceedings of the meetings of the stockholders and directors in a book, which shall be the property of the corporation, to be kept for that purpose. The secretary shall have charge of the stock ledger (which may, however, be kept by any transfer agent or agents of the corporation under the direction of the secretary), an original or duplicate of which shall, at all times, during the usual hours for business, be open to the examination of every stockholder at the principal office or place of business of the corporation. He or

CONFIDENTIAL

she shall keep such other books and records as applicable law, the chairman of the board, the president or the directors may require.

The secretary shall keep in safe custody the seal of the corporation, and, when authorized by the board of directors, affix the same to any instrument requiring it, and when so affixed, it may be attested by his or her signature or by the signature of an assistant secretary. He or she shall give, or cause to be given, notice of all meetings of the stockholders and special meetings of the board of directors, and shall perform such other duties as may be prescribed by the board of directors, by the chairman of the board or by the president, under whose supervision he or she shall be.

The assistant secretaries shall at all times assist the secretary in the latter's duties and shall have charge of such parts of the duties of the secretary and shall perform such other duties as the board of directors or the secretary may prescribe. In the event of the absence or incapacity of the secretary, his or her duties shall be performed by the assistant secretary who is senior in order of election.

Section 4.06   Treasurer and Assistant Treasurers.  The treasurer, subject to the direction and control of the board of directors, shall collect, receive, and safely keep all the moneys, funds and securities of the corporation, and attend to all of its pecuniary affairs. He or she shall keep full accounts and records of all of his or her transactions and of all sums owing to or by the corporation and of all receipts and payments in its behalf, using a proper system of accounting therefor. He or she may sign, endorse and accept checks, notes and drafts on behalf of the corporation, subject to such limitations as the board of directors may impose, and shall perform such other duties as the directors may require. At each annual meeting of the stockholders, the treasurer shall submit a complete statement of his or her accounts for the year.

If required by the board of directors, the treasurer shall give the corporation a bond (which shall be renewed as prescribed by the directors) in such sum and with such surety or sureties as shall be satisfactory to the board of directors for the faithful performance of the duties of his or her office and for the restoration to the corporation, in case of his or her death, resignation, retirement or removal from office, of all books, papers, vouchers, money and other property of whatever kind in his or her possession or under his or her control belonging to the corporation.

The assistant treasurers shall at all times assist the treasurer in the latter's duties and shall have charge of such parts of the duties of the treasurer and shall perform such other duties as the board of directors or the treasurer may prescribe. In the event of the absence or incapacity of the treasurer, his or her duties shall be performed by the assistant treasurer who is senior in order of election.

Section 4.07   Removals and Resignations.  Any director or officer may resign at any time by delivering his or her resignation in writing to the chairman of the board, the president or the secretary or to a meeting of the board of directors, and such resignation shall take effect at the time stated therein, or if no time be so stated then upon its delivery, and without the necessity of its being accepted unless the resignation shall so state.

NY1 1115856v3

CONFIDENTIAL

SPARTA-00080386

The stockholders may, at any meeting called for the purpose, by vote of a majority of the stock issued and outstanding, remove from office any director. The board of directors may at any meeting, by vote of a majority of the whole board, remove from office any officer. The board of directors may at any meeting, by vote of a majority of the directors present and voting, terminate or modify the authority of any officer, employee or agent. No director or officer resigning, and (except where a right to receive compensation for a definite future period shall be expressly provided in a written agreement with the corporation duly approved by the board of directors) no director or officer removed, shall have any right to any compensation as such director or officer for any period following his or her resignation or removal, or any right to damages on account of such removal, whether his or her compensation be by the month or by the year or otherwise.

Section 4.08 Vacancies. If the office of any director becomes vacant, by reason of death, resignation or removal, a successor may be elected by vote of the stockholders, at a meeting called for the purpose, which may be the same meeting at which such vacancy was created, or in the absence of such election by the stockholders such successor may be elected by vote of a majority of the remaining directors then in office, though less than a quorum. If the office of any officer becomes vacant, by reason of death, resignation, removal or disqualification, a successor may be elected or appointed by the board of directors by vote of a majority of the directors present and voting. Each successor shall hold office for the unexpired term, and until his or her successor shall be elected or appointed and qualified, or until he or she dies, resigns, is removed or replaced or becomes disqualified. The board of directors shall have and may exercise all its powers notwithstanding the existence of one or more vacancies in the whole board, subject to any requirements of law, Articles of Organization or for any vote, resolution or other action.

Section 4.09 Other Powers and Duties. Subject to these by-laws, each officer of the corporation shall have, in addition to the duties and powers specifically set forth in these by-laws, such duties and powers as are customarily incident to his or her office, and such duties and powers as may be designated from time to time by the board of directors.

ARTICLE V

Stock

Section 5.01 Certificates of Stock. Every holder of stock in the corporation shall be entitled to have a certificate signed in the name of the corporation by the president or a vice president and by the treasurer or an assistant treasurer or the secretary or an assistant secretary of the corporation, certifying the number of shares owned by such stockholder in the corporation; provided, however, that where such certificate is signed (1) by a transfer agent or an assistant transfer agent or (2) by a transfer clerk acting on behalf of the corporation and a registrar, the signature of the president, vice president, treasurer, assistant treasurer, secretary or assistant secretary may be facsimile. In case any officer who has signed or whose facsimile signature has been placed on such certificate or certificates shall have ceased to be such officer before such certificate or

NYI 1115856v3

CONFIDENTIAL

certificates are issued, they may be issued by the corporation with the same effect as if such officer had not ceased to be such at the time of their issue. Certificates of stock shall be in such form as shall, in conformity to law, be prescribed from time to time by the board of directors.

Section 5.02 <u>Replacement of Certificates.</u> In case of the alleged loss, destruction or mutilation of a certificate of stock, a duplicate certificate may be issued in place thereof, upon such terms as the board of directors may prescribe.

Section 5.03 <u>Transfer of Shares of Stock.</u> Subject to the restrictions, if any, imposed by the Articles of Organization, title to a certificate of stock and to the shares represented thereby shall be transferred only by delivery of the certificate properly endorsed, or by delivery of the certificate accompanied by a written assignment of the same, or a written power of attorney to sell, assign, or transfer the same or the shares represented thereby, properly executed; but the person registered on the books of the corporation as the owner of shares shall have the exclusive right to receive dividends thereon and to vote thereon as such owner, shall be held liable for such calls and assessments, if any, as may lawfully be made thereon, and except only as may be required by law may in all respects be treated by the corporation and its transfer agents and registrars, if any, as the exclusive owner thereof. It shall be the duty of each stockholder to notify the corporation of the stockholder's post office address.

Section 5.04 <u>Transfer Books.</u> The board of directors shall have power to close the stock transfer books of the corporation for a period not exceeding sixty days preceding the date of any meeting of stockholders or the date for payment of any dividend or the date for the allotment of rights or the date when any change or conversion or exchange of capital stock shall go into effect or the date for obtaining the consent of stockholders for any purpose; provided, however, that in lieu of closing the stock transfer books as aforesaid, the board of directors may fix in advance a date not exceeding fifty days preceding the date of any meeting of the stockholders, or the date of any other of the above-mentioned events, as a record date for the determination of the stockholders entitled to notice of, and to vote at, any such meeting, or entitled to receive payment of any such dividend, or to any such allotment of rights, or to exercise the rights in respect of any such change, conversion or exchange of capital stock or to give such consent, and in such case such stockholders and only such stockholders as shall be stockholders of record on the date so fixed shall be entitled to such notice of, and to vote at, such meeting, or to receive payment of such dividend, or to receive such allotment of rights, or to exercise such rights or to give such consent, as the case may be, notwithstanding any transfer of any stock on the books of the corporation after such record date fixed as aforesaid.

Section 5.05 <u>Issuance of Stock.</u> Unless otherwise voted by the stockholders, the whole or any part of any unissued balance of the authorized capital stock of the corporation, may be issued pursuant to vote of the board of directors to such persons, for such consideration, whether cash, property, goodwill, services or expenses, or as a stock dividend, and on such terms as the board of directors may determine from time to time and without first offering the same for subscription to stockholders of the corporation.

NY1 1115856v3

CONFIDENTIAL

SPARTA-00080388

# ARTICLE VI

## Miscellaneous Provisions

Section 6.01 <u>Dividends</u>. Subject to any applicable provisions of law and the Articles of Organization, dividends upon the capital stock of the corporation may be declared by the board of directors at any regular or special meeting. Dividends may be paid in cash, in property, or in shares of the capital stock.

Section 6.02 <u>Annual Statement</u>. The board of directors shall present at each annual meeting, and when called for by vote of the stockholders at any special meeting of the stockholders, a full and clear statement of the business and condition of the corporation.

Section 6.03 <u>Seal</u>. The corporate seal of the corporation shall, subject to alteration by the board of directors, consist of a flat-faced circular die with the word "Massachusetts", together with the name of the corporation and the year of its organization cut or engraved thereon. The corporate seal of the corporation may be used by causing it or a facsimile thereof to be impressed or affixed or reproduced or otherwise.

Section 6.04 <u>Evidence of Authority</u>. A certificate of the secretary or assistant secretary or a temporary secretary as to any action taken by the stockholders, directors or any officer or representative of the corporation shall, as to all persons who rely thereon in good faith, be conclusive evidence of such action. The exercise of any power which by law, by the Articles of Organization or by these by-laws, or under any vote of the stockholders or the board of directors, may be exercised by an officer of the corporation only in the event of absence of another officer or any other contingency, shall bind the corporation in favor of anyone relying thereon in good faith, whether or not such absence or contingency existed.

Section 6.05 <u>Fiscal Year</u>. The fiscal year of the corporation shall be the calendar year.

Section 6.06 <u>Voting of Securities</u>. Powers of attorney, proxies, waivers of notice of meeting, consents and other instruments relating to securities owned by the corporation may be executed in the name of and on behalf of the corporation by the chairman of the board, if any, the president, the treasurer or the secretary, and any such officer may, in the name of and on behalf of the corporation, take all such action as any such officer may deem advisable to vote in person or by proxy at any meeting of security holders of any corporation in which the corporation may own securities and at any such meeting shall possess and may exercise any and all rights and powers incident to the ownership of such securities and which, as the owner thereof, the corporation might have exercised and possessed if present. The board of directors may, by resolution, from time to time confer like powers upon any other person or persons.

Section 6.07 <u>Indemnification</u>. The corporation shall indemnify, and upon request shall advance expenses to, each person who is or was or has agreed to be a

NY1 1115856v3

CONFIDENTIAL

director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, partner, trustee, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees and expenses), judgments, fines, penalties and amounts paid in settlement in connection with defending, investigating, preparing to defend, or being or preparing to be a witness in any threatened, pending or completed action, suit, proceeding or claim, whether civil, criminal, administrative or investigative, by reason of the fact that he or she was serving in such capacity, to the maximum extent permitted from time to time under the laws of the Commonwealth of Massachusetts. Such indemnification shall not be exclusive of other indemnification rights arising under any by-law, contract, agreement, vote of directors or stockholders or otherwise and shall inure to the benefit of the heirs and legal representatives of each such person. As used in this Section 6.07, the term "agent" shall not include any insurance agent, broker or similar representative of the corporation or any of the corporation's affiliated insurance companies.

Section 6.08   Emergency By-Laws.   The Emergency By-Laws provided in this Section 6.08 shall be operative during any national emergency caused by an attack on the United States or by a nuclear, atomic, or other disaster which makes it impossible or impracticable for this company to conduct its business in strict accord with law, its by-laws or its Articles of Organization, notwithstanding any different provision in the preceding Articles of these by-laws or in the Articles of Organization of the corporation or in the laws of the Commonwealth of Massachusetts. To the extent not inconsistent with the provisions of this Article, the by-laws provided in the preceding Articles shall remain in effect during such emergency and upon its termination the Emergency By-Laws shall cease to be operative.

During any such emergency:

(a)         A meeting of the board of directors may be called by any officer or director of the corporation. Notice of the time and place of the meeting shall be given by the person calling the meeting to such of the directors as it may be feasible to reach by any available means of communication. Such notice shall be given at such time in advance of the meeting as circumstances permit in the judgment of the person calling the meeting.

(b)         At any such meeting of the board of directors, a quorum shall consist of three directors. To the extent required to provide a quorum at any meeting of the board of directors, the officers present, in order of seniority in rank, shall be deemed directors for such meeting.

(c)         The board of directors, either before or during any such emergency, may provide, and from time to time modify, lines of succession in the event that during such an emergency any or all officers or agents of the corporation shall for any reason be rendered incapable of discharging their duties.

(d)         The board of directors, either before or during any such emergency, may, effective in the emergency, change the head office or designate

CONFIDENTIAL

several alternative head offices or regional offices, or authorize the officers so to do.

No officer, director or employee acting in accordance with these Emergency By-Laws shall be liable except for wilful misconduct.

These Emergency By-Laws shall be subject to repeal or change by further action of the board of directors or by action of the shareholders, but no such repeal or change shall modify the provisions of the next preceding paragraph with regard to action taken prior to the time of such repeal or change. Any amendment of these Emergency By-Laws may make any further or different provision that may be practical and necessary for the circumstances of the emergency.

Section 6.09. Amendments. These by-laws may be amended or repealed by vote of the stockholders at any annual or special meeting or by the board of directors at any annual or special meeting; provided, however, that the board of directors may not make, amend or repeal any provision of these by-laws which by law, the Articles of Organization or by these by-laws requires action by the stockholders; and provided, further, that not later than the time of giving notice of the meeting of stockholders next following the making, amending or repealing by the board of directors of any by-law, notice thereof stating the substance of such change shall be given to all stockholders entitled to vote on amending these by-laws. Any by-law adopted by the board of directors may be amended or repealed by the stockholders.

CONFIDENTIAL

Tab 6

CONFIDENTIAL

## AFFIDAVIT OF LOST CERTIFICATE OF AUTHORITY

THE STATE OF CONNECTICUT}

COUNTY OF HARTFORD}

BEFORE ME, on this day, personally appeared Brian P. Mulroy, who after being by me duly sworn upon oath deposes and states that he/she is the Executive Vice President of SPARTA Insurance Company (f/k/a American Employers' Insurance Company) (the "Company"), a Massachusetts domiciled insurance company, and that after diligent search of the corporate records of the Company for the current Certificate of Authority issued to the Company by the California Department of Insurance, this said Certificate of Authority has been lost or destroyed and it is therefore impossible to surrender said Certificate to the California Department of Insurance.

DATED this 25th day of October, 2007

_____
(Signature)

SWORN AND SUBSCRIBED TO before me
this 25th day of October, 2007

_____
(Notary Public)

DEBRA F. TOMASINO
NOTARY PUBLIC
MY COMMISSION EXPIRES
JANUARY 31, 2009

HFD 183150.1

CONFIDENTIAL

Tab 7

CONFIDENTIAL

## SECRETARY'S CERTIFICATE

The undersigned, being the duly elected Secretary of SPARTA Insurance Company, a Massachusetts corporation, (the "Corporation") hereby certifies that the attached is a true and complete copy of a Board Resolution of the Corporation and is in full force and effect as of the date hereof.

Executed at ~New York, NY~ , this ~5th~ day of ~September~ , 2007.

SPARTA INSURANCE COMPANY

[SEAL]

By: _____
Name: ~James A. FitzPatrick, Jr.~
Its Secretary

CONFIDENTIAL

UNANIMOUS WRITTEN CONSENT

OF THE BOARD OF DIRECTORS OF

AMERICAN EMPLOYERS' INSURANCE COMPANY

**August 9, 2007**

The undersigned, being all of the members of the Board of Directors (the "Board") of American Employers' Insurance Company, a Massachusetts corporation (the "Corporation"), do hereby consent in writing pursuant to Section 59 of Chapter 156B of the Business Corporation Law of the Commonwealth of Massachusetts, without the formality of convening a meeting, and approve in all respects the adoption of the following resolutions of the Board and each and every action effected thereby:

## ELECTION OF OFFICERS

WHEREAS,    the Board declares it to be advisable and in the best interests of the Corporation to elect certain officers of the Corporation.

NOW, THEREFORE, BE IT

RESOLVED, that the following persons be, and they hereby are, elected as officers of the Corporation, each to serve, subject to the Bylaws, until his or her successor shall have been duly elected and qualified, or until his or her earlier death, resignation or removal:

| Name | Office |
|---|---|
| George L. Estes III | Chairman and Chief Executive Officer |
| Kevin G. Costello | President and Chief Operating Officer |
| Brian D. First | Executive Vice President and Chief Marketing Officer |
| Brian P. Mulroy | Executive Vice President and Chief Underwriting Officer |
| Christopher J. Nenninger | Executive Vice President and Chief Risk Officer |
| Susan B. Putterman | Executive Vice President and Chief Claim Officer |
| Patricia B. Shea | Executive Vice President and Chief Information Officer |
| Michael A. Visintainer | Executive Vice President and Chief Actuarial Officer |

CONFIDENTIAL

| | |
|---|---|
| Dawne E. Ware | Executive Vice President, Chief Financial Officer and Treasurer |
| Enrico Ferrante | Senior Vice President |
| Martin R. Hughes | Senior Vice President and Chief Underwriting Operations Officer |
| Scott A. McKay | Senior Vice President and Chief Credit Officer |
| John R. Mindek Jr. | Senior Vice President |
| Daniel A. Powell | Senior Vice President |
| Neil T. Putman | Senior Vice President |
| Beth N. Terrell | Senior Vice President and Chief Regulatory Compliance Officer |
| Daniel A. Waxler | Senior Vice President |
| Leigh Ann Jaeger | Vice President |
| Tracey A. Price | Vice President and Controller |
| Debra F. Tomasino | Vice President |
| Terence M. Smith | Assistant Vice President |
| James A. FitzPatrick, Jr. | Secretary |

## BOARD COMMITTEES

**WHEREAS,**   the Board declares it to be advisable and in the best interests of the Corporation for the Corporation to establish certain committees of the Board.

NOW, THEREFORE, BE IT

**RESOLVED,** that the Board hereby establishes an Audit Committee, which shall consist of at least three members of the Board, each of whom shall serve at the pleasure of the Board; and it is further

**RESOLVED,** that the following members of the Board be, and each of them hereby is, appointed to serve as a member of the Audit Committee:

2

NY1 1113364v8

SPARTA-00080397

Richard E. Thornburgh, Chairman
William C. Vrattos
William C. Mulligan

**RESOLVED,** that the Board hereby establishes a Risk/Underwriting Committee, which shall consist of no more than four members of the Board at any one time, each of whom shall serve at the pleasure of the Board; and it is further

**RESOLVED,** that the following members of the Board be, and each of them hereby is, appointed to serve as a member of the Risk/Underwriting Committee:

T. Kimball Brooker, Jr., Chairman
Richard E. Thornburgh
Geoffrey P.M. Adamson
William C. Vrattos

**RESOLVED,** that the Board hereby establishes a Compensation Committee, which shall consist of at least three members of the Board, each of whom shall serve at the pleasure of the Board; and it is further

**RESOLVED,** that the following members of the Board be, and each of them hereby is, appointed to serve as a member of the Compensation Committee:

Nicholas B. Paumgarten, Chairman
Geoffrey P.M. Adamson
James E. Buckman
William C. Mulligan

**RESOLVED,** that the Board hereby establishes a Nominating Committee, which shall consist of at least three members of the Board, each of whom shall serve at the pleasure of the Board; and it is further

**RESOLVED,** that the following members of the Board be, and each of them hereby is, appointed to serve as a member of the Nominating Committee:

Edward C. Goldthorpe, Chairman
George L. Estes, III
Nicholas B. Paumgarten
T. Kimball Brooker, Jr.

**RESOLVED,** that the Board hereby establishes an Investment Committee, which shall consist of at least three members of the Board, each of whom shall serve at the pleasure of the Board; and it is further

**RESOLVED,** that the following members of the Board be, and each of them hereby is, appointed to serve as a member of the Investment Committee:

3

NY1 1113364v8

SPARTA-00080398

William C. Vrattos, Chairman
Edward C. Goldthorpe
James E. Buckman
T. Kimball Brooker, Jr.

## NAME CHANGE AND LICENSE APPLICATIONS

WHEREAS, SPARTA Insurance Holdings, Inc. has acquired all of the shares of capital stock of the Corporation;

WHEREAS, in connection with such acquisition, the Corporation desires to change the name of the Corporation to "SPARTA Insurance Company";

WHEREAS, a draft Articles of Amendment to the Articles of Organization of the Corporation (the "Amendment") has been prepared;

WHEREAS, applications to be filed with each of the state insurance departments in states in which the Corporation is licensed (the "Name Change Applications") have been or will be prepared in the format and containing the information required by the laws and regulations of the applicable state;

WHEREAS, the Board deems it advisable and in the best interests of the Corporation to approve the Amendment and to authorize the appropriate officers of the Corporation to execute the Name Change Applications in the name and on behalf of the Corporation and file each with the respective insurance departments; and

WHEREAS, the Board deems it advisable and in the best interests of the Corporation to authorize the appropriate officers of the Corporation to take any and all action necessary to effect the business plan of the Corporation; and

WHEREAS, the Board deems it advisable and in the best interests of the Corporation to authorize the appropriate officers of the Corporation to file, in the name and on behalf of the Corporation, any applications, forms or other documents required by any insurance department or other regulatory authority to obtain authorization from such insurance department or regulatory authority for the Corporation to transact insurance in any lines or kinds of business that such officer deems necessary or advisable to the Corporation's business; and

WHEREAS, the Corporation has been admitted, or has applied for admission, to transact business in the State of Minnesota in conformity with the laws thereof.

4

NYI 1113364v8

CONFIDENTIAL

SPARTA-00080399

NOW, THEREFORE, BE IT

**RESOLVED,** that the Articles of Organization of the Corporation shall be amended by changing the Article thereof numbered "1" so that, as amended, said Article shall be and read as follows:

The name by which the corporation shall be known is SPARTA Insurance Company.

**RESOLVED,** the Board deems the Amendment to be advisable and in the best interest of the Corporation and hereby approves the Amendment substantially in the form attached hereto as Exhibit A; and it is further

**RESOLVED,** that the Amendment be, and it hereby is, approved and adopted; and it is further

**RESOLVED,** that the appropriate officers of the Corporation be, and each of them hereby is, authorized and directed to submit the Amendment to the stockholders of the Corporation for approval and adoption; and that the Board hereby recommends that the stockholders approve and adopt the Amendment; and it is further

**RESOLVED,** that, upon the approval of the stockholders of the Corporation, the appropriate officers of the Corporation be, and hereby are, authorized to file the Amendment with the Secretary of State of the Commonwealth of Massachusetts; and it is further

**RESOLVED,** that the By-Laws of the Corporation shall be amended to reflect the change of the name of the Corporation from "American Employers' Insurance Company" to "SPARTA Insurance Company"; and it is further

**RESOLVED,** that the appropriate officers of the Corporation be, and hereby are, authorized to execute the Name Change Applications in the name and on behalf of the Corporation and to file each with the respective insurance departments; and it is further

**RESOLVED,** the Board deems it advisable and in the best interests of the Corporation to authorize the appropriate officers of the Corporation to take any and all action necessary to effect the business plan of the Corporation and, without limiting the generality of the foregoing, such officers are hereby authorized to maintain and requalify licenses, appoint and terminate agents and file rates and forms; and it is further

**RESOLVED,** that (i) the President and Secretary of the Corporation be, and each of them hereby is, authorized and directed to sign and execute the Uniform Consent to Service of Process to give irrevocable consent that actions may be commenced against the Corporation in the proper court of any jurisdiction

5

NY1 1113364v8

CONFIDENTIAL

in which the action shall arise or in which plaintiff may reside, by service of process in any jurisdiction and to irrevocably appoint the officers of the states and their successors in such offices or appoint the agents so designated in the Uniform Consent to Service of Process and stipulate and agree that such service of process shall be taken and held in all courts to be as valid and binding as if due service had been made upon the Corporation according to the laws of said state; and (ii) any form of resolution required by any insurance department or regulatory agency of any State by any of the officers authorized by clause (i) of this resolution shall constitute the act of the Board and may be duly certified as such by the Secretary of the Corporation; and it is further

RESOLVED, that the President and Secretary of the Corporation are hereby authorized to execute in behalf of the Corporation, under the corporate seal thereof, a written instrument in accordance with the insurance laws of the State of Missouri appointing and authorizing the Director of the Department of Insurance of the State of Missouri (by whomsoever such office of Director may be held and exercised under the laws of the State of Missouri), for the purpose mentioned in section 375.906 Revised Statutes of Missouri, 1978, to do any and all the things in behalf of the Corporation specified in said section to be done by said Director, and further consenting that service of process as therein referred to shall be valid and binding, and be deemed personal service upon the Corporation so long as it shall have any policies or liabilities outstanding in the State of Missouri; and it is further

RESOLVED, that the Corporation does hereby authorize the President and Secretary, under the corporate seal of the Corporation to make, constitute and appoint the Minnesota Commissioner of Commerce and his/her successor in office, including any official who shall hereafter be charged with the supervision of the business of insurance in the State of Minnesota, its true and lawful attorney, in and for the State of Minnesota, on whom all proofs of loss, any notice authorized or required by any contract with the Corporation to be served on the Corporation, summonses and all lawful processes in any action or legal proceeding against the Corporation in the State of Minnesota may be served in accordance with the provisions of Minnesota Statutes §45.028 and subject to all the provisions of the statutes and laws of said State of Minnesota now in force, and such other acts as may be hereafter passed amendatory hereof and supplementary thereto. The said attorney is duly authorized and empowered, as the agent of the Corporation, to receive and accept such service of all proofs of loss, any notice authorized or required by any contract with the Corporation to be served on the Corporation, summonses and all lawful processes in any action or legal proceeding against the Corporation as provided by the laws of the State of Minnesota, and such service shall be deemed valid personal service upon the Corporation. This appointment shall be binding upon any person or corporation which as successor acquires the Corporation's assets or assumes its liabilities, by merger or consolidation or otherwise. This appointment

6

NY1 1113364v8

CONFIDENTIAL

may be withdrawn only upon a written notice of termination and, in any event, shall not be terminated by the Corporation or its successor so long as any contracts or liabilities or duties arising out of contracts entered into by the Corporation while it was doing business in this State are in effect; and it is further

RESOLVED, that the President and Secretary of the Corporation are hereby authorized and instructed to execute and deliver in the name of, and on behalf of the Corporation a power of attorney and agreement in accordance with the above resolution; and it is further

RESOLVED, and the Corporation does hereby further agree and stipulate that it will and hereby does accept a license from the State of Minnesota in compliance with and according to the provisions of the laws of said State of Minnesota, regulating and concerning insurance companies or associations of the kind and character of the Corporation; and it is further

RESOLVED, that the appropriate officers of the Corporation be, and hereby are, authorized to file, in the name and on behalf of the Corporation, any applications, forms or other documents required by any insurance department or other regulatory authority to obtain authorization from such insurance department or regulatory authority for the Corporation to transact insurance in any lines or kinds of business that such officer deems necessary or advisable to the Corporation's business and, without limiting the generality of the foregoing, such officers are hereby authorized to apply, in the name and on behalf of the Corporation, for authorization of the following additional lines of business in the following states:

7

NY1 1113364v8

CONFIDENTIAL

SPARTA-00080402

| Jurisdiction | Line(s) |
| --- | --- |
| District of Columbia | Commercial Multiple Peril (Liability) and Auto Liability |
| Kansas | Rain (Fire Insurance), Flood (Fire Insurance) and Cargo Liability (Casualty Insurance) |
| Massachusetts | Comprehensive Motor Vehicle and Aircraft and Commercial Property (Multiple Peril) |
| Nevada | Marine and Transportation |
| New York | Special Risk Insurance |
| North Carolina | Motor Vehicle and Aircraft – Property Damage, Motor Vehicle and Aircraft – Fire, Motor Vehicle and Aircraft – Theft, Motor Vehicle and Aircraft – Comprehensive and Motor Vehicle and Aircraft – Collision |
| Washington | Vehicle |

## ENTRY INTO CERTAIN AGREEMENTS

WHEREAS, the Board declares it to be advisable and in the best interests of the Corporation for the Corporation to execute and deliver, and consummate the transactions contemplated by, a custody agreement between the Corporation and JPMorgan Chase Bank, National Association, substantially in the form of Exhibit B to this consent (the "Custody Agreement"), with such changes thereto as may be approved by the authorized officer who shall execute the Custody Agreement, such approval to be conclusively evidenced by his or her execution thereof;

WHEREAS, the Board declares it to be advisable and in the best interests of the Corporation for the Corporation to execute and deliver, and consummate the transactions contemplated by, an investment management agreement between the Corporation and New England Asset Management, substantially in the form of Exhibit C to this consent (the "Investment Management Agreement"), with such changes thereto as may be approved by the authorized officer who shall execute the Investment Management Agreement, such approval to be conclusively evidenced by his or her execution thereof;

WHEREAS, the Board declares it to be advisable and in the best interests of the Corporation for the Corporation to execute and deliver, and consummate the

8

NY1 1113364v8

CONFIDENTIAL

SPARTA-00080403

transactions contemplated by, a tax allocation agreement by and between the Corporation and SPARTA Insurance Holdings, Inc., substantially in the form of Exhibit D to this consent (the "Tax Allocation Agreement"), with such changes thereto as may be approved by the authorized officer who shall execute the Tax Allocation Agreement, such approval to be conclusively evidenced by his or her execution thereof; and

WHEREAS, the Board declares it to be advisable and in the best interests of the Corporation for the Corporation to execute and deliver, and consummate the transactions contemplated by, an inter-company expense agreement by and between the Corporation and SPARTA Insurance Holdings, Inc., substantially in the form of Exhibit E to this consent (the "Inter-Company Expense Agreement"), with such changes thereto as may be approved by the authorized officer who shall execute the Inter-Company Expense Agreement, such approval to be conclusively evidenced by his or her execution thereof.

NOW, THEREFORE, BE IT

**RESOLVED**, that [_____] or any other officer of the Corporation be, and each officer hereby is, authorized and directed, in the name and on behalf of the Corporation, to execute and deliver, and consummate the transactions contemplated by, the Custody Agreement, the Investment Management Agreement, the Tax Allocation Agreement and the Inter-Company Expense Agreement (and any other agreements, certificates or documents contemplated thereby or in connection therewith); and it is further

## AUTHORIZATION REGARDING DEPOSITORY ACCOUNTS

WHEREAS, the Board declares it to be advisable and in the best interests of the Corporation to authorize and ratify the actions associated with opening depositary accounts for the Corporation.

NOW, THEREFORE, BE IT

**RESOLVED**, that (i) the President, the Treasurer, any Executive Officer and any Vice President of the Corporation are, and each of them hereby is, authorized, in the name and on behalf of the Corporation, from time to time to (a) open or close depository accounts in the name and on behalf of the Corporation with such banking institutions as may be reasonably necessary in the ordinary course of business and upon such terms and conditions as any officer may determine advisable; (b) designate the individuals who shall, jointly and severally, be authorized to sign checks, drafts or orders for the disbursement or withdrawal from any such account so opened; and (c) direct and authorize depository banks for the Corporation to honor such checks, drafts or orders bearing the handwritten or facsimile signatures of the individuals

9

NY1 1113364v8

SPARTA-00080404

authorized to sign such checks, drafts or orders; and (ii) any form of resolution required by any bank duly executed by any of the officers authorized by clause (i) of this resolution shall constitute the act of the Board and may be duly certified as such by the Secretary of the Corporation; and it is further

**RESOLVED**, that the Board hereby ratifies, confirms and approves all actions taken with respect to depositary accounts by any officer or officers of the Corporation prior to the date hereof.

## INVESTMENT GUIDELINES

**WHEREAS**, the Board declares it to be advisable and in the best interests of the Corporation for the Corporation to adopt investment guidelines governing the permissible investments of the Corporation.

NOW, THEREFORE, BE IT

**RESOLVED**, that the investment guidelines substantially in the form of <u>Exhibit F</u> to this consent, are hereby adopted and approved.

## OMNIBUS RESOLUTIONS

**RESOLVED**, that any officer of the Corporation be, and each officer hereby is, authorized and empowered, on behalf and in the name of the Corporation, to take or cause to be taken all such further actions and to execute and deliver or cause to be executed and delivered all such other agreements, instruments, documents, certificates and undertakings and to incur and pay all such fees and expenses, and to do all such other acts and things as, in his or her judgment, may be necessary or advisable to carry out the purposes and intent of the foregoing resolutions; and it is further

**RESOLVED**, that any actions taken by any officer or officers of the Corporation and of any person or persons designated and authorized to act by any such officer or by resolution, which (i) would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of these resolutions or (ii) were taken in contemplation of the transactions described in the foregoing resolutions prior to the adoption thereof, are individually and collectively ratified, confirmed, approved and adopted as acts on behalf, and in the name, of the Corporation.

*[Signature page follows]*

10

CONFIDENTIAL

_Geoffrey P.M. Adamson_

---

T. Kimball Brooker, Jr.

---

James E. Buckman

---

George L. Estes, III

---

Edward J. Goldthorpe

---

William C. Mulligan

---

Nicholas B. Paumgarten

---

Richard E. Thornburgh

---

William C. Vrattos

NY1 1113364v8

_____
Geoffrey P.M. Adamson

_____
T. Kimball Brooker, Jr.

_____
James E. Buckman

_____
George L. Estes, III

_____
Edward J. Goldthorpe

_____
William C. Mulligan

_____
Nicholas B. Paumgarten

_____
Richard E. Thornburgh

_____
William C. Vrattos

NY1 1113364v8

CONFIDENTIAL

SPARTA-00080407

_____
Geoffrey P.M. Adamson


_____
T. Kimball Brooker, Jr.


_____
James E. Buckman


_____
George L. Estes, III


_____
Edward J. Goldthorpe


_____
William C. Mulligan


_____
Nicholas B. Paumgarten


_____
Richard E. Thornburgh


_____
William C. Vrattos


NY1 1113364v6

CONFIDENTIAL

_____

Geoffrey P.M. Adamson


_____

T. Kimball Brooker, Jr.


_____

James E. Buckman

_____

George L. Estes, III


_____

Edward J. Goldthorpe


_____

William C. Mulligan


_____

Nicholas B. Paumgarten


_____

Richard E. Thornburgh


_____

William C. Vrattos

CONFIDENTIAL

Geoffrey P.M. Adamson

T. Kimball Brooker, Jr.

James E. Buckman

George L. Estes, III

Edward J. Goldthorpe

William C. Mulligan

Nicholas B. Paumgarten

Richard E. Thornburgh

William C. Vrattos

NYI 1113364v8

_____

Geoffrey P.M. Adamson

_____

T. Kimball Brooker, Jr.

_____

James E. Buckman

_____

George L. Estes, III

_____

Edward J. Goldthorpe

_____

William C. Mulligan

_____

Nicholas B. Paumgarten

_____

Richard B. Thornburgh

_____

William C. Vrattos

NY1 1113364v8

CONFIDENTIAL                                                                              SPARTA-00080411

Geoffrey P.M. Adamson
_____

T. Kimball Brooker, Jr.
_____

James E. Buckman
_____

George L. Estes, III
_____

Edward J. Goldthorpe
_____

William C. Mulligan
_____

Nicholas B. Paumgarten
_____

Richard E. Thornburgh
_____

William C. Vrattos
_____

NY1 1113364v8

CONFIDENTIAL

SPARTA-00080412

_____
Geoffrey P.M. Adamson

_____
T. Kimball Brooker, Jr.

_____
James E. Buckman

_____
George L. Estes, III

_____
Edward J. Goldthorpe

_____
William C. Mulligan

_____
Nicholas B. Paumgarten

_____
Richard E. Thornburgh

_____
William C. Vrattos

NY1 1113364v8

CONFIDENTIAL

Tab 8

CONFIDENTIAL

# COMMONWEALTH OF MASSACHUSETTS
## Office of Consumer Affairs and Business Regulation
### DIVISION OF INSURANCE
One South Station • Boston, MA 02110 - 2208
(617) 521-7794 • FAX (617) 521-7575
TTY/TDD (617) 521-7490
http://www.mass.gov/doi

DEVAL L. PATRICK
GOVERNOR

DANIEL C. CRANE
DIRECTOR

TIMOTHY P. MURRAY
LIEUTENANT GOVERNOR

DANIEL O'CONNELL
SECRETARY OF HOUSING AND
ECONOMIC DEVELOPMENT

NONNIE S. BURNES
COMMISSIONER OF INSURANCE

| | |
|---|---|
| Serial #: | 000514683000 |
| Effective Date: | 9/14/2007 |
| NAIC #: | 20613 |
| Federal ID #: | 041027270 |

## DOMESTIC COMPANY
## CERTIFICATE OF COMPLIANCE

### THIS IS TO CERTIFY THAT

**SPARTA Insurance Company**

is duly organized under the laws of this Commonwealth, and that it is authorized under the Sections of Chapter 175 of the General Laws of Massachusetts and amendments thereto described by the following designations:

**1 10 12 13 17 2A 4 51 54BX 54D 5A 6A 6B 6E 6F 6G 7 8 9**

DESIGNATION CODES:

| | | | |
|---|---|---|---|
| 1 | Fire | 15 | Reinsurance (Reinsurance Companies Only) |
| 2A | Ocean & Inland Marine | 16A | Life - All Kinds |
| 2B | Inland Marine Only | 16B | Group Life Only |
| 4 | Fidelity and Surety | 16C | Variable Annuity Authorization |
| 5A | Boiler | 16D | Annuities Only |
| 5B | Boiler (No Inspector) | 16E | Variable Life Authorization |
| 6A | Accident - All Kinds | 17 | Repair - Replacement |
| 6B | Health - All Kinds | 19 | Legal Services |
| 6C | Group Accident & Health | 20 | Credit Involuntary Unemployment |
| 6D | Non-Can. Acc. & Health | 51 | Stock Companies  >(Extension of coverage |
| 6E | Workers' Compensation | 54 | Mutual Companies  >not specified in Section 47) |
| 6F | Liability other than Auto | 54BX | Reinsurance except Life |
| 6G | Auto Liability | 54BY | Nuclear Energy |
| 7 | Glass | 54BZ | Special Hazards |
| 8 | Water Damage and Sprinkler Leakage | 54C | Comprehensive M.V. & Aircraft |
| 9 | Elevator Property Damage and Collision | 54D | Personal Property Floater |
| 10 | Credit | 54E | Dwellings |
| 11 | Title | 54F | Commercial Property |
| 12 | Burglary, Robbery, Theft | 54G | Reinsurance - Life Companies Only |
| 13 | Livestock | | |

This certificate shall remain in effect for an indefinite term unless said authority is amended or revoked in accordance with law.

*Nonnie S Burnes*

Nonnie S. Burnes
Commissioner of Insurance

COMP004 - Domestic Company Certificate of Compliance

CONFIDENTIAL