*Exhibit 35*

*PGIC's Notice Of Subpoena
Of A.G. Risk Management, Inc.
(Exhibits Omitted)*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------- x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

                Plaintiff, : Civil Action
                                              No. 21-11205-FDS
    v. :

PENNSYLVANIA GENERAL INSURANCE :
COMPANY (now known as Pennsylvania
Insurance Company), :

                Defendant. :
---------------------------------------------------------- x

**DEFENDANT'S NOTICE OF SUBPOENA**

TO:    Plaintiff SPARTA INSURANCE COMPANY, by and through its counsel of record, James R. Carroll (BBO #554426), Christopher G. Clark (BBO #663455), and Catherine A. Fisher (BBO #686163) of SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, 500 Boylston Street, Boston, Massachusetts 02116, (617) 573-4800, james.carroll@skadden.com, christopher.clark@skadden.com, catherine.fisher@skadden.com.

    Pursuant to Federal Rules of Civil Procedure 34 and 45, Defendant Pennsylvania General Insurance Company, n/k/a Pennsylvania Insurance Company hereby provides notice that a subpoena will be served on the following non-party for production of documents at the location and on the date and time specified below:

| NON-PARTY | LOCATION | DATE/TIME |
|---|---|---|
| A.G. Risk Management<br>1880 John F. Kennedy Blvd.<br>Suite 801<br>Philadelphia, PA 19103 | BOIES SCHILLER FLEXNER LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001 | 1/3/2023<br>5:00 PM |

    A copy of the subpoena is attached to this Notice and incorporated for all purposes. This subpoena will be served pursuant to Federal Rule of Civil Procedure 45. Additionally, pursuant to Federal Rule of Civil Procedure 45(g), the non-party may be held in contempt of court if the

non-party fails, without adequate excuse, to obey the subpoena served upon the non-party, and that the non-party has certain legal rights in response to the subpoena served upon said non-party as outlined in Federal Rule of Civil Procedure 45(c)–(e).[1]

DATED: December 20, 2022

Respectfully submitted,

By: *Maxwell V. Pritt*
    Maxwell V. Pritt

Maxwell V. Pritt (admitted *pro hac vice*)
mpritt@bsfllp.com
Reed D. Forbush (admitted *pro hac vice*)
rforbush@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Samuel C. Kaplan (admitted *pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant Pennsylvania General Insurance Company*

---

[1] These rights are set forth in detail at page 3 of the subpoena form served upon the non-party.

# CERTIFICATE OF SERVICE

I, Lorraine France-Gorn, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery Street, 41st Floor, San Francisco, CA 94104.

On December 20, 2022, I served the following document(s) described as:

**DEFENDANT'S NOTICE OF SUBPOENA**

**BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from lfrance-gorn@bsfllp.com by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

>James R. Carroll
>Christopher G. Clark
>Catherine A. Fisher
>SKADDEN, ARPS, SLATE,
>MEAGHER & FLOM LLP
>500 Boylston Street
>Boston, Massachusetts 02116
>(617) 573-4800
>james.carroll@skadden.com
>christopher.clark@skadden.com
>catherine.fisher@skadden.com
>
>Counsel for Plaintiff
>SPARTA Insurance Company

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2022, at San Francisco, California.

>*/s/ Lorraine France-Gorn*
>Lorraine France-Gorn

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| SPARTA INSURANCE COMPANY ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. No. 21-11205-FDS |
| PENNSYLVANIA GENERAL INSURANCE ) | |
| COMPANY n/k/a Pennsylvania Insurance Company ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: A.G. Risk Management, Inc.
1880 JFK Blvd., Suite 801, Philadelphia PA, 19103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: BOIES SCHILLER FLEXNER LLP<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001 | Date and Time:<br>01/03/2023 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/20/2022

*CLERK OF COURT*

OR

_____          /s/ Maxwell V. Pritt
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant
Pennsylvania General Insurance Company                             , who issues or requests this subpoena, are:

Maxwell Pritt, 44 Montgomery St., 41st Fl., San Francisco, CA 94104 mpritt@bsfllp.com, (415) 293-6869

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. No. 21-11205-FDS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

1. **"All"** should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2. **"Any"** shall be construed to mean "any and all."

3. **"Communication(s)"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, voicemail, written or transcribed correspondence, exchange of written or recorded information, text messages, instant messages, cloud or app-based messages, or face-to-face meetings. The phrase "communication between" is defined to include, without limitation, instances where one party addresses the other party but the other party does not necessarily respond, and instances where multiple persons received a communication, even if one or more did not respond. Communication with a party is defined to include, without limitation, communication with representatives of the party. Communications include Documents.

4. **"Date"** means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. **"Document(s)"** means without limitation, the original and all non-identical copies of all items subject to discovery under Federal Rule of Civil Procedure 34. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, electronic messages in any form, text messages, instant messages, internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, digital files, agreements, stored recordings, minutes or other records of meetings, spreadsheets, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind. Document(s) include(s) Communication(s).

6. The term **"Person"** or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

7. **"Agent"** shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting, or purporting to act, at the direction of or on behalf of another.

8. **"Concerning"** means relating to, referring to, describing, evidencing, or constituting. A Document may concern a specific Person whether or not it mentions that Person by name.

9. **"Copy"** when it refers to an agreement shall encompass the agreement and all attachments to the agreement and all documents required to be submitted or otherwise exchanged at closing or as a precondition of the closing or consummation of that agreement.

10. The terms "**including**," "**include**," or "**includes**" are used in their broadest sense and are not meant to be limiting. Any list following these terms contains illustrative examples of the types of documents responsive to the Request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of document responsive to the Request.

11. **"Or"** and **"and"** should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

12. **"Relating to,"** means, without limitation, the following concepts: concerning, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, referencing, mentioning, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

13. **"You"** and **"Your"** means A.G. Risk Management, f/k/a Armour Risk Management Inc., and any affiliates, subsidiaries, related parties, related companies, corporate parents, successors, and predecessors, together with all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

14. **"OBIC"** and **"Bedivere"** means OneBeacon Insurance Company ("OBIC"), n/k/a Bedivere Insurance Company ("Bedivere"), and any related parties, related companies, and successors, together with all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

15. **"SPARTA"** means SPARTA Insurance Company and SPARTA Insurance Holdings and any related parties, related companies, corporate parents, and successors, together with all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

16. **"PGIC"** or **"Defendant"** means Pennsylvania General Insurance Company, n/k/a Pennsylvania Insurance Company and any related parties, related companies, and successors, together with all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

17. **"AEIC"** means American Employers' Insurance Company and all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

18. **"OBIG"** means OneBeacon Insurance Group Ltd., and any related parties, related companies, parents, and successors, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on its behalf.

19. **"AEIC Claim(s)"** means any claim of any kind by any party to a policy or other contract with American Employers' Insurance Company issued before 2007, or any successor or assignee asserting a right under that policy or contract.

20. **"OBIG Subsidiaries"** refers to the current or former subsidiaries or affiliates of OBIG between 2001 to today, including but not limited to OBIC, AEIC, PGIC, American Central Insurance Company (n/k/a Essentia Insurance Company), OneBeacon American Insurance Company, The Employer's Fire Insurance Company, The Northern Assurance Company of America, Homeland Insurance Company of New York, AutoOne Insurance Company, AutoOne Select Insurance Company, and Atlantic Specialty Insurance Company.

21. **"NAC"** means the North American Casualty, Co. and any related parties, related companies, corporate parents, and successors, together with all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

22. **"Armour"** means Armour Group Holdings Ltd., and any affiliates, subsidiaries, related parties, related companies, corporate parents, and successors, together with all present and former directors, officers, employees, agents, attorneys, representatives, partners, or any persons acting or purporting to act on its behalf.

23. **"2007 Stock Purchase Agreement,"** refers to the 2007 stock purchase agreement between SPARTA, PGIC, and OBIC for the purchase of AEIC, attached as Exhibit A.

24. **"2005 Reinsurance Agreement"** refers to the 2005 agreement between PGIC and AEIC, attached as Exhibit B.

25. **"2012 Stock Purchase Agreement,"** refers to the 2012 stock purchase agreement between OBIG and NAC for the purchase of PGIC as a clean shell.

26. **"2012 Transfer and Assumption Agreement"** refers to the 2012 agreement between PGIC and OBIC that transferred PGIC's liabilities from PGIC to OBIC to facilitate PGIC's sale as a clean shell to NAC, attached as Exhibit C.

27. **"OBIC Sale Agreement"** refers to the agreement to sell OneBeacon Insurance Company to Armour Group Holdings Ltd. or any other party together with all attachments, disclosures, closing documents, and related regulatory approvals.

28. **"Intercompany Pooling Agreement"** refers to the series of agreements among OBIG subsidiaries and affiliates that first became effective on January 1, 2001, and was subsequently amended, including in January 2004, October 2011, January 2012, February 2021, and April 2021, including as referenced on pages 8-9 of Exhibit D.

29. **"Regulatory Approval"** refers to the required submissions to state insurance departments, including the Massachusetts Division of Insurance and the Pennsylvania Insurance Department, for approval of sales, transfers, assumptions, reinsurance, and other legal agreements between insurance companies operating in the state.

30. **"Third Party Administrator"** or **"TPA"** refers to a party that has agreed to administer AEIC Claims.

## INSTRUCTIONS

1. This request calls for the production of all responsive documents in Your possession, custody, or control that are available to You from any source, wherever situated, including any of Your present or former affiliates, subsidiaries, officers, directors, members, employees, agents, representatives, attorneys, or financial advisors.

2. You are instructed to produce documents as they are kept in the usual course of business.

3. The scope of Your search for electronic data that is responsive to any document request shall include all forms of electronic data collection, preservation, transmission, communication and storage, including all data generated and maintained in the ordinary course of business stored by You or any third parties on or in:

    a. Local and network computers and storage devices;

    b. Distributed, removable, or portable data, *i.e.*, information which resides on portable media and non-local devices, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, solid-state and flash memory drives, cloud storage or other internet repositories (including e-mail hosted by web services such as Gmail), and handheld storage devices such as smart phones, tablets, and iPads;

    c. Text messaging systems, including iMessage and SMS.

    d. Voicemail and email systems, alternative communication and messaging systems, file and print servers, and fax servers;

    e. Legacy data, *i.e.*, retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

    f.  Metadata, *i.e.*, information regarding a particular data set which describes how, when and by whom it was collected, created, accessed, and modified and how it is formatted.

  4. All documents and communications should be Bates labeled, and should be produced in single page TIFF images (except that excel spreadsheets and other such file types that include logical formulae or files that, when converted to image format, take on an appearance noticeably different from the one the running-native file took when viewed on a computer screen, should be produced in native, with a "nativelink" file) with extracted text or OCR at the document level and with the following load files: LEP, OPT and DAT. All metadata should be provided, including the following: BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, Page Count, Author, To, Cc, Bcc, Custodian, Date Sent, Time Sent, Subject, File Name, Date Last Modified, MD5Hash and NATIVELINK (link to native on media if applicable).

  5. Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

  6. In addition to original and final versions of documents, all drafts, alterations, modifications, changes, and amendments of documents shall be produced, as well as copies non-identical to the original in any respect, including any copy bearing non-identical marking or notations of any kind.

  7. Every document produced pursuant to this request shall be produced in its entirety, including all attachments and documents affixed thereto.

  8. If You are unable to answer or respond fully to any request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If You have no documents responsive to a particular request, so state.

  9. If You object to any request set forth herein, state the specific grounds upon which You object and produce all documents responsive to request to which there is no objection.

  10. To the extent You contend You are entitled to withhold from production any document responsive to any request set forth herein based on the assertion of attorney-client privilege, the attorney work-product doctrine or any other privilege, you must identify the specific basis of such assertion of privilege and Defendant hereby requests a meet and confer to discuss the scope of the privilege review, the amount of information to be set out in the privilege log, the use of categories to reduce document-by-document logging, whether any categories may be excluded from the logging requirement and any other issues pertinent to Your review. Please let us know when You are available for this meet and confer as promptly as possible.

  11. If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be redacted from the document and the rest of the document shall be produced.

12. For any responsive document of which You are aware existed at one time, but no longer exists, or was once, but is no longer, within Your possession, custody, or control, describe fully each document, the circumstances under which the document ceased to exist or left Your possession, and identify the requests(s) to which the document was responsive.

13. Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation.

14. These requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, or objection to any discovery requests to Defendant, nor shall they be construed as an admission of any fact.

15. This is a continuing request for production of documents, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, and if any additional documents are received or discovered after the initial production, all such further documents shall be produced as they are received or discovered.

16. The use of the singular form of any word includes the plural and vice-versa.

17. The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

18. Unless otherwise specified, the Requests will relate to the time period beginning January 1, 2005, and continuing to the present.

## DOCUMENT REQUESTS

**Request No. 1**

A copy of all agreements to which You and AEIC and/or SPARTA are or have been parties between 2001 and the present.

**Request No. 2**

A copy of all agreements to which You and OBIC and/or Bedivere are or have been parties between 2001 and the present.

**Request No. 3**

A copy of all agreements to which You and OBIG or any other company in the OBIG family are or have been parties between 2001 and the present.

**Request No. 4**

A copy of all agreements to which You and PGIC are or have been parties between 2001 and 2012.

**Request No. 5**

A copy of all other agreements to which You are or have been a party concerning AEIC, AEIC policyholders, or AEIC Claims between 2001 and the present.

**Request No. 6**

All Communications between You and PGIC between 2001 and the present.

**Request No. 7**

All Documents concerning the 2005 Reinsurance Agreement.

**Request No. 8**

All Documents concerning the 2007 Stock Purchase Agreement or the sale of AEIC.

**Request No. 9**

All Documents concerning the 2012 Transfer and Assumption Agreement.

**Request No. 10**

All Documents concerning the 2012 Stock Purchase Agreement or sale of PGIC.

**Request No. 11**

All Documents concerning the OBIC Sale Agreement.

**Request No. 12**

All Documents relating to PGIC.

**Request No. 13**

All Communications with OBIC, OBIG, or any other OBIG Subsidiaries relating to proposed or actual amendments, alterations, or other changes to the administration or payment of AEIC Claims between 2002 and the present.

**Request No. 14**

All Communications with SPARTA relating to proposed or actual amendments, alterations, or other changes to the administration or payment of AEIC Claims between 2002 and the present.

**Request No. 15**

All Documents that You prepared, reviewed, or otherwise received relating to the 2014 OBIC Sale Agreement, including but not limited to the negotiation, execution, interpretation, implementation, and Regulatory Approval of that agreement or any portion of it, and to any related risk assessment, analysis, deliberations, or decision-making concerning that agreement or the decision to pursue it.

**Request No. 16**

All Documents that You prepared, reviewed, or otherwise received relating to any plan or strategy for Armour to purchase OBIC.

**Request No. 17**

Documents sufficient to show the process by which You received AEIC Claims in every year from 2005 through 2021, including but not limited to (i) representative examples of the underlying AEIC policies for which claims were made in the particular year, (ii) the full claims and correspondence files for those policies, and (iii) all communications requesting administration, handling, and payment of claims. The selection of representative policies and associated Documents should reflect any material variation in the year in how claims were tendered including as to the identity of the submitter and whether they were submitted directly by policyholders, by SPARTA, or by another entity.

**Request No. 18**

Documents sufficient to show the process for the administration and payment of AEIC Claims in every year from 2005 to 2021, including but not limited to (i) representative examples of the underlying AEIC policies for which claims were made in the particular year, (ii) the full claims and correspondence files for those policies, and (iii) all Documents relating to the administration, handling, and payment of the tendered claims. The selection of representative policies and associated Documents should reflect any material variation in the year in how claims were administered, handled, processed, or paid, including as to the identity of the submitter and the identity of the entity who paid the claims.

**Request No. 19**

Documents sufficient to show any steps You took to administer or pay any claims made pursuant to AEIC policies in every year from 2005 to 2021.

**Request No. 20**

All Documents concerning any tracking of receipt, payment or administration of AEIC Claims.

**Request No. 21**

      All Documents relating to the magnitude of potential, expected, or actual liabilities for AEIC Claims or any subset of AEIC Claims, whether or not encompassing claims already paid and excluding individual assessments of individual claims.

**Request No. 22**

      All Documents relating to the liquidation of Bedivere concerning SPARTA, PGIC, NAC, AEIC, AEIC policyholders, or AEIC Claims, including but not limited to Communications with SPARTA, PGIC, NAC, and/or AEIC policyholders and all other Communications relating to the impact of the liquidation on the processing or payment of AEIC Claims.

**Request No. 23**

      All Documents relating to, referencing, or otherwise concerning the Intercompany Pooling Agreement.

Dated: December 20, 2022

By:    */s/ Maxwell V. Pritt*
       Maxwell V. Pritt

Maxwell V. Pritt (admitted *pro hac vice*)
mpritt@bsfllp.com
Reed D. Forbush (admitted *pro hac vice*)
rforbush@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Samuel C. Kaplan (admitted *pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

*Counsel for Defendant Pennsylvania General Insurance Company*

Exhibits Omitted