*Exhibit 37*

*July 17, 2024 Letter Regarding PGIC's Assumption Of AEIC Claims*



July 17, 2024

Christopher G. Clark
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116

Dear Chris:

    I write in reference to our letter of June 12, 2024, and the ten letters that Josh Weiner sent on May 28, 2024. Those letters purport to provide notice pursuant to Section 8.1 of the March 12, 2007 Stock Purchase Agreement of claims received by SPARTA Insurance Co. (SPARTA") that it asserts have been "made against a policy issued by American Employers' Insurance Co. ('AEIC') prior to SPARTA's acquisition of AEIC."

    For each claim Mr. Weiner asserts in the letters that "PGIC is responsible for the handling and defense of this claim under the SPA and the Instrument of Transfer and Assumption ('T&A Agreement') between PGIC and AEIC dated June 15, 2005." The letters ask that PGIC "immediately confirm that PGIC will assume control and defense of" the claims identified in the letters.

    The claims relate to 10 complaints filed between [Redacted] [Redacted] [Redacted].[1] The notice purports to enclose "copies of the AEIC policy or policies under which the claim is being made" and "the notice of claim or other documentation received by SPARTA regarding what the claimed expense is for and any correspondence with the claimant by or on behalf of SPARTA to date, attached as Exhibit B."

    As you know SPARTA and PGIC (n/k/a as "Pennsylvania Insurance Company" or "PIC") are currently in litigation pending in the U.S. District Court for the District of Massachusetts over SPARTA's claim that PGIC is liable for AEIC claims. *See SPARTA Insurance Company v. Pennsylvania General Insurance Company*, No. 21-11205 (D. Mass.) (the "Sparta Litigation"). SPARTA seeks a declaratory judgment in that litigation that PGIC is liable to SPARTA under the 2005 T&A Agreement and the 2007 SPA for claims related to AEIC policies issued prior to SPARTA's purchase of AEIC. In its answer, discovery responses, and prior correspondence, PGIC has consistently explained why it is not liable for AEIC claims

---

[1] The claimants referred to in the letters are [Redacted] [Redacted].

as a categorical matter.

Further, and as also shown in its Answer, discovery responses, and numerous prior letters, PGIC also is not liable for any AEIC expenses incurred by SPARTA to date because SPARTA has failed to comply with the SPA's contractual requirements for seeking reimbursement for individual claims. This failure separately forecloses liability for claims made to date even apart from the parties' overall dispute as to PGIC's liability for AEIC claims under the SPA.

The most relevant such requirement for present purposes is section 8.1 of the SPA, which requires SPARTA to give "written notice by certified or registered mail or overnight courier of any claim with respect to which Purchaser seeks reimbursement." Section 8.1 provides that the Seller then has ten business days to notify the Purchaser of its decision to "assume the entire control of the defense, compromise, or settlement" of the Claim. SPARTA has for years consistently failed to send the notices required by section 8.1 as to claims for which it seeks reimbursement. Instead, it has repeatedly sent post hoc spreadsheets that purport to reflect amounts paid for claims for which SPARTA never sent a compliant section 8.1 notice to PGIC asking it to assume responsibility for the claims.

While it is unclear why SPARTA failed to send the notices for so many years or why it has decided to begin doing so after years of failing to do so, Mr. Weiner's letters of May 28, 2024, suggest that SPARTA has belatedly realized its error and decided to begin providing compliant notices under section 8.1 for future claims. PGIC has examined the notices and continues to maintain that it is not liable for AEIC claims as a categorical matter for all of the reasons stated throughout the litigation. At the same time, PGIC recognizes that PGIC's liability will remain a matter of dispute until the resolution of the Sparta Litigation and any appeals. Thus, with respect to SPARTA's May 28 notices and any notices of future claims that it sends, PGIC is in the position of either (i) assuming the defense of claims for which it does not believe it is liable or (ii) allowing SPARTA to defend, pay, and seek reimbursement from PGIC for 100% of future claims with no input from PGIC as to how the claims are handled.

This requires PGIC to balance countervailing concerns until the Sparta Litigation is resolved. On the one hand, and for obvious reasons, PGIC has no desire to take on the defense of claims for which it is not liable. On the other hand, PGIC is concerned that SPARTA may not be adequately incentivized in the interim to handle such claims in the most efficient manner. Further, and even assuming that SPARTA and PGIC's incentives are identical, PGIC may have different claims adjustment standards than SPARTA. Thus, if PGIC were ever held responsible for such claims, the exposure would be far higher than if PGIC handled the claims itself.

Finally, it is possible that adjusting some claims could yield alternative routes to resolution of the Sparta Litigation that have not been apparent to date.

Accordingly, and balancing these concerns, and as stated in our letter of June 12, 2024, now that SPARTA has indicated its intent to send purportedly compliant section 8.1 notices that actually ask PGIC to assume the defense of individual claims, PGIC is willing to consider assuming responsibility for the defense of certain claims on a case-by-case basis based on its examination of such notices. Any decision to assume the defense of a particular claim is without prejudice to and does not waive any rights or defenses either that PGIC has asserted in the SPARTA Litigation or generally as to any claim for which it does not assume the defense. Such defenses include but are not limited to PGIC's defenses of novation, waiver, estoppel, untimeliness, breach of the implied covenant of good faith and fair dealing, failure to apply with contractual conditions precedent, and lack of entitlement to declaratory relief.

In our June 12, 2024 letter, PGIC requested that SPARTA identify any pending deadlines in the claims in the AEIC claims identified in the May 2024 notices. You stated in your June 24, 2024 letter that SPARTA would forward our request to AGRM and would "follow up with AGRM's response." To date, we have not received any identification of those deadlines. The parties also agreed in subsequent correspondence of June 24, 2024, and July 2, 2024, to suspend the deadlines for responding to Mr. Weiner's May 28, 2024, letters until today.

By this letter, and subject to the foregoing, our letter of June 12, 2024, and reserving all rights and defenses as to the claims assumed or not assumed, including all defenses raised in the SPARTA litigation, PIC agrees to assume the defense of the claim of [Redacted] [Redacted] We request that SPARTA forward copies of the files for each of these cases to Mr. Silver with all available contact information on the TPA representative handling the claim as well as defense counsel, including any correspondence with the TPA representative and defense counsel. PIC declines to assume responsibility for the other claims addressed in Mr. Weiner's May 28 letters. We reiterate that any decision to assume the defense of any individual claims is without prejudice to and does not waive any right or defense, including all rights and defenses raised in the SPARTA Litigation and any other right or defense as to any claim for which PGIC does not assume the defense.

\*    \*    \*

Very sincerely yours,

Samuel C. Kaplan