*FILED PARTIALLY UNDER SEAL*

*Exhibit 38*

*December 19, 2024 Letter Regarding PGIC's Defenses To Liability*



December 19, 2024

Christopher G. Clark
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston St.
Boston, Massachusetts 02116

Dear Chris:

I write on behalf of Pennsylvania Insurance Company ("PIC") in response to Josh Weiner's letter of December 17, 2024 (the "Letter"), on behalf of SPARTA to Jeffrey Silver. The Letter states that "SPARTA has previously provided Pennsylvania Insurance Company" with "notice of various claims" under the March 12, 2007, Stock Purchase Agreement ("SPA"), "which relate to insurance policies originally issued by American Employers' Insurance Company ('AEIC')." Mr. Weiner further states in the Letter that "Pursuant to Section 8.3 of the SPA, SPARTA hereby advises PIC that SPARTA has expended an additional [Redacted] on the previously noticed claims through November 30, 2024, and an additional [Redacted] service fees." The Letter attaches a spreadsheet and requests that PIC "promptly remit payment to SPARTA of that amount."

For the reasons set forth in its answer and discovery responses in *SPARTA Insurance Company v. Pennsylvania General Insurance Company*, No. 21-11205 (D. Mass.), as well as in the July 19, 2024, expert report of Theodore K. Nickel, PIC has no liability related to AEIC claims, including the claims that Mr. Weiner purports to identify or has previously identified. Mr. Weiner's notice is therefore inoperative for those reasons alone.

Additionally, we note that even apart from PIC's lack of liability for those claims, the notice sent by Mr. Weiner would not otherwise have complied with the SPA's requirements for submitting claims in at least two critical respects. First, Section 8.1 of the SPA requires SPARTA to first provide "notice by certified or registered mail or overnight courier of any Claim with respect to which Purchaser seeks indemnification." Based on a comparison of the spreadsheet with notices previously sent by SPARTA that may arguably comply with Section 8.1, SPARTA does not appear to have previously provided compliant notices under Section 8.1 for any of the claims for which it now purports to seek reimbursement under Section 8.3.

Second, Section 8.3 expressly requires SPARTA to apprise PIC "of the amount of" any claim for which it seeks reimbursement and provides that the notice "shall



include in reasonable detail information explaining calculation of the amount of such claim." SPARTA's notice fails to include this requisite information about the claims. Instead, SPARTA attached a spreadsheet containing a single line for each claim with the only information limited to a dollar amount and a two-or-three word "transaction type." Such information does not constitute "reasonable detail" under any plausible definition of the term. The insufficiency of this information was established further at the deposition of Mr. Weiner (who was also SPARTA's 30(b)(6) designee on this topic), where Mr. Weiner was himself unable to explain the meaning of the information in a similar spreadsheet containing the same insufficient types of information. If the sender of the spreadsheets and SPARTA's 30(b)(6) deponent on the subject could not interpret such information, it obviously does not comply with the SPA's contractual notice provision.

Accordingly, while PIC reiterates that it has no liability for AEIC claims given all the reasons previously stated, and while no response would otherwise be required for a notice that (as here) does not comply with the basic requirements of Sections 8.1 and 8.3 of the SPA, PIC submits this response out of an abundance of caution within the prescribed time limit for objections provided by the SPA to notify SPARTA that it does not concur with SPARTA's determination of the amount of the claims and indeed would have no basis for doing so given the dearth of information provided and lack of prior notice of the claims under Section 8.1.

Very sincerely yours,

Samuel C. Kaplan

2