*Exhibit 39*

*Defendant Pennsylvania General Insurance Company's Responses and Objections to SPARTA's First Set of Requests for Admission, dated November 28, 2022*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SPARTA INSURANCE COMPANY
(as successor in interest to Sparta Insurance Holdings, Inc.),

    Plaintiff,

 v.

PENNSYLVANIA GENERAL INSURANCE COMPANY (now known as Pennsylvania Insurance Company),

    Defendant.

---

Civil Action
No. 1:21-cv-11205-FDS

**DEFENDANT PENNSYLVANIA INSURANCE COMPANY'S
RESPONSES AND OBJECTIONS TO PLAINTIFF SPARTA
INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION**

 Pursuant to Federal Rules of Civil Procedure Rule 36, and Rule 36.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Pennsylvania General Insurance Company ("PGIC") (n/k/a Pennsylvania Insurance Company), by and through its undersigned attorneys, hereby objects and responds to Plaintiff SPARTA Insurance Company's ("SPARTA") First Set of Requests for Admission as follows:

 Defendant has not completed discovery or preparation for trial in this action. The responses contained herein are based only on such information and documents as are presently available and specifically known to Defendant. Further discovery, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following answers to discovery demands are given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or facts that Defendant may later recall, or documents subsequently located by Defendant. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, additional analysis and legal research is conducted, and any additional contentions are made. The responses contained herein are made in a good faith effort to supply the information presently known to Defendant based on as much factual information and specification of legal contentions as is presently known to Defendant, but is in no way to the prejudice of Defendant in relation to other discovery, research, or analysis.

These introductory comments apply to each and every answer given herein and are be incorporated by reference as though fully set forth in all of the responses appearing in the following pages.

Defendant reserves all rights to amend or supplement these responses. Discovery is ongoing.

## GENERAL OBJECTIONS

Defendant generally objects to the Requests for Admissions as follows:

1. Defendant objects to the instructions, definitions, and Requests to the extent they purport to impose any obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, Local Rules, or any applicable Order of this Court, regulation, or other authority.

2. Defendant objects generally to the Requests to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Defendant and great expense to Defendant, whereas the information sought to be obtained by Plaintiff would be of little use or benefit to Plaintiff.

3. Defendant objects generally to the Requests to the extent that they seek to elicit information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Defendant objects generally to the Requests to the extent that they are vague, uncertain, and overbroad, or without limitation as to time or specific subject matter.

5. Defendant objects generally to the Requests to the extent they seek information that was developed in anticipation of litigation, constitutes work product, contains or reflects attorney-client communications, or is otherwise privileged or protected from disclosure by law. To the extent that any Request may be construed as calling for information that is protected by any applicable privilege or protection, Defendant hereby asserts those privileges and protections and objects to the Requests on those bases. Nothing contained herein shall be deemed a waiver of any rights under such privileges and protections, and Defendant expressly reserves the right to assert such privileges and protections with respect to any matter contained in response to these Requests.

6. Defendant objects generally to the Requests to the extent that they seek information that Defendant does not possess or information that is already possessed by or otherwise available to the propounding party from sources that are more convenient, less burdensome, or less expensive.

7. Defendant objects generally to the Requests to the extent that they seek to have Defendant furnish information that is a matter of the public record and that therefore is equally available to Plaintiff as to Defendant.

8. Defendant objects generally to the Requests to the extent that they are unreasonably duplicative or cumulative and objects to each Request to the extent that it is duplicative or cumulative of other Requests.

9. Defendant objects to these Requests to the extent they assume disputed facts or legal conclusions or may be construed as an admission by Defendant that any fact or circumstance alleged in, or suggested by, the Requests actually occurred or existed. Defendant hereby denies any such disputed facts or legal conclusions

10. Defendant objects generally to the Requests to the extent that they seek to have Defendant furnish information that is proprietary to Defendant and contains confidential information.

11. Any responses to these Requests provided by Defendant are solely for the purpose of this litigation. Any attempt by Plaintiff or any other person or entity to use or disseminate the Responses, the information contained in the Responses, or the documents produced in this litigation beyond this litigation is objected to as improper and will be subject to appropriate action.

12. Nothing in these Responses should be construed as waiving any rights or objections that might be available to Defendant; nor should Defendant's Response to any Request be deemed an admission of relevancy, materiality, or admissibility concerning any information. Defendant reserves its right to object on any ground to the use of any of its Responses to any of the Requests or to the pursuit of discovery or introduction of evidence on any subject matter addressed in any of the Requests at any subsequent time, including the trial of this action.

13. Defendant reserves the right to, at any time, supplement, clarify, or otherwise amend its Responses and Objections.

14. Defendant expressly incorporates each of the foregoing General Objections into each specific response to the Requests set forth below as if set forth in full therein. An answer to a request is not intended to be a waiver of any applicable specific or general objection to such request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendant incorporates by reference the objections set forth in Defendant's October 21, 2022 Responses and Objections to SPARTA's First Request for the Production Of Documents to Defendant Pennsylvania General Insurance Company, dated September 21, 2022.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

Notwithstanding and without waiving any of its General Objections and Objections to Instructions, which are incorporated into each of the specific responses below as though set forth

in full, Defendant responds as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that PGIC and AEIC entered into the Reinsurance Agreement on June 15, 2005, a true and correct copy of which is attached as <u>Exhibit A</u>.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that, based on documents currently available to it, Roger M. Singer purported to enter the Reinsurance Agreement on behalf of both PGIC and AEIC, and the document Plaintiff has attached as Exhibit A identifies June 15, 2005 as the date of execution. Defendant otherwise lacks sufficient knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that PGIC signed the Reinsurance Agreement, a true and correct copy of which is attached as <u>Exhibit A</u>.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that, based on documents currently available to it, Roger M. Singer purported to sign the Reinsurance Agreement on behalf of PGIC. Defendant otherwise lacks sufficient knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that PGIC and AEIC, with OneBeacon as the Guarantor, entered into the SPA on March 12, 2007, a true and correct copy of which is attached as <u>Exhibit B</u>.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects that the phrase "OneBeacon as the Guarantor" is vague and undefined and inaccurate to the extent it is intended to suggest that OneBeacon is not a party to or did not enter into the SPA.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny

whether PGIC entered into the SPA on March 12, 2007, or whether Exhibit B is a true and correct copy of any such SPA, except that Defendant admits that SPARTA has produced a copy of what it has identified as the SPA, and that document includes a signature that purports to be that of Michael T. Miller purporting to execute the SPA on behalf of PGIC and OBIC. Defendant also specifically denies based on the face of the document identified as the SPA that AEIC was a party.

**REQUEST FOR ADMISSION NO. 4:**

Admit that PGIC signed the SPA, a true and correct copy of which is attached as <u>Exhibit B</u>.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny whether PGIC signed the SPA, or whether Exhibit B is a true and correct copy of any such SPA, except that Defendant admits that SPARTA has produced a copy of what it has identified as the SPA, and that document includes a signature that purports to be that of Michael T. Miller purporting to execute the SPA on behalf of PGIC and OBIC.

**REQUEST FOR ADMISSION NO. 5:**

Admit that SPARTA did not provide written consent to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide written consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, including because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing.

**REQUEST FOR ADMISSION NO. 6:**

Admit that SPARTA did not provide oral consent to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide oral consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: To the extent that oral consent is defined to include express verbal communications of consent, Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, including because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing. To the extent oral consent is defined to include any implicit form of consent, Defendant denies the Request. Defendant will supplement this response with any additional information that becomes available during discovery.

**REQUEST FOR ADMISSION NO. 7:**

Admit that SPARTA was not a party to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "party" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that SPARTA was not an identified signatory party to the 2012 Transfer and Assumption Agreement.

**REQUEST FOR ADMISSION NO. 8:**

Admit that SPARTA did not provide written consent to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide written consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry as to any written consent between SPARTA and OneBeacon Insurance Group because such information is in the exclusive possession of SPARTA and third parties and discovery is ongoing.

**REQUEST FOR ADMISSION NO. 9:**

Admit that SPARTA did not provide oral consent to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide oral consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: To the extent that oral consent is defined to include express verbal communications of consent, Defendant lacks sufficient knowledge to admit or deny the assertions in Request No. 9 as to any express oral consent between SPARTA and OneBeacon Insurance Group despite reasonable inquiry because such information is in the exclusive possession of SPARTA and third parties and discovery is ongoing. To the extent oral consent is defined to include any implicit form of consent, Defendant denies the Request. Defendant will supplement this response with any additional information that becomes available during discovery.

**REQUEST FOR ADMISSION NO. 10:**

Admit that SPARTA was not a party to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "party" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that SPARTA was not listed as a signatory party to the 2012 Stock Purchase Agreement.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the claims listed in the document attached as <u>Exhibit C</u> were made against policies included in the Retained Business as defined in the Reinsurance Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit C appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately seven years after the Reinsurance Agreement referenced in this Request was dated. As a result, Defendant does not have historical American Employers' Insurance Company ("AEIC") records or records indicating which policies, if any, fell into the category of "Retained Business" as it is defined in the Reinsurance Agreement. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit C. Plaintiff even has repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry.

**REQUEST FOR ADMISSION NO. 12:**

Admit that at least one of the claims listed in the documents attached as Exhibit C, was made against a policy included in the Retained Business as defined in the Reinsurance Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit C appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately seven years after the Reinsurance Agreement referenced in this Request was dated. As a result, Defendant does not have AEIC records or records indicating which policies, if any, fell into the category of "Retained Business"

as it is defined in the Reinsurance Agreement. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit C. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to potentially review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry.

**REQUEST FOR ADMISSION NO. 13:**

Admit that as of the date of your response, you have no facts or evidence to dispute that the claims listed in the documents attached as Exhibit C, were made against policies included in the Retained Business as defined in the Reinsurance Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit C appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less, all of the claims in Exhibit C. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking

indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that it lacks sufficient information to identify which, if any policies, fall within the definition of Retained Business as defined in the Reinsurance Agreement. Defendant denies that it has no evidence at all that is potentially relevant but not sufficient to that question in as much as Exhibit C at a minimum contains Plaintiff's representation as to states where purported claims were made and other information that is relevant but not sufficient.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the claims listed in the documents attached as Exhibit C were made against policies included in the assets of AEIC as of the Effective Date and Time as defined by Section 4 of the Reinsurance Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit C appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately seven years after the Reinsurance Agreement referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating which policies, if any, were considered "assets of AEIC" as of the Effective Date and Time as it is defined in Section 4 of the Reinsurance Agreement. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit C. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise

disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry.

**REQUEST FOR ADMISSION NO. 15:**

Admit that at least one of the claims listed in the documents attached as Exhibit C, were made against policies included in the assets of AEIC as of the Effective Date and Time as defined by Section 4 of the Reinsurance Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit C appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately seven years after the Reinsurance Agreement referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating which policies, if any, were considered "assets of AEIC" as of the Effective Date and Time as it is defined in Section 4 of the Reinsurance Agreement. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit C. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to potentially review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry.

-11-

**REQUEST FOR ADMISSION NO. 16:**

Admit that as of the date of your response, you have no facts or evidence to dispute that the claims listed in the documents attached as Exhibit C, were made against policies included in the assets of AEIC as of the Effective Date and Time as defined by Section 4 of the Reinsurance Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit C appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately seven years after the Reinsurance Agreement referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating which policies, if any, were considered "assets of AEIC" as of the Effective Date and Time as it is defined in Section 4 of the Reinsurance Agreement. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit C. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that it lacks sufficient information to identify which, if any policies, fall within the AEIC assets, as defined by Section 4 of the Reinsurance Agreement. Defendant denies that it has no evidence at all that is relevant to that question, including in as much as Exhibit C at a minimum contains Plaintiff's representation as to states where purported claims were made and other information that is relevant but not sufficient.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the claim payments paid by SPARTA listed on pages 2 through 211 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request as vague, ambiguous, and unintelligible, including on the basis that Exhibit D appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately five years after the SPA referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating what constituted "Claims" or "Losses" as those terms are defined by the SPA. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit D. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that as of the date of your response, you have no facts or evidence to dispute that the claim payments paid by SPARTA listed on pages 2 through 211 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because it is vague, ambiguous, and unintelligible, including on the basis that Exhibit D appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately five years after the SPA referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating what constituted "Claims" or "Losses" as those terms are defined by the SPA. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit D. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant denies the Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the legal fees and expenses paid by SPARTA listed on pages 212 through 214 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant also objects to this Request because it is vague, ambiguous, and unintelligible, including on the basis that Exhibit D appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately five years after the SPA referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating what constituted "Claims" or "Losses" as those terms are defined by the SPA. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit D. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning various separate asserted legal expenditures that well exceed the number of requests for admission permitted by the Local Rules

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant denies the Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that as of the date of your response, you have no facts or evidence to dispute that the legal fees and expenses paid by SPARTA listed on pages 212 through 214 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because it is vague, ambiguous, and unintelligible, including on the basis that Exhibit D appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately five years after the SPA referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating what constituted "Claims" or "Losses" as those terms are defined by the SPA. Thus,

Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit D. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant denies the Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the payments to TPAs listed on page 215 of the document attached as Exhibit D are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because it is vague, ambiguous, and unintelligible, including on the basis that Exhibit D appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately five years after the SPA referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating what constituted "Claims" or "Losses" as those terms are defined by the SPA. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit D. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical

refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant denies the Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that as of the date of your response, you have no facts or evidence to dispute that the payments to TPAs listed on page 215 of the document attached as <u>Exhibit D</u> are Losses arising out of or resulting from Claims as those terms are defined by the SPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because it is vague, ambiguous, and unintelligible, including on the basis that Exhibit D appears to be a document created by Plaintiff or its parent with limited information about any underlying claims it purports to catalogue.

Defendant further objects that the information, if any, that would provide a basis to respond to this Request is currently in the exclusive possession of SPARTA or third parties. Defendant was purchased as a clean shell approximately five years after the SPA referenced in this Request was dated. As a result, Defendant does not have historical AEIC records or records indicating what constituted "Claims" or "Losses" as those terms are defined by the SPA. Thus, Defendant does not have sufficient information to respond to this Request. Defendant also objects to this Request insofar as the admission or denial it requests is not relevant or proportional to the needs of the case. Plaintiff's amended complaint does not identify specific claims for which it is seeking indemnity, nor has it complied with contractual prerequisites for seeking indemnity as to any claims, much less all of the claims, in Exhibit D. Plaintiff has even repeatedly asserted that Defendant "mischaracterize[d] the present dispute as a dispute over individual claims…[t]his dispute is not about specific claims, no matter how many times PGIC suggests that it is." Dkt. 79, at 2. *See also id.* ("Again, this case is about PGIC's categorical refusal to pay anything—not about particular claims."). Given Plaintiff's continued position as well as its failure to seek relief for these claims in the amended complaint or comply with contractual prerequisites for seeking indemnification, a request for admission asking Defendant to review thousands of specific claims that are not identified in the amended complaint and for which it has not complied with contractual prerequisites for seeking indemnification is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is likewise disproportionate to the needs of the case. Defendant further objects that the Request by itself

exceeds the number of requests for admission permitted by the Local Rules inasmuch as it requests Defendant's position concerning thousands of separate claims.

      Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant denies the Request.

Dated: November 28, 2022        By:   */s/ Samuel C. Kaplan*
                                                                Samuel C. Kaplan

                                                         Samuel C. Kaplan (*admitted pro hac vice*)
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Maxwell V. Pritt (admitted *pro hac vice*)
mpritt@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
enyborg-burch@bsfllp.com
Mariah J. Noah (admitted *pro hac vice*)
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399

*Counsel for Defendant Pennsylvania General Insurance Company*

# CERTIFICATE OF SERVICE

I, Lorraine France-Gorn, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery Street, 41st Floor, San Francisco, CA 94104.

On November 28, 2022, I served the following document(s) described as:

DEFENDANT PENNSYLVANIA INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPARTA INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from lfrance-gorn@bsfllp.com by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

James R. Carroll
Christopher G. Clark
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 28, 2022, at San Francisco, California.

                                               /s/ *Lorraine France-Gorn*
                                               Lorraine France-Gorn