*Exhibit 40*

*Plaintiff SPARTA Insurance Company's Supplemental Responses and Objections to PGIC's Interrogatories Nos. 5 and 6, dated May 12, 2023*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

               Plaintiff, : Civil Action
                                                           No. 21-11205-FDS
   v. :
                                                           **CONTAINS CONFIDENTIAL**
PENNSYLVANIA GENERAL INSURANCE : **INFORMATION**
COMPANY (now known as Pennsylvania
Insurance Company), :

               Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF SPARTA INSURANCE COMPANY'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO DEFENDANT PENNSYLVANIA
GENERAL INSURANCE COMPANY'S INTERROGATORIES NOS. 5 AND 6**

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 26.1, 26.3, and 33.1 of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), Plaintiff SPARTA Insurance Company ("SPARTA"), by and through its undersigned attorneys, hereby supplements its responses and objections to Interrogatories Nos. 5 and 6 of Defendant Pennsylvania General Insurance Company's ("PGIC's") First Set of Interrogatories (which, together with the Definitions and Instructions therein, are hereinafter referred to as the "Interrogatories") as follows:

**SPECIFIC RESPONSES AND OBJECTIONS**

        Each of the General Responses and Objections set forth in the next section are incorporated by reference into each and every Specific Response set forth below. Although Specific Objections are also interposed in response to individual Interrogatories, SPARTA's failure to repeat any part of its General Objections shall not be construed as a waiver of those objections. Subject to the General Responses and Objections, and without waiver, modification, or limitation thereof, SPARTA's Specific Responses and Objections to the Interrogatories are set forth below.

**INTERROGATORY NO. 5**

        Identify the circumstances in which You became aware of the Transfer and Assumption Agreement between OneBeacon Insurance Company and PGIC dated on or around October 1, 2012, including the date on which You first became aware of that agreement and from what source You became aware of that agreement.

## RESPONSE TO INTERROGATORY NO. 5

*See* General Responses and Objections, Objections to Definitions, and Objections to Instructions *infra*. SPARTA further objects to this Interrogatory to the extent that it purports to seek the production of information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege, or is otherwise immune from discovery under the Federal Rules of Civil Procedure and/or the Local Rules.

Subject to the foregoing objections and without waiving them, SPARTA states the following:

On May 5, 2021, Stephen Eisenmann spoke with Keith Kaplan, the Chief Liquidation Officer of Bedivere Insurance Co. Following that call, Mr. Kaplan sent Mr. Eisenmann an email that attached the Transfer and Assumption Agreement between OneBeacon Insurance Company and PGIC dated on or around October 1, 2012 and Form D Prior Notice of a Transaction filed by OneBeacon on behalf of itself and PGIC, dated July 19, 2012.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

*See* General Responses and Objections *infra*. and Response to Interrogatory No. 5, *supra*.

Subject to the foregoing objections and without waiving them, SPARTA responds as follows:

On or around October 18, 2012, OneBeacon announced that it was selling its runoff business to an affiliate of Armour Group Holdings Limited. Shortly thereafter, George Estes and Dawne Ware received emails regarding the announcement from financial advisor Keefe, Bruyette & Woods. On October 19, 2012, Beth Terrell emailed Virginia McCarthy, Assistant General Counsel and Secretary for OneBeacon Insurance Group, noting that she "read that OneBeacon is selling off some business," and asking if that business included the pre-2007 business of AEIC. Ms. McCarthy reported that "nothing changes as a result of last week's announcement. We continue to own the entities until close – which is not expected to occur until at least 2Q 2013. Appropriate transition communications will be forthcoming as time progresses." (SPARTA-00066803 to SPARTA-00066805.)

In May 2013, Ms. Terrell again emailed Ms. McCarthy about the status of that sale and asked "what is happening to Pennsylvania General Insurance Company, the entity that assumed all of AEIC's liabilities, and what is happening to OneBeacon Insurance Company, from whom SPARTA has a 100% guarantee of Pennsylvania's obligations?" Ms. McCarthy informed Ms. Terrell that "the sale of OneBeacon Insurance Company to Armour is pending Form A review in Pennsylvania. Assuming all regulatory approvals are obtained, we expect to close in the second half of the year. Pennsylvania General was sold last fall. Pennsylvania General transferred to and OneBeacon Insurance Company assumed [] all of Pennsylvania General's liabilities effective October 1, 2012. When the OneBeacon/Armour deal closes, the Transfer & Assumption Agreement will remain with OneBeacon. This should not have any impact on Sparta other than new contact information." (SPARTA-00060362 to SPARTA-

00060364.)

Ms. Terrell also asked Ms. McCarthy whether OneBeacon Insurance Company's parental guarantee remained intact or would transfer to OneBeacon Insurance Company's new parent/affiliate, and for an accounting of unpaid liabilities for AEIC. Ms. McCarthy provided figures for AEIC gross loss and ALAE case reserves as of April 2013. (SPARTA-00067468 to SPARTA-00067497.)

On September 4, 2013, Ms. Terrell emailed Ms. McCarthy asking "can you please provide a status on the acquisition of OneBeacon?" Ms. McCarthy replied: "As to the OneBeacon sale, it is still under regulatory review. We expect to close by the end of the year." (SPARTA-00025796 to SPARTA-00025797.)

**INTERROGATORY NO. 6**

Identify how You became aware of the 2012 acquisition of PGIC by North American Casualty Co., including the date on which You first learned of the acquisition and from what source You learned of the acquisition.

**RESPONSE TO INTERROGATORY NO. 6**

*See* General Responses and Objections, Objections to Definitions, and Objections to Instructions *infra*. SPARTA further objects to this Interrogatory to the extent that it purports to seek the production of information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege, or is otherwise immune from discovery under the Federal Rules of Civil Procedure and/or the Local Rules.

Subject to the foregoing objections and without waiving them, SPARTA states the following:

On May 5, 2021, Stephen Eisenmann spoke with Keith Kaplan, the Chief Liquidation Officer of Bedivere Insurance Co. Following that call, Mr. Kaplan sent Mr. Eisenmann an email that attached the Transfer and Assumption Agreement between OneBeacon Insurance Company and PGIC dated on or around October 1, 2012 and Form D Prior Notice of a Transaction filed by OneBeacon on behalf of itself and PGIC, dated July 19, 2012.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

*See* General Responses and Objections *infra*. and Response to Interrogatory No. 6, *supra.*

Subject to the foregoing objections and without waiving them, SPARTA incorporates by reference its responses to Interrogatory No. 5.

3

## **GENERAL RESPONSES AND OBJECTIONS**

SPARTA incorporates by reference herein the General Responses and Objections, General Objections to Definitions and General Objections to Instructions set forth in SPARTA's Responses and Objections to Defendant PGIC's First Set Interrogatories, dated November 28, 2022.

Dated: May 12, 2023
   Boston, Massachusetts

Respectfully submitted,

_____
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

## VERIFICATION

I, Joshua Weiner, declare under the penalties of perjury that I have read the responses in the foregoing Plaintiff SPARTA Insurance Company's Supplemental Responses and Objections to Defendant Pennsylvania Insurance Company's Interrogatories Nos. 5 and 6 and that based upon matters within my personal knowledge and on information that has been assembled and provided to me, the foregoing responses to the Interrogatories are correct, according to the best of my knowledge and belief.

Executed this 12th day of May, 2023 at W. Hartford, Connecticut.

_____
on behalf of SPARTA Insurance Company

# CERTIFICATE OF SERVICE

    I hereby certify that on May 12, 2023, the foregoing document was served by first-class mail, postage prepared and by electronic mail upon:

  Samuel C. Kaplan
  skaplan@bsfllp.com
  Boies Schiller Flexner LLP
  1401 New York Avenue, N.W.
  Washington, DC 20005

  Maxwell V. Pritt
  mpritt@bsfllp.com
  Erika Nyborg-Burch
  enyborg-burch@bsfllp.com
  Mariah J. Noah
  mnoah@bsfllp.com
  Boies Schiller Flexner LLP
  44 Montgomery Street, 41st Floor
  San Francisco, CA 94104

  John F. Dew
  jdew@cohenkinne.com
  Cohen, Kinne, Valicenti & Cook
  28 North Street, 3rd Floor
  Pittsfield, MA 01201

              _____
              Christopher G. Clark