*Exhibit 41*

*Plaintiff SPARTA Insurance Company's Supplemental Responses and Objections to Defendant Pennsylvania General Insurance Company's Interrogatories Nos. 30 and 31, dated January 8, 2024*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------x
SPARTA INSURANCE COMPANY :
(as successor in interest to Sparta Insurance
Holdings, Inc.), :

        Plaintiff, : Civil Action
         No. 21-11205-FDS
v. :

PENNSYLVANIA GENERAL INSURANCE : **CONTAINS CONFIDENTIAL**
COMPANY (now known as Pennsylvania **INFORMATION**
Insurance Company), :

        Defendant. :
------------------------------x

## PLAINTIFF SPARTA INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S INTERROGATORIES NOS. 30 AND 31

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 26.1, 26.3, and 33.1.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiff Sparta Insurance Company ("SPARTA"), by and through its undersigned attorneys, hereby supplements its responses and objections to Interrogatories Nos. 30 and 31 of Defendant Pennsylvania General Insurance Company's ("PGIC's") Second Set of Interrogatories (which, together with the Definitions and Instructions therein, are hereinafter referred to as the "Interrogatories") as follows:

### SPECIFIC RESPONSES AND OBJECTIONS

Each of the General Responses and Objections set forth in the next section are incorporated by reference into each and every Specific Response set forth below. Although Specific Objections are also interposed in response to individual Interrogatories, SPARTA's failure to repeat any part of its General Responses and Objections shall not be construed as a waiver of those objections. Subject to the General Responses and Objections, and without waiver, modification, or limitation thereof, SPARTA's Specific Responses and Objections to the Interrogatories are set forth below.

### INTERROGATORY NO. 30

If You contend that the information You provided in Your November 7, 2022 letter to Jeffrey Silver and attachments thereto constituted the "reasonable detail" required by Section 8.3 of the SPA for any or all of the liabilities or claims that form the basis for Your demand of $11,849,047, explain in detail the basis for that contention, including what You

believe constitutes "reasonable detail" and why You believe the information met that requirement for all claims for which You contend the requirement was met.

**RESPONSE TO INTERROGATORY NO. 30**

*See* General Responses and Objections *infra*. SPARTA further objects to this Interrogatory on the ground that it is a premature contention discovery measure that SPARTA should not be required to respond to until discovery is complete, all requested documents have been received from the defendants and subpoenaed non-parties, all depositions have been completed and all transcripts have been received, and SPARTA has had an opportunity to adequately review all documents produced and testimony provided. *See, e.g., Prime Computer, Inc. v. Chubb Corp.*, Civ. A. No. 89-2554-H, slip op. at 12-13 (D. Mass. Apr. 20, 1993) (denying plaintiff's motion to compel answers to interrogatories and holding that "while contention interrogatories are proper under Rule 33(b), the responding party in this case should have the benefit of having received all discovery to which it is entitled before responding"). *See also Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (holding that responses to contention interrogatories are most appropriate "after a substantial amount of discovery has been conducted -- typically, at the end of the discovery period"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450-51 (D. Conn. 1996) (denying motion to compel responses to contention interrogatories while discovery was ongoing); *M.A. Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (denying motion to compel responses to contention interrogatories and stating that to the extent that interrogatories "call for [a party] to separately articulate the underlying facts" underlying a statement in a pleading, they are contention interrogatories which need not be answered at the beginning of the discovery period); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (denying motion to compel plaintiffs to respond to contention interrogatories holding that "interests of judicial economy and efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted," and recognizing that "the early . . . filing of sets of contention interrogatories that systematically track all of the allegations in an opposing party's pleadings is a serious form of discovery abuse" (internal quotation marks omitted)); *In re: Domestic Air Trans. Antitrust Litig.*, No. 1:90-cv-2485-MHS, 1992 WL 120351, at *1-2 (N.D. Ga. Apr. 8, 1992) (holding that "Plaintiff's responses to the contention interrogatories at this point without the benefit of more discovery would do little to further the defense" and deciding that "the Court will not require plaintiffs to respond to defendants' contention interrogatories before meaningful discovery has been completed"); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985) (holding that a party serving contention interrogatories in the pretrial period has the burden of justification as to why those interrogatories should be answered early).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30

*See* General Responses and Objections, *infra*, and Response to Interrogatory No. 30, *supra*.

Subject to the foregoing objections and without waiving them, SPARTA further responds as follows:

On November 7, 2022, Joshua Weiner sent a letter via email and certified mail to Jeffrey Silver with the subject line "Indemnification Claim." In the letter, Mr. Weiner stated: "SPARTA hereby advises PIC that SPARTA has expended $11,849,047 on the previously noticed claims through September 30, 2022. *See* Ex. B." With the copy of the letter sent via certified mail, Mr. Weiner enclosed a thumb drive containing two electronic exhibits: Exhibit A and Exhibit B. Exhibit B was an Excel spreadsheet that contained a line-by-line breakdown of out-of-pocket costs that SPARTA incurred in connection with AEIC Claims and TPA service fees that SPARTA paid to A.G. Risk Management.

Specifically, the "TPA Payment Register detail" tab listed payments related to AEIC claims that had been incurred by SPARTA between October 2021 and September 2022. For each payment, the spreadsheet included the following information, where available:

1. Claim Number
2. Check Number
3. Paid By (SPARTA for all entries)
4. Claimant
5. Insured
6. Coverage
7. Payee
8. Transaction Type
9. Amount
10. Check Posted Date
11. Transaction Date
12. Entry Date
13. Approval Date
14. Claim Status

3

15. Payment Type

16. Adjuster Name

17. Underwriting Company (AEIC for all entries)

The total amount of payments reported in this tab was [Redacted] (*See* Exhibit B, "TPA Payment Register detail" tab, Cell L4181.) The "TPA Payment Register detail" tab also reported that SPARTA had paid prefunds for October 2022 of [Redacted] (*See id.*, Cell L4183.)

[Redacted] plus [Redacted] equals $11,849,047, the amount of the demand in the November 7, 2022 letter.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30**

*See* General Responses and Objections *infra, and* Response to Interrogatory No. 30, *supra*. SPARTA further objects to the extent that the Interrogatory calls for a legal conclusion regarding the meaning of the language of the Stock Purchase Agreement. SPARTA further objects to the extent that the Interrogatory purports to suggest that Section 8.3 of the Stock Purchase Agreement requires that a Section 8.3 notice include reasonable detail of "any or all of the liabilities or claims that form the basis for Your demand." Section 8.3 provides that a Section 8.3 notice "shall include in reasonable detail information explaining calculation of the amount of such Claim."

Subject to the foregoing objections and without waiving them, SPARTA further responds as follows:

The package sent to Jeffrey Silver on November 7, 2022 included two versions of the November 7, 2022 letter. The signed letter demanded [Redacted] as the amount SPARTA expended on the previously noticed claims through September 30, 2022. The pdf of the letter included in the thumb drive identified [Redacted] as the amount SPARTA expended on the previously noticed claims through September 30, 2022.

As described in SPARTA's Supplemental Response to Interrogatory No. 30, dated May 12, 2023, $11,849,047 is the total amount of payments related to AEIC claims that had been incurred by SPARTA between October 2021 and September 2022, as listed in the "TPA Payment Register detail" tab of Exhibit B.

The "TPA Fees" tab in Exhibit B listed services fees SPARTA paid to AGRM for services provided with respect to AEIC claims between October 2021 and September 2022. This spreadsheet included a line that provided the total amount of service fees paid by SPARTA as of that date, [Redacted] (*See* "TPA Fees" tab, Cell I11.)

$11,849,047 for claim payments and [Redacted] for service fees equals [Redacted], the amount demanded in the signed letter included in the November 7, 2022 package sent to Mr. Silver.

4

**INTERROGATORY NO. 31**

Identify All Documents relating to AEIC, AEIC policies, or AEIC Claims that were provided to Catalina at the time of Catalina's acquisition of SPARTA in or around 2014.

**RESPONSE TO INTERROGATORY NO. 31**

*See* General Responses and Objections *infra*.

Subject to the foregoing objections and without waiving them, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, SPARTA will produce documents from which the answer to this interrogatory may be derived or ascertained with substantially the same burden for PGIC as for SPARTA.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31**

*See* General Responses and Objections *infra, and* Response to Interrogatory No. 31, *supra*.

Subject to the foregoing objections and without waiving them, SPARTA further responds as follows:

Catalina was given access to a data room in connection with Catalina's acquisition of SPARTA in or around 2014. Included in the data room were the 2007 Stock Purchase Agreement and 2005 Transfer and Assumption Agreement. (R. Harrell Tr. 151:9-153:7.)

**GENERAL RESPONSES AND OBJECTIONS**

SPARTA incorporates by reference the General Responses and Objections, General Objections to Definitions and General Objections to Instructions set forth in SPARTA's Responses and Objections to Defendant Pennsylvania General Insurance Company's First Set of Interrogatories, dated November 28, 2022, and the General Responses and Objections, General Objections to Definitions and General Objections to Instructions set forth in SPARTA's Responses and Objections to Defendant PGIC's First Second Interrogatories, dated May 5, 2023.

Dated: January 8, 2024
       Boston, Massachusetts

Respectfully submitted,

/s/ [signature]
_____
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

## VERIFICATION

I, Joshua Weiner, declare under the penalties of perjury that I have read Plaintiff SPARTA Insurance Company's Supplemental Responses and Objections to Defendant Pennsylvania Insurance Company's Interrogatories Nos. 30, 31 and that based upon matters within my personal knowledge and on information that has been assembled and provided to me, the foregoing responses to the Interrogatories are correct, according to the best of my knowledge and belief.

Executed this 8th day of January, 2024 at West Hartford, Connecticut.

_____
on behalf of SPARTA Insurance Company

## CERTIFICATE OF SERVICE

       I hereby certify that on January 8, 2024, the foregoing document was served by electronic mail, pursuant to the written agreement of the parties, upon:

Samuel C. Kaplan
skaplan@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005

Maxwell V. Pritt
mpritt@bsfllp.com
Mariah J. Noah
mnoah@bsfllp.com
Boies Schiller Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104

John F. Dew
jdew@cohenkinne.com
Cohen, Kinne, Valicenti & Cook
28 North Street, 3rd Floor
Pittsfield, MA 01201

                                                                          _____
                                                                         Christopher G. Clark