*Exhibit 42*

*Defendant Pennsylvania Insurance Company's Supplemental Objections and Responses to Plaintiff SPARTA Insurance Company's Requests For Admission Nos. 1-9 & 23-25, dated January 8, 2024*

------------------------------------------------------- x
SPARTA INSURANCE COMPANY          :
(as successor in interest to SPARTA Insurance
Holdings, Inc.),                  :

          Plaintiff,     :  Civil Action
                                                          No. 21-11205-FDS
   v.                              :

PENNSYLVANIA GENERAL INSURANCE    :
COMPANY (now known as Pennsylvania
Insurance Company),               :

          Defendant.     :
------------------------------------------------------- x

**DEFENDANT PENNSYLVANIA INSURANCE COMPANY'S
SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF
<u>SPARTA INSURANCE COMPANY'S  REQUESTS FOR ADMISSION NOS. 1-9 & 23-25</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Rules 26.1, 26.3, and 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Pennsylvania General Insurance Company ("PGIC") n/k/a Pennsylvania Insurance Company, by and through its undersigned attorneys, hereby supplements its objections and responses to Plaintiff SPARTA Insurance Company's ("SPARTA's") First and Second Sets of Requests for Admission as follows:

## GENERAL RESPONSES AND OBJECTIONS

Each of the General Objections and Responses set forth above, as well as in PGIC's original objections and responses to SPARTA's First and Second Set of Requests for Admission, are incorporated as though fully set forth in each of the responses herein. PGIC continues to review SPARTA's production and third-party productions and has yet to receive documents from non-party Intact, but the following represents good-faith answers based on the information PGIC has received and identified as relevant and/or responsive of the date of this supplemental response.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

Notwithstanding and without waiving any of its General Objections, PGIC supplements its response and objections to Plaintiff's Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that PGIC and AEIC entered into the Reinsurance Agreement on June 15, 2005, a true and correct copy of which is attached as Exhibit A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

PGIC incorporates by reference every general objection set forth above into the specific response set forth below.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that, based on documents currently available to it, Roger M. Singer purported to enter the Reinsurance Agreement on behalf of both PGIC and AEIC, and the document Plaintiff has attached as Exhibit A identifies June 15, 2005 as the date of execution. Defendant otherwise lacks sufficient knowledge to admit or deny this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendants admits that PGIC and AEIC entered into a Reinsurance Agreement dated June 15, 2005.

**REQUEST FOR ADMISSION NO. 2:**

Admit that PGIC signed the Reinsurance Agreement, a true and correct copy of which is attached as Exhibit A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

PGIC incorporates by reference every general objection set forth above into the specific response set forth below.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant admits that, based on documents currently available to it, Roger M. Singer purported to sign the Reinsurance Agreement on behalf of PGIC. Defendant otherwise lacks sufficient knowledge to admit or deny this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant admits PGIC signed the Reinsurance Agreement attached as Exhibit A.

**REQUEST FOR ADMISSION NO. 3:**

Admit that PGIC and AEIC, with OneBeacon as the Guarantor, entered into the SPA on March 12, 2007, a true and correct copy of which is attached as Exhibit B.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

PGIC incorporates by reference every general objection set forth above into the specific response set forth below. PGIC further objects that the phrase "OneBeacon as the Guarantor" is vague and undefined and inaccurate to the extent it is intended to suggest that OneBeacon is not a party to or did not enter into the SPA.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny whether PGIC entered into the SPA on March 12, 2007, or whether Exhibit B is a true and correct copy of any such SPA, except that Defendant admits that SPARTA has produced a copy of what it has identified as the SPA, and that document includes a signature that purports to be that of Michael T. Miller purporting to execute the SPA on behalf of PGIC and OBIC. Defendant also specifically denies based on the face of the document identified as the SPA that AEIC was a party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant admits that PGIC and OneBeacon Insurance Co. entered into a Stock Purchase Agreement with SPARTA Insurance Holdings, Inc. on or about March 12, 2007, but denies that Exhibit B is a true and correct copy of the SPA or that AEIC entered into the SPA.

**REQUEST FOR ADMISSION NO. 4:**

Admit that PGIC signed the SPA, a true and correct copy of which is attached as Exhibit B.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny whether PGIC signed the SPA, or whether Exhibit B is a true and correct copy of any such SPA, except that Defendant admits that SPARTA has produced a copy of what it has identified as the SPA, and that document includes a signature that purports to be that of Michael T. Miller purporting to execute the SPA on behalf of PGIC and OBIC.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant admits that PGIC and OneBeacon Insurance Co. signed a Stock Purchase Agreement with SPARTA Insurance Holdings, Inc. on or about March 12, 2007, but denies that Exhibit B is a true and correct copy of the SPA or that AEIC entered into the SPA.

**REQUEST FOR ADMISSION NO. 5:**

Admit that SPARTA did not provide written consent to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide written consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, including because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that SPARTA did not provide oral consent to the 2012 Transfer and Assumption Agreement entered into between OneBeacon and PGIC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide oral consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: To the extent that oral consent is defined to include express verbal communications of consent, Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, including because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing. To the extent oral consent is defined to include any implicit form of consent, Defendant denies the Request. Defendant will supplement this response with any additional information that becomes available during discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, to the extent that "oral consent" is defined to include express verbal communications of consent, Defendant lacks sufficient knowledge to admit or deny the assertions in this request despite reasonable inquiry, including because the information on which a response would be based is in the exclusive possession of SPARTA and third parties. To the extent that "oral consent" is defined to include any form of consent, Defendant denies the request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that SPARTA did not provide written consent to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide written consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry as to any written consent between SPARTA and OneBeacon Insurance Group because such information is in the exclusive possession of SPARTA and third parties and discovery is ongoing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that SPARTA did not provide oral consent to the 2012 Stock Purchase Agreement between OneBeacon and North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant objects to this Request because the phrase "did not provide oral consent" is vague, ambiguous, and undefined.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: To the extent that oral consent is defined to include express verbal communications of consent, Defendant lacks sufficient knowledge to admit or deny the assertions in Request No. 9 as to any express oral consent between SPARTA and OneBeacon Insurance Group despite reasonable inquiry because such information is in the exclusive possession of SPARTA and third parties and discovery is ongoing. To the extent oral consent is defined to include any implicit form of consent, Defendant denies the Request. Defendant will supplement this response with any additional information that becomes available during discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, to the extent that "oral consent" is defined to include express verbal communications of consent, Defendant lacks sufficient knowledge to admit or deny the assertions in this request despite reasonable inquiry, including because the information on which a response would be based is in the exclusive possession of SPARTA and third parties. To the extent that "oral consent" is defined to include any form of consent, Defendant denies the request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that there is no written document obtaining SPARTA's consent to or approval of the 2012 Transfer and Assumption Agreement prior to October 1, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because the phrase "approval of" is vague, ambiguous, and undefined. Defendant also objects to this Request on the ground that it is vague as to the meaning of "written document obtaining SPARTA's consent" inasmuch as it is unclear whether it encompasses interpretation of the written intracorporate 2005 Reinsurance Agreement between subsidiaries of a common corporate parent (including a company that SPARTA claims was a predecessor in interest) and its implications for future intracorporate transfers of liability within the same corporate family. Defendant interprets the Request to exclude that agreement. Defendant objects to this Request to the extent it is improperly seeking a legal conclusion and does not fall under the categories of "facts, the application of law to fact, or opinions about either." Fed. R. Civ. Proc. 36(a)(1)(A). Defendant also objects to this Request to the extent that information sought is not in Defendant's possession, custody, or control, and discovery in this action is ongoing. Defendant further objects to this Request as overbroad and unduly burdensome, including because Defendant was purchased as a clean shell in 2012 and Defendant cannot speak to the contents of all documents not within its possession, custody, or control.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing. Defendant has propounded discovery requests for such information during discovery in this matter. Defendant will supplement this response with any additional information that becomes available during discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant lacks sufficient knowledge to admit or deny the assertions in this request because any information on which a response could be based would be in the exclusive possession of SPARTA and third parties.

**REQUEST FOR ADMISSION NO. 24:**

Admit that there is no written document obtaining SPARTA's consent to or approval of the 2012 Stock Purchase Agreement prior to the closing of the 2012 sale of PGIC to North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because the phrase "approval of" is vague, ambiguous, and undefined. Defendant objects to this Request to the extent it is improperly seeking a legal conclusion and does not fall under the categories of "facts, the application of law to fact, or opinions about either." Fed. R. Civ. Proc. 36(a)(1)(A).

Defendant also objects to this Request to the extent that information sought is not in Defendant's possession, custody, or control, and discovery in this action is ongoing. Defendant further objects to this Request as overbroad and unduly burdensome, including because Defendant was purchased as a clean shell in 2012 and Defendant cannot speak to the contents of all documents, particularly those not within its possession, custody, or control.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing. Defendant has propounded discovery requests for such information during discovery in this matter. Defendant will supplement this response with any additional information that becomes available during discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant lacks sufficient knowledge to admit or deny the assertions in this request because any information on which a

response could be based would be in the exclusive possession of SPARTA and third parties.

**REQUEST FOR ADMISSION NO. 25:**

Admit that there is no written document obtaining SPARTA's consent to or approval of the sale of PGIC to North American Casualty Co.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendant incorporates by reference every general objection set forth above into the specific response set forth below. Defendant further objects to this Request because the phrase "approval of" is vague, ambiguous, and undefined. Defendant objects to this Request to the extent it is improperly seeking a legal conclusion and does not fall under the categories of "facts, the application of law to fact, or opinions about either." Fed. R. Civ. Proc. 36(a)(1)(A). Defendant also objects to this Request to the extent that information sought is not in Defendant's possession, custody, or control, and discovery in this action is ongoing. Defendant further objects to this Request as overbroad and unduly burdensome, including because Defendant was purchased as a clean shell in 2012 and Defendant cannot speak to the contents of all documents, particularly those not within its possession, custody, or control.

Subject to the foregoing general and specific objections, and based on its investigation to date, Defendant responds as follows: Defendant lacks sufficient knowledge to admit or deny the assertions in this Request despite reasonable inquiry, because the information on which a response would be based is in the exclusive possession of SPARTA and third parties and discovery is ongoing. Defendant has propounded discovery requests for such information during discovery in this matter. Defendant will supplement this response with any additional information that becomes available during discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendant incorporates by reference every general objection set forth above into this response. Subject to the foregoing general and specific objections, Defendant denies this request.

Dated: January 8, 2024　　　　　　　　　　By: 　_/s/ Samuel C. Kaplan_
　　　　　　　　　　　　　　　　　　　　　　　　Samuel C. Kaplan

　　　　　　　　　　　　　　　　　　　　　Samuel C. Kaplan (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　skaplan@bsfllp.com
　　　　　　　　　　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　　1401 New York Avenue, NW
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 237-2727
　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 237-6131

　　　　　　　　　　　　　　　　　　　　　Maxwell V. Pritt (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　mpritt@bsfllp.com
　　　　　　　　　　　　　　　　　　　　　Mariah J. Noah (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　mnoah@bsfllp.com
　　　　　　　　　　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　　44 Montgomery Street, 41st Floor

San Francisco, CA 94104
Telephone: (415) 293-6800

John F. Dew (BBO #668467)
jdew@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399

*Counsel for Defendant Pennsylvania General Insurance Company*

# VERIFICATION

I, Jeffrey A. Silver, am General Counsel of Pennsylvania Insurance Company, f/k/a Pennsylvania General Insurance Company ("Defendant"). On behalf of Defendant and in that capacity, I have read the foregoing DEFENDANT PENNSYLVANIA GENERAL INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF SPARTA INSURANCE COMPANY'S INTERROGATORIES NOS. 1, 4-16, 19. These responses were prepared with the assistance of counsel. My understanding is that these answers are based on records and information currently available. I am informed and believe that the information provided therein is true and correct.

Subject to the foregoing, I declare under penalty of perjury that these responses are true and correct to the best of my knowledge.

Date: January 8, 2024    By: _____

Jeffrey A. Silver
General Counsel
Pennsylvania Insurance Company

# CERTIFICATE OF SERVICE

I, Louis Salazar, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery Street, 41st Floor, San Francisco, CA 94104.

On January 8, 2024, I served the following document(s) described as:

DEFENDANT PENNSYLVANIA INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPARTA INSURANCE COMPANY'S REQUESTS FOR ADMISSION NOS. 1-9 & 23-25

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from lsalazar@bsfllp.com by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

James R. Carroll
Christopher G. Clark
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 8, 2024, at San Francisco, California.

                                                */s/Louis Salazar*
                                                Louis Salazar