*Exhibit 54*

*September 27, 2021 Notice*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116
———
TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

FIRM/AFFILIATE OFFICES
———
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
617-573-4801
DIRECT FAX
617-305-4801
EMAIL ADDRESS
JAMES.CARROLL@SKADDEN.COM

September 27, 2021

**BY EMAIL AND OVERNIGHT MAIL**

Samuel C. Kaplan
Boies Schiller Flexner LLP
1401 New York Avenue NW
Washington, DC 20005

       RE: SPARTA Insurance Company v. Pennsylvania General
          Insurance Company, No. 1:21-11205-DLC (D. Mass)

Dear Mr. Kaplan:

    I write on behalf of Sparta Insurance Company ("SIC") to provide notice of indemnification pursuant to Sections 2.19, 8, and 12.9 of the August 9, 2007 Stock Purchase Agreement ("SPA") between Pennsylvania General Insurance Company ("PGIC"), later re-named Pennsylvania Insurance Company ("PIC"), and SPARTA Insurance Holdings, Inc. ("SIH"). This notice relates to prior notices SIC has made to PIC -- which have gone unanswered -- concerning claims, tenders, and other legal processes that SIC has received, which all relate to policies issued by American Employers' Insurance Company ("AEIC").

    As you know, Section 2.19(b) of the SPA states:

    All liabilities of the Company [AEIC] that have arisen or could arise,
    under any insurance contract or any reinsurance treaty or otherwise,
    have been and will be assumed by Seller [PIC f/k/a PGIC] .... The
    Company [AEIC] has, and will at Closing have, no liabilities of any
    nature, whether absolute, accrued, contingent or otherwise or whether

12/13/23 TMA
**SILVER**
**164**

CONFIDENTIAL                                     SPARTA-00090116

due or to become due, other than those assumed by Seller pursuant to the Reinsurance Agreement.[1]

Accordingly, in 2007, SIH acquired AEIC as an empty shell, free from any of AEIC's then-existing or future liabilities. Notwithstanding that fact, SIC has been receiving and continues to receive claims allegedly arising from policies issued by AEIC prior to SIH's 2007 acquisition of AEIC.

SIC has received these claims as a result of PIC's refusal to satisfy its obligations and handle AEIC claims. In May 2021, SIC was notified by the liquidator of Bedivere Insurance Company ("BIC") (formerly known as One Beacon Insurance Company ("OBIC")) that AEIC claims would be tendered to PIC as the party responsible for those claims. Although PIC agreed to fund certain claims on an interim basis under a reservation of rights, it has denied responsibility for other AEIC claims. Moreover, although PIC entered into an agreement with A.G. Risk Management ("AGRM") to manage all AEIC claims, PIC has since refused to accept the tender of AEIC claims from BIC's liquidator. As a result -- in order to protect policyholders and remove them from a dispute between two insurance companies -- SIC has accepted the tender of AEIC claims from BIC's liquidator under a reservation of rights. AEIC will seek full indemnification and reimbursement from PIC for handling these claims and any received in the future.

In addition to the claims that SIC has previously tendered to PIC, SIC has received the following additional claims based on AEIC policies:

1. A complaint served on Triangle Enterprises, Inc.'s agent for service of process on July 14, 2021 in the matter of *Music v. BASF Catalysts, LLC, et al.*, No. 21-CI-00100 (Johnson Cir. Ct. KY).

2. A tender letter and request for documents from The Church of Jesus Christ of Latter-day Saints and affiliated entities, dated July 21, 2021.

3. SIC received notice from A.G. Risk Management of an ongoing litigation in which Bedivere Insurance Company is a plaintiff, which concerns AEIC policy liabilities. *See Bedivere Ins. Co., et al. v. Chanel, Inc., et al.*, Index No. 651145/2019 E.

4. A tender from the University of Michigan concerning AEIC policy No. A13-8208-001. Sparta received a communication from Laura

---

[1] *See also* SPA Section 8.1; June 15, 2005 Instrument of Transfer and Assumption between Pennsylvania General Insurance Company and American Employers' Insurance Company.

Cohen of Covington & Burling LLP reporting lawsuits involving allegations of sexual misconduct against the University of Michigan, which are purportedly covered under the attached policy.

5. A tender concerning a workers compensation claim by Clyde Brown.

6. A complaint served on Triangle Enterprises, Inc.'s agent for service of process on September 2, 2021, in the matter of *Hack v. Advance Stores Co., Inc., et al.*, No. 21-L-0807 (St. Clair Cnty. Cir. Ct. IL).

7. A subpoena relating to AEIC policies sent to SIC by letter dated September 15, 2021 concerning *Childers v. Davis Mechanical Contractors, Inc., et al.* No. 2021-CP-40-03484.

8. A tender dated September 15, 2021 from Cissell Manufacturing Company concerning AEIC Policy No. ASW535386.

9. A tender dated September 15, 2021 from Associated Insulation of California concerning AEIC Policy No. A19216843.

10. A tender dated September 15, 2021 from Pyro Engineering concerning AEIC Policy No. AAW454543.

11. A tender dated September 15, 2021 from Sealite, Inc. concerning AEIC Policy No. AWW666984.

12. A tender dated September 17, 2021 from M&O Insulation Company concerning AEIC Policy No. AW 8502909 (Wesson).

13. A tender dated September 17, 2021 from M&O Insulation Company concerning AEIC Policy No. AW 8502909 (Geiger).

Please immediately confirm that PIC will handle, manage, and pay these claims or proceedings -- as well as the other AEIC claims that Armour Risk Management was managing and paying, and the prior AEIC claims that SIC previously tendered to PIC.

Section 8.1 of the SPA states:

Seller [PIC f/k/a PGIC] agrees to indemnify and hold Purchaser [SIH, now SIC] harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including,

without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by Purchaser or the Company (collectively, "Losses"), arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by the Seller to Purchaser hereunder), or nonfulfillment of any covenant or agreement on the part of Seller under this Agreement; (ii) the failure by Seller to perform any of its obligations under the Reinsurance Agreement; (iii) any Loss arising out of or resulting from the existence of Company prior to the Closing or the conduct of the Business or other operations by or of Company prior to the Closing; (iv) all filing fees and administrative assessments for insurance guaranty funds and/or insurance department expenses and all other assessments, levies or liabilities of any kind arising out of and/or associated with the conduct of the Business of the Company prior to the Closing; (v) any matter relating to any employee benefit plan or arrangement in effect prior to the Closing; and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing (any and all of which are hereafter referred to as a "Claim").

As we previously informed you, to the extent PIC does not handle, manage, and pay these AEIC claims, SIC will protect its interests as necessary with respect to each of the claims and look to PIC for reimbursement for all costs incurred in that necessary action.

In addition to the above and previous requests that SIC has made to PIC concerning claims allegedly arising from AEIC policies that SIC has received, SIC provides this notice of PIC's obligation to indemnify and hold harmless SIC from all "loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by" SIC in connection with any of the foregoing matters pursuant to SPA Section 8.1. Further, SIC provides the same notice of PIC's obligation to indemnify and hold harmless SIC from the same in connection with any other matters purportedly arising, now or in the future, from AEIC policies in which SIC is identified -- improperly -- as the party responsible for any obligation or liability arising from AEIC policies.

CONFIDENTIAL

Samuel C. Kaplan
September 27, 2021
Page 5

        Pursuant to SPA Section 8.1, SIC requests that PIC notify SIC within ten business days of receipt of this letter as to whether PIC will assume control and defense of the foregoing claims and any future related claims at PIC's expense. Because the above-identified matters remain ongoing and SIC has incurred, and is incurring, ongoing expense with respect to each of them (which ultimately is the responsibility of PIC), the dollar amount of the foregoing claims for indemnification cannot be determined at this time. Pursuant to SPA Section 8.3, SIC will provide written notice to PIC of the dollar amount of each of the foregoing claims after SIC has determined such dollar amount(s).

        SIC reserves all rights and waives none.

        Very truly yours,

        */s/ James R. Carroll*

        James R. Carroll

cc:    Jeffrey Silver
        One Beacon Insurance Company, General Counsel
        One Beacon Insurance Company, Treasurer

CONFIDENTIAL    SPARTA-00090120