*Exhibit 79*

*April 8, 2024 Notice (5 of 7)*
*(Exhibits Omitted)*



April 8, 2024

Jeffrey Silver
Pennsylvania Insurance Company
10805 Old Mill Road
Omaha, NE 68154

*Catalina U.S. Insurance Services LLC*

5 Batterson Park Road, 3rd Floor
Farmington, CT 06032
Catalinare.com

*Administrator on behalf of:*
Alea North America Insurance Company
National American Insurance Company of California
National Home Insurance Company (RRG)
SPARTA Insurance Company

*Members of Catalina Holdings (Bermuda) Ltd.*

Re:     Notice of Section 8.1 Indemnification Claim

Dear Mr. Silver:

Pursuant to Section 8.1 of the Stock Purchase Agreement ("SPA") entered into among SPARTA Insurance Holdings, Inc., predecessor to SPARTA Insurance Company, ("SPARTA") Pennsylvania General Insurance Company, later re-named Pennsylvania Insurance Company, ("PGIC") and OneBeacon Insurance Company ("OneBeacon"), and dated as of March 12, 2007, I am writing on behalf of SPARTA to provide notice that SPARTA has received notice of the following claim made against a policy issued by American Employers' Insurance Co. ("AEIC") prior to SPARTA's acquisition of AEIC:

| Claimant | Insured | Policy No(s). |
|----------|---------|---------------|
| Redacted | Redacted | Redacted |

Enclosed are copies of (A) the AEIC policy or policies under which the claim is being made, attached as Exhibit A; and (B) the notice of claim or other documentation received by SPARTA regarding what the claimed expense is for and any correspondence with the claimant by or on behalf of SPARTA to date, attached as Exhibit B.

PGIC is responsible for the handling and defense of this claim under the SPA and the Instrument of Transfer and Assumption between PGIC and AEIC dated June 15, 2005.

Please immediately confirm that PGIC will assume control and defense of the above claim. If PGIC does not notify SPARTA that it will assume the control and defense of this claim within ten business days from receipt of this letter, SPARTA may take action to pay, compromise or settle the claim to protect its interests as necessary with respect to the claim and will look to PGIC for reimbursement for all costs incurred in that necessary action.

In addition, SPARTA provides notice of PGIC's obligation to indemnify and hold harmless SPARTA from all "loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by" SPARTA in connection with the above claim pursuant to Section 8.1 of the SPA.

Because the above-identified claim remains ongoing and SPARTA may incur ongoing expense with respect to the claim (which ultimately is the responsibility of PGIC), the dollar amount of the foregoing claim for indemnification cannot be determined at this time. Pursuant to Section 8.3 of the SPA, SPARTA will provide written notice to PGIC of the dollar amount of the foregoing claim after SPARTA has determined such dollar amount(s).

SPARTA reserves all rights.

Please contact me if you need additional information or believe any of the forgoing is incorrect.

Very truly yours,

Joshua Weiner

Enclosures

cc:     Samuel C. Kaplan (via email w/enclosures as requested by PGIC)



Exhibits Omitted