*Exhibit 96*

*February 3, 2023 Letter Regarding The*
*November 7, 2022 Notice*

TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

FIRM/AFFILIATE OFFICES
—
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(617) 573-4800
DIRECT FAX
(617) 305-4800
EMAIL ADDRESS
JAMES.CARROLL@SKADDEN.COM

February 3, 2023

**BY FEDERAL EXPRESS**

Samuel C. Kaplan
Boies Schiller Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005

John F. Dew
Cohen, Kinne, Valicenti & Cook
28 North Street, 3rd Floor
Pittsfield, MA 01201

Maxwell V. Pritt
Erika Nyborg-Burch
Mariah J. Noah
Boies Schiller Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104

Jeffrey Silver
Pennsylvania Insurance Company
10805 Old Mill Road
Omaha, NE 68154

RE:  SPARTA Indemnification Claim dated November 7, 2022

Dear Counsel:

I write on behalf of SPARTA Insurance Company ("SPARTA") in reference to the Stock Purchase Agreement ("SPA") among Pennsylvania General Insurance Company ("PGIC"), OneBeacon Insurance Company ("OneBeacon"), and SPARTA Insurance Holdings, Inc. (now known as SPARTA) dated as of March 12, 2007.

SPARTA has previously provided Pennsylvania Insurance Company ("PIC," formerly PGIC) with notice under Section 8.1 of the SPA of various claims that relate to insurance policies originally issued by American Employers' Insurance Company ("AEIC"), for which PGIC agreed to indemnify SPARTA under the SPA. (*See, e.g.*, Correspondence attached as Ex. A.) To date, PGIC has never informed SPARTA that it would assume the defense of any such AEIC claims.

On November 7, 2022, SPARTA advised PIC that SPARTA had expended [Redacted] on certain of the previously noticed claims incurred through September 30, 2022 ("the November 7, 2022 Section 8.3 Notice"). SPARTA requested that PIC remit payment to SPARTA in that amount. Our records indicate that this notice was delivered to Mr. Jeff Silver on November 8, 2022. To date, PGIC has not served written notice that PIC disagrees with the amount of the Claim set forth in the November 7, 2022 Section 8.3 Notice.

Because more than thirty (30) business days have passed since PIC's receipt of SPARTA's November 7, 2022 Section 8.3 Notice, the amount set forth in that notice "shall conclusively be deemed to have been accepted by the indemnifying party and to be the agreed amount which the indemnified party, and in the event the Purchaser is the indemnified party, the Company, are entitled to receive by way of indemnification from the indemnification party." (SPA, Section 8.3.) Accordingly, PIC was required to, but did not, remit the agreed amount of [Redacted] to SPARTA within five (5) business days of the amount being conclusively determined, *i.e.*, December 15, 2022, the time provided in Section 8.4 of the SPA.

If we do not receive payment from you promptly, we will be required to take further steps to seek relief from the Court for PIC's breach of its indemnification obligations. The payment should be sent to the bank account identified in Exhibit B attached hereto.

We further note that PIC is responsible for the handling and defense of these claims under the SPA and the Instrument of Transfer and Assumption between PGIC and AEIC dated June 15, 2005. Until PIC confirms that it will satisfy its contractual obligations to SPARTA by administering and paying these claims, SPARTA will continue to protect its interest and to protect AEIC policyholders by handling claims tendered against AEIC policies, under full reservation of rights, via A.G. Risk Management, Inc. The amounts set forth in the Section 8.3 Notice were provided without prejudice to SPARTA's right to recover additional amounts expended in furtherance of resolving these or other claims for which PIC is responsible, and to SPARTA's right to recover legal fees it has incurred or will incur due to PGIC's failure to satisfy its obligations to SPARTA. SPARTA will provide PIC with any such additional amounts expended by SPARTA periodically.

Very truly yours,

*James R. Carroll*

James R. Carroll

**Exhibit A**

**From:** Amy Gallent <AmyGallent@Catalinare.com>
**Sent:** Tuesday, June 1, 2021 1:18 PM
**To:** Jeff Silver <jeffreysilver@silver-law.net>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

Mr. Silver-

Given the deadlines noted in my original email below, we reiterate our reque
noted timeframes that PIC will continue to protect SIC's interests and manag
to do under the relevant agreements.

If we do not hear back from you as requested we will protect SIC's interests
reimbursement of any expenses.

I look forward to your timely response.

Thank you.

Amy Gallent



Amy Gallent
**U.S. General Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3441
www.catalinare.com

---

**From:** Jeff Silver <jeffreysilver@silver-law.net>
**Sent:** Tuesday, June 1, 2021 10:01 AM
**To:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

**Warning:** External email, use care with links & attachments

1

SPARTA Summary Judgment -- Clark Declaration Ex. 96 Page 4

Ms. Gallant:

Thank you for your e-mail.

We are currently reviewing the situation and will revert upon completion of our review.

Jeff Silver

From: Amy Gallent <AmyGallent@Catalinare.com>
Sent: Friday, May 28, 2021 2:54 PM
To: Jeff Silver <jeffreysilver@silver-law.net>
Subject: American Employers/Pennsylvania Insurance Co Obligations

Dear Mr. Silver,

Pursuant to the Transfer and Assumption agreement entered into between Pennsylvania General Insurance Company, now known as Pennsylvania Insurance Company (PIC), and American Employers' Ins. Co. (AEIC), now known as SPARTA Insurance Company (SIC), we write to confirm that PIC - which for 16 years has either handled the AEIC claims itself or by virtue of an assignment to its then parent - will continue to honor its obligations and assume, handle, and pay all claims. The Chief Liquidation Officer (CLO) of Bedivere Insurance Company in Liquidation (BIC) has informed us that he has duly tendered all claims that arise from the AEIC policies that BIC had been managing and paying on behalf of PIC pursuant to a reinsurance agreement between BIC's predecessor, One Beacon Insurance Company, and PIC.

SIC has been directly named and served in the following matters: (i) *Bedivere Ins. Co. v. Triangle Enterprises, Inc.*, No 17-CI-00522, McCracken, KY Circuit Court; (ii) *Roman Catholic Diocese of Syracuse v. Arrowpoint Cap. et al.*, Case No 20-30663-5-mcr, Adv. Pro. 21-50002-5-mcr, US Bkcy. Ct. WDNY; and (iii) *In re Diocese of Buffalo*, Case No. 20-10322 CLB, Adv. Pro. 21-01001, US Bkcy. Ct. WDNY; (iv) Missouri Department of Labor and Industrial Relations Division of Workers' Compensation claim, injury number 18-111944. SIC has retained DLA Piper to protect SIC's interest in the liquidation proceedings and all related matters. DLA has obtained an extension to respond to Triangle's third party complaint through and including July 2, 2021. A copy of DLA's confirmatory letter is attached. SIC has not yet been served with Great American's third party complaint in the *Triangle* action. Filings in the *Triangle* and *Great American* actions are under seal and subject to a protective order. We will provide the *Triangle* filings to you upon confirmation that they will be protected under the terms of the protective order. We will provide the *Great American* filings to you once we are served with them and confirm that they too will be protected under the order.

In the two bankruptcy coverage matters referenced above, we understand that there is a stay until June 2, 2021, and in the WC matter a response is required by June 16, 2021.

SIC has also been advised that the CLO of BIC has demanded that PIC establish an imprest account with Armour Risk Management (ARM) by June 7, 2021, so that the WC claims for which PIC is responsible can continue to be funded. We have also been informed that PIC is in discussions with ARM to continue managing these claims and all other related claims on behalf of PIC.

We would be grateful if you would acknowledge receipt of this e-mail. Please also confirm within the timeframes noted above that PIC will continue to protect SIC's interest, and manage and pay claims as it is obligated to do under the relevant agreements.

Thank you very much. Have a good weekend.

Amy Gallent



Amy Gallent
**U.S. General Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3441
www.catalinare.com

Confidentiality Notice: This e-mail, including any attachments, is intended for the sole and exclusive use of the person(s) or entity to whom it is addressed and may contain proprietary, confidential and/or legally privileged information. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) notify us immediately by return e-mail and delete this message, including any attachments. Unauthorized disclosure, forwarding, copying or use of this information may be unlawful and is strictly prohibited.

SPARTA Summary Judgment -- Clark Declaration Ex. 96 Page 6

**From:** Josh Weiner
**Sent:** Thursday, July 8, 2021 9:43 AM
**To:** 'Jeff Silver' <jeffreysilver@silver-law.net>
**Cc:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** FW: American Employers/Pennsylvania Insurance Co Obligations

Mr. Silver,

This is the third email.

Thanks,
Josh

Joshua Weiner
**Vice President, Claims Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3417
www.catalinare.com

---

**From:** Josh Weiner
**Sent:** Thursday, July 8, 2021 9:41 AM
**To:** 'Jeff Silver' <jeffreysilver@silver-law.net>
**Cc:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

Mr. Silver,

Per your request, and as we understand Pennsylvania Insurance Company has agreed to be bound by the Kentucky Protective Order, please find attached the documents.

We look forward to hearing from you regarding the tenders.

1

As before, I have broken up the documents into multiple PDFs because of size restrictions. Please let me know if you have any further questions.

Thanks,
Josh

Joshua Weiner
**Vice President, Claims Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3417
www.catalinare.com

**From:** Jeff Silver <jeffreysilver@silver-law.net>
**Sent:** Monday, June 28, 2021 1:57 PM
**To:** Josh Weiner <joshweiner@Catalinare.com>
**Cc:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations (4 of 4)

**Warning:** External email, use care with links & attachments

As we continue our review under a full reservation of rights, in the Bedivere/Triangle/Sparta/Great American litigation, we do not have any of the exhibits referred to in the various pleadings including any of the insurance policies issued by American Employers' Insurance Company.

Please forward all of those exhibits to my attention at your earliest opportunity.

**From:** Josh Weiner <joshweiner@Catalinare.com>
**Sent:** Wednesday, June 23, 2021 2:50 PM
**To:** Jeff Silver <jeffreysilver@silver-law.net>
**Subject:** FW: American Employers/Pennsylvania Insurance Co Obligations (4 of 4)

Here you go.

Joshua Weiner
**Vice President, Claims Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3417
www.catalinare.com

**From:** Josh Weiner
**Sent:** Wednesday, June 23, 2021 12:02 PM
**To:** 'jeffreysilver@silver-law.net' <jeffreysilver@silver-law.net>
**Subject:** American Employers/Pennsylvania Insurance Co Obligations (4 of 4)

2

Mr. Silver,

Following up on the email correspondence below between you and Amy Gallent, please find attached 14 tenders for defense and indemnity that SPARTA Insurance Company ("SIC") has received from Triangle Enterprises, Inc. Pursuant to the 2005 Transfer and Assumption Agreement between American Employers Insurance Company ("AEIC") and Pennsylvania General Insurance Company ("PGIC"), and the subsequent 2007 Stock Purchase Agreement between SIC's predecessor, SPARTA Insurance Holdings, and PGIC, these claims are not the responsibility of SIC and are appropriately the responsibility of Pennsylvania Insurance Company, as successor to PGIC.

The following claims have already been forwarded to Armour Risk Management ("Armour"):

- *Ausby Garrard & Martha Garrard v. Triangle Enterprises, Inc.*, 21-L-606 (Madison Cty., IL, 2021)
- *Charlie King v. Triangle Enterprises, Inc.*, 21-L-448 (St. Clair Cty., IL, 2021)
- *Dixie Lou Carney v. Triangle Enterprises, Inc.*, 20-L-1021 (St. Clair Cty., IL, 2021)
- *Jeffrey Glasow & Kathryn Glasow v. Triangle Enterprises, Inc.*, 21-L-177 (Madison Cty., IL, 2021)
- *Steven Hosler v. Triangle Enterprises, Inc.*, 21-L-177 (St. Clair Cty., IL, 2021)
- *David Latshaw v. Triangle Enterprises, Inc.*, 2021-L-0071 (St. Clair Cty., IL, 2021)
- *Rethel Lowe & Theresa Lowe v. Triangle Enterprises, Inc.*, 21-L-57 (St. Clair Cty., IL, 2021)
- *Susan Lockhart-Stirland v. Triangle Enterprises, Inc.*, 2122-CC00428 (St. Louis City., MO, 2021)
- *Pamela Rud v. Triangle Enterprises, Inc.*, 21-L-286 (Madison Cty., MO, 2021)
- *Dennis French & Holy French v. Triangle Enterprises, Inc.*, 21-L-320 (St. Clair Cty., IL, 2021)
- *Jackie Williams & Sue Williams v. Triangle Enterprises, Inc.*, 20-L-853 (St. Clair Cty., IL, 2021)
- *Lome Alexander v. Triangle Enterprises, Inc.*, 21-L-76 (Madison Cty., IL, 2021)
- *Rose Eads et al. v. Triangle Enterprises, Inc.*, 20-L-243 (St Clair Cty., IL, 2021)
- *Urana Wold v. Triangle Enterprises, Inc.*, 2021-L-0338 (St Clair Cty., IL, 2021)

In addition, there are also two coverage cases, where SIC was sued directly by a third party as a result of alleged liabilities arising out of policies issued by AEIC. These matters include *Triangle Enterprises, Inc. v. SPARTA Insurance Company F/K/A American Employers' Insurance Company*, 17-CI-522 (McCracken, KY, 2021); and *Great American E&S Insurance Company v. SPARTA Insurance Company F/K/A American Employers' Insurance Company*, 17-CI-00522 (McCracken, KY, 2021). We continue to receive filings on some of the matters, in particular the diocese cases, and need your confirmation that PIC will take over the handling and payment of these claims.

It has been over three weeks since we advised you about these matters and requested that you handle them as well as the AEIC claims that Armour Risk Management ("ARM") had been managing and paying prior to Bedivere going into liquidation. As previously requested, please confirm that PIC has accepted financial and management responsibility for these tenders and the AEIC claims currently in ARM's possession, and will pay these claims. Please also provide contact information for the person or entity to which SIC should forward these types of claims in the ordinary course, should SIC continue to receive them. It is important that SIC receive this information as soon as possible given the time-sensitive obligations associated with these and other claims.

Given the time-sensitive nature of this issue, if we do not hear back from you that PIC will handle and pay these claims, we will continue to protect SIC's interests and look to PIC for reimbursement of any expenses, as relayed in Amy Gallent's June 1 email to you.

Thank you.

Regards,
Josh

SPARTA Summary Judgment -- Clark Declaration Ex. 96 Page 9

Joshua Weiner
**Vice President, Claims Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3417
www.catalinare.com

---

**From:** Jeff Silver <jeffreysilver@silver-law.net>
**Sent:** Monday, June 14, 2021 2:58 PM
**To:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

**Warning:** External email, use care with links & attachments

Thanks for your e-mail.

I can assure you that Pennsylvania Insurance Company never adjusted AEIC or Sparta claims after we bought Pennsylvania Insurance Company f/k/a Pennsylvania General Insurance Company from OneBeacon as a clean shell on October 1, 2012.

Our investigation continues.

**From:** Amy Gallent <AmyGallent@Catalinare.com>
**Sent:** Monday, June 14, 2021 12:59 PM
**To:** Jeff Silver <jeffreysilver@silver-law.net>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

Jeff-

Thanks for your email.

AEIC claims and liabilities were fully, absolutely and unequivocally transferred to and assumed by Pennsylvania General Insurance Company (PGIC) (now known as Pennsylvania Insurance Company (PIC)), before the sale of AEIC to SPARTA in 2007. The AEIC claims and liabilities were fully guaranteed by OBIC (whose parent, of course, was OBIG which is now Intact Specialty).

SPARTA never handled, managed, or paid any AEIC claims or suits. Claims and suits were always, without exception, handled, managed and paid by PGIC, OBIC, OBIG and later by Bedivere, either directly or through TPAs (including Resolute Management and Armor Risk Management) working for and at the direction of these responsible entities.

Amy



Amy Gallent
**U.S. General Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3441
www.catalinare.com

4

**From:** Jeff Silver <jeffreysilver@silver-law.net>
**Sent:** Friday, June 11, 2021 10:36 AM
**To:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

**Warning:** External email, use care with links & attachments

## No problem.

**From:** Amy Gallent <AmyGallent@Catalinare.com>
**Sent:** Friday, June 11, 2021 9:09 AM
**To:** Jeff Silver <jeffreysilver@silver-law.net>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

Jeff-

I should be in a position to respond to your request early next week. Over the years we have dealt with a number of different parties so we will need to gather that information.

Have a good weekend.

Amy



Amy Gallent
**U.S. General Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3441
www.catalinare.com

**From:** Jeff Silver <jeffreysilver@silver-law.net>
**Sent:** Friday, June 11, 2021 8:18 AM
**To:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

**Warning:** External email, use care with links & attachments

Amy:

As we continue to review, how were claims handled over the last years with your company since obviously Pennsylvania Insurance Company was not involved in any way.

Your early response is appreciated.

Jeff Silver

5

**From:** Amy Gallent <AmyGallent@Catalinare.com>
**Sent:** Monday, June 7, 2021 1:58 PM
**To:** Jeff Silver <jeffreysilver@silver-law.net>
**Subject:** American Employers/Pennsylvania Insurance Co Obligations

Mr. Silver-

Thank you for your email.

Attached, as requested, is the Transfer and Assumption Agreement (the "T&AA") between American Employers Insurance Company (AEIC) and Pennsylvania General Insurance Company (PGIC) (which we understand was renamed Pennsylvania Insurance Company in 2012) transferring the liabilities from AEIC to PGIC, dated June 15, 2005. Sparta Insurance Holdings acquired the clean AEIC shell in 2007 from PGIC and renamed it SPARTA Insurance Company (SIC). Also attached is the Stock Purchase Agreement among PGIC, OneBeacon Insurance Company ("OBIC"), as Guarantor, and Sparta Insurance Holdings, Inc., dated March 12, 2007, which we attach as it includes an indemnity by PGIC against any failure by PGIC to perform any of its obligations under the T&AA.

Finally, attached please find a Transfer and Assumption Agreement between OBIC and PGIC, dated Oct. 1, 2012.

We look forward to your response once you have had an opportunity to review the attached.

Amy Gallent



Amy Gallent
**U.S. General Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3441
www.catalinare.com

---

**From:** Jeff Silver <jeffreysilver@silver-law.net>
**Sent:** Sunday, June 6, 2021 9:22 AM
**To:** Amy Gallent <AmyGallent@Catalinare.com>
**Subject:** RE: American Employers/Pennsylvania Insurance Co Obligations

**Warning:** External email, use care with links & attachments

As we continue to review this matter, please provide the assignment from Pennsylvania Insurance Company to its parent that you referred to in the below e-mail and any other relevant documents because current ownership of Pennsylvania Insurance Company acquired it in June 2012 as a clean shell and has never heard of American Employers' Ins. Co. until approximately 30 days ago.

**From:** Amy Gallent <AmyGallent@Catalinare.com>
**Sent:** Friday, May 28, 2021 2:54 PM
**To:** Jeff Silver <jeffreysilver@silver-law.net>
**Subject:** American Employers/Pennsylvania Insurance Co Obligations

Dear Mr. Silver,

6

Pursuant to the Transfer and Assumption agreement entered into between Pennsylvania General Insurance Company, now known as Pennsylvania Insurance Company (PIC), and American Employers' Ins. Co. (AEIC), now known as SPARTA Insurance Company (SIC), we write to confirm that PIC - which for 16 years has either handled the AEIC claims itself or by virtue of an assignment to its then parent - will continue to honor its obligations and assume, handle, and pay all claims. The Chief Liquidation Officer (CLO) of Bedivere Insurance Company in Liquidation (BIC) has informed us that he has duly tendered all claims that arise from the AEIC policies that BIC had been managing and paying on behalf of PIC pursuant to a reinsurance agreement between BIC's predecessor, One Beacon Insurance Company, and PIC.

SIC has been directly named and served in the following matters: (i) *Bedivere Ins. Co. v. Triangle Enterprises, Inc.*, No 17-CI-00522, McCracken, KY Circuit Court; (ii) *Roman Catholic Diocese of Syracuse v. Arrowpoint Cap. et al.*, Case No 20-30663-5-mcr, Adv. Pro. 21-50002-5-mcr, US Bkcy. Ct. WDNY; and (iii) *In re Diocese of Buffalo*, Case No. 20-10322 CLB, Adv. Pro. 21-01001, US Bkcy. Ct. WDNY; (iv) Missouri Department of Labor and Industrial Relations Division of Workers' Compensation claim, injury number 18-111944. SIC has retained DLA Piper to protect SIC's interest in the liquidation proceedings and all related matters. DLA has obtained an extension to respond to Triangle's third party complaint through and including July 2, 2021. A copy of DLA's confirmatory letter is attached. SIC has not yet been served with Great American's third party complaint in the *Triangle* action. Filings in the *Triangle* and *Great American* actions are under seal and subject to a protective order. We will provide the *Triangle* filings to you upon confirmation that they will be protected under the terms of the protective order. We will provide the *Great American* filings to you once we are served with them and confirm that they too will be protected under the order.

In the two bankruptcy coverage matters referenced above, we understand that there is a stay until June 2, 2021, and in the WC matter a response is required by June 16, 2021.

SIC has also been advised that the CLO of BIC has demanded that PIC establish an imprest account with Armour Risk Management (ARM) by June 7, 2021, so that the WC claims for which PIC is responsible can continue to be funded. We have also been informed that PIC is in discussions with ARM to continue managing these claims and all other related claims on behalf of PIC.

We would be grateful if you would acknowledge receipt of this e-mail. Please also confirm within the timeframes noted above that PIC will continue to protect SIC's interest, and manage and pay claims as it is obligated to do under the relevant agreements.

Thank you very much. Have a good weekend.

Amy Gallent



Amy Gallent
**U.S. General Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3441
www.catalinare.com

Confidentiality Notice: This e-mail, including any attachments, is intended for the sole and exclusive use of the person(s) or entity to whom it is addressed and may contain proprietary, confidential and/or legally privileged information. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) notify us immediately by return e-mail and delete this message, including any attachments. Unauthorized disclosure, forwarding, copying or use of this information may be unlawful and is strictly prohibited.



July 26, 2021

**VIA OVERNIGHT FEDEX AND EMAIL**

Jeffrey Silver
General Counsel
Pennsylvania Insurance Company
10805 Old Mill Road
Omaha, NE 68154

One Beacon Insurance Company
One Beacon Lane
Canton, Massachusetts 02021
Attention: General Counsel

One Beacon Insurance Company
One Beacon Lane
Canton, Massachusetts 02021
Attention: Treasurer

Dear Mr. Silver, Treasurer, and General Counsel:

I write on behalf of Sparta Insurance Company ("SIC") to provide notice of indemnification pursuant to Sections 2.19, 8, and 12.9 of the August 9, 2007 Stock Purchase Agreement ("SPA") between Pennsylvania General Insurance Company ("PGIC"), later re-named Pennsylvania Insurance Company ("PIC"), and Sparta Insurance Holdings, Inc. ("SIH"). This notice relates to prior notices SIC has made to PIC concerning claims, tenders, and other legal process that SIC has received, which all relate to policies issued by American Employers' Insurance Company ("AEIC").

As you know, Section 2.19(b) of the SPA states:

> All liabilities of [AEIC] that have arisen or could arise, under any insurance contract or any reinsurance treaty or otherwise, have been and will be assumed by Seller [PIC f/k/a PGIC] . . . . The Company [AEIC] has, and will at Closing have, no liabilities of any nature, whether absolute, accrued, contingent or otherwise or whether due or to become due, other than those assumed by Seller pursuant to the Reinsurance Agreement.[1]

Accordingly, in 2007, SIH acquired AEIC as an empty shell, free from any of AEIC's then-existing or future liabilities. Notwithstanding that fact, as SIC has previously informed you, SIC has been receiving and continues to receive claims allegedly arising from policies issued by AEIC prior to SIH's 2007 acquisition of AEIC. Specifically, we have previously notified you of the following claims, all of which are based allegedly on AEIC policies:

1. Two direct third-party actions against SIC in *Bedivere Ins. Co. v. Triangle Enterprises, Inc.*, No 17-CI-00522, McCracken, KY Circuit Court.

---

[1] *See also* June 15, 2005 Instrument of Transfer and Assumption between Pennsylvania General Insurance Company and American Employers' Insurance Company.

2. Two bankruptcy adversary proceedings: (1) *Roman Catholic Diocese of Syracuse v. Arrowpoint Cap. et al.*, No 20-30663-5, Adv. Pro. 21-50002-5 (N.D.N.Y. Bankr.); and (2) *In re Diocese of Buffalo*, No. 20-10322, Adv. Pro. 21-01001 (W.D.N.Y. Bankr.).

3. A Missouri Department of Labor and Industrial Relations Division of Workers' Compensation claim, injury number 18-111944.

4. Fourteen tenders for defense and indemnity that SIC received from Triangle Enterprises, Inc.

We previously requested that PIC confirm that it will handle, manage, and pay these claims as well as other AEIC claims that Armour Risk Management was managing and paying. We also informed you that, to the extent PIC would not handle, manage, and pay those claims, SIC would protect its interests as necessary with respect to each of them and look to PIC for reimbursement for the cost of that necessary action.

In addition to the foregoing notices, SIC has now also received a California Division of Workers' Compensation Notice of Hearing, which relates to an AEIC policy, as well as three subpoenas from parties in the *Campbell, et al. v. Armstrong International, Inc., et al.* No. 2021-CP-40-02286 (S.C. Richland Cnty. Ct. Com. Pleas), *Murphy Dudley, et al. v. Covil Corporation, et al.*, No. 2021-CP-40-01364 (S.C. Richland Cnty. Ct. Com. Pleas), and the *Carpenter, et al. v. Covil Corporation, et al.*, No. 2021-CP-40-04475 (S.C. Richland Cnty. Ct. Com. Pleas) matters, which seek information related to purported AEIC insurance policies. We now ask that PIC confirm that it will handle, manage, and pay these claims or proceedings as well.

Section 8.1 of the SPA states:

Seller [PIC f/k/a PGIC] agrees to indemnify and hold Purchaser [SIH, now SIC] harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by Purchaser or the Company (collectively, "Losses"), arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by the Seller to Purchaser hereunder), or nonfulfillment of any covenant or agreement on the part of Seller under this Agreement; (ii) the failure by Seller to perform any of its obligations under the Reinsurance Agreement; (iii) any Loss arising out of or resulting from the existence of Company prior to the Closing or the conduct of the Business or other operations by or of Company prior to the Closing; (iv) all filing fees and administrative assessments for insurance guaranty funds and/or insurance department expenses and all other assessments, levies or liabilities of any kind arising out of and/or associated with the conduct of the Business of the Company prior to the Closing; (v) any matter relating to any employee benefit plan or arrangement in effect prior to the Closing; and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing (any and all of which are hereafter referred to as a "Claim").

In addition to the above and previous requests that SIC has made to PIC concerning claims allegedly arising from AEIC policies that SIC has received, SIC provides this notice of PIC's obligation to indemnify and hold harmless SIC from all "loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by" SIC in connection with any of the foregoing matters pursuant to SPA Section 8.1. Further, SIC provides the same notice of PIC's obligation to indemnify and hold harmless SIC from the same in connection with

3838 Camino Del Rio North, Suite 305, San Diego, CA 92108 | +1 (619) 278 4090 | www.catalinare.com

SPARTA Summary Judgment -- Clark Declaration Ex. 96 Page 15

any other matters purportedly arising, now or in the future, from AEIC policies in which SIC is improperly identified as the party responsible for any obligation or liability arising from AEIC policies.

Pursuant to SPA Section 8.1, SIC requests that PIC notify SIC within ten business days of receipt of this letter as to whether PIC will assume control and defense of the foregoing claims and any future related claims at PIC's expense. Because the above-identified matters remain ongoing and SIC has incurred, and is incurring, ongoing expense with respect to each of them (which ultimately is the responsibility of PIC), the dollar amount of the foregoing claims for indemnification cannot be determined at this time. Pursuant to SPA Section 8.3, SIC will provide written notice to PIC of the dollar amount of each of the foregoing claims after SIC has determined such dollar amount(s).

SIC reserves all rights and waives none.

Sincerely,

*Joshua Weiner*

Joshua Weiner
Vice President, Claims Counsel
Catalina U.S. Insurance Services LLC
Direct: (860)773-3417
JoshWeiner@Catalinare.com

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 500 BOYLSTON STREET
### BOSTON, MASSACHUSETTS 02116

TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

DIRECT DIAL
617-573-4801
DIRECT FAX
617-305-4801
EMAIL ADDRESS
JAMES.CARROLL@SKADDEN.COM

FIRM/AFFILIATE OFFICES
——
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
——
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

September 27, 2021

**BY EMAIL AND OVERNIGHT MAIL**

Samuel C. Kaplan
Boies Schiller Flexner LLP
1401 New York Avenue NW
Washington, DC 20005

RE:     SPARTA Insurance Company v. Pennsylvania General
        Insurance Company, No. 1:21-11205-DLC (D. Mass)

Dear Mr. Kaplan:

I write on behalf of Sparta Insurance Company ("SIC") to provide notice of indemnification pursuant to Sections 2.19, 8, and 12.9 of the August 9, 2007 Stock Purchase Agreement ("SPA") between Pennsylvania General Insurance Company ("PGIC"), later re-named Pennsylvania Insurance Company ("PIC"), and SPARTA Insurance Holdings, Inc. ("SIH"). This notice relates to prior notices SIC has made to PIC -- which have gone unanswered -- concerning claims, tenders, and other legal processes that SIC has received, which all relate to policies issued by American Employers' Insurance Company ("AEIC").

As you know, Section 2.19(b) of the SPA states:

All liabilities of the Company [AEIC] that have arisen or could arise, under any insurance contract or any reinsurance treaty or otherwise, have been and will be assumed by Seller [PIC f/k/a PGIC] . . . . The Company [AEIC] has, and will at Closing have, no liabilities of any nature, whether absolute, accrued, contingent or otherwise or whether

due or to become due, other than those assumed by Seller pursuant to the Reinsurance Agreement.[1]

Accordingly, in 2007, SIH acquired AEIC as an empty shell, free from any of AEIC's then-existing or future liabilities. Notwithstanding that fact, SIC has been receiving and continues to receive claims allegedly arising from policies issued by AEIC prior to SIH's 2007 acquisition of AEIC.

SIC has received these claims as a result of PIC's refusal to satisfy its obligations and handle AEIC claims. In May 2021, SIC was notified by the liquidator of Bedivere Insurance Company ("BIC") (formerly known as One Beacon Insurance Company ("OBIC")) that AEIC claims would be tendered to PIC as the party responsible for those claims. Although PIC agreed to fund certain claims on an interim basis under a reservation of rights, it has denied responsibility for other AEIC claims. Moreover, although PIC entered into an agreement with A.G. Risk Management ("AGRM") to manage all AEIC claims, PIC has since refused to accept the tender of AEIC claims from BIC's liquidator. As a result -- in order to protect policyholders and remove them from a dispute between two insurance companies -- SIC has accepted the tender of AEIC claims from BIC's liquidator under a reservation of rights. AEIC will seek full indemnification and reimbursement from PIC for handling these claims and any received in the future.

In addition to the claims that SIC has previously tendered to PIC, SIC has received the following additional claims based on AEIC policies:

1.  A complaint served on Triangle Enterprises, Inc.'s agent for service of process on July 14, 2021 in the matter of *Music v. BASF Catalysts, LLC, et al.*, No. 21-CI-00100 (Johnson Cir. Ct. KY).

2.  A tender letter and request for documents from The Church of Jesus Christ of Latter-day Saints and affiliated entities, dated July 21, 2021.

3.  SIC received notice from A.G. Risk Management of an ongoing litigation in which Bedivere Insurance Company is a plaintiff, which concerns AEIC policy liabilities. *See Bedivere Ins. Co., et al. v. Chanel, Inc., et al.*, Index No. 651145/2019 E.

4.  A tender from the University of Michigan concerning AEIC policy No. A13-8208-001. Sparta received a communication from Laura

---

[1] *See also* SPA Section 8.1; June 15, 2005 Instrument of Transfer and Assumption between Pennsylvania General Insurance Company and American Employers' Insurance Company.

Cohen of Covington & Burling LLP reporting lawsuits involving allegations of sexual misconduct against the University of Michigan, which are purportedly covered under the attached policy.

5.  A tender concerning a workers compensation claim by Clyde Brown.

6.  A complaint served on Triangle Enterprises, Inc.'s agent for service of process on September 2, 2021, in the matter of *Hack v. Advance Stores Co., Inc., et al.*, No. 21-L-0807 (St. Clair Cnty. Cir. Ct. IL).

7.  A subpoena relating to AEIC policies sent to SIC by letter dated September 15, 2021 concerning *Childers v. Davis Mechanical Contractors, Inc., et al.* No. 2021-CP-40-03484.

8.  A tender dated September 15, 2021 from Cissell Manufacturing Company concerning AEIC Policy No. ASW535386.

9.  A tender dated September 15, 2021 from Associated Insulation of California concerning AEIC Policy No. A19216843.

10. A tender dated September 15, 2021 from Pyro Engineering concerning AEIC Policy No. AAW454543.

11. A tender dated September 15, 2021 from Sealite, Inc. concerning AEIC Policy No. AWW666984.

12. A tender dated September 17, 2021 from M&O Insulation Company concerning AEIC Policy No. AW 8502909 (Wesson).

13. A tender dated September 17, 2021 from M&O Insulation Company concerning AEIC Policy No. AW 8502909 (Geiger).

Please immediately confirm that PIC will handle, manage, and pay these claims or proceedings -- as well as the other AEIC claims that Armour Risk Management was managing and paying, and the prior AEIC claims that SIC previously tendered to PIC.

Section 8.1 of the SPA states:

Seller [PIC f/k/a PGIC] agrees to indemnify and hold Purchaser [SIH, now SIC] harmless of and from any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including,

without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by Purchaser or the Company (collectively, "Losses"), arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by the Seller to Purchaser hereunder), or nonfulfillment of any covenant or agreement on the part of Seller under this Agreement; (ii) the failure by Seller to perform any of its obligations under the Reinsurance Agreement; (iii) any Loss arising out of or resulting from the existence of Company prior to the Closing or the conduct of the Business or other operations by or of Company prior to the Closing; (iv) all filing fees and administrative assessments for insurance guaranty funds and/or insurance department expenses and all other assessments, levies or liabilities of any kind arising out of and/or associated with the conduct of the Business of the Company prior to the Closing; (v) any matter relating to any employee benefit plan or arrangement in effect prior to the Closing; and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing (any and all of which are hereafter referred to as a "Claim").

As we previously informed you, to the extent PIC does not handle, manage, and pay these AEIC claims, SIC will protect its interests as necessary with respect to each of the claims and look to PIC for reimbursement for all costs incurred in that necessary action.

In addition to the above and previous requests that SIC has made to PIC concerning claims allegedly arising from AEIC policies that SIC has received, SIC provides this notice of PIC's obligation to indemnify and hold harmless SIC from all "loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by" SIC in connection with any of the foregoing matters pursuant to SPA Section 8.1. Further, SIC provides the same notice of PIC's obligation to indemnify and hold harmless SIC from the same in connection with any other matters purportedly arising, now or in the future, from AEIC policies in which SIC is identified -- improperly -- as the party responsible for any obligation or liability arising from AEIC policies.

Pursuant to SPA Section 8.1, SIC requests that PIC notify SIC within ten business days of receipt of this letter as to whether PIC will assume control and defense of the foregoing claims and any future related claims at PIC's expense. Because the above-identified matters remain ongoing and SIC has incurred, and is incurring, ongoing expense with respect to each of them (which ultimately is the responsibility of PIC), the dollar amount of the foregoing claims for indemnification cannot be determined at this time. Pursuant to SPA Section 8.3, SIC will provide written notice to PIC of the dollar amount of each of the foregoing claims after SIC has determined such dollar amount(s).

SIC reserves all rights and waives none.

Very truly yours,

James R. Carroll

cc:    Jeffrey Silver
One Beacon Insurance Company, General Counsel
One Beacon Insurance Company, Treasurer



Catalina U.S. Insurance Services LLC

**Administrator on behalf of:**
Alea North America Insurance Company
National American Insurance Company of California
National Home Insurance Company (RRG)
SPARTA Insurance Company
ProBuilders Specialty Insurance Company

*Members of Catalina Holdings (Bermuda) Ltd*

August 16, 2022

Mr. Silver,

Please see attached an update from SPARTA Insurance Company ("SIC") to Pennsylvania Insurance Company ("PIC") regarding the American Employers' Insurance Company ("AEIC") claims and payments made by SIC.

SIC plans to provide periodic reports to PIC of the status of the claims made and paid. To the extent that PIC requests further or different information, please contact me promptly.

Thanks,

Josh



Joshua Weiner
**Vice President, Claims Counsel**

Catalina U.S. Insurance Services LLC

T: +1 860 773 3417
www.catalinare.com

SPARTA Summary Judgment -- Clark Declaration Ex. 96 Page 22



Catalina U.S. Insurance Services LLC

**Administrator on behalf of:**
Alea North America Insurance Company
National American Insurance Company of California
National Home Insurance Company (RRG)
SPARTA Insurance Company
ProBuilders Specialty Insurance Company

*Members of Catalina Holdings (Bermuda) Ltd*

September 28, 2022

Mr. Jeffrey Silver
10805 Old Mill Road
Omaha, Nebraska 68154

**Re: AEIC Update**

Dear Mr. Silver,

Please find enclosed an encrypted thumb drive containing an update from SPARTA Insurance Company ("SIC") to Pennsylvania Insurance Company ("PIC") regarding the American Employers' Insurance Company claims and payments made by SIC.

SIC plans to provide periodic reports to PIC of the status of the claims made and paid. To the extent that PIC requests further or different information, please contact me promptly.

Thanks,

Josh

Joshua Weiner
**Vice President, Claims Counsel**
Catalina U.S. Insurance Services LLC

T: +1 860 773 3417
www.catalinare.com

1

5 Batterson Park Rd., 3rd Floor, Farmington, CT 06032    T: 1 (860) 773 3410    www.catalinare.com
SPARTA Summary Judgment - Clark Declaration Ex. 96 Page 23

## Exhibit B

Please remit payment to the bank account listed below via wire transfer in accordance with the following instructions:

Corresponding Bank Name:

JPMorgan Chase Bank, NA
New York, NY 10017
ABA# Redacted
SWIFT: Redacted

Beneficiary A/C Number: Redacted
Beneficiary A/C Name: Redacted