UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPARTA INSURANCE COMPANY    :
(as successor in interest to Sparta Insurance
Holdings, Inc.),          :

      Plaintiff,    :  Civil Action
                 No. 21-11205-FDS

  v.            :

               **REDACTED PUBLIC VERSION**
PENNSYLVANIA GENERAL INSURANCE : **AS OF JANUARY 6, 2025**
COMPANY (now known as Pennsylvania
Insurance Company),      :

      Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF SPARTA INSURANCE COMPANY'S
## LOCAL RULE 56.1 STATEMENT OF MATERIAL
## FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

James R. Carroll
Christopher G. Clark
Catherine A. Fisher
Anne E. Rabon
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com
anne.rabon@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

Dated: January 6, 2025

# TABLE OF CONTENTS

I.      THE PARTIES.................................................................................................1

II.     THE 2005 TRANSFER AND ASSUMPTION AGREEMENT .........................................2

    A.    PGIC And AEIC Entered Into The 2005 T&A.......................................2

    B.    PGIC Assumed AEIC's Liabilities
        Pursuant To The Plain Language Of The 2005 T&A ............................3

    C.    The 2005 T&A Has Never Been
        Amended, Modified, Terminated, Or Novated .......................................6

III.    THE 2007 STOCK PURCHASE AGREEMENT ...............................................9

    A.    PGIC, SPARTA Holdings, And OBIC
        Are The Only Parties To The 2007 SPA ...............................................11

    B.    SPARTA Paid $47,167,670 To Purchase AEIC ....................................13

    C.    PGIC Made Representations And
        Warranties To SPARTA In The 2007 SPA ...........................................14

    D.    Two Conditions Precedent To SPARTA Closing On
        The 2007 SPA Were That (i) PGIC's Representations And Warranties
        Were True And (ii) The 2005 T&A Was In "Full Force And Effect" .................19

    E.    In Article 8 Of The 2007 SPA, PGIC Agreed To
        Indemnify SPARTA For Losses Resulting From A Breach
        Of Any Representation And Warranty, PGIC's Failure To Comply With
        The 2005 T&A, And AEIC's Insurance Business Prior To The Closing ..............20

    F.    In The 2007 SPA, PGIC Covenanted
        To Provide Administrative Services Post Closing.................................23

    G.    The 2007 SPA Is A Fully Integrated Contact, And
        SPARTA And PGIC Must Agree In Writing To Any
        Assignments, Amendments, Modifications, Or Waivers Of The 2007 SPA.........23

    H.    In Article 11 Of The 2007 SPA, OBIC Guaranteed
        PGIC's Obligations To SPARTA Under The 2007 SPA .........................25

    I.    The Parties To The 2007 SPA Executed
        Four Written Amendments To The 2007 SPA .......................................27

    J.    The 2007 SPA Has Not Been Amended Or Modified Since
        February 8, 2008, And It Has Never Been Terminated Or Novated ....................33

K.     SPARTA Has Never Provided Prior Written Consent
To The Assignment Of The 2007 SPA To Any Other Party ................................37

IV.   THE 2012 STOCK PURCHASE AGREEMENT TO
WHICH SPARTA IS NOT A PARTY DID NOT – AND
COULD NOT – EXTINGUISH PGIC'S OBLIGATIONS TO SPARTA.........................37

A.     The Only Parties To The 2012 SPA Are NAC And OBIG ...................................39

B.     SPARTA Did Not Have Knowledge Of And Did
Not Consent To The 2012 SPA Between OBIG and NAC ...................................40

V.    THE 2012 TRANSFER AND ASSUMPTION AGREEMENT
TO WHICH SPARTA IS NOT A PARTY DID NOT – AND
COULD NOT – EXTINGUISH PGIC's OBLIGATIONS TO SPARTA ........................45

A.     PGIC And OBIC Are The Only Parties To The 2012 T&A..................................45

B.     OBIG Did Not View The 2012 T&A As Extinguishing PGIC's Liabilities..........46

C.     SPARTA Did Not Have Knowledge Of And
Did Not Consent To The 2012 T&A Between OBIC and PGIC ...........................48

VI.   THE 2012 BEDIVERE (FORMERLY OBIC) LIQUIDATION .......................................50

A.     After Bedivere's Liquidation, PGIC Refuses
To Accept Responsibility For The AEIC Claims ....................................................50

B.     In 2021, SPARTA Protects Its Interests And Policyholders' Interests
By Administering AEIC Claims For The First Time In Sixteen Years.................55

VII.  SPARTA SENT PGIC AT LEAST 40 SECTION 8.1 NOTICES.....................................57

VIII. SPARTA SENT PGIC SECTION 8.3 DEMANDS THAT PGIC HAS NOT PAID ........72

IX.   SPARTA HAS BEEN DAMAGED BY PGIC'S
FAILURE TO COMPLY WITH ITS CONTRACTUAL OBLIGATIONS......................87

In connection with its Motion for Summary Judgment, filed herewith, and pursuant to Local Rule 56.1, Plaintiff SPARTA Insurance Company ("SPARTA") submits the following statement of material facts as to which there is no genuine issue to be tried.

## I.    THE PARTIES

1.     SPARTA is an insurance company and a Connecticut corporation that has its headquarters and its principal place of business at 5 Batterson Park Road, Farmington, CT 06032. (Second Amended Complaint ¶ 8, *SPARTA Ins. Co. v. Penn. Gen. Ins. Co.*, No. 21-11205 (D. Mass. Feb. 28, 2023), ECF No. 90.)

2.     In 2007, SPARTA Insurance Holdings, Inc. ("SPARTA Holdings") purchased American Employers' Insurance Company ("AEIC") pursuant to a stock purchase agreement dated March 12, 2007. (Clark Decl. Ex. 2 (2007 SPA).)

3.     Effective August 9, 2007, AEIC was renamed SPARTA Insurance Company. (Clark Decl. Ex. 18 (Name Change Application); Clark Decl. Ex. 19 (Massachusetts Regulator Report of Examination of AEIC at SPARTA-00025352).)

4.     SPARTA Insurance Company is the successor-in-interest of SPARTA Holdings. (Clark Decl. Ex. 16 (SPARTA Dep. at 517:9-518:17).)

5.     Effective October 9, 2015, SPARTA Holdings was merged into SPARTA Insurance Company, with SPARTA Insurance Company as the surviving entity. (Clark Decl. Ex. 16 (SPARTA Dep. at 517:9-518:17).)

6.     Defendant Pennsylvania General Insurance Company ("PGIC") is an insurance company and presently a New Mexico corporation that has its headquarters and its principal place of business at 10805 Old Mill Road, Omaha, NE 68154. (Defendant's Answer To Plaintiff's Second Amended Complaint ¶ 9, *SPARTA Ins. Co. v. Penn. Gen. Ins. Co.*, No. 21-11205 (D. Mass. Mar. 14, 2023), ECF No. 91.)

## II.  THE 2005 TRANSFER AND ASSUMPTION AGREEMENT

### A.  PGIC And AEIC Entered Into The 2005 T&A

7.     On June 15, 2005, PGIC and AEIC entered into a transfer and assumption agreement ("the 2005 T&A").  (Clark Decl. Ex. 1 (2005 T&A at SPARTA-0000001); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. No. 1).)

8.     PGIC and AEIC each signed the 2005 T&A. (Clark Decl. Ex. 1 (2005 T&A at SPARTA-0000001); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 2).)

9.     PGIC is a signatory to the 2005 T&A. (Clark Decl. Ex. 1 (2005 T&A at SPARTA-00000006); Clark Decl. Ex. 15 (PGIC Dep. 17:15-17); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 2).)

10.     Roger M. Singer was an officer and director of PGIC in 2004, 2005, and 2006. (Clark Decl. Ex. 20 (PGIC 2004 Annual Statement at PGIC_0019632); Clark Decl. Ex. 21 (PGIC 2005 Annual Statement at PGIC_0019412); Clark Decl. Ex. 22 (PGIC 2006 Annual Statement at PGIC_0011766).)

11.     Roger M. Singer signed the 2005 T&A on behalf of PGIC. (Clark Decl. Ex. 1 (2005 T&A at SPARTA-00000006).)

12.     The 2005 T&A defines PGIC as a "Party." (Clark Decl. Ex. 1 (2005 T&A at SPARTA-0000001).)

13.     AEIC is a signatory to the 2005 T&A. (Clark Decl. Ex. 1 (2005 T&A at SPARTA-00000006).)

14.     Roger M. Singer signed the 2005 T&A on behalf of AEIC. (Clark Decl. Ex. 1 (2005 T&A at SPARTA-00000006).)

15.     The 2005 T&A defines AEIC as a "Party." (Clark Decl. Ex. 1 (2005 T&A at SPARTA-0000001).)

16.     The 2005 T&A states that PGIC "is the record holder of 100% of the issued and outstanding stock" of AEIC. (Clark Decl. Ex. 1 (2005 T&A at SPARTA-0000001).)

### B.     PGIC Assumed AEIC's Liabilities Pursuant To The Plain Language Of The 2005 T&A

17.     The 2005 T&A states that PGIC "has decided to offer for sale (the 'Sale') 100% of the issued and outstanding shares of [AEIC] to an unrelated party." (Clark Decl. Ex. 1, (2005 T&A at SPARTA-0000001).)

18.     The 2005 T&A states that "to facilitate the Sale, it is deemed desirable to transfer any and all of [AEIC's] liabilities to, and have them assumed by [PGIC] (the 'Transfer and Assumption')." (Clark Decl. Ex. 1 (2005 T&A at SPARTA-0000001).)

19.     The 2005 T&A states that it is "effective June 30, 2005 at 11:59:59 P.M. Boston, Massachusetts Time (such date and time, the 'Effective Date and Time')." (Clark Decl. Ex. 1 (2005 T&A § 1).)

20.     The 2005 T&A states that it became "binding and non-cancelable upon the approval hereof by the Massachusetts Division of Insurance and the Pennsylvania Insurance Department." (Clark Decl. Ex. 1 (2005 T&A § 1).)

21.     The 2005 T&A states that "[b]y this instrument, the liabilities and assets of [AEIC] shall be transferred to [PGIC] and [PGIC] shall thereby succeed to the liabilities and assets of" AEIC. (Clark Decl. Ex. 1 (2005 T&A § 2); Clark Decl. Ex. 15 (PGIC Dep. 126:22-127:7).)

22.     The 2005 T&A states that "[i]mmediately as of the Effective Date and Time, all the rights, franchises, and interests of [AEIC] in and to every species of property

3

(whether real, personal, or mixed) and choses in action thereunto belonging, shall be deemed transferred to and vested in [PGIC] and simultaneously therewith [PGIC] shall be deemed to have assumed any and all of the liabilities and assets of" AEIC. (Clark Decl. Ex. 1 (2005 T&A § 3).)

23.     The 2005 T&A states that "not less than eleven million dollars ($11,000,000.00) in assets, which shall include or consist of any and all statutory deposits ('Policyholders' Surplus'), shall remain in [AEIC], together with the corporate charter, minute books and the licenses of, and regulatory records and filings concerning, [AEIC] (together with the Policyholders' Surplus, the 'Retained Assets')." (Clark Decl. Ex. 1 (2005 T&A § 3).)

24.     The 2005 T&A states that "[w]ith the exception of the Retained Assets, the assets of [AEIC] as of the Effective Date and Time shall include any and all of [AEIC]'s assets of every nature and description of whatever kind and wheresoever situated." (Clark Decl. Ex. 1 (2005 T&A § 4); *see* Clark Ex. 15 (PGIC Dep. 127:16-21).)

25.     The 2005 T&A states that "[w]ith the exception of the Retained Assets, the assets of [AEIC] as of the Effective Date and Time shall include . . . any and all cash, securities, choses in action and other property of every nature and description, including real property, leaseholds and other interests therein." (Clark Decl. Ex. 1 (2005 T&A § 4(b)).)

26.     The 2005 T&A states that "[w]ith the exception of the Retained Assets, the liabilities of [AEIC] as of the Effective Date and Time shall include any and all of [AEIC's] liabilities or contractual commitments of every nature and description, whether absolute, accrued, contingent or otherwise or whether due now or in the future," and provides a non-exhaustive list of items constituting a "liabilit[y]." (Clark Decl. Ex. 1 (2005 T&A § 5).)

27.     The 2005 T&A states that "[w]ith the exception of the Retained Assets, the liabilities of [AEIC] as of the Effective Date and Time shall include . . . any and all liabilities under any and all contracts, leases and agreements, including employment obligations or contracts and agency contracts, whether or not in writing." (Clark Decl. Ex. 1 (2005 T&A § 5(g)).)

28.     The 2005 T&A states that "[w]ith the exception of the Retained Assets, the liabilities of [AEIC] as of the Effective Date and Time shall include . . . any and all subsequent actions, proceedings or liabilities arising from any of the foregoing liabilities or the assets of" AEIC. (Clark Decl. Ex. 1 (2005 T&A § 5(h)).)

29.     The 2005 T&A states that PGIC "shall assume as 100% reinsurance, as opposed to a complete Transfer and Assumption" AEIC's "Retained Business." (Clark Decl. Ex. 1 (2005 T&A § 6).)

30.     The 2005 T&A defines "Retained Business" as "the following insurance business which is in force as of the Effective Date and Time: (a) the historical bond insurance business of [AEIC] (the 'Retained Bonding Business') and (b) the historical insurance business of [AEIC] in those states in which such business has unearned premium or unpaid loss and in which [PGIC] does not have an insurance license (the 'Retained Non-Bonding Business' . . .)." (Clark Decl. Ex. 1 (2005 T&A § 6).)

31.     The 2005 T&A states that PGIC "shall, at its sole expense, perform any and all administrative functions for such Retained Business, including without limitation claims handling, underwriting and regulatory functions, and shall reimburse American for any and all out of pocket expenses related thereto." (Clark Decl. Ex. 1 (2005 T&A § 6).)

32.     The 2005 T&A states that AEIC "shall provide notice, substantially in the form of Exhibit A, attached hereto and made part hereof, to all policyholders of in-force premium other than Retained Business policyholders." (Clark Decl. Ex. 1 (2005 T&A § 7).)

33.     The 2005 T&A states that "[i]ncluding as provided in Section 6, all liabilities of every nature and description of [AEIC] at the time of the Transfer and Assumption shall attach to and be assumed by [PGIC] and may be enforced against [PGIC] to the same extent as if such liabilities had been originally incurred or contracted by" PGIC. (Clark Decl. Ex. 1 (2005 T&A § 8).)

34.     The 2005 T&A states that PGIC "agrees that the failure of [AEIC] to exercise any right hereunder shall not be deemed a waiver of any right inferred hereunder." (Clark Decl. Ex. 1 (2005 T&A § 9).)

35.     The 2005 T&A states that "[t]he terms and conditions contained in this Instrument shall inure to the benefit of, and be binding upon, the Parties and their respective successors and assigns." (Clark Decl. Ex. 1 (2005 T&A § 11).)

36.     Pursuant to the 2005 T&A, AEIC "paid an extraordinary dividend of $88,753,505 to [PGIC], consisting of all of the common stock of [AEIC's] wholly owned subsidiary, American Central Insurance Company, and $47,688,527 in cash and securities." (Clark Decl. Ex. 19 (Massachusetts Regulator Report of Examination of AEIC at SPARTA-00025345).)

## C.     The 2005 T&A Has Never Been Amended, Modified, Terminated, Or Novated

37.     PGIC has never identified any written agreement to which SPARTA is a party that amends the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-

326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

38.    PGIC has never identified any written agreement to which SPARTA is a party that modifies the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

39.    PGIC has never identified any written agreement to which SPARTA is a party that terminates the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

40.    PGIC has never identified any written agreement to which SPARTA is a party that novates the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

41.    PGIC has never identified any document signed by SPARTA amending the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

42.    PGIC has never identified any document signed by SPARTA modifying the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

43.    PGIC has never identified any document signed by SPARTA terminating the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

44.     PGIC has never identified any document signed by SPARTA novating the 2005 T&A.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

45.     PGIC has never identified any document amending the 2005 T&A that was signed by both SPARTA and PGIC.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

46.     PGIC has never identified any document modifying the 2005 T&A that was signed by both SPARTA and PGIC.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

47.     PGIC has never identified any document terminating the 2005 T&A that was signed by both SPARTA and PGIC.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

48.     PGIC has never identified any document novating the 2005 T&A that was signed by both SPARTA and PGIC.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

49.     SPARTA has never signed any document amending the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

50.     SPARTA has never signed any document modifying the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

51.    SPARTA has never signed any document terminating the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

52.    SPARTA has never signed any document novating the 2005 T&A.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

53.    SPARTA and PGIC have never both signed any document amending the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

54.    SPARTA and PGIC have never both signed any document modifying the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

55.    SPARTA and PGIC have never both signed any document terminating the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

56.    SPARTA and PGIC have never both signed any document novating the 2005 T&A. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

## III.    THE 2007 STOCK PURCHASE AGREEMENT

57.    From 2005 through the sale of SPARTA in 2007, PGIC, AEIC and OneBeacon Insurance Company ("OBIC") were insurance companies and part of the OneBeacon group of companies that were ultimately owned by OneBeacon Insurance Group LLC ("OBIG"). (Clark Decl. Ex. 19 (Massachusetts Regulator Report of Examination of AEIC at SPARTA-00025343-44, SPARTA-00025348-49).)

9

58.     On March 12, 2007, PGIC, SPARTA Holdings, and OBIC entered into a stock purchase agreement (the "2007 SPA") pursuant to which SPARTA Holdings purchased from PGIC all of the outstanding stock of AEIC.  (Clark Decl. Ex. 2 (2007 SPA at 1); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 3); Clark Decl. Ex. 19 (Massachusetts Regulator Report of Examination of AEIC at SPARTA-00025352).)

59.     The 2007 SPA states that PGIC "owns of record and beneficially 45,000 shares of the voting common stock, $100 par value per share, of [AEIC], a Massachusetts corporation ('Company'), representing 100% of the capital stock of the Company (such share being hereinafter referred to as the 'Shares')."  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097).)

60.     The 2007 SPA states that "[PGIC] desires to sell to [SPARTA Holdings], and [SPARTA Holdings] desires to purchase from [PGIC], all of the Shares, all on the terms and conditions hereinafter set forth."  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097).)

61.     The 2007 SPA attaches as "Exhibit A" the 2005 T&A.  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004173-78).)

62.     The 2007 SPA defines the 2005 T&A as the "Reinsurance Agreement." (Clark Decl. Ex. 2 (2007 SPA § 2.4).)

63.     The 2007 SPA states that the 2007 SPA "and the rights and obligations of the parties hereto, shall be enforced by and construed in accordance with the laws of the Commonwealth of Massachusetts other than the insurance laws thereof."  (Clark Decl. Ex. 2 (2007 SPA § 12.8).)

### A. PGIC, SPARTA Holdings, And OBIC Are The Only Parties To The 2007 SPA

64.     PGIC is a signatory to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 4.); Clark Decl. Ex. 15 (PGIC Dep. 189:5-12).)

65.     T. Michael Miller signed the 2007 SPA on behalf of PGIC.  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 4).)

66.     T. Michael Miller was the President and CEO of PGIC in 2007.  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169); Clark Decl. Ex. 23 (PGIC 2007 Annual Statement at 1).)

67.     OBIC is a signatory to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 4); Clark Decl. Ex. 15 (PGIC Dep. 189:13-16).)

68.     T. Michael Miller signed the 2007 SPA on behalf of OBIC.  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169); Clark Decl. Ex. 39 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 4); Clark Decl. Ex. 15 (PGIC Dep. 189:13-16).)

69.     T. Michael Miller was the CEO of OBIC in 2007.  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169).)

70.     SPARTA Holdings is a signatory to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004170); Clark Decl. Ex. 15 (PGIC Dep. 189:17-20); Clark Decl. Ex. 16 (SPARTA Dep. at 35:20-36:1).)

71. George L. Estes III signed the 2007 SPA on behalf of SPARTA Holdings. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004170); Clark Decl. Ex. 15 (PGIC Dep. 189:17-20); Clark Decl. Ex. 16 (SPARTA Dep. at 35:20-36:1).)

72. The 2007 SPA defines PGIC as the "Seller." (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097); Clark Decl. Ex. 15 (PGIC Dep. 190:7-15).)

73. PGIC is a party to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097, PGIC_0004169).)

74. "Seller" appears in the 2007 SPA 286 times. (*See generally* Clark Decl. Ex. 2 (2007 SPA).)

75. "Seller" appears in Article 8 of the 2007 SPA, titled "Indemnification," 18 times. (*See* Clark Decl. Ex. 2 (2007 SPA at PGIC_0004142-46).)

76. The 2007 SPA defines SPARTA Holdings as the "Purchaser." (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097); Clark Decl. Ex. 15 (PGIC Dep. 223:12-19).)

77. SPARTA Holdings is a party to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097, PGIC_0004170).)

78. The 2007 SPA defines OBIC as the "Guarantor." (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097).)

79. OBIC is a party to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097, PGIC_0004169).)

80. The 2007 SPA defines AEIC as the "Company." (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004097); Clark Decl. Ex. 15 (PGIC Dep. 199:1-3).)

81. AEIC is not a signatory to the 2007 SPA. (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169-70); Clark Decl. Ex. 15 (PGIC Dep. 198:18-22, 205:18-19).)

82.    AEIC is not a party to the 2007 SPA.  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004169-70).)

## B.    SPARTA Paid $47,167,670 To Purchase AEIC

83.    The 2007 SPA states that SPARTA Holdings "agrees to purchase from [PGIC], and [PGIC] agrees to sell, assign, transfer and deliver to [SPARTA Holdings], on the Closing Date . . . the Shares for the consideration specified in Section 1.2 on all of the terms and conditions provided for herein."  (Clark Decl. Ex. 2 (2007 SPA § 1.1(a)).)

84.    The 2007 SPA states that SPARTA Holdings "agrees to pay to [PGIC], and [PGIC] agrees to accept from [SPARTA Holdings], as consideration for the Shares an amount ('Purchase Price'), payable in immediately available funds at the Closing."  (Clark Decl. Ex. 2 (2007 SPA § 1.2(a)).)

85.    The 2007 SPA states that the Purchase Price is "determined as follows: (i) the amount of [AEIC's] paid-in capital and surplus as of the business day prior to the Closing Date determined in accordance with MA SAP . . . *plus* (ii) the amount of $12 million; *plus (or minus)* (iii) the amount by which the Fair Market Value (as defined below) of the securities held by [AEIC] as of the business day prior to the Closing Date exceeds (or is less than) the book value of such securities as of such date determined in accordance with MA SAP."  (Clark Decl. Ex. 2 (2007 SPA § 1.2(a)).)

86.    The 2007 SPA states that "[t]he term 'MA SAP' shall mean the accounting treatment prescribed or permitted by the Office of Consumer Affairs and Business Regulation— Division of Insurance of the Commonwealth of Massachusetts (the 'Division')."  (Clark Decl. Ex. 2 (2007 SPA § 1.2(c)).)

87.    SPARTA Holdings paid $47,167,670.00 for AEIC.  (Clark Decl. Ex. 3 (Cross Receipt dated August 9, 2007).)

13

### C.    PGIC Made Representations And
        Warranties To SPARTA In The 2007 SPA

88.    Article 2 of the 2007 SPA is titled "Warranties and Representations by Seller." (Clark Ex. 2 (2007 SPA at PGIC_0004104); Clark Decl. Ex. 15 (PGIC Dep. at 193:14-194:2).)

89.    Using the 2007 SPA's defined terms, Article 2 of the 2007 SPA is titled "Warranties and Representations by [PGIC]." (Clark Ex. 2 (2007 SPA at PGIC_0004104).)

90.    The prelude to Article 2 of the 2007 SPA states "[t]o induce [SPARTA Holdings] to enter this Agreement and (i) to proceed as required herein in anticipation of the Closing on the Closing Date and (ii) to cause the transactions provided for in this Agreement to be consummated on the Closing Date, [PGIC] warrants and represents to [SPARTA Holdings] as follows." (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004104).)

91.    Section 2.4 of the 2007 SPA states that "[t]he execution, delivery and performance of the [2005 T&A] by each of [PGIC] and [AEIC], and the consummation of the transactions contemplated therein, have been duly authorized and approved by all required corporate action on the part of [PGIC] and [AEIC], respectively, and such corporate actions have not been and will not have been rescinded and remain in full force and effect." (Clark Decl. Ex. 2 (2007 SPA § 2.4); Clark Decl. Ex. 15 (PGIC Dep. 196:17-197:12).)

92.    PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that "[t]he execution, delivery and performance of the [2005 T&A] by each of [PGIC] and [AEIC], and the consummation of the transactions contemplated therein, have been duly authorized and approved by all required corporate action on the part of [PGIC] and [AEIC], respectively, and such corporate actions have not been and will not have been rescinded and

remain in full force and effect." (Clark Decl. Ex. 2 (2007 SPA § 2.4); Clark Decl. Ex. 15 (PGIC Dep. 196:17-197:12).)

93.    Section 2.4 of the 2007 SPA states that AEIC "has provided prompt written notice, in the form of Exhibit A to the [2005 T&A], to all holders of policies as to which [AEIC] had unearned premiums recorded as of June 30, 2005, pursuant to Section 7 of the [2005 T&A] (other than holders of the policies constituting the Retained Business (as defined in the [2005 T&A]))." (Clark Decl. Ex. 2 (2007 SPA § 2.4); Clark Decl. Ex. 15 (PGIC Dep. 197:13-198:2).)

94.    PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that AEIC "has provided prompt written notice, in the form of Exhibit A to the [2005 T&A], to all holders of policies as to which [AEIC] had unearned premiums recorded as of June 30, 2005, pursuant to Section 7 of the [2005 T&A] (other than holders of the policies constituting the Retained Business (as defined in the [2005 T&A]))." (Clark Decl. Ex. 2 (2007 SPA § 2.4).)

95.    Section 2.4 of the 2007 SPA states that "[n]either [PGIC] nor [AEIC] has received any objections to the terms of the [2005 T&A] from any such policyholder, and, to the best of [PGIC's] knowledge, no policyholder has threatened any such objection." (Clark Decl. Ex. 2 (2007 SPA § 2.4).)

96.    PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that "[n]either [PGIC] nor [AEIC] has received any objections to the terms of the [2005 T&A] from any such policyholder, and, to the best of [PGIC's] knowledge, no policyholder has threatened any such objection." (Clark Decl. Ex. 2 (2007 SPA § 2.4).)

97. Section 2.8(a) of the 2007 SPA states that the 2007 SPA "constitutes the legal, valid and binding obligation of each of [PGIC] and [OBIC], enforceable against each of [PGIC] and [OBIC] in accordance with its terms." (Clark Decl. Ex. 2 (2007 SPA § 2.8).)

98. PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that the 2007 SPA "constitutes the legal, valid and binding obligation of each of [PGIC] and [OBIC], enforceable against each of [PGIC] and [OBIC] in accordance with its terms." (Clark Decl. Ex. 2 (2007 SPA § 2.8(a)).)

99. Section 2.8(b) of the 2007 SPA states that the 2005 T&A "does, and will, at Closing constitute a legal, valid and binding obligation of each of [PGIC] and [AEIC], enforceable against each of [PGIC] and [AEIC], respectively, in accordance with its terms." (Clark Decl. Ex. 2 (2007 SPA § 2.8(b)); Clark Decl. Ex. 15 (PGIC Dep. 209:2-10).)

100. PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that the 2005 T&A "does, and will, at Closing constitute a legal, valid and binding obligation of each of [PGIC] and [AEIC], enforceable against each of [PGIC] and [AEIC], respectively, in accordance with its terms." (Clark Decl. Ex. 2 (2007 SPA § 2.8(b)).)

101. Section 2.15 of the 2007 SPA states that "there are no actions, suits or claims pending or, to the knowledge of [PGIC], threatened before or by any governmental body, nor any legal, administrative or arbitration proceedings pending or, to the knowledge of [PGIC], threatened, . . . , in each case against or affecting [AEIC] which would restrain, enjoin, prohibit or in any way impair any of the transactions contemplated herein or in the Reinsurance Agreement or which would have a material adverse effect on the financial condition, properties or assets of [AEIC] or the conduct of the Business or the status of the Licenses" other than "proceedings with respect to claims under insurance policies issued by Company which have

arisen in the ordinary court of Business and which have been assumed and administered by Seller under the Reinsurance Agreement" and matters disclosed in Disclosure Schedule 2.15. (Clark Decl. Ex. 2 (2007 SPA § 2.15).)

102.    PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that "there are no actions, suits or claims pending or, to the knowledge of [PGIC], threatened before or by any governmental body, nor any legal, administrative or arbitration proceedings pending or, to the knowledge of [PGIC], threatened, . . . , in each case against or affecting AEIC which would restrain, enjoin, prohibit or in any way impair any of the transactions contemplated herein or in the Reinsurance Agreement or which would have a material adverse effect on the financial condition, properties or assets of [AEIC] or the conduct of the Business or the status of the Licenses" other than "proceedings with respect to claims under insurance policies issued by Company which have arisen in the ordinary court of Business and which have been assumed and administered by Seller under the Reinsurance Agreement" and matters disclosed in Disclosure Schedule 2.15.  (Clark Decl. Ex. 2 (2007 SPA § 2.15).)

103.    Section 2.19(a) of the 2007 SPA states that "[a]s of the Closing Date, [AEIC] will have no assets, except (i) its Articles of Organization, Bylaws, minute books, regulatory records and filings, stock ledgers, and valid and enforceable Licenses referred to in Section 2.3, (ii) the Statutory Deposits, (iii) cash or cash equivalents and (iv) the minimum amount of assets, if any, required by the Division to maintain its Articles of Organization in Massachusetts and its Licenses in the states referenced in Schedule 2.3, such assets to consist only of cash or cash equivalents."  (Clark Decl. Ex. 2 (2007 SPA § 2.19(a)).)

104.    PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that "[a]s of the Closing Date, [AEIC] will have no assets, except (i) its Articles of Organization,

Bylaws, minute books, regulatory records and filings, stock ledgers, and valid and enforceable Licenses referred to in Section 2.3, (ii) the Statutory Deposits, (iii) cash or cash equivalents and (iv) the minimum amount of assets, if any, required by the Division to maintain its Articles of Organization in Massachusetts and its Licenses in the states referenced in Schedule 2.3, such assets to consist only of cash or cash equivalents." (Clark Decl. Ex. 2 (2007 SPA § 2.19(a)).)

105. Section 2.19(b) of the 2007 SPA states that "[a]ll liabilities of [AEIC] that have arisen or could arise, under any insurance contract or any reinsurance treaty or otherwise, have been and will be assumed by [PGIC] pursuant to the [2005 T&A]." (Clark Decl. Ex. 2 (2007 SPA § 2.19(b)); Clark Decl. Ex. 15 (PGIC Dep. 216:3-16).)

106. PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that "[a]ll liabilities of [AEIC] that have arisen or could arise, under any insurance contract or any reinsurance treaty or otherwise, have been and will be assumed by [PGIC] pursuant to the [2005 T&A]." (Clark Decl. Ex. 2 (2007 SPA § 2.19(b)); Clark Decl. Ex. 15 (PGIC Dep. 216:3-16).)

107. Section 2.19(b) of the 2007 SPA states that AEIC "has, and will at Closing have, no liabilities of any nature, whether absolute, accrued, contingent or otherwise or whether due or to become due, other than those assumed by [PGIC] pursuant to the [2005 T&A]." (Clark Decl. Ex. 2 (2007 SPA § 2.19(b)).)

108. PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that AEIC "has, and will at Closing have, no liabilities of any nature, whether absolute, accrued, contingent or otherwise or whether due or to become due, other than those assumed by [PGIC] pursuant to the [2005 T&A]." (Clark Decl. Ex. 2 (2007 SPA § 2.19(b)).)

109.    Section 2.26 of the 2007 SPA states that "[a]ll of the warranties and representations made by [PGIC] in this Agreement will also be true and correct as of the Closing."  (Clark Decl. Ex. 2 (2007 SPA § 2.26).)

110.    PGIC represented and warranted to SPARTA Holdings in the 2007 SPA that "[a]ll of the warranties and representations made by [PGIC] in this Agreement will also be true and correct as of the Closing."  (Clark Decl. Ex. 2 (2007 SPA § 2.26).)

**D.    Two Conditions Precedent To SPARTA Closing On The 2007 SPA Were That (i) PGIC's Representations And Warranties Were True And (ii) The 2005 T&A Was In "Full Force And Effect"**

111.    Article 6 of the 2007 SPA is titled "Conditions Precedent to Obligation of [SPARTA Holdings] to Close."  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004135).)

112.    Section 6.2 of the 2007 SPA states that "[e]ach of the warranties, representations and disclosures of and made by each of [PGIC] and [OBIC] in this Agreement (without regard to any notice of any change given by [PGIC] pursuant to the requirement of Section 4.4) shall be true and correct in all respects on and as of the Closing Date as though each of such warranties, representations and disclosures had been made at and as of the time of the Closing on the Closing Date."  (Clark Decl. Ex. 2 (2007 SPA § 6.2).)

113.    The 2007 SPA states that a condition precedent to the obligation of SPARTA Holdings to close on the 2007 SPA is that "[e]ach of the warranties, representations and disclosures of and made by each of [PGIC] and [OBIC] in this Agreement (without regard to any notice of any change given by [PGIC] pursuant to the requirement of Section 4.4) shall be true and correct in all respects on and as of the Closing Date as though each of such warranties, representations and disclosures had been made at and as of the time of the Closing on the Closing Date."  (Clark Decl. Ex. 2 (2007 SPA § 6.2).)

114. Section 6.12 of the 2007 SPA states that the 2005 T&A "shall be in full force and effect." (Clark Decl. Ex. 2 (2007 SPA § 6.12); Clark Decl. Ex. 15 (PGIC Dep. 222:8-11).)

115. The 2007 SPA states that a condition precedent to the obligation of SPARTA Holdings to close on the 2007 SPA is that the 2005 T&A "shall be in full force and effect." (Clark Decl. Ex. 2 (2007 SPA § 6.12); Clark Decl. Ex. 15 (PGIC Dep. at 222:8-11.).)

**E. In Article 8 Of The 2007 SPA, PGIC Agreed To Indemnify SPARTA For Losses Resulting From A Breach Of Any Representation And Warranty, PGIC's Failure To Comply With The 2005 T&A, And AEIC's Insurance Business Prior To The Closing**

116. Article 8 of the 2007 SPA is titled "Indemnification." (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004142).)

117. Section 8.1 of the 2007 SPA states that PGIC "agrees to indemnify and hold [SPARTA Holdings] harmless of and from any" Losses "arising out of or resulting from (i) any breach of representation or warranty (including any misrepresentation in, or omission from, any certificate or other document furnished or to be furnished by [PGIC] to [SPARTA Holdings] hereunder), or nonfulfillment of any covenant or agreement on the part of [PGIC] under [the 2007 SPA]; (ii) the failure by [PGIC] to perform any of its obligations under the [2005 T&A]; (iii) any Loss arising out of or resulting from the existence of [AEIC] prior to the Closing or the conduct of the Business or other operations by or of [AEIC] prior to the Closing; (iv) all filing fees and administrative assessments for insurance guaranty funds and/or insurance department expenses and all other assessments, levies or liabilities of any kind arising out of and/or associated with the conduct of the Business of [AEIC] prior to the Closing; (v) any matter relating to any employee benefit plan or arrangement in effect prior to the Closing; and (vi) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any

20

of the foregoing (any and all of which are hereafter referred to as a 'Claim')." (Clark Decl. Ex. 2 (2007 SPA § 8.1).)

118. Section 8.1 of the 2007 SPA defines "Losses" as "any loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by [SPARTA Holdings] or [AEIC]." (Clark Decl. Ex. 2 (2007 SPA § 8.1).)

119. The 2007 SPA states that "[SPARTA Holdings] shall give [PGIC] written notice by certified or registered mail or overnight courier of any Claim with respect to which [SPARTA Holdings] seeks indemnification." (Clark Decl. Ex. 2 (2007 SPA § 8.1).)

120. The 2007 SPA states that PGIC "shall have ten business days from the date of receipt of such notice to notify [SPARTA Holdings] that [PGIC] will assume the entire control of the defense, compromise or settlement (any and all of which are hereinafter referred to as 'Defense') of such Claim through its own attorneys, which attorneys must be reasonably acceptable to [SPARTA Holdings], and at its own expense." (Clark Decl. Ex. 2 (2007 SPA § 8.1).)

121. The 2007 SPA states that "[i]f [PGIC] fails to notify [SPARTA Holdings] that it has assumed the Defense or does not in fact assume the Defense, [SPARTA Holdings] may, but shall not be required to, pay, compromise or settle such Claim, or take such action to settle such Claim, provided that [SPARTA Holdings] shall notify [PGIC] of such action. In any such event, [SPARTA] shall be fully entitled to indemnification hereunder." (Clark Decl. Ex. 2 (2007 SPA § 8.1).)

122.    The 2007 SPA states that "[a]fter the indemnified party has determined the dollar amount of any Claim, such indemnified party shall provide written notice to indemnifying party of the amount of such Claim, which notice shall include in reasonable detail information explaining calculation of the amount of such Claim." (Clark Decl. Ex. 2 (2007 SPA § 8.3).)

123.    PGIC has never told SPARTA what PGIC believes constitutes "reasonable detail" as that term is used in Section 8.3 of the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 736:17-737:3).)

124.    The 2007 SPA states that "[u]nless, within thirty (30) business days after the receipt of such notice by the indemnifying party, the indemnified party receives written notice that indemnifying party does not concur with the indemnified party's determination of the amount of the Claim, the amount of such Claim provided in such written notice shall conclusively be deemed to have been accepted by the indemnifying party and to be the agreed amount which the indemnified party and, in the event that [SPARTA Holdings] is the indemnified party, [AEIC], are entitled to receive by way of indemnification from the indemnifying party (the 'Indemnification Loss')." (Clark Decl. Ex. 2 (2007 SPA § 8.3).)

125.    The 2007 SPA states that "[i]f the indemnified party within such thirty (30) business day period receives written notice that the indemnifying party disagrees with the amount of the Claim, the parties shall endeavor forthwith, and within ten (10) business days after receipt of such notice of disagreement by the indemnified party, to negotiate in good faith to resolve the issue or issues which form the basis of their disagreement." (Clark Decl. Ex. 2 (2007 SPA § 8.3).)

126.    The 2007 SPA states that "[i]f no resolution with respect to such disagreement has been reached by the parties within such ten (10) business day period, either the

indemnified party (on behalf of itself or, in the event [SPARTA Holdings] is the indemnified party, [AEIC]) or the indemnifying party may commence litigation with respect to such disagreement in a court of competent jurisdiction in the Commonwealth of Massachusetts." (Clark Decl. Ex. 2 (2007 SPA § 8.3).)

   127. The 2007 SPA states that "[a]ny indemnification amount payable by any indemnifying party pursuant to Sections 8.1 or 8.2 hereunder shall be promptly remitted by such indemnifying party to a bank account of the indemnified party (or, if [SPARTA] is the indemnified party and so directs [PGIC], [AEIC]), as designated in writing by the indemnified party, within five business days after the determination of the amount of such indemnification amount." (Clark Decl. Ex. 2 (2007 SPA § 8.4).)

 **F.** **In The 2007 SPA, PGIC Covenanted**
   **To Provide Administrative Services Post Closing**

   128. The 2007 SPA states that "[a]t all times during the term of the [2005 T&A], [PGIC] shall employ a sufficient number of trained, experienced personnel and/or retain one or more third party administrators capable of providing the administrative services to [PGIC] necessary for [Seller] to perform its obligations under the [2005 T&A]." (Clark Decl. Ex. 2 (2007 SPA § 12.16(b)).)

 **G.** **The 2007 SPA Is A Fully Integrated Contact, And**
   **SPARTA And PGIC Must Agree In Writing To Any**
   **Assignments, Amendments, Modifications, Or Waivers Of The 2007 SPA**

   129. The 2007 SPA states that "the respective warranties, representations, covenants and agreements of the parties to th[e] [2007 SPA] shall survive consummation of the transactions contemplated by th[e] [2007 SPA] and shall continue in full force and effect after the Closing Date." (Clark Decl. Ex. 2 (2007 SPA § 12.3).)

130.     The 2007 SPA states that "[e]xcept as otherwise specifically stated herein, no provision of th[e] [2007 SPA] may be amended except by, and only by, a written instrument executed by the parties hereto or their respective successors in interest." (Clark Decl. Ex. 2 (2007 SPA § 12.4); Clark Decl. Ex. 15 (PGIC Dep. 226:15-21).)

131.     The 2007 SPA states that PGIC and SPARTA Holdings "may, by mutual consent of their duly and properly authorized representatives, amend, modify or supplement th[e] [2007 SPA] in such a manner as may be agreed upon by them in writing at any time." (Clark Decl. Ex. 2 (2007 SPA § 10.1); Clark Decl. Ex. 15 (PGIC Dep. at 223:12-19).)

132.     The 2007 SPA states that the 2007 SPA "shall not be assignable by any party without the prior written consent of the other parties and any attempt to assign th[e] [2007 SPA] without such consent shall be void; provided, however, that [SPARTA Holdings] may assign all or any portion of th[e] [2007 SPA] to any affiliate of [SPARTA Holdings], if such affiliate assumes the obligations of [SPARTA Holdings] hereunder. Notwithstanding any permitted assignment by [SPARTA Holdings], [SPARTA Holdings] shall not be released from its obligations and responsibilities hereunder." (Clark Decl. Ex. 2 (2007 SPA § 12.15); Clark Decl. Ex. 15 (PGIC Dep. 232:20-233:3).)

133.     The 2007 SPA states that the 2007 SPA "shall apply to, inure to the benefit of and be binding upon and enforceable against the parties hereto and their respective successors and permitted assigns." (Clark Decl. Ex. 2 (2007 SPA § 12.7).)

134.     The 2007 SPA states that "[e]ach of [SPARTA Holdings] and [PGIC] may, pursuant to action by its duly and properly authorized representatives and by an instrument in writing, extend the time for or waive the performance of any of the obligations of the other or

waive compliance by the other with any of the covenants or conditions contained therein."

(Clark Decl. Ex. 2 (2007 SPA § 10.2); Clark Decl. Ex. 15 (PGIC Dep. at 224:11-15).)

135.    The 2007 SPA states that "[a]ny notice, demand, approval, consent, request, waiver or other communication which may be or is required to be given pursuant to th[e] [2007 SPA] shall be in writing and shall be deemed given on the day actually received and shall be addressed to a party at the address set forth after its respective name below, or at such different address as such party shall have theretofore advised the other party in writing, with copies sent to the persons indicated."  (Clark Decl. Ex. 2 (2007 SPA § 12.9).).

136.    The 2007 SPA states that for "[a]ny notice, demand, approval, consent, request, waiver or other communication" sent to PGIC or OBIC, the address is "OneBeacon Insurance Company, One Beacon Lane, Canton, Massachusetts 02021, Attention: Treasurer," with a "[c]opy to OneBeacon Insurance Company, One Beacon Lane, Canton, Massachusetts 02021, Attention: General Counsel."  (Clark Decl. Ex. 2 (2007 SPA § 12.9).)

137.    The 2007 SPA states that "[t]his Agreement contains the entire agreement between the parties and supersedes any and all prior agreements, arrangements or understandings between the parties relating to the subject matter hereto.  No representation, inducement, promise or agreement, oral or otherwise, which is not embodied or referred to herein is or shall be of any force or effect."  (Clark Decl. Ex. 2 (2007 SPA § 12.13).)

### H.    In Article 11 Of The 2007 SPA, OBIC Guaranteed PGIC's Obligations To SPARTA Under The 2007 SPA

138.    Article 11 of the 2007 SPA is titled "Guarantee."  (Clark Decl. Ex. 2 (2007 SPA at PGIC_0004160).)

139.    The 2007 SPA states that OBIC "hereby absolutely and unconditionally guarantees to [SPARTA Holdings], [AEIC], and their respective successors and permitted

assigns, the accuracy of [PGIC's] representations and warranties herein, and the performance by [PGIC] of all of its covenants, agreements and obligations, including, but not limited to, the prompt and complete payment by [PGIC] and its successors and permitted assigns, as and when due and payable, of all amounts payable by [PGIC] to [SPARTA Holdings] and [AEIC], arising under, out of or in any way related to th[e] [2007 SPA] or the [2005 T&A] ('the Guaranteed Obligations')." (Clark Decl. Ex. 2 (2007 SPA § 11.1(a)); *see* Clark Decl. Ex. 19 (Massachusetts Regulator Report of Examination of AEIC at SPARTA-00025352).)

 140. The 2007 SPA states that OBIC's guarantee "is a guarantee of performance and payment and not of collectability and is in no way conditioned upon any attempt to collect from or enforce performance by Seller." (Clark Decl. Ex. 2 (2007 SPA § 11.1(a)).)

 141. The 2007 SPA states that "[i]f for any reason whatsoever [PGIC] shall fail or be unable to fully pay or perform the Guaranteed Obligations, as and when due and payable, [OBIC] shall forthwith, upon written demand of [SPARTA Holdings] or [AEIC], and without [SPARTA Holdings] having to seek any recourse against [PGIC] or to satisfy any other requirements as a condition to recourse against [OBIC], as provided for by law or otherwise, pay or perform or cause to be paid or performed such Guaranteed Obligations in accordance with the instructions of [SPARTA Holdings] and [AEIC] (or their respective sucesssors or assigns), together with interest on any amounts due and owing from [PGIC]." (Clark Decl. Ex. 2 (2007 SPA § 11.1(b)).)

 142. Section 11.2 of the 2007 SPA is titled "Warranties and Representations of the Guarantor." (Clark Decl. Ex. 2 (2007 SPA § 11.2).)

143. Section 11.2(c) of the 2007 SPA states that the 2007 SPA "constitutes the legal, valid and binding obligation of each of [PGIC] and [OBIC], enforceable against each of [PGIC] and [OBIC] in accordance with its terms." (Clark Decl. Ex. 2 (2007 SPA § 11.2(c)).)

144. OBIC represented and warranted to SPARTA Holdings that the 2007 SPA "constitutes the legal, valid and binding obligation of each of [PGIC] and [OBIC], enforceable against each of [PGIC] and [OBIC] in accordance with its terms." (Clark Decl. Ex. 2 (2007 SPA § 11.2(c)).)

## I. The Parties To The 2007 SPA Executed Four Written Amendments To The 2007 SPA

145. PGIC, SPARTA Holdings, and OBIC executed an amendment to the 2007 SPA dated March 26, 2007 ("2007 SPA Amendment No. 1"). (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_0004196); Clark Decl. Ex. 15 (PGIC Dep. 224:16-225:6).)

146. PGIC is a signatory to 2007 SPA Amendment No. 1. (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004197); Clark Decl. Ex. 15 (PGIC Dep. 20:11-13).)

147. PGIC is a party to 2007 SPA Amendment No. 1. (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004196-97).)

148. SPARTA Holdings is a signatory to 2007 SPA Amendment No. 1. (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004198).)

149. SPARTA Holdings is a party to 2007 SPA Amendment No. 1. (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004196, PGIC_004198).)

150. OBIC is a signatory to 2007 SPA Amendment No. 1. (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004197).)

151. OBIC is a party to 2007 SPA Amendment No. 1. (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004196-97).)

152.    2007 SPA Amendment No. 1 states that the "first sentence of Section 5.1 of the Stock Purchase Agreement is hereby amended to read in its entirety as follows: . . . . Prior to or promptly after, and in any case no later than fifteen (15) business days following, the date of execution of this Agreement (the 'Filing Deadline'), [SPARTA Holdings] shall file the statement, and all related materials, in connection with [SPARTA Holdings'] acquisition of the Shares pursuant to the requirements of the Massachusetts Insurance Code." (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004196).)

153.    2007 SPA Amendment No. 1 states that "[e]xcept as amended by this Amendment No. 1, the Stock Purchase Agreement remains in full force and effect, without modification or amendment." (Clark Decl. Ex. 4 (2007 SPA Amendment No. 1 at PGIC_004196).)

154.    PGIC, SPARTA Holdings, and OBIC executed an amendment to the 2007 SPA dated July 30, 2007 ("2007 SPA Amendment No. 2"). (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000176).)

155.    PGIC is a signatory to 2007 SPA Amendment No. 2. (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000177); Clark Decl. Ex. 15 (PGIC Dep. 21:7-9).)

156.    PGIC is a party to 2007 SPA Amendment No. 2. (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000176-77).)

157.    SPARTA Holdings is a signatory to 2007 SPA Amendment No. 2. (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000177).)

158.    SPARTA Holdings is a party to 2007 SPA Amendment No. 2. (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000176-77).)

159.    OBIC is a signatory to 2007 SPA Amendment No. 2.  (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 SPA at SPARTA-00000177).)

160.    OBIC is a party to 2007 SPA Amendment No. 2. (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000176-77).)

161.    2007 SPA Amendment No. 2 states that "[t]he first sentence of Section 10.3(a)(iv) of [the 2007 SPA] is hereby amended to read in its entirety as follows: (iv) at the election of either party hereto on or after August 31, 2007, if the Closing shall not have occurred on or prior to such date, unless such date is extended by the mutual written consent of the parties hereto; provided, however, that the right to terminate this Agreement pursuant to this subclause (iv) shall not be available to a party whose failure or whose affiliate's failure to perform or observe in any material respect any of its obligations under this Agreement shall either have been the principal cause of or resulted in the failure to consummate the Closing on or before such date." (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000176).)

162.    2007 SPA Amendment No. 2 states that "[e]xcept as amended by this Amendment No. 2, the Stock Purchase Agreement remains in full force and effect, without modification or amendment." (Clark Decl. Ex. 5 (2007 SPA Amendment No. 2 at SPARTA-00000176).)

163.    PGIC, SPARTA Holdings and OBIC executed a letter agreement to the 2007 SPA dated August 9, 2007 ("Letter Agreement No. 1").  (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00952-53).)

164.    PGIC is a signatory to Letter Agreement No. 1. (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

165.    PGIC is a party to Letter Agreement No. 1. (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

166.    SPARTA Holdings is a signatory to Letter Agreement No. 1 (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

167.    SPARTA Holdings is a party to Letter Agreement No. 1. (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

168.    OBIC is a signatory to Letter Agreement No. 1. (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

169.    OBIC is a party to Letter Agreement No. 1. (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

170.    Letter Agreement No. 1 states that SPARTA Holdings "has advised [PGIC] that the status of the Licenses of [AEIC] in North Carolina and Texas, respectively, is such that one or both of those licenses may be considered a Rescinded Insurance License so as to require an adjustment of the Purchase Price under Section 1.3(b)(i) of the Agreement." (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00952).)

171.    Letter Agreement No. 1 states that SPARTA Holdings "has further advised [PGIC] that it is prepared to pay at the Closing the full Purchase Price, without such an adjustment, provided that [SPARTA Holdings] shall not thereby be deemed to have waived its right to claim, on or before the Adjustment Date, that either such License is now or shall have become a Rescinded Insurance License for which a Purchase Price adjustment should be made as of the Adjustment Date." (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00952).)

172.    Letter Agreement No. 1 states that PGIC "has agreed that no such waiver shall be deemed to have occurred as a result of [SPARTA Holdings'] payment of the Purchase Price; provided, however, that [PGIC] retains the right to contest whether or not either such License is now or shall have become a Restricted Insurance License." (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00952).)

173.    Letter Agreement No. 1 states that "[t]he parties also have agreed that prior to the Adjustment Date, they will confer and cooperate in good faith to cause the respective Insurance Departments of Texas and North Carolina to eliminate any restriction or impairment of the Licenses that may cause either or both of them to be Rescinded Insurance Licenses and that the expense reimbursement provisions of Section 1.3(c) of the Agreement shall apply to such efforts." (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00952-53).)

174.    Letter Agreement No. 1 states that PGIC and SPARTA Holdings "also agree that to the extent [AEIC] should, after the Closing, receive funds representing guaranty funds receivable or on deposit at the time of the Closing, as reflected in the financial statements of [AEIC] as of July 31, 2007 delivered to [SPARTA Holdings] by [PGIC], or receive tax credits with respect to such amounts, [SPARTA Holdings] shall pay, or cause [AEIC] to pay, such amounts to [PGIC] within 10 days of receipt thereof." (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

175.    Letter Agreement No. 1 states that SPARTA Holdings "further agrees to permit [PGIC] to review [AEIC's] premium tax returns in the states of Kansas, Louisiana, Missouri and Texas for the purpose of confirming that [AEIC] and [SPARTA Holdings] have complied with this obligation to pay" PGIC. (Clark Decl. Ex. 6 (Letter Agreement No. 1 at Intact-SPARTA-PIC-00953).)

176. PGIC, OBIC, and SPARTA Holdings executed a letter agreement to the 2007 SPA dated February 8, 2008 ("Letter Agreement No. 2"). (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

177. PGIC is a signatory to Letter Agreement No. 2. (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

178. PGIC is a party to Letter Agreement No. 2. (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

179. SPARTA Holdings is a signatory to Letter Agreement No. 2. (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

180. SPARTA Holdings is a party to Letter Agreement No. 2. (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

181. OBIC is a signatory to Letter Agreement No. 2. (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

182. OBIC is a party to Letter Agreement No. 2. (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

183. Letter Agreement No. 2 states that "[t]he phrase 'on the date that is the six month anniversary of the Closing Date (the "Adjustment Date")' at the beginning of Section 1.3(b)(ii) of the [2007 SPA as amended by Amendment No. 1, Amendment No. 2, and Letter Agreement No. 1] is hereby amended to read as follows: 'on March 31, 2008 (the "Adjustment Date").'" (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

184. Letter Agreement No. 2 states that "[e]xcept as expressly modified by this letter agreement, the [2007 SPA as amended by Amendment No. 1, Amendment No. 2, and

Letter Agreement No. 1] is hereby ratified and confirmed in full force and effect." (Clark Decl. Ex. 7 (Letter Agreement No. 2 at SPARTA-00005206).)

185.    Letter Agreement No. 2 did not alter PGIC's indemnification obligations to SPARTA Holdings or AEIC. (*See* Clark Decl. Ex. 7 (Letter Agreement No. 2).)

### J.    The 2007 SPA Has Not Been Amended Or Modified Since February 8, 2008, And It Has Never Been Terminated Or Novated

186.    PGIC has never identified any written agreement amending the 2007 SPA to which SPARTA is a party that is dated after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

187.    PGIC has never identified any written agreement modifying the 2007 SPA to which SPARTA is a party that is dated after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

188.    PGIC has never identified any written agreement to which SPARTA is a party that terminates the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

189.    PGIC has never identified any written agreement to which SPARTA is a party that novates the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA Nos. 7 and 10).)

190.     PGIC has never identified any document amending the 2007 SPA that was signed by SPARTA after February 8, 2008.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

191.     PGIC has never identified any document modifying the 2007 SPA that was signed by SPARTA after February 8, 2008.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

192.     PGIC has never identified any document terminating the 2007 SPA that was signed by SPARTA.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

193.     PGIC has never identified any document novating the 2007 SPA that was signed by SPARTA.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 334:16-338:10).)

194.     PGIC has never identified any document amending the 2007 SPA that was signed by both SPARTA and PGIC after February 8, 2008.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

195.     PGIC has never identified any document modifying the 2007 SPA that was signed by both SPARTA and PGIC after February 8, 2008.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

196.     PGIC has never identified any document terminating the 2007 SPA that was signed by both SPARTA and PGIC.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

197. PGIC has never identified any document novating the 2007 SPA that was signed by both SPARTA and PGIC. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

198. SPARTA has not signed any document amending the 2007 SPA after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

199. SPARTA has not signed any document modifying the 2007 SPA after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

200. SPARTA has never signed any document terminating the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

201. SPARTA has never signed any document novating the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

202. SPARTA and PGIC have not both signed any document amending the 2007 SPA after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

203. SPARTA and PGIC have not both signed any document modifying the 2007 SPA after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

204. SPARTA and PGIC have never both signed any document terminating the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

205. SPARTA and PGIC have never both signed any document novating the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

206. PGIC has never identified any document amending the 2007 SPA that was signed by SPARTA, PGIC, and OBIC after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

207. PGIC has never identified any document modifying the 2007 SPA that was signed by SPARTA, PGIC, and OBIC after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

208. PGIC has never identified any document terminating the 2007 SPA that was signed by SPARTA, PGIC, and OBIC. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

209. SPARTA, PGIC, and OBIC have not all signed any document amending the 2007 SPA after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

210. SPARTA, PGIC, and OBIC have not all signed any document modifying the 2007 SPA after February 8, 2008. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

211. SPARTA, PGIC, and OBIC have never all signed any document terminating the 2007 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

212.    SPARTA, PGIC, and OBIC have never all signed any document novating the 2007 SPA.  (Clark Decl. Ex. 15 (PGIC Dep. 321:5-20, 322:15-22, 323:5-326:21, 330:15-19; 334:16-338:10).)

213.    There have been no oral modifications to the 2007 SPA.  (Clark Decl. Ex. 16 (SPARTA Dep. 506:21-507:3).)

K.    **SPARTA Has Never Provided Prior Written Consent To The Assignment Of The 2007 SPA To Any Other Party**

214.    PGIC has not identified any document showing that SPARTA provided prior written consent to PGIC to assign the 2007 SPA to any other party.  (Clark Decl. Ex. 15 (PGIC Dep. 231:22-232:11); Clark Decl. Ex. 16 (SPARTA Dep. 508:12-15).)

215.    SPARTA has never provided prior written consent to PGIC to assign the 2007 SPA to any other party.  (Clark Decl. Ex. 15 (PGIC Dep. 231:22-232:11); Clark Decl. Ex. 16 (SPARTA Dep. 508:12-15).)

IV.    **THE 2012 STOCK PURCHASE AGREEMENT TO WHICH SPARTA IS NOT A PARTY DID NOT – AND COULD NOT – EXTINGUISH PGIC'S OBLIGATIONS TO SPARTA**

216.    On June 8, 2012, OBIG and North American Casualty Co. ("NAC") entered into a stock purchase agreement pursuant to which NAC purchased PGIC from OBIG ("2012 SPA") (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035).)

217.    The 2012 SPA closed effective October 1, 2012.  (Clark Decl. Ex. 9 (2012 SPA).)

218.    ██████████████████████████████████████ ████████████████████ (Clark Decl. Ex. 15 (PGIC Dep. 87:15-21).)

219.    ██████████████████████████████████████ ████████████████ (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016074.)  NAC did not hire

outside counsel in connection with the negotiation and execution of the 2012 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 266:1-9).)

220. In 2012, Jeffrey Silver was NAC's general counsel and was the only attorney representing NAC for the negotiation and execution of the 2012 SPA. (Clark Decl. Ex. 15 (PGIC Dep. 266:1-9); Clark Decl. Ex. 9 (2012 SPA at PGIC_0016071).)

221. Mr. Silver is PGIC's general counsel. (Clark Decl. Ex. 27 (May 5, 2021 Email at SPARTA-00089080); Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at 10 (Verification)).)

222. Mr. Silver has been an officer and director of PGIC since October 2012. (Clark Decl. Ex. 15 (PGIC Dep. 59:14-18; 60:60-9; 61:16-62:4; 63:22-64:4; 64:9-13; 66:5-15; 68:7-17; 70:9-13; 70:18-22; 75:1-11; 76:3-12; 77:7-16; 78:8-17; 79:8-17; 80:16-5).)

223. In 2012, Steven Menzies was the president of NAC. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016071).)

224. Mr. Menzies is the ultimate controlling person of NAC and PGIC. (Clark Decl. Ex. 15 (PGIC Dep. 458:6-14).)

225. Mr. Menzies has been president, treasurer and director of PGIC since October 2012. (Clark Decl. Ex. 15 (PGIC Dep. 59:14-18; 60:60-9; 61:16-62:4; 63:22-64:4; 64:9-13; 66:5-15; 68:7-17; 70:9-13; 70:18-22; 75:1-11; 76:3-12; 77:7-16; 78:8-17; 79:8-17; 80:16-5).)

226. PGIC has not had any direct employees since at least October 2012 and instead has entered into a management agreement with Applied Underwriters, Inc., which performs services for PGIC, including generating business and claims handling. (Clark Decl. Ex. 15 (PGIC Dep. Tr. at 99:6-11; 101:13-102:12).)

227.    Mr. Menzies is the founder of Applied Underwriters, Inc.  (Clark Decl. Ex. 15 (PGIC Dep. Tr. at 452:21-453:1).)

228.    Mr. Menzies testified that "the [2012 SPA] was prepared by [Mr. Silver], I trust his judgment.  He told me what we were doing, we were buying a clean shell and I signed the [2012 SPA]."  (Clark Decl. Ex. 17 (Menzies Dep. 62:20-23).)

229.    Mr. Menzies testified that "he rel[ies] on [his] general counsel to prepare and review documents.  [Mr. Silver] tells me what we're doing and I rely on his judgment.  And based upon that, I will sign stock purchase agreements as needed."  (Clark Decl. Ex. 17 (Menzies Dep. 15:5-9).)

## A.    The Only Parties To The 2012 SPA Are NAC And OBIG

230.    OBIG is a signatory to the 2012 SPA.  (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016082).)

231.    The 2012 SPA defines OBIG as a "Party."  (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035).)

232.    NAC is a signatory to the 2012 SPA. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016082).)

233.    Mr. Menzies signed the 2012 SPA on behalf of NAC.  (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016082).)

234.    Mr. Menzies does not recall reading the 2012 SPA before he signed it.  (Clark Decl. Ex. 17 (Menzies Dep. 14:13-15).)

235.    The 2012 SPA defines NAC as a "Party."  (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035).)

236.    The 2012 SPA defines PGIC as the "Company."  (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035).)

237.    AEIC is not a signatory to the 2012 SPA. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016082); Clark Decl. Ex. 15 (PGIC Dep. 257:16-17).)

238.    The 2012 SPA does not define AEIC as a "Party." (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035); Clark Decl. Ex. 15 (PGIC Dep. 258:22-259:7).)

239.    AEIC is not a signatory party to the 2012 SPA. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016082); Clark Decl. Ex. 15 (PGIC Dep. 257:16-17).)

240.    AEIC was not a party to the 2012 SPA. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035); Clark Decl. Ex. 15 (PGIC Dep. 258:22-259:7).)

241.    SPARTA is not a signatory to the 2012 SPA. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016082).)

242.    The 2012 SPA does not define SPARTA as a "Party." (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035).)

243.    The 2012 SPA does not list SPARTA as a signatory party to the 2012 SPA. (Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA No. 10).)

244.    SPARTA was not a party to the 2012 SPA. (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016035, PGIC_0016082).)

**B.    SPARTA Did Not Have Knowledge Of And Did Not Consent To The 2012 SPA Between OBIG and NAC**

245.    SPARTA did not sign any documents in connection with the 2012 SPA. (Clark Decl. Ex. 16 (SPARTA Dep. 511:7-9).)

246.    SPARTA did not receive any communication from PGIC about the 2012 SPA before the 2012 SPA was executed. (Clark Decl. Ex. 16 (SPARTA Dep. 513:19-24).)

247.     SPARTA did not receive any communication from NAC about the 2012 SPA before the 2012 SPA was executed.  (Clark Decl. Ex. 16 (SPARTA Dep. 514:2-5).)

248.     SPARTA did not receive any communication from anyone about the 2012 SPA before the 2012 SPA was executed.  (Clark Decl. Ex. 16 (SPARTA Dep. 514:6-11).)

249.     NAC did not provide SPARTA with a copy of the 2012 SPA before the 2012 SPA was executed.  (Clark Decl. Ex. 15 (PGIC Dep. 256:9-13).)

250.     SPARTA did not receive any communication from PGIC about the 2012 SPA on or before October 1, 2012.  (Clark Decl. Ex. 40 (SPARTA's Supplemental Responses and Objections to PGIC's Interrogatories Nos. 5 and 6).)

251.     SPARTA did not receive any communication from NAC about the 2012 SPA on or before October 1, 2012.  (Clark Decl. Ex. 40 (SPARTA's Supplemental Responses and Objections to PGIC's Interrogatories Nos. 5 and 6).)

252.     SPARTA did not receive any communication from anyone about the 2012 SPA on or before October 1, 2012.  (Clark Decl. Ex. 40 (SPARTA's Supplemental Responses and Objections to PGIC's Interrogatories Nos. 5 and 6).)

253.     NAC did not provide SPARTA with a copy of the 2012 SPA before 2021.  (Clark Decl. Ex. 15 (PGIC Dep. 257:9-13); Clark Decl. Ex. 16 (SPARTA Dep. 515:19-23).)

254.     PGIC did not provide SPARTA with a copy of the 2012 SPA before 2021.  (Clark Decl. Ex. 16 (SPARTA Dep. 515:5-8).)

255.     No OneBeacon company provided SPARTA with a copy of the 2012 SPA before 2021.  (Clark Decl. Ex. 16 (SPARTA Dep. 516:7-11).)

256. PGIC has not identified any communication in which SPARTA verbally consented to the 2012 SPA. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 9).)

257. There is no record evidence that SPARTA verbally consented to the 2012 SPA. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 9).)

258. PGIC has not identified any written document obtaining SPARTA's consent to or approval of the 2012 SPA signed on or prior to the closing of the 2012 sale of PGIC to NAC. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 24).)

259. There is no evidence that SPARTA provided written consent to or approval of the 2012 SPA on or prior to the closing of the 2012 sale of PGIC to NAC. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 24).)

260. There is no evidence that SPARTA was made aware of the 2012 SPA or the sale of PGIC to NAC before May 2013. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 5).)

C. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

261. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉ (Clark Decl. Ex. 9 (2012 SPA at PGIC_0016041).)

262. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉





(Clark Decl. Ex. 9 (2012 SPA at § 4.1).)

263.

(Clark Decl. Ex. 9 (2012 SPA § 4.1.13).)

264.

(Clark Decl. Ex. 9 (2012 SPA § 4.1.13(a)(iii)).)

265.

(Clark Decl. Ex. 10 (2012 Disclosure Schedule § 4.1.13(a)(iii) (PGIC_0016109)); Clark Decl. Ex. 9 (2012 SPA § 4.1.13(a)(iii)); Clark Decl. Ex. 15 (PGIC Dep. 275:22-276:12).)

266.

(Clark Decl. Ex. 9 (2012 SPA § 4.1.13(a)(viii)).)

267.



[REDACTED] (Clark Decl. Ex. 10 (2012 Disclosure Schedule § 4.1.13(a)(viii) (PGIC_0016112));

Clark Decl. Ex. 9 (2012 SPA § 4.1.13(a)(viii)); *see also* Clark Decl. Ex. 15 (PGIC Dep. 280:12-21).)

268.

(Clark Decl. Ex. 9 (2012 SPA § 4.1.20(a)(i)).)

269.

(Clark Decl. Ex. 10 (2012 Disclosure Schedule § 4.1.20(a)(i) (PGIC_0016123)); *see also* Clark Decl. Ex. 15 (PGIC Dep. 280:22-281:11).)

270.

(Clark Decl. Ex. 10 (2012 Disclosure Schedule § 4.1.20(a)(i) (PGIC_0016123)).)

271.

(Clark Decl. Ex. 15 (PGIC Dep. 281:12-15).)

272.

(Clark Decl. Ex. 15 (PGIC Dep. 282:2-11).)

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ (*Id.* at 282:18-283:6).)

## V. THE 2012 TRANSFER AND ASSUMPTION AGREEMENT TO WHICH SPARTA IS NOT A PARTY DID NOT – AND COULD NOT – EXTINGUISH PGIC'S OBLIGATIONS TO SPARTA

273. On October 1, 2012, OBIC and PGIC entered into a transfer and assumption agreement (the "2012 T&A"). (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005137).)

### A. PGIC And OBIC Are The Only Parties To The 2012 T&A

274. PGIC and OBIC each signed the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005140).)

275. PGIC is a signatory to the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005140).)

276. OBIC is a signatory to the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005140).)

277. The 2012 T&A defines PGIC as a "Party." (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005137).)

278. The 2012 T&A defines OBIC as a "Party." (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005137).)

279. The 2012 T&A states that OBIG "is the record holder of 100% of the issued and outstanding stock of PGIC and OBIC." (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005137).)

280. SPARTA is not defined as a "Party" to the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005137).)

281. SPARTA is not a signatory to the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005140); Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA No. 7).)

282. SPARTA is not a "signatory party" to the 2012 T&A. (Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA No. 7).)

283. SPARTA is not a party to the 2012 T&A. (Clark Decl. Ex. 16 (SPARTA Dep. 511:1-3).)

284. AEIC is not defined as a "Party" to the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005137); Clark Decl. Ex. 15 (PGIC Dep. 259:14-260:4).)

285. AEIC is not a signatory to the 2012 T&A. (Clark Decl. Ex. 8 (2012 T&A at PGIC_0005140); Clark Decl. Ex. 15 (PGIC Dep. 259:11-13).)

286. AEIC is not a "signatory party" to the 2012 T&A. (Clark Decl. Ex. 39 (PGIC's Responses and Objections to SPARTA RFAs at Resp. to RFA No. 7).)

287. AEIC is not a party to the 2012 T&A. (Clark Decl. Ex. 16 (SPARTA Dep. 511:4-6).)

**B.** **OBIG Did Not View The 2012 T&A As Extinguishing PGIC's Liabilities**

288. The 2012 T&A does not include the words novation or novate. (Clark Decl. Ex. 8 (2012 T&A).) ███████████████████████████████ (Clark Decl. Ex. 9 (2012 SPA).)

289. The 2012 T&A does not include the words SPARTA or AEIC. (Clark Decl. Ex. 8 (2012 T&A).) ███████████████████████████████ (Clark Decl. Ex. 9 (2012 SPA).)

290.    As of 2011, David Dembo was the Director of Business Development at OBIG.  (Clark Decl. Ex. 11 (Letter of Intent and NDA at Intact-SPARTA-PIC-0003610).)

291.    On November 11, 2011, Mr. Dembo sent Mr. Silver an email with the subject line "Acquisition of Pennsylvania General Insurance Company."  (Clark Decl. Ex. 12 (November 11, 2011 Email at PGIC_0042586).)

292.    Mr. Dembo's November 11, 2011 email lists "[s]ome of the items [Mr. Dembo] wanted to point out that that [sic] came up in [his] internal discussions (I believe we had a high level reference to 1 and 2 in prior discussion)."  (Clark Decl. Ex. 12 (November 11, 2011 Email at PGIC_0042586).)

293.    One of the "items" the November 11, 2011 email lists is that "[w]e will utilize Transfer and Assumption reinsurance agreements to transfer the existing policies and policy liabilities and related assets from PGIC to OneBeacon Insurance Company.  For various reasons, we would not plan to obtain insured and claimant consents to effectively allow novation of policies and policy liabilities.  Thus, the gross liabilities will remain with PGIC."  (Clark Decl. Ex. 12 (November 11, 2011 Email at PGIC_0042586).)

294.    Ann Marie Andrews was the vice president and chief accounting officer of PGIC in 2012.  (Clark Decl. Ex. 15 (PGIC Dep. at 288:1-20).)

295.    In 2012, Todd C. Mills was an officer and director of PGIC.  (Clark Decl. Ex. 15 (PGIC Dep. at 289:18-20).)

296.    On April 9, 2012, Ms. Andrews sent an email to Mr. Dembo and Mr. Mills with the subject line "Consents of Directors: PGIC & OBIG LLC."  (Clark Decl. Ex. 13 (April 9, 2012 Email at 2).)

297. Ms. Andrews's April 9, 2012 email states that "a Transfer & Assumption does not represent a legal extinguishment of PGIC's obligation." (Clark Decl. Ex. 13 (April 9, 2012 Email at 2).)

### C. SPARTA Did Not Have Knowledge Of And Did Not Consent To The 2012 T&A Between OBIC and PGIC

298. SPARTA did not receive any communication from PGIC about the 2012 T&A on or before October 1, 2012. (Clark Decl. Ex. 16 (SPARTA Dep. 514:13-19).)

299. SPARTA did not receive any communication from OBIC about the 2012 T&A on or before October 1, 2012. (Clark Decl. Ex. 16 (SPARTA Dep. 514:21-515:3).)

300. SPARTA did not receive any communication from anyone about the 2012 T&A on or before October 1, 2012. (Clark Decl. Ex. 16 (SPARTA Dep. 517:3-8).)

301. SPARTA did not receive a copy of the 2012 T&A on or before October 1, 2012. (Clark Decl. Ex. 16 (SPARTA Dep. 516:20-517:3).)

302. SPARTA did not receive a copy of the 2012 T&A prior to 2021. (Clark Decl. Ex. 16 (SPARTA Dep. 515:13-17).)

303. PGIC did not provide SPARTA a copy of the 2012 T&A prior to 2021. (Clark Decl. Ex. 16 (SPARTA Dep. 515:13-17).)

304. NAC did not provide SPARTA a copy of the 2012 T&A prior to 2021. (Clark Decl. Ex. 16 (SPARTA Dep. 516:1-5).)

305. OBIC did not provide SPARTA a copy of the 2012 T&A prior to 2021. (Clark Decl. Ex. 16 (SPARTA Dep. 516:13-18).)

306. The first time SPARTA received a copy of the 2012 T&A was on May 5, 2021. (Clark Decl. Ex. 27 (May 5, 2021 Email at SPARTA-00089079); *see also* Clark Decl. Ex. 16 (SPARTA Dep. 209:19-21).)

307.	PGIC has not identified any written document obtaining SPARTA's consent to or approval of the 2012 T&A on or before October 1, 2012.  (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 23).)

308.	There is no record evidence that SPARTA provided written consent to the 2012 T&A on or before October 1, 2012.  (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 23).)

309.	There is no record evidence that SPARTA provided written approval of the 2012 T&A on or before October 1, 2012.  (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 23).)

310.	SPARTA did not provide written consent to the 2012 T&A on or before October 1, 2012.  (Clark Decl. Ex. 16 (SPARTA Dep. 512:8-14).)

311.	PGIC has not identified any evidence that SPARTA verbally consented to the 2012 T&A.  (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 6).)

312.	There is no evidence that SPARTA verbally consented to the 2012 T&A. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 6).)

313.	SPARTA did not provide verbal consent to the 2012 T&A. (Clark Decl. Ex. 16 (SPARTA Dep. 512:16-19).)

314.	PGIC did not communicate with SPARTA between 2013 and 2020 about the 2012 T&A.  (Clark Decl. Ex. 15 (PGIC Dep. at 264:11-20).)

315. There is no evidence that SPARTA was made aware of the 2012 T&A before May 2013. (Clark Decl. Ex. 42 (PGIC's Supplemental Objections and Responses to SPARTA RFAs at Supp. Resp. to RFA No. 5).)

## VI. THE 2012 BEDIVERE (FORMERLY OBIC) LIQUIDATION

### A. After Bedivere's Liquidation, PGIC Refuses To Accept Responsibility For The AEIC Claims

316. On March 11, 2021, Bedivere Insurance Company ("Bedivere") was placed into liquidation. (Clark Decl. Ex. 24 (March 31, 2021 Email at PGIC_0007313).)

317. Bedivere was formerly known as OBIC. (Clark Decl. Ex. 24 (March 31, 2021 Email at PGIC_0007313).)

318. ███████████████████████████████

███████████████████████████████████████

███████ (Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_0008134).)

319. On March 31, 2021 Keith E. Kaplan, the Chief Liquidation Officer appointed for Bedivere, emailed Robert Stafford, a director of PGIC (the "March 31, 2021 Email"). (Clark Decl. Ex. 24 (March 31, 2021 Email at PGIC_0007313).)

320. The March 31, 2021 Email states that "[a]s part of the transition into liquidation, we have learned about a number of transfer/assumption transactions ultimately into Bedivere. One of those involves Pennsylvania Insurance Company (formerly [PGIC]). As the assumption reinsurance does not result in a novation, we need to transfer some claim files back to [PGIC]." (Clark Decl. Ex. 24 (March 31, 2021 Email at PGIC_0007313).)

321. A.G. Risk Management Inc. ("AGRM"), formerly known as Armour Group Risk Management Inc., is a third-party administrator that administers claims made on

insurance policies on behalf of insurance companies.  (Clark Decl. Ex. 15 (PGIC Dep. 599:9-17).)

322.    AGRM had been handling claims made on historical AEIC and PGIC policies since at least 2014.  (Clark Decl. Ex. 14 (OBIC-AGRM Agreement at BEDIVERE_000109); Clark Decl. Ex. 15 (PGIC Dep. 600:18-601:2).)

323.    ████████████████████████████████████ ██████████████████████████ (Clark Decl. Ex. 26 (April 2021 Email Chain at PGIC_0015774-75).)

324.    ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████ (Clark Decl. Ex. 26 (April 2021 Email Chain at PGIC_0015774).)

325.    ████████████████████████████████████ ██████████████████████████████████████ (Clark Decl. Ex. 26 (April 2021 Email Chain at PGIC_0015775).)

326.    ████████████████████████████████████ ████████████████████████████████████ (Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_008133).)

327.    ████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ ████████████████████████████████████████

51



(Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_0008133).)

328.

(Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_0008133).)

329.

(Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_0008130-33).)

330.

(Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_0008134).)

331.

(Clark Decl. Ex. 30 (PGIC-AGRM Agreement at PGIC_0008134).)

332.    PGIC "select[ed] AGRM to provide the services reflected in" the August 1, 2021 Services Agreement because "AGRM was the TPA that had been handling [PGIC] claims prior to Bedivere's liquidation" and PGIC "thought it would be appropriate to continue that process." (Clark Decl. Ex. 15 (PGIC Dep. at 599:1-6).)

333. ██████████████████████████████████████

███████████████████████████████████████████

██████ (Clark Decl. Ex. 31 (August 11, 2021 Email at PGIC_0008081).)

334. ██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ (Clark Decl. Ex. 31 (August 11, 2021 Email

at PGIC_0008081).)

335. ██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

(Clark Decl. Ex. 31 (August 11, 2021 Email at Paid Loss Replenishment at 1-8).)

336. ██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ (Clark Decl. Ex. 31 (August 11,

2021 Email at PGIC_0008081).)

337. ██████████████████████████████████████

███████████████████████████████████████████

██████████████████████ (Clark Decl. Ex. 15 (PGIC Dep. 625:3-12).)

338. In this Action, PGIC issued a third-party subpoena to AGRM seeking

"[a]ll Documents concerning any track of receipt, payment or administration of AEIC Claims."

(Clark Decl. Ex. 35 (AGRM Subpoena at 8).)

339.    PGIC is aware that AGRM possesses information regarding AEIC Claims

and policies.  (*See* Clark Decl. Ex. 35 (AGRM Subpoena).)

340.    

(Clark Decl. Ex. 32 (August 26-27, 2021

Email Chain at PGIC_0007722).)

341.

(Clark Decl. Ex. 32 (August 26-

27, 2021 Email Chain at PGIC_0007722).)

342.

(Clark Decl. Ex. 32 (August 26-27, 2021 Email Chain at PGIC_0007721-22).)

343.     Before the Bedivere liquidation, SPARTA "ha[d] never been called on to make any payments" on AEIC policies transferred to PGIC pursuant to the 2005 T&A. (Clark Decl. Ex. 29 (June 1, 2021 Email at SPARTA-00040393).)

344.     Instead, SPARTA and its affiliates tendered any notices or communications they received regarding such claims for administration and payment pursuant to the terms of the 2007 SPA. (Clark Decl. Ex. 16 (SPARTA Dep. at 319:9-20).)

345.     As of 2021 and through to the present, SPARTA has been an indirect subsidiary of Catalina Holdings (Bermuda) Ltd. SPARTA does not have any direct employees and instead is managed by employees of Catalina U.S. Insurance Services LLC through an administrative services agreement. (Clark Decl. Ex. 16 (SPARTA Dep. at 167:3-22; 168:18-169:21).)

346.     On April 5, 2021, SPARTA learned of Bedivere's liquidation and that Bedivere was no longer paying claims made against AEIC policies issued before June 30, 2005 ("AEIC Claims"). (Clark Decl. Ex. 25 (April 5, 2021 Email Chain at SPARTA-00048017).)

347.     On August 30, 2021 – after PGIC refused to accept responsibility for the AEIC Claims – Ronald P. Harrell, a Senior Vice President Claims & U.S. Claims Officer at Catalina U.S. Insurance Services LLC, emailed individuals at AGRM to "discuss contracting with [AGRM] to manage" AEIC Claims. (Clark Decl. Ex. 33 (August 27-30, 2021 Email Chain at SPARTA-00020231).)

348.     SPARTA and AGRM executed a Services Agreement, effective as of October 1, 2021, pursuant to which AGRM agreed to administer AEIC Claims on behalf of

SPARTA. (Clark Decl. Ex. 34 (SPARTA-AGRM Agreement at SPARTA-00032986, SPARTA-00032997-33000).)

349. On November 5, 2021, Joshua Weiner, Vice President, Claims Counsel, at Catalina U.S. Insurance Services and an officer of SPARTA, sent Mr. Silver a letter stating that SPARTA "engaged the services of AGRM" to "handle, manage, and pay" the AEIC Claims. (Clark Decl. Ex. 55 (November 5, 2021 Notice at BEDIVERE_002602).)

350. Dennis Haag was the Chief of the Pennsylvania Insurance Department in 2021. (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007565).)

351. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007564).)

352. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇ (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007564); *see also* Clark Decl. Ex. 15 (PGIC Dep. 294:13-295:7, 374:13-375:4).)

353. In 2021, Keith Kaplan was appointed the Chief Liquidation Officer for Bedivere Insurance Co. (in Liquidation). (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007564).)

354.  (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007563).)

355. (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007563); *see also* Clark Decl. Ex. 15 (PGIC Dep. 293:14-294:12, 377:18-378:6).)

356. (Clark Decl. Ex. 28 (May 2021 Email Chain at PGIC_0007563).)

## VII.     SPARTA SENT PGIC AT LEAST 40 SECTION 8.1 NOTICES

357.    On May 28, 2021, Amy Gallent, then General Counsel for SPARTA, sent Mr. Silver (PGIC) an email (the "May 28, 2021 Notice") stating that "the Chief Liquidation Officer (CLO) of Bedivere Insurance Company in Liquidation (BIC) has informed us that he has duly tendered all claims that arise from the AEIC policies that BIC had been managing and paying on behalf of PIC" and listing four AEIC Claims that SPARTA "has been directly named and served in." (Clark Decl. Ex. 43 (May 28, 2021 Notice at SPARTA-00089125-26).)

358.    The May 28, 2021 Notice asks Mr. Silver to confirm that PGIC "will continue to protect [SPARTA's] interest, and manage and pay claims as it is obligated to do

57

under the relevant agreements." (Clark Decl. Ex. 43 (May 28, 2021 Notice at SPARTA-00089126).)

359.    On June 23, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) an email "attach[ing] (in four separate emails) 14 tenders for defense and indemnity that SPARTA Insurance Company" received from a AEIC policyholder and identified "two coverage cases, where SIC was sued directly by a third party as a result of alleged liabilities arising out of policies issued AEIC." Mr. Weiner asked for "confirmation that PIC will take over the handling and payment of these claims." Mr. Weiner also stated that SPARTA was requesting PGIC handle "the AEIC claims that Armour Risk Management ("ARM") has been managing and paying prior to Bedivere going into liquidation. As previously requested, please confirm that PIC has accepted financial and management responsibility for these tenders and the AEIC claims currently in ARM's possession, and will pay these claims." Mr. Weiner noted that "if we do not hear back from you that PIC will handle and pay these claims, we will continue to protect SIC's interests and look to PIC for reimbursement of any expenses." (Clark Decl. Ex. 44 (June 23, 2021 Notice (1 of 4) at SPARTA-00092356); *see* Clark Decl. Ex. 45 (June 23, 2021 Notice (2 of 4) at SPARTA-00092498); Clark Decl. Ex. 46 (June 23, 2021 Notice (3 of 4) at SPARTA-00092170); Clark Decl. Ex. 47 (June 23, 2021 Notice (4 of 4) at SPARTA-00089483).)

360.    On June 25, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) an email attaching a notice of hearing from the "Division of Workers' Compensation, Workers' Compensation Appeals Board" and stating that "[t]his was received today and appears to be AEIC's, based on the second page." (Clark Decl. Ex. 48 (June 25, 2021 Notice at SPARTA-00089815-16).)

361.     On July 26, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "July 26, 2021 Notice") stating that SPARTA had "received a California Division of Workers' Compensation Notice of Hearing, which relates to an AEIC policy, as well as three subpoenas from parties" in three separate "matters, which seek information related to purported AEIC insurance policies." (Clark Decl. Ex. 49 (July 26, 2021 Notice at SPARTA-00089981).)

362.     The July 26, 2021 Notice states that "[i]n addition to the above and previous requests that [SPARTA] has made to [PGIC] concerning claims allegedly arising from AEIC policies that [SPARTA] has received, [SPARTA] provides this notice of [PGIC's] obligation to indemnify and hold harmless [SPARTA] from all 'loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by' [SPARTA] in connection with any of the foregoing matters pursuant to [2007] SPA Section 8.1. Further, [SPARTA] provides the same notice of [PGIC's] obligation to indemnify and hold harmless SIC from the same in connection with any other matters purportedly arising, now or in the further, from AEIC policies in which SIC is improperly identified as the party responsible for any obligation or liability arising from AEIC policies." (Clark Decl. Ex. 49 (July 26, 2021 Notice at SPARTA-00089981 to SPARTA-00089982).)

363.     The July 26, 2021 Notice requests that PGIC "notify [SPARTA] within ten business days of receipt of this letter as to whether [PGIC] will assume control and defense of the foregoing claims and any future related claims at [PGIC's] expenses. Because the above-identified matters remain ongoing and [SPARTA] has incurred, and is incurring, ongoing expense with respect to each of them (which ultimately is the responsibility of [PGIC]), the

dollar amount of the foregoing claims for indemnification cannot be determined at this time. Pursuant to SPA Section 8.3, [SPARTA] will provide written notice to PIC of the dollar amount of each of the foregoing claims against [SPARTA] has determined such dollar amounts." (Clark Decl. Ex. 49 (July 26, 2021 Notice at SPARTA-00089982).)

364. On July 29, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) an email "attach[ing] the following [two] additional tenders for defense and indemnity, which were received this week and, as with other claims we have forwarded to you, are not the responsibility of [SPARTA] and are appropriately the responsibility of Pennsylvania Insurance Company, as successor to PGIC. . . . Please confirm receipt and confirm that [PGIC] has accepted financial and management responsibly for these tenders and the AEIC claims we have previously forwarded you. . . . If we do not hear back from you that [PGIC] will handle and pay these claims, we will continue to protect [SPARTA's] interests and look to [PGIC] for reimbursement of any expenses." (Clark Decl. Ex. 50 (July 29, 2021 Notice at SPARTA-00069964).)

365. On August 5, 2021, James R. Carroll, counsel for SPARTA, sent Mr. Silver (PGIC) a letter stating that "SPARTA again requests that [PGIC] immediately confirm that [PGIC] will satisfy its legal obligations and handle, manage, and pay [identified claims], as well as any other AEIC claims, including those that Armour Risk Management was managing and paying. . . . [T]to the extent that [PGIC] will not promptly agree to handle, manage, and pay those claims, SPARTA will protect its interests as necessary with respect to each of them and look to [PGIC] for reimbursement for all costs expended protecting the same, including attorneys' fees and expenses." (Clark Decl. Ex. 51 (August 5, 2021 Notice at PGIC_0015833).)

366. On August 16, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) an email "attach[ing] the following [four] additional tenders for defense and indemnity, which were

received this week and, as with other claims we have forwarded to you, are not the responsibility of [SPARTA] and are appropriately the responsibility of Pennsylvania Insurance Company, as successor to PGIC. . . . Please confirm receipt and confirm that [PGIC] has accepted financial and management responsibly for these tenders and the AEIC claims we have previously forwarded you. . . . If we do not hear back from you that [PGIC] will handle and pay these claims, we will continue to protect [SPARTA's] interests and look to [PGIC] for reimbursement of any expenses." (Clark Decl. Ex. 52 (August 16, 2021 Notice at SPARTA-00030214-15).)

367.    On August 20, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) an email "attach[ing] another additional tender for defense and indemnity . . ., which was received this week. Like with other claims we have forwarded to you, this tender is not the responsibility of [SPARTA] and is appropriately the responsibility of Pennsylvania Insurance Company as successor to PGIC. . . . Please confirm receipt and confirm that [PGIC] has accepted financial and management responsibility for these tenders and the AEIC claims we have previously forwarded you. . . . If we do not hear back from you that [PGIC] will handle and pay these claims, we will continue to protect [SPARTA's] interests and look to [PGIC] for reimbursement of any expenses." (Clark Decl. Ex. 53 (August 20, 2021 Notice at SPARTA-00070045).)

368.    On September 27, 2021, Mr. Carroll, counsel for SPARTA, sent Samuel Kaplan, counsel for PGIC, a letter (the "September 27, 2021 Notice") stating that "[i]n addition to the claims that [SPARTA] has previously tendered to [PGIC], [SPARTA] has received the following additional claims based on AEIC polices," and lists 13 claims. (Clark Decl. Ex. 54 (September 27, 2021 Notice at SPARTA-00090117-18).)

369.    The September 27, 2021 Notice asks that PGIC "confirm that [it] will handle, manage, and pay these claims or proceedings – as well as the other AEIC claims that

Armour Risk Management was managing and paying, and the prior AEIC claims that [SPARTA] previously tendered to [PGIC]." The September 27, 2021 Notice further stated that "to the extent that [PGIC] does not handle, manage, and pay these AEIC claims, [SPARTA] will protect its interests as necessary with respect to each of the claims and look to [PGIC] for reimbursement for all costs incurred in that necessary action." (Clark Decl. Ex. 54 (September 27, 2021 Notice at SPARTA-00090118).)

370.    On November 5, 2021, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "November 5, 2021 Notice") stating that "[t]his notice is further to the multiple prior notices [SPARTA] has previously submitted to [PGIC] concerning claims, tenders, and other legal process that [SPARTA] has received, which all relate to policies issued by [AEIC]." (Clark Decl. Ex. 55 (November 5, 2021 Notice at BEDIVERE_002602).)

371.    The November 5, 2021 Notice further states that PGIC "has refused to handle, manage and pay these AEIC claims" and that, "[a]s such, [SPARTA] has no choice but to handle, manage, and pay these AEIC claims. To do so, [SPARTA] has engaged the services of AGRM. Even though [PGIC] has maintained that it is not responsible for these AEIC claims, [SPARTA] plans to provide periodic reports to [PGIC] of the status of the claims made and paid. To the extent that [PGIC] requests further or different information, please contact me promptly." (Clark Decl. Ex. 55 (November 5, 2021 Notice at BEDIVERE_002602).)

372.    Following the November 5, 2021 Notice, SPARTA provided PGIC with a report on the status of AEIC Claims made and paid at least six times. PGIC never responded to these reports or requested that they include further or different information. (Clark Decl. Ex. 56 (April 29, 2022 Notice at SPARTA-00090041); Clark Decl. Ex. 57 (August 16, 2022 Notice at SPARTA-00091250); Clark Decl. Ex. 58 (September 28, 2022 Notice at SPARTA-00076198);

Clark Decl. Ex. 59 (October 25, 2022 Notice at SPARTA-00076402); Clark Decl. Ex. 60 (December 19, 2022 Notice at SPARTA-00090122); Clark Decl. Ex. 61 (January 17, 2023 Notice at SPARTA-00090125).)

373. On April 29, 2022, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) an email (the "April 29, 2022 Notice") stating that "[a]s we previously informed you, [SPARTA] will be providing periodic updates to [PGIC] regarding the [AEIC] claims and payments made by [SPARTA]." (Clark Decl. Ex. 56 (April 29, 2022 Notice at SPARTA-00090041).)

374. The April 29, 2022 Notice attached two excel spreadsheets named "AEIC Photon Closed Claim export on 4-20-2022.xlsx" and "AEIC Open Claim Report.xlsx" that provide details on the AEIC Claims and payments made by SPARTA on those claims. (Clark Decl. Ex. 56 (April 29, 2022 Notice at SPARTA-00090041).)

375. On August 16, 2022, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "August 16, 2022 Notice") "attach[ing] an update from [SPARTA] to [PGIC] regarding the [AEIC] claims and payments made by [SPARTA]." (Clark Decl. Ex. 57 (August 16, 2022 Notice at SPARTA-00091250).)

376. The August 16, 2022 Notice attached an excel spreadsheet named "AEIC Payment Balancing & Register ITD as of 7.31.2022.xlsx" and "AEIC Loss Run from Photon as of 7.31.2022.xlsx" that provide details on the AEIC Claims and payments made by SPARTA on those claims. (Clark Decl. Ex. 57 (August 16, 2022 Notice at 3-13).)

377. The August 16, 2022 Notice states that SPARTA "plans to provide periodic reports to [PGIC] of the status of the claims made and paid," and that "[t]o the extent that [PGIC] requests further or different information, please contact me promptly." (Clark Decl. Ex. 57 (August 16, 2022 Notice at SPARTA-00091250).)

378. On September 28, 2022, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "September 28, 2022 Notice") "enclos[ing] an encrypted thumb drive containing an update from [SPARTA] to [PGIC] regarding the [AEIC] claims and payments made by [SPARTA]." (Clark Decl. Ex. 58 (September 28, 2022 Notice at SPARTA-00076198).)

379. The September 28, 2022 Notice enclosed two excel spreadsheets named "AEIC Closed Claim Run From Photon as of 8.31.2022.xlsx" and "AEIC Loss Run From Photon as of 8.31.2022 Open Claims.xlsx" that provide details on the AEIC Claims and payments made by SPARTA on those claims. (Clark Decl. Ex. 58 (September 28, 2022 Notice at 3-13).)

380. The September 28, 2022 Notice states that SPARTA "plans to provide periodic reports to [PGIC] of the status of the claims made and paid. To the extent that [PGIC] requests further or different information, please contact me promptly." (Clark Decl. Ex. 58 (September 28, 2022 Notice at SPARTA-00076198).)

381. On October 25, 2022, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "October 25, 2022 Notice") "enclos[ing] an encrypted thumb drive containing an update from [SPARTA] to [PGIC] regarding the [AEIC] claims and payments made by [SPARTA]." (Clark Decl. Ex. 59 (October 25, 2022 Notice at SPARTA-00076402).)

382. The October 25, 2022 Notice enclosed two documents named "Open AEIC Claims.pdf" and "Closed AEIC Claims.pdf " that provide details on the AEIC Claims and payments made by SPARTA on those claims. (Clark Decl. Ex. 59 (October 25, 2022 Notice at 3-27).)

383. The October 25, 2022 Notice states that SPARTA "plans to provide periodic reports to [PGIC] of the status of the claims made and paid. To the extent that [PGIC]

requests further or different information, please contact me promptly." (Clark Decl. Ex. 59 (October 25, 2022 Notice at SPARTA-00076402).)

384.     On December 19, 2022, Mr. Weiner (SPARTA) sent Erika Nyborg-Burch, counsel for PGIC, a letter (the "December 19, 2022 Notice") "enclos[ing] a thumb drive containing an update from [SPARTA] to [PGIC] regarding the [AEIC] claims and payments made by [SPARTA]." (Clark Decl. Ex. 60 (December 19, 2022 Notice at SPARTA-00090122).)

385.     The December 19, 2022 Notice enclosed two excel spreadsheets named "AEIC Closed Claims 12.13.2022.xlsx" and "Open AEIC Claims 12.31.2022.xlsx" that provide details on the AEIC Claims and payments made by SPARTA on those claims. (Clark Decl. Ex. 60 (December 19, 2022 Notice at 3-13).)

386.     The December 19, 2022 Notice states that SPARTA "plans to provide periodic reports to [PGIC] of the status of the claims made and paid. To the extent that [PGIC] requests further or different information, please contact me promptly." (Clark Decl. Ex. 60 (December 19, 2022 Notice at SPARTA-00090122).)

387.     On January 17, 2023, Mr. Weiner (SPARTA) sent Ms. Nyborg-Burch (PGIC) a letter (the "January 17, 2023 Notice") "enclos[ing] a thumb drive containing an update from [SPARTA] to [PGIC] regarding the [AEIC] claims and payments made by [SPARTA]." (Clark Decl. Ex. 61 (January 17, 2023 Notice at SPARTA-00090125).)

388.     The January 17, 2023 Notice enclosed two excel spreadsheets named "Closed AEIC Claims 1.23.xlsx" and "Open AEIC Claims 1.23.xlsx" that provide details on the AEIC Claims and payments made by SPARTA on those claims. (Clark Decl. Ex. 61 (January 17, 2023 Notice at 3-13).)

65

389. The January 17, 2023 Notice states that SPARTA "plans to provide periodic reports to [PGIC] of the status of the claims made and paid. To the extent that [PGIC] requests further or different information, please contact me promptly." (Clark Decl. Ex. 61 (January 17, 2023 Notice at SPARTA-00090125).)

390. On February 8, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) 13 letters (the "February 8, 2024 Notices") each stating that "[p]ursuant to Section 8.1 of the" 2007 SPA "I am writing on behalf of SPARTA to provide notice that SPARTA has received notice of the following claim made against a policy issued by [AEIC] prior to SPARTA's acquisition of AEIC." (Clark Decl. Ex. 62 (February 8, 2024 Notice (1 of 13) at 1); Clark Decl. Ex. 63 (February 8, 2024 Notice (2 of 13) at 1); Clark Decl. Ex. 64 (February 8, 2024 Notice (3 of 13) at 1); Clark Decl. Ex. 65 (February 8, 2024 Notice (4 of 13) at 1); Clark Decl. Ex. 66 (February 8, 2024 Notice (5 of 13) at 1); Clark Decl. Ex. 67 (February 8, 2024 Notice (6 of 13) at 1); Clark Decl. Ex. 68 (February 8, 2024 Notice (7 of 13) at 1); Clark Decl. Ex. 69 (February 8, 2024 Notice (8 of 13) at 1); Clark Decl. Ex. 70 (February 8, 2024 Notice (9 of 13) at 1); Clark Decl. Ex. 71 (February 8, 2024 Notice (10 of 13) at 1; Clark Decl. Ex. 72 (February 8, 2024 Notice (11 of 13) at 1); Clark Decl. Ex. 73 (February 8, 2024 Notice (12 of 13) at 1); Clark Decl. Ex. 74 (February 8, 2024 Notice (13 of 13) at 1).)

391. The February 8, 2024 Notices each identify the claimant, the insured, and the policy numbers. (Clark Decl. Ex. 62 (February 8, 2024 Notice (1 of 13) at 1); Clark Decl. Ex. 63 (February 8, 2024 Notice (2 of 13) at 1); Clark Decl. Ex. 64 (February 8, 2024 Notice (3 of 13) at 1); Clark Decl. Ex. 65 (February 8, 2024 Notice (4 of 13) at 1); Clark Decl. Ex. 66 (February 8, 2024 Notice (5 of 13) at 1); Clark Decl. Ex. 67 (February 8, 2024 Notice (6 of 13) at 1); Clark Decl. Ex. 68 (February 8, 2024 Notice (7 of 13) at 1); Clark Decl. Ex. 69 (February 8,

2024 Notice (8 of 13) at 1); Clark Decl. Ex. 70 (February 8, 2024 Notice (9 of 13) at 1); Clark Decl. Ex. 71 (February 8, 2024 Notice (10 of 13) at 1; Clark Decl. Ex. 72 (February 8, 2024 Notice (11 of 13) at 1); Clark Decl. Ex. 73 (February 8, 2024 Notice (12 of 13) at 1); Clark Decl. Ex. 74 (February 8, 2024 Notice (13 of 13) at 1).)

392. The February 8, 2024 Notices each state that "[e]nclosed are copies of (A) the AEIC policy or policies under which the claim is being made . . . and (B) the notice of claim or other documentation received by SPARTA regarding what the claimed expense is for and any correspondence with the claimant by or on behalf of SPARTA to date." (Clark Decl. Ex. 62 (February 8, 2024 Notice (1 of 13) at 1); Clark Decl. Ex. 63 (February 8, 2024 Notice (2 of 13) at 1); Clark Decl. Ex. 64 (February 8, 2024 Notice (3 of 13) at 1); Clark Decl. Ex. 65 (February 8, 2024 Notice (4 of 13) at 1); Clark Decl. Ex. 66 (February 8, 2024 Notice (5 of 13) at 1); Clark Decl. Ex. 67 (February 8, 2024 Notice (6 of 13) at 1); Clark Decl. Ex. 68 (February 8, 2024 Notice (7 of 13) at 1); Clark Decl. Ex. 69 (February 8, 2024 Notice (8 of 13) at 1); Clark Decl. Ex. 70 (February 8, 2024 Notice (9 of 13) at 1); Clark Decl. Ex. 71 (February 8, 2024 Notice (10 of 13) at 1; Clark Decl. Ex. 72 (February 8, 2024 Notice (11 of 13) at 1); Clark Decl. Ex. 73 (February 8, 2024 Notice (12 of 13) at 1); Clark Decl. Ex. 74 (February 8, 2024 Notice (13 of 13) at 1).)

393. The February 8, 2024 Notices each state that "[i]n addition, SPARTA provides notice of PGIC's obligation to indemnify and hold harmless SPARTA From all 'loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by' SPARTA in connection with the above claim pursuant to Section 8.1 of the [2007] SPA." (Clark Decl. Ex. 62 (February 8, 2024

Notice (1 of 13) at 2); Clark Decl. Ex. 63 (February 8, 2024 Noice (2 of 13) at 2); Clark Decl. Ex. 64 (February 8, 2024 Notice (3 of 13) at 2); Clark Decl. Ex. 65 (February 8, 2024 Notice (4 of 13) at 2); Clark Decl. Ex. 66 (February 8, 2024 Notice (5 of 13) at 2); Clark Decl. Ex. 67 (February 8, 2024 Notice (6 of 13) at 2); Clark Decl. Ex. 68 (February 8, 2024 Notice (7 of 13) at 2); Clark Decl. Ex. 69 (February 8, 2024 Notice (8 of 13) at 2); Clark Decl. Ex. 70 (February 8, 2024 Notice (9 of 13) at 2); Clark Decl. Ex. 71 (February 8, 2024 Notice (10 of 13) at 2; Clark Decl. Ex. 72 (February 8, 2024 Notice (11 of 13) at 2); Clark Decl. Ex. 73 (February 8, 2024 Notice (12 of 13) at 2); Clark Decl. Ex. 74 (February 8, 2024 Notice (13 of 13) at 2).)

394.    On April 8, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) seven letters (the "April 8, 2024 Notices") stating that "[p]ursuant to Section 8.1 of the" 2007 SPA "I am writing on behalf of SPARTA to provide notice that SPARTA has received notice of the following claim made against a policy issued by [AEIC] prior to SPARTA's acquisition of AEIC." (Clark Decl. Ex. 75 (April 8, 2024 Notice (1 of 7) at 1); Clark Decl. Ex. 76 (April 8, 2024 Notice (2 of 7) at 1); Clark Decl. Ex. 77 (April 8, 2024 Notice (3 of 7) at 1); Clark Decl. Ex. 78 (April 8, 2024 Notice (4 of 7) at 1); Clark Decl. Ex. 79 (April 8, 2024 Notice (5 of 7) at 1); Clark Decl. Ex. 80 (April 8, 2024 Notice (6 of 7) at 1); Clark Decl. Ex. 81 (April 8, 2024 Notice (7 of 7) at 1).)

395.    The April 8, 2024 Notices each identify the claimant, the insured, and the policy numbers. (Clark Decl. Ex. 75 (April 8, 2024 Notice (1 of 7) at 1); Clark Decl. Ex. 76 (April 8, 2024 Notice (2 of 7) at 1); Clark Decl. Ex. 77 (April 8, 2024 Notice (3 of 7) at 1); Clark Decl. Ex. 78 (April 8, 2024 Notice (4 of 7) at 1); Clark Decl. Ex. 79 (April 8, 2024 Notice (5 of 7) at 1); Clark Decl. Ex. 80 (April 8, 2024 Notice (6 of 7) at 1); Clark Decl. Ex. 81 (April 8, 2024 Notice (7 of 7) at 1).)

396. The April 8, 2024 Notices each state that "[e]nclosed are copies of (A) the AEIC policy or policies under which the claim is being made . . . and (B) the notice of claim or other documentation received by SPARTA regarding what the claimed expense is for and any correspondence with the claimant by or on behalf of SPARTA to date." (Clark Decl. Ex. 75 (April 8, 2024 Notice (1 of 7) at 1); Clark Decl. Ex. 76 (April 8, 2024 Notice (2 of 7) at 1); Clark Decl. Ex. 77 (April 8, 2024 Notice (3 of 7) at 1); Clark Decl. Ex. 78 (April 8, 2024 Notice (4 of 7) at 1); Clark Decl. Ex. 79 (April 8, 2024 Notice (5 of 7) at 1); Clark Decl. Ex. 80 (April 8, 2024 Notice (6 of 7) at 1); Clark Decl. Ex. 81 (April 8, 2024 Notice (7 of 7) at 1).)

397. The April 8, 2024 Notices each state that "[i]n addition, SPARTA provides notice of PGIC's obligation to indemnify and hold harmless SPARTA From all 'loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by' SPARTA in connection with the above claim pursuant to Section 8.1 of the [2007] SPA." (Clark Decl. Ex. 75 (April 8, 2024 Notice (1 of 7) at 2); Clark Decl. Ex. 76 (April 8, 2024 Notice (2 of 7) at 2); Clark Decl. Ex. 77 (April 8, 2024 Notice (3 of 7) at 2); Clark Decl. Ex. 78 (April 8, 2024 Notice (4 of 7) at 2); Clark Decl. Ex. 79 (April 8, 2024 Notice (5 of 7) at 2); Clark Decl. Ex. 80 (April 8, 2024 Notice (6 of 7) at 2); Clark Decl. Ex. 81 (April 8, 2024 Notice (7 of 7) at 2).)

398. On May 28, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) ten letters (the "May 28, 2024 Notices") stating that "[p]ursuant to Section 8.1 of the" 2007 SPA "I am writing on behalf of SPARTA to provide notice that SPARTA has received notice of the following claim made against a policy issued by [AEIC] prior to SPARTA's acquisition of AEIC." (Clark Decl. Ex. 82 (May 28, 2024 Notice (1 of 10) at 1); Clark Decl. Ex. 83 (May 28,

2024 Notice (2 of 10) at 1); Clark Decl. Ex. 84 (May 28, 2024 Notice (3 of 10) at 1); Clark Decl.

Ex. 85 (May 28, 2024 Notice (4 of 10) at 1); Clark Decl. Ex. 86 (May 28, 2024 Notice (5 of 10)

at 1); Clark Decl. Ex. 87 (May 28, 2024 Notice (6 of 10) at 1); Clark Decl. Ex. 88 (May 28, 2024

Notice (7 of 10) at 1); Clark Decl. Ex. 89 (May 28, 2024 Notice (8 of 10) at 1); Clark Decl. Ex.

90 (May 28, 2024 Notice (9 of 10) at 1); Clark Decl. Ex. 91 (May 28, 2024 Notice (10 of 10) at

1).)

399.    The May 28, 2024 Notices each identify the claimant, the insured, and the

policy numbers.  (Clark Decl. Ex. 82 (May 28, 2024 Notice (1 of 10) at 1); Clark Decl. Ex. 83

(May 28, 2024 Notice (2 of 10) at 1); Clark Decl. Ex. 84 (May 28, 2024 Notice (3 of 10) at 1);

Clark Decl. Ex. 85 (May 28, 2024 Notice (4 of 10) at 1); Clark Decl. Ex. 86 (May 28, 2024

Notice (5 of 10) at 1); Clark Decl. Ex. 87 (May 28, 2024 Notice (6 of 10) at 1); Clark Decl. Ex.

88 (May 28, 2024 Notice (7 of 10) at 1); Clark Decl. Ex. 89 (May 28, 2024 Notice (8 of 10) at

1); Clark Decl. Ex. 90 (May 28, 2024 Notice (9 of 10) at 1); Clark Decl. Ex. 91 (May 28, 2024

Notice (10 of 10) at 1).)

400.    The May 28, 2024 Notices each state that "[e]nclosed are copies of (A) the

AEIC policy or policies under which the claim is being made . . . and (B) the notice of claim or

other documentation received by SPARTA regarding what the claimed expense is for and any

correspondence with the claimant by or on behalf of SPARTA to date."  (Clark Decl. Ex. 82

(May 28, 2024 Notice (1 of 10) at 1); Clark Decl. Ex. 83 (May 28, 2024 Notice (2 of 10) at 1);

Clark Decl. Ex. 84 (May 28, 2024 Notice (3 of 10) at 1); Clark Decl. Ex. 85 (May 28, 2024

Notice (4 of 10) at 1); Clark Decl. Ex. 86 (May 28, 2024 Notice (5 of 10) at 1); Clark Decl. Ex.

87 (May 28, 2024 Notice (6 of 10) at 1); Clark Decl. Ex. 88 (May 28, 2024 Notice (7 of 10) at

1); Clark Decl. Ex. 89 (May 28, 2024 Notice (8 of 10) at 1); Clark Decl. Ex. 90 (May 28, 2024 Notice (9 of 10) at 1); Clark Decl. Ex. 91 (May 28, 2024 Notice (10 of 10) at 1).)

401.    The May 28, 2024 Notices each state that "[i]n addition, SPARTA provides notice of PGIC's obligation to indemnify and hold harmless SPARTA From all 'loss, cost, expense, claim, interest, fine, penalty, deficiency, obligation, liability or damage, including, without limitation, reasonable attorneys' fees, accountants' fees and other investigatory fees and out-of-pocket expenses, actually expended or incurred by' SPARTA in connection with the above claim pursuant to Section 8.1 of the [2007] SPA."  (Clark Decl. Ex. 82 (May 28, 2024 Notice (1 of 10) at 2); Clark Decl. Ex. 83 (May 28, 2024 Notice (2 of 10) at 2); Clark Decl. Ex. 84 (May 28, 2024 Notice (3 of 10) at 2); Clark Decl. Ex. 85 (May 28, 2024 Notice (4 of 10) at 2); Clark Decl. Ex. 86 (May 28, 2024 Notice (5 of 10) at 2); Clark Decl. Ex. 87 (May 28, 2024 Notice (6 of 10) at 2); Clark Decl. Ex. 88 (May 28, 2024 Notice (7 of 10) at 2); Clark Decl. Ex. 89 (May 28, 2024 Notice (8 of 10) at 2); Clark Decl. Ex. 90 (May 28, 2024 Notice (9 of 10) at 2); Clark Decl. Ex. 91 (May 28, 2024 Notice (10 of 10) at 2).)

402.    On July 17, 2024, PGIC "agree[d] to assume the defense" of two of the claims noticed in the May 28, 2024 Section 8.1 Notices but "decline[d] to assume responsibility for the other [eight] claims" noticed in the May 28, 2024 Section 8.1 Notices.  PGIC did not explain why it decided to only assume the defense of two of the ten claims or why it selected those two claims in particular.  (Clark Decl. Ex. 37 (July 17, 2024 Letter at 3).)

403.    Other than the two claims that PGIC agreed to assume the defense of on July 17, 2024, PGIC has not assumed the defense of any AEIC Claim SPARTA has noticed. (Clark Decl. Ex. 37 (July 17, 2024 Letter at 3).)

404. PGIC "asserts [that] it is not liable for most of the specific claims for which SPARTA seeks indemnity because SPARTA did not submit notices that comply with § 8.1 of the [2007] SPA for those claims." (Clark Decl. Ex. 36 (October 20, 2023 Letter at 1).)

405. PGIC stated that "this particular position" that PGIC "is not liable for most of the specific claims for which SPARTA seeks indemnity because SPARTA did not submit notices that comply with § 8.1 of the [2007] SPA for those claims . . . may not apply to 100% of the claims." (Clark Decl. Ex. 36 (October 20, 2023 Letter at 1).)

## VIII.  SPARTA SENT PGIC SECTION 8.3 DEMANDS THAT PGIC HAS NOT PAID

406. On November 7, 2022, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a package that included two versions of a letter dated November 7, 2022 providing PGIC notice "[p]ursuant to Section 8.3 of the [2007] SPA" of amounts SPARTA expended "on the previously noticed claims through September 30, 2022" (the "November 7, 2022 Section 8.3 Notice"). (Clark Decl. Ex. 92 (November 7, 2022 Paper Notice at SPARTA-00121561); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at SPARTA-00076516); Clark Decl. Ex. 41 (SPARTA's Supplemental Responses and Objections to PGIC Interrogatories at Second Supp. Resp. to Interrogatory No. 30).)

407. The physical copy of the letter dated November 7, 2022 (the "November 7, 2022 Paper Notice") sent to Mr. Silver states that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended ████████ on the previously noticed claims through September 30, 2022." (Clark Decl. Ex. 92 (November 7, 2022 Paper Notice at SPARTA-00121561).)

408. The ████████ referenced in the November 7, 2022 Paper Notice was the amount of claim payments that SPARTA had paid on the previously noticed claims plus the amount of administrative fees that SPARTA had paid to AGRM through September 30, 2022.

72

(Clark Decl. Ex. 92 (November 7, 2022 Paper Notice at SPARTA-00121561); Clark Decl. Ex. 41 (SPARTA's Supplemental Responses and Objections to PGIC Interrogatories at Second Supplemental Response to Interrogatory No. 30).)

409. The package also included a thumb drive that contained a copy of the letter dated November 7, 2022 (the "November 7, 2022 Electronic Notice") that states that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended $11,849,047 on the previously noticed claims through September 30, 2022." (Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at SPARTA-00121561).)

410. The thumb drive also included as Exhibit B a spreadsheet providing information on the payments on previously noticed claims referenced in the November 7, 2022 Section 8.3 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Coverage, Payee, Transaction Type, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 92 (November 7, 2022 Paper Notice at SPARTA-00121561); Clark Decl. Ex. 93 (November 7, 2022 Notice at SPARTA-00076516); Clark Decl. Ex. 94 (November 7, 2022 Notice Exhibit B).)

411. The November 7, 2022 Section 8.3 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 92 (November 7, 2022 Paper Notice at SPARTA-00121561); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at SPARTA-00076516).)

412. The November 7, 2022 Section 8.3 Notice was delivered to PGIC on November 8, 2022. (Clark Decl. Ex. 95 (November 7, 2022 Delivery Confirmation).)

413. The $11,849,047 referenced in the November 7, 2022 Electronic Notice is the amount of claim payments made by SPARTA on the previously noticed claims through September 30, 2022. (Clark Decl. Ex. 92 (November 7, 2022 Electronic Notice at SPARTA-00076516); Clark Decl. Ex. 41 (SPARTA's Supplemental Responses and Objections to PGIC Interrogatories at Second Supp. Resp. to Interrogatory No. 30).)

414. The difference between the $11,849,047 referenced in the November 7, 2022 Electronic Notice and the ███████ referenced in the November 7, 2022 Physical Notice is ██████ in service fees paid by SPARTA to A.G. Risk Management Inc. as of September 30, 2022. (Clark Decl. Ex. 41 (SPARTA's Supplemental Responses and Objections to PGIC Interrogatories at Second Supp. Resp. to Interrogatory No. 30).)

415. PGIC did not respond to the November 7, 2022 Section 8.3 Notice within thirty business days of receipt. (Clark Decl. Ex. 96 (February 3, 2023 Letter at 2).)

416. On February 3, 2023, SPARTA sent PGIC a letter stating that "[b]ecause more than thirty (30) business days have passed since [PGIC's] receipt of SPARTA's November 7, 2022 Notice, the amount set forth in that notice 'shall conclusively be deemed to have been accepted by the indemnifying party and to be the agreed amount which the indemnified party, and in the event the Purchaser is the indemnified party, the Company, are entitled to receive by way of indemnification from the indemnification party.' [quoting Section 8.3 of the 2007 SPA.] Accordingly, [PGIC] was required to, but did not, remit the agreed amount of $11,849,047 to SPARTA within five (5) business days of the amount being conclusively determined." (Clark Decl. Ex. 96 (February 3, 2023 Letter at 2).)

417. On September 28, 2023, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "September 28, 2023 Notice") stating that "[p]ursuant to Section 8.3 of the [2007]

SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ██████████ on the previously noticed claims and an additional ██████ in services fees paid to A.G. Risk Management Inc. for processing those claims between October 1, 2022 through August 31, 2023." (Clark Decl. Ex. 97 (September 28, 2023 Notice at SPARTA-00090129).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

418.    The September 28, 2023 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the September 28, 2023 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 97 (September 28, 2023 Notice at SPARTA-00090129); Clark Decl. Ex. 98 (September 28, 2023 Notice Exhibit A).)

419.    The September 28, 2023 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 97 (September 28, 2023 Notice at SPARTA-00090129).)

420.    The September 28, 2023 Notice was delivered to PGIC on September 29, 2023. (Clark Decl. Ex. 99 (September 28, 2023 Notice Delivery Confirmation).)

421.    On November 6, 2023, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "November 6, 2023 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ██████████ on the previously noticed claims between September 1, 2023 through September 30, 2023, and an additional ██████ in service fees paid to A.G. Risk Management Inc. for processing those

claims." (Clark Decl. Ex. 100 (November 6, 2023 Notice at SPARTA-00091837).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

422. The November 6, 2023 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the November 6, 2023 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 100 (November 6, 2023 Notice at SPARTA-00091837); Clark Decl. Ex. 101 (November 6, 2023 Notice Exhibit A).)

423. The November 6, 2023 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 100 (November 6, 2023 Notice at SPARTA-00091838).)

424. The November 6, 2023 Notice was delivered to PGIC on November 7, 2023. (Clark Decl. Ex. 102 (November 6, 2023 Notice Delivery Confirmation).)

425. On December 19, 2023, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "December 19, 2023 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████████ on the previously noticed claims through November 30, 2023, and an additional ███████ in service fees paid to A.G. Risk Management Inc. for processing those claims." (Clark Decl. Ex. 103 (December 19, 2023 Notice at SPARTA-00094826).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.* at SPARTA-00094827.)

426. The December 19, 2023 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the December 19, 2023 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 103 (December 19, 2023 Notice at SPARTA-00094826); Clark Decl. Ex. 104 (December 19, 2023 Notice Exhibit A).)

427. The December 19, 2023 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 103 (December 19, 2023 Notice at SPARTA-00094827).)

428. The December 19, 2023 Notice was delivered to PGIC on December 20, 2023. (Clark Decl. Ex. 105 (December 19, 2023 Notice Delivery Confirmation).)

429. On February 6, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "February 6, 2024 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████ on the previously noticed claims through December 31, 2023, and an additional ████ in service fees paid to A.G. Risk Management Inc. for processing those claims." (Clark Decl. Ex. 106 (February 6, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

430. The February 6, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the February 6, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor,

Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 106 (February 6, 2024 Notice at 1); Clark Decl. Ex. 107 (February 6, 2024 Notice Exhibit A).)

431.     The February 6, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 106 (February 6, 2024 Notice at 2).)

432.     The February 6, 2024 Notice was delivered to PGIC on February 9, 2024. (Clark Decl. Ex. 108 (February 6, 2024 Notice Delivery Confirmation).)

433.     On February 26, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "February 26, 2024 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ▮▮▮▮▮▮▮▮ on the previously noticed claims through January 31, 2024, and an additional ▮▮▮▮▮ in service fees paid to A.G. Risk Management Inc. for processing those claims." (Clark Decl. Ex. 109 (February 26, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

434.     The February 26, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the February 26, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark

Decl. Ex. 109 (February 26, 2024 Notice at 1); Clark Decl. Ex. 110 (February 26, 2024 Notice Exhibit A).)

435.    The February 26, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 109 (February 26, 2024 Notice at 2).)

436.    The February 26, 2024 Notice was delivered to PGIC on February 29, 2024. (Clark Decl. Ex. 111 (February 26, 2024 Notice Delivery Confirmation).)

437.    On March 26, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "March 26, 2024 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████ on the previously noticed claims through February 29, 2024, and an additional ████ in service fees paid to A.G. Risk Management Inc. for processing those claims." (Clark Decl. Ex. 112 (March 26, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

438.    The March 26, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the March 26, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 112 (March 26, 2024 Notice at 1); Clark Decl. Ex. 113 (March 26, 2024 Notice Exhibit A).)

439.     The March 26, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 112 (March 26, 2024 Notice at 2).)

440.     The March 26, 2024 Notice was delivered to PGIC on March 28, 2024. (Clark Decl. Ex. 114 (March 26, 2024 Notice Delivery Confirmation).)

441.     On April 30, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "April 30, 2024 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████ on the previously noticed claims through March 31, 2024." (Clark Decl. Ex. 115 (April 30, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

442.     The April 30, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the April 30, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 115 (April 30, 2024 Notice at 1); Clark Decl. Ex. 116 (April 30, 2024 Notice Exhibit A).)

443.     The April 30, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 115 (April 30, 2024 Notice at 2).)

444.     The April 30, 2024 Notice was delivered to PGIC on May 2, 2024. (Clark Decl. Ex. 117 (April 30, 2024 Notice Delivery Confirmation).)

445. On May 20, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "May 20, 2024 Notice") stating that "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████████ on the previously noticed claims through April 30, 2024, and an additional ███████ in service fees paid to A.G. Risk Management Inc. for processing those claims." (Clark Decl. Ex. 118 (May 20, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

446. The May 20, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the May 20, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 118 (May 20, 2024 Notice at 1); Clark Decl. Ex. 119 (May 20, 2024 Notice Exhibit A).)

447. The May 20, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 118 (May 20, 2024 Notice at 2).)

448. The May 20, 2024 Notice was delivered to PGIC on May 22, 2024. (Clark Decl. Ex. 120 (May 20, 2024 Notice Delivery Confirmation).)

449. On July 23, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "July 23, 2024 Notice") stating "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████████ on the previously noticed claims through June 30, 2024, and an additional ███████ in service fees paid to A.G.

Risk Management Inc." (Clark Decl. Ex. 121 (July 23, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

450. The July 23, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the July 23, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 121 (July 23, 2024 Notice at 1); Clark Decl. Ex. 122 (July 23, 2024 Notice Exhibit A).)

451. The July 23, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 121 (July 23, 2024 Notice at 2).)

452. The July 23, 2024 Notice was delivered to PGIC on July 25, 2024. (Clark Decl. Ex. 123 (July 23, 2024 Notice Delivery Confirmation).)

453. On August 13, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "August 13, 2024 Notice") stating "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ▮▮▮▮▮▮ on the previously noticed claims through July 31, 2024, and an additional ▮▮▮▮▮ in service fees paid to A.G. Risk Management Inc." (Clark Decl. Ex. 124 (August 13, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

454. The August 13, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the August 13, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor,

82

Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type,
Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date,
Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark
Decl. Ex. 124 (August 13, 2024 Notice at 1); Clark Decl. Ex. 125 (August 13, 2024 Notice
Exhibit A).)

455. The August 13, 2024 Notice states "[p]lease contact me if you need
additional information or believe any of this is incorrect." (Clark Decl. Ex. 124 (August 13,
2024 Notice at 2).)

456. The August 13, 2024 Notice was delivered to PGIC on August 15, 2024.
(Clark Decl. Ex. 126 (August 13, 2024 Notice Delivery Confirmation).)

457. On September 24, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a
letter (the "September 24, 2024 Notice") stating "[p]ursuant to Section 8.3 of the [2007] SPA,
SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████████ on
the previously noticed claims through August 31, 2024, and an additional ███████ in service fees
paid to AG. Risk Management Inc." (Clark Decl. Ex. 127 (September 24, 2024 Notice at 1).)
SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

458. The September 24, 2024 Notice attached as "Exhibit A" a spreadsheet
providing information on payments made on the previously noticed claims referenced in the
September 24, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor,
Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type,
Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date,
Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark

Decl. Ex. 127 (September 24, 2024 Notice at 1); Clark Decl. Ex. 128 (September 24, 2024 Notice Exhibit A).)

459.    The September 24, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect." (Clark Decl. Ex. 127 (September 24, 2024 Notice at 2).)

460.    The September 24, 2024 Notice was delivered to PGIC on September 26, 2024. (Clark Decl. Ex. 129 (September 24, 2024 Notice Delivery Confirmation).)

461.    On October 17, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "October 17, 2024 Notice") stating "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████ on the previously noticed claims through September 30, 2024, an additional ████ in service fees paid to A.G. Risk Management Inc." (Clark Decl. Ex. 130 (October 17, 2024 Notice at 1).) SPARTA asked PGIC to "promptly remit payment to SPARTA of that amount." (*Id.*)

462.    The October 17, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the October 17, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company. (Clark Decl. Ex. 130 (October 17, 2024 Notice at 1); Clark Decl. Ex. 131 (October 17, 2024 Notice Exhibit A).)

463.     The October 17, 2024 Notice states "[p]lease contact me if you need additional information or believe any of this is incorrect."  (Clark Decl. Ex. 132 (October 17, 2024 Notice at 2).)

464.     The October 17, 2024 Notice was delivered to PGIC on October 21, 2024. (Clark Decl. Ex. 132 (October 17, 2024 Notice Delivery Confirmation).)

465.     On December 17, 2024, Mr. Weiner (SPARTA) sent Mr. Silver (PGIC) a letter (the "December 17, 2024 Notice") stating "[p]ursuant to Section 8.3 of the [2007] SPA, SPARTA hereby advises [PGIC] that SPARTA has expended an additional ███████ on the previously noticed claims through November 30, 2024, and an additional ██████ in service fees paid to A.G. Risk Management Inc."  (Clark Decl. Ex. 133 (December 17, 2024 Notice at 1).)  SPARTA asked PGIC to promptly remit payment to SPARTA of that amount.

466.     The December 17, 2024 Notice attached as "Exhibit A" a spreadsheet providing information on payments made on the previously noticed claims referenced in the December 17, 2024 Notice, including the Claim Number, Check Number, Record ID, Payor, Claimant, Insured, Policy Number, Coverage, Payee, Transaction Type, Expense/Indemnity/Medical, Amount, Check Posted Date, Transaction Date, Entry Date, Approval Date, Status, Payment Type, Adjuster Name, and Underwriting Company.  (Clark Decl. Ex. 133 (December 17, 2024 Notice at 1); Clark Decl. Ex. 134 (December 17, 2024 Notice Exhibit A).)

467.     The December 17, 2024 Notice was delivered to PGIC on December 19, 2024.  (Clark Decl. Ex. 135 (December 17, 2024 Notice Delivery Confirmation).)

468.     On December 19, 2024, PGIC responded to the December 17, 2024 Notice (the "December 19, 2024 Letter").  (Clark Decl. Ex. 38 (December 19, 2024 Letter at 1-2).)

469. The December 19, 2024 Letter states that PGIC "has no liability related to AEIC claims, including the claims that [SPARTA] purports to identify or has previously identified" and that SPARTA's Section 8.3 Notices "do[] not comply with the basic requirements of Sections 8.1 and 8.3 of the [2007] SPA." (Clark Decl. Ex. 38 (December 19, 2024 Letter at 1-2).)

470. The December 19, 2024 Letter states that SPARTA's Section 8.3 Notices fails to include "in reasonable detail information explaining the calculation of the amount of such claims," but does not identify what additional information would constitute reasonable detail. (Clark Decl. Ex. 38 (December 19, 2024 Letter at 2).)

471. PGIC has not identified any bases for its refusal to pay the amounts stated in SPARTA's Section 8.3 Notices, other than the November 7, 2022 Section 8.3 Notice, other than those stated in the December 19, 2024 Letter. (Clark Decl. Ex. 38 (December 19, 2024 Letter).)

472. PGIC "asserts categorical defenses set forth in its Answer as to why it is not liable for any of the AEIC claims." (Clark Decl. Ex. 36 (October 20, 2023 Letter at 1).)

473. PGIC "is not raising 'claim-by-claim' defenses or arguments," meaning "defenses that are based on issues unique to the claim such as that AEIC was not liable at all." (Clark Decl. Ex. 130 (October 17, 2024 Notice at 1); *see* Clark Decl. Ex. 15 (PGIC Dep. 744:6-9).)

474. Through the Section 8.3 Notices sent to date, SPARTA has asked PGIC to promptly remit payment to SPARTA in the amount of ▮▮▮▮▮▮ for previously noticed claims and ▮▮▮▮▮▮ in service fees paid to AGRM through November 30, 2024, totaling $75,735,002.60. (*See* Clark Decl. Ex. 133 (December 17, 2024 Notice at 1).)

## IX. SPARTA HAS BEEN DAMAGED BY PGIC'S FAILURE TO COMPLY WITH ITS CONTRACTUAL OBLIGATIONS

475.    As of November 30, 2024, SPARTA has paid $75,735,002.60 in respect of AEIC Claims.  (Clark Decl. Ex. 133 (December 17, 2024 Notice at 1).)  SPARTA continues to administer and pay AEIC Claims as of this date and will incur additional damages subject to indemnification.  (*See id.* at 2.)

476.    PGIC has not paid SPARTA for any amounts that SPARTA has paid in respect of AEIC Claims.  (*See* Clark Decl. Ex. 133 (December 17, 2024 Notice at 1); Clark Decl. Ex. 134 (December 17, 2024 Notice Exhibit A); *see* Clark Decl. Ex. 38 (December 17, 2024 Letter at 1-2).)

477.    Clark Declaration Exhibit 136 is a compilation exhibit calculating the pre-judgment interest accrued to date on amounts PGIC owes to SPARTA using the Massachusetts statutory interest rate of "twelve per cent per annum from the date of the breach or demand," M.G.L. Ch. 231, Section 6C, based on three different "breach or demand dates" (the "Pre-Judgment Interest Calculation").  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation).)

478.    Column A of the Pre-Judgment Interest Calculation provides the "Notice Date," which is the date that SPARTA sent each of its 14 Section 8.3 Notices.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column A); *see* Clark Decl. Ex. 92 (November 7, 2022 Physical Notice); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice); Clark Decl. Ex. 97 (September 28, 2023 Notice); Clark Decl. Ex. 100 (November 6, 2023 Notice); Clark Decl. Ex. 103 (December 19, 2023 Notice); Clark Decl. Ex. 106 (February 6, 2024 Notice); Clark Decl. Ex. 109 (February 26, 2024 Notice); Clark Decl. Ex. 112 (March 26, 2024 Notice); Clark Decl. Ex. 115 (April 30, 2024 Notice); Clark Decl. Ex. 118 (May 20, 2024 Notice); Clark Decl. Ex. 121 (July 23, 2024 Notice); Clark Decl. Ex. 124 (August 13, 2024 Notice); Clark Decl.

Ex. 127 (September 24, 2024 Notice); Clark Decl. Ex. 130 (October 17, 2024 Notice); Clark Decl., Ex. 133 (December 17, 2024 Notice).)

479.     Column B of the Pre-Judgment Interest Calculation provides the "Delivery Date" for each of the 14 Section 8.3 Notices.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column B); *see* Clark Decl. Ex. 95 (November 7, 2022 Notice Delivery Confirmation); Clark Decl. Ex. 99 (September 28, 2023 Notice Delivery Confirmation); Clark Decl. Ex. 102 (November 6, 2023 Notice Delivery Confirmation); Clark Decl. Ex. 105 (December 19, 2023 Notice Delivery Confirmation); Clark Decl. Ex. 108 (February 6, 2024 Notice); Clark Decl. Ex. 111 (February 26, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 114 (March 26, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 117 (April 30, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 120 (May 20, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 123 (July 23, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 126 (August 13, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 129 (September 24, 2024 Notice Delivery Confirmation); Clark Decl. Ex. 132 (October 17, 2024 Notice Delivery Confirmation); Clark Decl., Ex. 135 (December 17, 2024 Notice Delivery Confirmation).)

480.     Column C of the Pre-Judgment Interest Calculation provides the years between the date SPARTA sent each of its 14 Section 8.3 Notices and January 6, 2025.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column C).)

481.     Column D of the Pre-Judgment Interest Calculation provides the "35 Day Breach Date," which is 35 business days after each of the 14 Section 8.3 Notices was delivered to PGIC.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column D).)  The 35 Day Breach Date is derived from the 2007 SPA, which states that, "[u]nless, within thirty (30) business days after the receipt of [a Section 8.3 Notice] by [PGIC], [SPARTA] receives written

88

notice that [PGIC] does not concur with [SPARTA's] determination of the amount of the Claim, the amount of such Claim provided in such written notice shall conclusively be deemed to have been accepted by [PGIC] and to be the agreed amount which [SPARTA] . . . [is] entitled to receive by way of indemnification from [PGIC]." (Clark Decl. Ex. 2 (2007 SPA § 8.3).) The 2007 SPA further states that PGIC has "five business days after the determination of the amount of such indemnification amount" to remit payment to SPARTA. (*Id.* § 8.4.)

482. Column E of the Pre-Judgment Interest Calculation provides the years between the 35 Day Breach Date for each of SPARTA's 14 Section 8.3 Notices and January 6, 2025. (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column E).)

483. Column F of the Pre-Judgment Interest Calculation provides the "45 Day Breach Date," which is 45 business days after each of the 14 Section 8.3 Notices was delivered to PGIC. (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column F).) This date is also derived from the 2007 SPA, but adds ten business days pursuant to the 2007 SPA's provision that "if [SPARTA] within . . . [the] thirty (30) business day period [from PGIC's receipt of the Section 8.3 Notice] receives written notice that [PGIC] disagrees with the amount of the Claim, the parties shall endeavor forthwith, and within ten (10) business days after receipt of such notice of disagreement by [SPARTA], to negotiate in good faith to resolve the issue or issues which form the basis of their disagreement." (Clark Decl. Ex. 2 (2007 SPA § 8.3).)

484. Column G of the Pre-Judgment Interest Calculation provides the years between the 45 Day Breach Date for each of SPARTA's 14 Section 8.3 Notices and January 6, 2025. (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column G).)

485. Column H of the Pre-Judgment Interest Calculation provides the amount that each of SPARTA's 14 Section 8.3 Notices stated that SPARTA had paid for the AEIC

Claims. (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column H); *see* Clark Decl. Ex. 92 (November 7, 2022 Physical Notice at 1); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at 1); Clark Decl. Ex. 94 (November 7, 2022 Notice Exhibit B); Clark Decl. Ex. 97 (September 28, 2023 Notice at 1); Clark Decl. Ex. 98 (September 28, 2023 Notice Exhibit A); Clark Decl. Ex. 100 (November 6, 2023 Notice at 1); Clark Decl. Ex. 101 (November 6, 2023 Notice Exhibit A); Clark Decl. Ex. 103 (December 19, 2023 Notice); Clark Decl. Ex. 104 (December 19, 2023 Notice Exhibit A); Clark Decl. Ex. 106 (February 6, 2024 Notice at 1); Clark Decl. Ex. 107 (February 6, 2024 Notice Exhibit A); Clark Decl. Ex. 109 (February 26, 2024 Notice at 1); Clark Decl. Ex. 110 (February 26, 2024 Notice Exhibit A); Clark Decl. 112 (March 26, 2024 Notice at 1); Clark Decl. Ex. 113 (March 26, 2024 Notice Exhibit A); Clark Decl. Ex. 115 (April 30, 2024 Notice at 1); Clark Decl. Ex. 116 (April 30, 2024 Notice Exhibit A); Clark Decl. Ex. 118 (May 20, 2024 Notice at 1); Clark Decl. Ex. 119 (May 20, 2024 Notice Exhibit A); Clark Decl. Ex. 121 (July 23, 2024 Notice at 1); Clark Decl. Ex. 122 (July 23, 2024 Notice Exhibit A); Clark Decl. Ex. 124 (August 13, 2024 Notice at 1); Clark Decl. Ex. 125 (August 13, 2024 Notice Exhibit A); Clark Decl. Ex. 127 (September 24, 2024 Notice at 1); Clark Decl. Ex. 128 (September 24, 2024 Notice Exhibit A); Clark Decl. Ex. 130 (October 17, 2024 Notice at 1); Clark Decl. Ex. 131 (October 17, 2024 Notice Exhibit A); Clark Decl. Ex. 133 (December 17, 2024 Notice at 1); Clark Decl. Ex. 134 (December 17, 2024 Notice Exhibit A).)

486.     Column I of the Pre-Judgment Interest Calculation provides the amount that each of SPARTA's 14 Section 8.3 Notices stated that SPARTA had paid to AGRM. (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column I); *see* Clark Decl. Ex. 92 (November 7, 2022 Physical Notice at 1); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at 1); Clark Decl. Ex. 94 (November 7, 2022 Notice Exhibit B); Clark Decl. Ex. 97

(September 28, 2023 Notice at 1); Clark Decl. Ex. 98 (September 28, 2023 Notice Exhibit A); Clark Decl. Ex. 100 (November 6, 2023 Notice at 1); Clark Decl. Ex. 101 (November 6, 2023 Notice Exhibit A); Clark Decl. Ex. 103 (December 19, 2023 Notice); Clark Decl. Ex. 104 (December 19, 2023 Notice Exhibit A); Clark Decl. Ex. 106 (February 6, 2024 Notice at 1); Clark Decl. Ex. 107 (February 6, 2024 Notice Exhibit A); Clark Decl. Ex. 109 (February 26, 2024 Notice at 1); Clark Decl. Ex. 110 (February 26, 2024 Notice Exhibit A); Clark Decl. 112 (March 26, 2024 Notice at 1); Clark Decl. Ex. 113 (March 26, 2024 Notice Exhibit A); Clark Decl. Ex. 115 (April 30, 2024 Notice at 1); Clark Decl. Ex. 116 (April 30, 2024 Notice Exhibit A); Clark Decl. Ex. 118 (May 20, 2024 Notice at 1); Clark Decl. Ex. 119 (May 20, 2024 Notice Exhibit A); Clark Decl. Ex. 121 (July 23, 2024 Notice at 1); Clark Decl. Ex. 122 (July 23, 2024 Notice Exhibit A); Clark Decl. Ex. 124 (August 13, 2024 Notice at 1); Clark Decl. Ex. 125 (August 13, 2024 Notice Exhibit A); Clark Decl. Ex. 127 (September 24, 2024 Notice at 1); Clark Decl. Ex. 128 (September 24, 2024 Notice Exhibit A); Clark Decl. Ex. 130 (October 17, 2024 Notice at 1); Clark Decl. Ex. 131 (October 17, 2024 Notice Exhibit A); Clark Decl. Ex. 133 (December 17, 2024 Notice at 1); Clark Decl. Ex. 134 (December 17, 2024 Notice Exhibit A).)

487.    Column J of the Pre-Judgment Interest Calculation provides the total amount that each of SPARTA's 14 Section 8.3 Notices stated that SPARTA paid in respect of AEIC Claims and to AGRM.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column J); *see* Clark Decl. Ex. 92 (November 7, 2022 Physical Notice at 1); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at 1); Clark Decl. Ex. 94 (November 7, 2022 Notice Exhibit B); Clark Decl. Ex. 97 (September 28, 2023 Notice at 1); Clark Decl. Ex. 98 (September 28, 2023 Notice Exhibit A); Clark Decl. Ex. 100 (November 6, 2023 Notice at 1); Clark Decl. Ex. 101 (November 6, 2023 Notice Exhibit A); Clark Decl. Ex. 103 (December 19, 2023

Notice); Clark Decl. Ex. 104 (December 19, 2023 Notice Exhibit A); Clark Decl. Ex. 106

(February 6, 2024 Notice at 1); Clark Decl. Ex. 107 (February 6, 2024 Notice Exhibit A); Clark

Decl. Ex. 109 (February 26, 2024 Notice at 1); Clark Decl. Ex. 110 (February 26, 2024 Notice

Exhibit A); Clark Decl. 112 (March 26, 2024 Notice at 1); Clark Decl. Ex. 113 (March 26, 2024

Notice Exhibit A); Clark Decl. Ex. 115 (April 30, 2024 Notice at 1); Clark Decl. Ex. 116 (April

30, 2024 Notice Exhibit A); Clark Decl. Ex. 118 (May 20, 2024 Notice at 1); Clark Decl. Ex.

119 (May 20, 2024 Notice Exhibit A); Clark Decl. Ex. 121 (July 23, 2024 Notice at 1); Clark

Decl. Ex. 122 (July 23, 2024 Notice Exhibit A); Clark Decl. Ex. 124 (August 13, 2024 Notice at

1); Clark Decl. Ex. 125 (August 13, 2024 Notice Exhibit A); Clark Decl. Ex. 127 (September 24,

2024 Notice at 1); Clark Decl. Ex. 128 (September 24, 2024 Notice Exhibit A); Clark Decl. Ex.

130 (October 17, 2024 Notice at 1); Clark Decl. Ex. 131 (October 17, 2024 Notice Exhibit A);

Clark Decl. Ex. 133 (December 17, 2024 Notice at 1); Clark Decl. Ex. 134 (December 17, 2024

Notice Exhibit A).)

488.     Column K of the Pre-Judgment Interest Calculation provides the interest

rate of twelve percent per annum, as set by M.G.L. Ch. 231, Section 6C.  (Clark Decl. Ex. 136

(Pre-Judgment Interest Calculation at Column K).)

489.     Column L of the Pre-Judgment Interest Calculation provides the daily

interest accrual on the total amounts identified in each of SPARTA's 14 Section 8.3 Notices,

using the 12% per annum interest rate provided in M.G.L. Ch. 231, Section 6C.  (Clark Decl. Ex.

136 (Pre-Judgment Interest Calculation at Column L); *see* Clark Decl. Ex. 92 (November 7,

2022 Physical Notice at 1); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice at 1); Clark

Decl. Ex. 94 (November 7, 2022 Notice Exhibit B); Clark Decl. Ex. 97 (September 28, 2023

Notice at 1); Clark Decl. Ex. 98 (September 28, 2023 Notice Exhibit A); Clark Decl. Ex. 100

(November 6, 2023 Notice at 1); Clark Decl. Ex. 101 (November 6, 2023 Notice Exhibit A); Clark Decl. Ex. 103 (December 19, 2023 Notice); Clark Decl. Ex. 104 (December 19, 2023 Notice Exhibit A); Clark Decl. Ex. 106 (February 6, 2024 Notice at 1); Clark Decl. Ex. 107 (February 6, 2024 Notice Exhibit A); Clark Decl. Ex. 109 (February 26, 2024 Notice at 1); Clark Decl. Ex. 110 (February 26, 2024 Notice Exhibit A); Clark Decl. 112 (March 26, 2024 Notice at 1); Clark Decl. Ex. 113 (March 26, 2024 Notice Exhibit A); Clark Decl. Ex. 115 (April 30, 2024 Notice at 1); Clark Decl. Ex. 116 (April 30, 2024 Notice Exhibit A); Clark Decl. Ex. 118 (May 20, 2024 Notice at 1); Clark Decl. Ex. 119 (May 20, 2024 Notice Exhibit A); Clark Decl. Ex. 121 (July 23, 2024 Notice at 1); Clark Decl. Ex. 122 (July 23, 2024 Notice Exhibit A); Clark Decl. Ex. 124 (August 13, 2024 Notice at 1); Clark Decl. Ex. 125 (August 13, 2024 Notice Exhibit A); Clark Decl. Ex. 127 (September 24, 2024 Notice at 1); Clark Decl. Ex. 128 (September 24, 2024 Notice Exhibit A); Clark Decl. Ex. 130 (October 17, 2024 Notice at 1); Clark Decl. Ex. 131 (October 17, 2024 Notice Exhibit A); Clark Decl. Ex. 133 (December 17, 2024 Notice at 1); Clark Decl. Ex. 134 (December 17, 2024 Notice Exhibit A).)

490.     Column M of the Pre-Judgment Interest Calculation provides the total amount of interest accrued on amounts identified in each of SPARTA's 14 Section 8.3 Notices from the date of the Section 8.3 Notice through January 6, 2025, using the 12% per annum interest rate provided in M.G.L. Ch. 231, Section 6C.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column M).)

491.     Using the Notice Date as the date of breach or demand, PGIC owes SPARTA $9,349,621.52 in pre-judgment interest to date.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Cell M17).)

492.     Column N of the Pre-Judgment Interest Calculation provides the total amount of interest accrued on amounts identified in each of SPARTA's 14 Section 8.3 Notices from the 35 Day Breach Date through January 6, 2025, using the 12% per annum interest rate provided in M.G.L. Ch. 231, Section 6C.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column N).)

493.     Using the 35 Day Breach Date as the date of breach or demand, PGIC owes SPARTA $8,032,592.87 in pre-judgment interest to date.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Cell N17).)

494.     Column O of the Pre-Judgment Interest Calculation provides the total amount of interest accrued on amounts identified in each of SPARTA's 14 Section 8.3 Notices from the 45 Day Breach Date through January 6, 2025, using the 12% per annum interest rate provided in M.G.L. Ch. 231, Section 6C.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Column O).)

495.     Using the 45 Day Breach Date as the date of breach or demand, PGIC owes SPARTA $7,654,488.94 in pre-judgment interest to date.  (Clark Decl. Ex. 136 (Pre-Judgment Interest Calculation at Cell O17).)

496.     Neither the 2005 T&A nor the 2007 SPA establish an interest rate.  (*See generally* Clark Decl. Ex. 1 (2005 T&A); Clark Decl. Ex. 2 (2007 SPA).)

497.     SPARTA has also paid attorneys' fees, costs and expenses to obtain PGIC's compliance with PGIC's obligations under the 2007 SPA and 2005 T&A, in an amount to be determined through a fee petition to be filed in accordance with a schedule set by the Court.  (*See* Clark Decl. Ex. 92 (November 7, 2022 Physical Notice); Clark Decl. Ex. 93 (November 7, 2022 Electronic Notice); Clark Decl. Ex. 97 (September 28, 2023 Notice); Clark Decl. Ex. 100

(November 6, 2023 Notice); Clark Decl. Ex. 103 (December 19, 2023 Notice); Clark Decl. Ex.

106 (February 6, 2024 Notice); Clark Decl. Ex. 109 (February 26, 2024 Notice); Clark Decl. 112

(March 26, 2024 Notice); Clark Decl. Ex. 115 (April 30, 2024 Notice); Clark Decl. Ex. 118

(May 20, 2024 Notice); Clark Decl. Ex. 121 (July 23, 2024 Notice); Clark Decl. Ex. 124 (August

13, 2024 Notice); Clark Decl. Ex. 127 (September 24, 2024 Notice); Clark Decl. Ex. 130

(October 17, 2024 Notice); Clark Decl. Ex. 133 (December 17, 2024 Notice).)

Dated:  January 6, 2025
        Boston, Massachusetts

Respectfully submitted,

*/s/ Christopher G. Clark*
James R. Carroll (BBO #554426)
Christopher G. Clark (BBO #663455)
Catherine A. Fisher (BBO #686163)
Anne E. Rabon (BBO #709625)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com
catherine.fisher@skadden.com
anne.rabon@skadden.com

*Counsel for Plaintiff*
*SPARTA Insurance Company*

## CERTIFICATE OF SERVICE

I, Christopher G. Clark, hereby certify that on January 6, 2025, a true copy of the unredacted version of the foregoing document was served by email upon all counsel of record for Defendant Pennsylvania General Insurance Company as follows:

Samuel C. Kaplan
skaplan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005

Maxwell V. Pritt
Reed D. Forbush
Mariah J. Noah
mpritt@bsfllp.com
rforbush@bsfllp.com
mnoah@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, California 94104

Christopher M. Hennessey
chennessey@cohenkinne.com
COHEN, KINNE, VALICENTI & COOK
28 North Street, 3rd Floor
Pittsfield Massachusetts 01201

Dated: January 6, 2025

/s/ *Christopher G. Clark*
Christopher G. Clark